**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) ___JOHN HANCOCK LIFE INSURANCE COMPANY, et al.___
   ___v. ABBOTT LABORATORIES___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

   [✓] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   John Hancock Life Insurance Co. et al. v. Abbott Laboratories,     CIVIL ACTION NO. 03-12501-DPW

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [✓]     NO [ ]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]     NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]     NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]     NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]     NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [✓]     Central Division [ ]     Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]     NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___BRIAN A. DAVIS, ESQ.___
ADDRESS ___CHOATE HALL & STEWART LLP, Exchange Place, 53 State St. Boston, MA  02109___
TELEPHONE NO. ___(617) 248-5000___

(CategoryForm.wpd - 5/2/05)

⁴⁴JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and ManuLife Insurance Company

## DEFENDANTS

Abbott Laboratories

(b)  County of Residence of First Listed Plaintiff    Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Brian A. Davis, CHOATE, HALL & STEWART LLP
Exchange Place, 53 State Street, Boston, MA  02109  (617) 248-5000

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

| | |
|---|---|
| ❏ 1  U.S. Government Plaintiff | ❏ 3  Federal Question (U.S. Government Not a Party) |
| ❏ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | | | ❏ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❏ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from another district (specify) | ❏ 6 Multidistrict Litigation | ❏ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
This is an action for fraud, breach of contract, and indemnification. Jurisdiction is proper pursuant to 28 U.S.C. Section 1332(a).

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
Amount in controversy exceeds $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ❏ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE  Woodlock    DOCKET NUMBER  03-12501-DPW

DATE

6/3/05

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

————————————————
)
JOHN HANCOCK LIFE INSURANCE )
COMPANY, JOHN HANCOCK )
VARIABLE LIFE INSURANCE )
COMPANY, and MANULIFE )
INSURANCE COMPANY (f/k/a )
INVESTORS PARTNER INSURANCE )
COMPANY), ) CIVIL ACTION NO. 05-11150-DPW
)
        Plaintiffs, )
)
v. )
)
ABBOTT LABORATORIES, )
)
        Defendant. )
————————————————)

## COMPLAINT

### Introduction

1.    This is an action for fraud, breach of contract, and indemnification in which

plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance

Company and ManuLife Insurance Company (f/k/a "Investors Partner Life Insurance") seek

compensatory and punitive damages, costs and attorneys' fees for defendant Abbott

Laboratories' misrepresentations and other conduct that violates the

Agreement entered into by and between the plaintiffs and defendant and dated as of March 13,

2001 (the "Agreement"). This action is filed as a separate related action to the pending matter

captioned *John Hancock Life Insurance Company, et al. v. Abbott Laboratories*, Civil Action No. 03-12501-DPW (the "Existing Action"), pursuant to Section (1) of the Court's Scheduling Order entered in the Existing Action on March 30, 2004.

### The Parties

2.      Plaintiff John Hancock Life Insurance Company is a company, duly formed and existing under the laws of the Commonwealth of Massachusetts, that maintains its corporate headquarters in Boston, Suffolk County, Massachusetts.   John Hancock Life Insurance Company is one of the nation's leading insurance companies, providing a broad array of insurance and investment products to retail and institutional customers, primarily in North America.

3.      Plaintiff John Hancock Variable Life Insurance Company is a company, duly formed and existing under the laws of the Commonwealth of Massachusetts, that maintains its corporate headquarters in Boston, Suffolk County, Massachusetts.   John Hancock Variable Life Insurance Company provides variable life insurance products that link life insurance coverage and an investment return to an underlying portfolio of investments chosen by the policyholder.

4.      Plaintiff ManuLife Insurance Company (collectively, with plaintiffs John Hancock Life Insurance Company and John Hancock Variable Life Insurance Company, "John Hancock") is a company, duly formed and existing under the laws of the State of Delaware, that maintains its corporate headquarters in Boston, Suffolk County, Massachusetts. ManuLife Insurance Company is a wholly-owned subsidiary of John Hancock Variable Life Insurance

Company that sells various types of life insurance products. ManuLife Insurance Company formerly was known as "Investors Partner Life Insurance."

5.      Defendant Abbott Laboratories ("Abbott") is a corporation, duly formed and existing under the laws of the State of Illinois, that maintains its corporate headquarters in Abbott Park, Illinois. Abbott is a broad-based healthcare company that discovers, develops, manufactures and markets products and services that span the continuum of care -- from prevention and diagnosis to treatment and cure. Abbott's principal businesses are global pharmaceuticals, nutritionals, and medical products, including diagnostics and cardiovascular devices. Abbott achieved record sales and net earnings of $19.7 billion and $3.2 billion, respectively, in 2004. Its leadership positions in several multibillion-dollar businesses provide Abbott with a unique balance of revenue growth opportunities and cash flow sources that allow Abbott to invest in its future.

### Jurisdiction and Venue

6.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) because defendant Abbott resides in this district within the meaning of 28 U.S.C. § 1391(c), and further because Section 16.2 of the parties' Agreement provides that Abbott,

# REDACTED

REDACTED

## The Facts

*The Agreement And Its Relevant Terms*

8.    On March 13, 2001, John Hancock and Abbott entered the Agreement.





11.   The Agreement, which comprises more than thirty-five (35) pages, was the subject of extensive negotiations between the parties and their counsel over a period of approximately one year.



REDACTED

13.    Abbott further represented and warranted to John Hancock that,

REDACTED

REDACTED

REDACTED

17.    The Agreement further provides John Hancock with the power to

REDACTED

*John Hancock's Efforts to Audit Abbott's Compliance*
*With The Terms of the Agreement*

18.    Since the Agreement was executed on March 13, 2001, John Hancock has

become aware of certain potential breaches of the Agreement by Abbott.

REDACTED

19.    Consistent with the terms of the Agreement, and in an effort to assist in confirming or refuting Abbott's suspected violations, John Hancock initiated an independent audit of Abbott's books and records on April 12, 2004.

REDACTED

20.    Abbott unreasonably and unjustifiably has delayed, and continues to delay, its response to John Hancock's audit request, and has taken affirmative steps to obstruct the legitimate efforts of John Hancock's independent auditors to confirm or refute Abbott's compliance with terms of the Agreement.  Tactics employed by Abbott to hinder, delay and obstruct John Hancock's efforts to audit Abbott's compliance with the terms of the Agreement include, but are not limited to:

REDACTED

REDACTED

*Abbott's Violations of the Agreement*

A. Obstructing John Hancock's Compliance Audit

22.     Abbott unreasonably and unjustifiably has hindered, delayed and obstructed John Hancock's attempts to audit Abbott's compliance with the terms of the Agreement REDACTED     Upon information and belief, Abbott's efforts to hinder, delay and obstruct John Hancock's audit activities are intended to undermine, and have had the effect of undermining, John Hancock's ability to obtain information which would tend to confirm that Abbott has breached the Agreement in various other ways as set forth below.

REDACTED









*John Hancock's Efforts to Resolve Its Claims Against Abbott Amicably*

34.    On April 1, 2005, John Hancock provided written notification to Abbott of the existence and nature of the foregoing disputes                    REDACTED

35.    Authorized representatives of John Hancock and Abbott subsequently met in Chicago, Illinois on May 20, 2005, in an effort to resolve their disputes amicably.    That effort was unsuccessful.

**Claims**

COUNT I
(Fraud)

36.     John Hancock hereby repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 35 of this Complaint, *supra*.

REDACTED

41.     As a result of Abbott's misrepresentations, John Hancock has been defrauded by Abbott and has suffered, and likely will continue to suffer, monetary damages and harm in an amount to be determined.

COUNT II
(Breach of Contract)

42.    John Hancock hereby repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 41 of this Complaint, *supra*.

43.    The Agreement constitutes a valid and binding contract between the parties. John Hancock has performed all of its obligations under the Agreement.

44.    Abbott has breached its obligations to John Hancock under the Agreement, *inter alia*, by:



(g)    unreasonably and unjustifiably hindering, delaying and obstructing John Hancock's efforts to audit Abbott's compliance with the terms of the Agreement.

45.    By engaging in the foregoing conduct, Abbott further has breached the covenant of good faith and fair dealing that is implied by law in every contract, including the Agreement.

-19-

REDACTED

47.    As a result of Abbott's willful and wanton breaches of its express and implied obligations under the Agreement, John Hancock has suffered, and likely will continue to suffer, monetary damages and harm in an amount to be determined.

COUNT III
(Indemnification)

48.    John Hancock hereby repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 47 of this Complaint, *supra*.

49.    Abbott has breached its representations, warranties and obligations to John Hancock under the Agreement as set forth herein.

53.    Notwithstanding John Hancock's request for indemnification, Abbott has refused to indemnify John Hancock for its compensable Losses.

## Prayers for Relief

WHEREFORE, John Hancock respectfully requests that the Court:

(a)    award John Hancock compensatory damages in an amount to be determined, plus interest and costs, for Abbott's fraud under Count I of the Complaint;

(b)    award John Hancock compensatory damages in an amount to be determined, plus interest and costs, for Abbott's various breaches of contract under Count II of the Complaint;

(c)    enter an order directing Abbott to indemnify John Hancock for its compensable Losses, including John Hancock's damages, costs, and other reasonable expenses such as audit charges and attorneys' fees, under Count III of the Complaint;

(d)    award John Hancock punitive damages for Abbott's willful and wanton misconduct in an amount to be determined under Counts I and II of the Complaint; and

(e)    grant John Hancock such other and further relief as the Court deems just and appropriate in the circumstances.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY AND
MANULIFE INSURANCE COMPANY

By their attorneys,

_____
Brian A. Davis (BBO No. 546462)
Karen Collari Troake (BBO No. 566922)
Stacy Blasberg (BBO No. 657420)

-21-

CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Date: June 3, 2005                          Tele: 617-248-5000

CHI:1549649.1