UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY, ) ) ) ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 05-11150-DPW |
| ) | |
| v. ) | |
| ) | |
| ABBOTT LABORATORIES, ) | |
| ) | |
| Defendant. ) | |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, certain documents, materials and other information of parties John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, ManuLife Insurance Company, and Abbott Laboratories (individually, a "Party," collectively, the "Parties") or other entities subject to discovery or disclosure in this action (the "Litigation") may be claimed to constitute or contain confidential, trade secret, or proprietary commercial information; and

WHEREAS, the interests of the Parties, and the proprietary activities in which they are engaged, would be jeopardized if non-public, product development, marketing, strategic, planning, financial and other confidential, competitively sensitive materials and information that is produced in this Litigation were disclosed; and

WHEREAS, the Parties wish to ensure that any and all proprietary or confidential commercial information that is produced in this Litigation is not disseminated beyond the confines of the Litigation;

NOW, THEREFORE, the Parties hereby stipulate and agree, pursuant to Fed. R. Civ. P.26(c)(7), and this Court hereby orders as follows:

1.     This Stipulated Protective Order (the "Stipulated Order") shall govern the handling and treatment of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts, that are produced or provided in the course of any pre-litigation contractual audit involving the Parties, in pre-trial discovery, and in preparation for trial in this Litigation.

2.     Documents produced and testimony given in the course of any pre-litigation contractual audit involving the Parties or in this Litigation, including without limitation, documents and testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the provisions of this Stipulated Order, or information derived therefrom, shall be used solely for purposes of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose, including without limitation any commercial or business purpose.

3.     For purposes of this Stipulated Order, the term "Producing Party" shall mean any Party to this Litigation who produces or discloses information or materials in the course of any pre-litigation contractual audit involving the Parties or in the Litigation, or whose witnesses give deposition testimony. The term "Producing Party" also shall include any non-party who agrees, in writing, to be bound by the terms of this Stipulated Order pursuant to Paragraph 9, *infra,* and produces or discloses confidential or proprietary information in the Litigation.    The term "Receiving Party" shall mean any Party or non-party to whom information or materials are produced or disclosed in the course of any pre-litigation contractual audit involving the Parties or in this Litigation, or who elicits deposition testimony from a Producing Party.    The term

-2-

"Designating Party" shall mean any Party or non-party who designates documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Stipulated Order.

4.      For purposes of this Stipulated Order, the words "document" and "documents" shall mean all written or electronic documents, data, materials, videotapes, and other tangible items, and all information contained therein or that can be derived therefrom.

5.      A Party may designate as "CONFIDENTIAL" any document or information (including discovery responses or portions thereof), not known to the general public, which the Designating Party, in good faith, deems to incorporate or embody confidential, trade secret, or proprietary commercial information belonging to the Designating Party. Such designation shall be made at the time of delivery of a copy of the document or information by the Producing Party to the Receiving Party. The designation "Confidential" shall be made by stamping or writing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the document or information so designated. Any document or information that has been or may be produced by one Party to any other Party pursuant to the Research Funding Agreement by and between the Parties and dated as of March 13, 2001, as well as any document or information derived therefrom, shall be deemed "Confidential" and shall be so designated by the Producing Party unless otherwise agreed by the Parties.

6.      Notwithstanding the provisions of Paragraph 5, *supra,* a Party may designate as "HIGHLY CONFIDENTIAL" any document or information (including discovery responses or portions thereof), not known to the general public, if that Party, in good faith, deems the information contained therein to be particularly sensitive (*e.g.*, highly confidential research, business plans or strategies, or other competitive information), such that its disclosure may result

-3-

in the loss of a significant competitive advantage to the Designating Party. Such designation shall be made at the time of delivery of a copy of the document or information by the Producing Party to the Receiving Party. The designation "Highly Confidential" shall be made by stamping or writing the words "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the document or information so designated.

7.      Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Stipulated Order hereinafter are referred to collectively as "CONFIDENTIAL MATERIAL." All CONFIDENTIAL MATERIAL not reduced to documentary or tangible form or which cannot reasonably be designated in the manner set forth in Paragraphs 5 and 6, *supra*, shall be designated by a Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by informing the other Party of such designation in writing contemporaneous with the production of the CONFIDENTIAL MATERIAL and by labeling the container for such CONFIDENTIAL MATERIAL with the appropriate legend.

8.      If a Producing Party elects to produce original files and records for inspection and the inspecting Party desires to inspect those files, no confidentiality designations need be made by the Producing Party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting Party, the Producing Party shall designate the copies of such documents as may contain protected subject matter with the appropriate designation at the time the copies are produced to the inspecting Party in accordance with the provisions of this Stipulated Order. During the time between the inspection of such original files and records and production of copies of such files and records, the Parties agree to treat all of the

-4-

files and records subject to inspection as if they had been designated HIGHLY CONFIDENTIAL pursuant to the terms of this Stipulated Order.

9.     Non-parties to this Litigation may accept and agree to be bound by the terms of this Stipulated Order, provided that each such non-party first shall execute an acknowledgment and agreement, in the form attached hereto as Exhibit A, and provide a copy of the executed Exhibit A to all current Parties. A non-party to this Litigation that thereby agrees to be bound by the terms of this Stipulated Order may designate any discoverable documents or information not known to the general public which the non-party, in good faith, deems to be confidential, trade secret, or proprietary in nature, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by means of the procedures described in Paragraphs 5, 6 or 7, *supra*. All documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a non-party in accordance with the terms of this Stipulated Order shall be treated by the Parties as CONFIDENTIAL MATERIAL.

10.    Notwithstanding the foregoing, a Producing Party's or non-party's inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL as set forth in Paragraphs 5, 6 or 7, *supra,* shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Stipulated Order. Promptly upon learning of an inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL, the Producing Party or non-party may so designate a document or information as CONFIDENTIAL MATERIAL, with the effect that the designated document or information thereafter shall be subject to the protections of this Stipulated Order. In the event that a belated designation is made, each Receiving Party or non-party promptly shall take all reasonable steps to retrieve the relevant material to the extent it has been disclosed to persons who would not be

-5-

authorized to view it under Paragraphs 12 and 13, *infra,* shall identify in writing to the Producing Party those persons, other than authorized persons, to whom documents or information designated as "HIGHLY CONFIDENTIAL" has been disclosed, and shall return any unmarked copies of the relevant material that are recovered to the Producing Party or non-party within fourteen (14) calendar days of the receipt of properly marked, substitute copies from the Producing Party.

11.     A Party or participating non-party may designate any deposition transcript or portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so stating on the record or by giving notice in writing to the other Parties and participating non-parties within fourteen (14) calendar days of receipt of the deposition transcript, prior to which time all deposition transcripts shall be treated by the Parties as CONFIDENTIAL MATERIAL in their entirety. Whenever CONFIDENTIAL MATERIAL is expected to be disclosed in a deposition, the Producing Party or participating non-party making the confidential designation shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, and those individuals authorized under Paragraphs 12 and 13 of this Stipulated Order, *infra,* to receive the CONFIDENTIAL MATERIAL. All designations of confidentiality shall be made reasonably and in good faith.

12.     All documents designated as "CONFIDENTIAL" and any information obtained from such documents shall be retained by outside counsel, shall be used for the purpose of this Litigation only, and for no other purpose, and shall not be disclosed to any other person; *provided, however, that* documents designated as "CONFIDENTIAL" may be disclosed to the following:

   (a)     outside counsel and members, associates and employees of the firms of which outside counsel are members. For purposes of this Stipulated Order, "outside

counsel" shall mean the firm Choate, Hall & Stewart LLP for plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and ManuLife Insurance Company, and the firms Donnelly, Conroy & Gelhaar, LLP and Winston & Strawn LLP for defendant Abbott Laboratories;

(b)     present in-house counsel and employees of each Party who are given access to the documents by outside counsel for said Party as is reasonably necessary for the purposes of this Litigation and for no other purpose;

(c)     former employees of each Party who are given access to the documents by outside counsel for said Party as is necessary for the purposes of this Litigation and for no other purpose, *provided that* each such former employee first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be hound by the provisions of this Stipulated Order;

(d)     the Court, as provided in Paragraph 16, *infra;*

(e)     independent stenographic personnel, court reporters, videographers, or photocopying, document imaging or database services providing services in the Litigation;

(f)     outside experts or consultants retained by a Party for purposes of the Litigation, *provided that* each such expert or consultant first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

(g)     any witness or deponent who may or actually does give testimony in the Litigation, *provided that:* (i) such witness or deponent is listed on the face of the CONFIDENTIAL MATERIAL, is the originator, author, or an identified recipient of such CONFIDENTIAL MATERIAL, has personal knowledge concerning such CONFIDENTIAL MATERIAL, or has personal knowledge regarding the subject matter of the CONFIDENTIAL MATERIAL; (ii) such witness or deponent is a current officer, director, or employee of the Producing Party; (iii) the Producing Party consents in writing to the disclosure of the CONFIDENTIAL MATERIAL to such witness or deponent; or (iv) the Court orders such disclosure; and

(h)     any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made.

13.     All documents designated as "HIGHLY CONFIDENTIAL" and any information

obtained from such documents shall be retained by outside counsel, shall be used for the purpose

of this Litigation only and for no other purpose, and shall not be disclosed to any other person;

*provided, however, that* documents designated as "HIGHLY CONFIDENTIAL" may be

disclosed to the following:

  (a)    outside counsel and members, associates and employees of the firms of which
         outside counsel are members;

  (b)    present in-house counsel for a Party and, in addition, a total of no more than two
         (2) in-house employees of each Party who have a reasonable need to know the
         contents of such documents, provided that each such person first executes an
         acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound
         by the provisions of this Stipulated Order;

  (c)    the Court, as provided for in Paragraph 16, infra;

  (d)    independent stenographic personnel, court reporters, videographers, or
         photocopying, document imaging or database services providing services in the
         Litigation;

  (e)    outside experts or consultants retained by a Party for purposes of the Litigation;

  (f)    any witness or deponent who may or actually does give testimony in the
         Litigation, provided that: (i) such witness or deponent is listed on the face of the
         CONFIDENTIAL MATERIAL, is the originator, author, or an identified recipient
         of such CONFIDENTIAL MATERIAL, has personal knowledge concerning such
         CONFIDENTIAL MATERIAL, or has personal knowledge regarding the subject
         matter of the CONFIDENTIAL MATERIAL; (ii) such witness or deponent is a
         current officer, director, or employee of the Producing Party; (iii) the Producing
         Party consents in writing to the disclosure of the CONFIDENTIAL MATERIAL
         to such witness or deponent; or (iv) the Court orders such disclosure; and

  (g)    any other person to whom the Producing Party agrees beforehand, in writing, that
         disclosure may be made, or to whom the Court determines that disclosure may be
         made.

  14.    Before a Party may disclose documents or information designated by any other

Party as HIGHLY CONFIDENTIAL to any person listed in Paragraph 13(e), 13(f)(iii), or

13(f)(iv), that party shall, at least five (5) business days prior to such disclosure, notify the

Designating Party, in writing and by facsimile, of its intent to disclose HIGHLY

CONFIDENTIAL MATERIALS to such persons. Such notification shall be made to all counsel

of record in this Litigation and shall include the name, current address, and present employment

SO ORDERED:

By: _____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
MASSACHUSETTS

DATED this _15_ day of July, 2005.

bos-srv01\167540v01

5