UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), <br><br>                    Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br>                    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 05-11150-DPW |

## PLAINTIFFS' ANSWER
## TO DEFENDANT'S COUNTERCLAIM

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and ManuLife Insurance Company (f/k/a Investors Partner Life Insurance Company) (collectively, "John Hancock" of "Hancock"), by their attorneys, hereby answer the Counterclaim of defendant Abbott Laboratories ("Abbott" or "Abbott Labs") filed against them in the above-captioned action as follows:

1.  John Hancock admits that the Counterclaim, on its face, purports to assert a claim against Hancock arising out of the Research Funding Agreement entered into by and between John Hancock and Abbott Labs and dated as of March 13, 2001 (the "Agreement"). John Hancock otherwise denies the allegations contained in Paragraph 1 of the Counterclaim.

2. John Hancock admits the allegations contained in Paragraph 2 of the Counterclaim.

3. John Hancock admits that plaintiff John Hancock Life Insurance Company ("John Hancock Life") is a company, duly formed and existing under the laws of the Commonwealth of Massachusetts, and that John Hancock Life maintains its corporate headquarters in Boston, Massachusetts. John Hancock further admits that it has experience in making certain types of investments. John Hancock otherwise denies the allegations contained in Paragraph 3 of the Counterclaim.

4. John Hancock admits the allegations contained in Paragraph 4 of the Counterclaim.

5. John Hancock admits the allegations contained in Paragraph 5 of the Counterclaim.

6. John Hancock admits the allegations contained in Paragraph 6 of the Counterclaim.

7. John Hancock admits that the Agreement is dated as of March 13, 2001, and that it was executed after negotiations and certain due diligence. Further answering, John Hancock states that the Agreement speaks for itself. John Hancock otherwise denies the allegations contained in Paragraph 7 of the Counterclaim.

8. John Hancock states that the Agreement speaks for itself. John Hancock otherwise denies the allegations contained in Paragraph 8 of the Counterclaim.

9. John Hancock admits that, after requesting and receiving Abbott Labs' final 2002 annual research plan in late September 2003, John Hancock notified Abbot Labs in a letter dated October 10, 2003, that Abbott's decision to reduce its anticipated spending over the Agreement's

four-year program term below the Agreement's required aggregate spending target automatically terminated John Hancock's obligation to make program payments to Abbott for the third and fourth program years pursuant to the express terms of the Agreement. John Hancock otherwise denies the allegations contained in Paragraph 9 of the Counterclaim.

10.  John Hancock denies the allegations contained in Paragraph 10 of the Counterclaim.

11.  John Hancock denies the allegations contained in Paragraph 11 of the Counterclaim.

12.  John Hancock admits that Abbott previously asserted a counterclaim relating to the Agreement against Hancock in a related action. John Hancock otherwise denies the allegations contained in Paragraph 12 of the Counterclaim.

13.  John Hancock denies the allegations contained in Paragraph 13 of the Counterclaim.

## COUNT I

14.  John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 13 of the Counterclaim, *supra*.

15.  John Hancock denies the allegations contained in Paragraph 15 of the Counterclaim.

16.  John Hancock denies the allegations contained in Paragraph 16 of the Counterclaim.

17.  John Hancock denies the allegations contained in Paragraph 17 of the Counterclaim.

## Affirmative Defenses

### First Affirmative Defense

Abbott has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Abbott is barred from obtaining any relief against John Hancock by virtue of its unclean hands.

### Third Affirmative Defense

If Abbott has been harmed at all, such harm, on information and belief, was caused by Abbott Labs or its representatives.

### Fourth Affirmative Defense

Abbott's claim for damages is barred, in whole or in part, because Abbott has failed to fulfill all of the contractual requirements necessary to obtain the relief requested.

### Fifth Affirmative Defense

Abbott's claim for damages is barred, in whole or in part, by Abbott's material violations of the Agreement.

### Sixth Affirmative Defense

Abbott's claim for damages is barred, in whole or in part, by Abbott Labs' failure to mitigate its alleged damages.

### Seventh Affirmative Defense

Abbott's claim for damages is barred by the doctrines of laches, waiver, and/or estoppel.

### Eighth Affirmative Defense

Abbott's claim for damages is barred by the terms of the Agreement.

### Ninth Affirmative Defense

Some or all of the damages claimed by Abbott are not recoverable as a matter of law.

### Tenth Affirmative Defense

Abbott's claim for damages is barred by the doctrines of *res judicata* and collateral estoppel.

### Eleventh Affirmative Defense

Abbott's claim for damages is barred by the applicable statutes of limitations.

### Twelfth Affirmative Defense

John Hancock reserves the right to assert further affirmative defenses.

WHEREFORE, John Hancock requests that this Court dismiss Abbott's Counterclaim with prejudice, that judgment be entered in favor of John Hancock and against Abbott with respect to Abbott's Counterclaim, and that John Hancock be awarded the costs of this action, together with such other and further relief as may be appropriate in the circumstances.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE LIFE
INSURANCE COMPANY, AND MANULIFE
INSURANCE COMPANY (f/k/a INVESTORS
PARTNER LIFE INSURANCE COMPANY),

By their attorneys,

/s/   Karen Collari Troake
Brian A. Davis (BBO No. 546462)
Karen Collari Troake (BBO No. 566922)
Stacy Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000

Date:   August 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Answer to Defendant's Counterclaim was served upon Michael S. D'Orsi, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108, by facsimile and by first-class mail, postage prepaid, this 18th day of August, 2005.

/s/    Stacy Blasberg