UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>    Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | CIVIL ACTION NO. 05-11150-DPW |

### MEMORANDUM IN SUPPORT OF JOHN HANCOCK'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure and the Scheduling Order of this Court entered October 13, 2005, Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and ManuLife Insurance Company (f/k/a "Investors Partner Life Insurance") (collectively, "John Hancock"), move for leave to serve and file the attached Supplemental Complaint in the above-captioned action (the "Motion").

### I.    INTRODUCTION

Federal courts have uniformly recognized a strong presumption in favor of granting leave to file supplemental complaints. There is no reason to depart from that presumption here: John Hancock's Supplemental Complaint readily satisfies Rule 15(d). It alleges "transactions or events" that occurred after the filing of the original Complaint on June 3, 2005, namely, that Abbott failed to make a contractually required payment due January 30, 2006. These new

allegations give rise to an additional cause of action against Abbott for breach of contract. Courts have identified six factors relevant to determining whether leave should be granted. Every one of them supports the instant motion. For the Court's convenience, John Hancock attaches to its motion a redlined version of the Supplemental Complaint highlighting the new allegations, as well as a file copy.

## II.   FACTS

John Hancock filed its original Complaint, alleging causes of action against Abbott for fraud, breach of contract and indemnification, on June 3, 2005. John Hancock's claims arise out of a Research Funding Agreement ("RFA") that obligated the parties to contribute sums, under certain conditions, to develop and commercialize nine drug compounds owned by Abbott. (Supp. Complaint, ¶ 10). John Hancock alleges that as of March 13, 2001, the date the RFA was signed, Abbott knew, but failed to disclose, certain material facts demonstrating that at least two of the drug compounds were not commercially viable. (Id., ¶¶ 25-28). These omissions induced John Hancock to enter the RFA and breached Abbott's contractual representations and warranties. (Id., ¶ 29). John Hancock also alleges that Abbott breached the RFA in other respects. (Id., ¶¶ 29, 31, 33, 34, 36).

The RFA provides, and this Court has held, that Abbott was required to state its intent and reasonable expectation to spend $614 million, the so-called "Aggregate Spending Target," over four years (the "Program Term"). See John Hancock Life Insurance Co., et al. v. Abbott Laboratories, Civil Action No. 03-12501-DPW, Memorandum and Order dated September 16, 2005 at 65 (granting summary judgment to John Hancock based on Abbott's failure to demonstrate intent and reasonable expectation to meet Aggregate Spending Target over four-year Program Term). In the event that Abbott failed to meet the Aggregate Spending Target by December 31, 2004, the RFA required Abbott to spend the *difference* between its actual spending

over the Program Term and the Aggregate Spending Target, the so-called "Aggregate Carryover Amount," by December 31, 2005. (Supp. Complaint, ¶ 17). Should Abbott fail to spend the Aggregate Carryover Amount, § 3.3(b) the RFA obligated Abbott to pay John Hancock one-third of the unspent amount by January 30, 2006. Id.

On December 31, 2005, in response to an interrogatory propounded by John Hancock, Abbott represented that it failed to spend the Aggregate Carryover Amount by year-end. (See Abbott's Response to John Hancock's Interrogatory No. 13, Declaration of Joseph H. Zwicker ("Zwicker Decl."), ¶ 11, Ex. D). By its own admission, Abbott owes John Hancock $18 million, one-third of the unspent Amount. (Zwicker Decl., ¶ 12). However, because Abbott has obstructed John Hancock's efforts to audit its spending under the RFA, Abbott's actual spending, and thus the actual amount of the unspent Aggregate Carryover Amount, is presently unknown. (Supp. Complaint, ¶ 36). Abbott may, in fact, owe John Hancock more than $18 million.

By letter dated January 5, 2006, John Hancock put Abbott on notice of a claim and invited it to negotiate a resolution. (Letter, Zwicker Decl., Ex. A). By letter dated January 24, 2006, Abbott refused to pay John Hancock the unspent Aggregate Carryover Amount. (Letter, Zwicker Decl., Ex. B). Accordingly, the instant Motion seeks to supplement the original Complaint to allege a cause of action for breach of contract based on Abbott's failure to make the payment.[1]

---

[1] At a scheduling conference on October 13, 2005, the Court, incorporating the parties' Joint Proposed Scheduling Order, ordered that any amendments to the pleadings be filed by February 6, 2006. (Transcript, Zwicker Decl., Ex. C, p. 5; Joint Statement Pursuant to Local Rule 16.1, Id. Ex. E).

## III. ARGUMENT

Fed. R. Civ. P. 15(d) provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

It is well settled that "leave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989). See also Bromley, et al. v. Michigan Education Association-NEA, 178 F.R.D. 148, 154 (1998) ("Like amendment of pleadings under Rule 15(a), supplementation of original pleadings is to be liberally permitted 'when justice so requires'"). The Supreme Court has identified six factors relevant to the inquiry: (1) undue delay in filing the motion: (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. Foman v. Davis, 371 U.S. 178, 182 (1962). All of these factors favor granting leave here.

First, John Hancock did not engage in undue delay. See id. at 182. On the contrary, it sought leave almost *immediately* upon accrual of its claim. Section 3.3(b) of the RFA required Abbott to make the payment by January 30, 2006. (Supp. Complaint, ¶ 37). It did not. John Hancock filed this Motion on February 3, 2006.

Second, Abbott cannot claim lack of notice. See Foman, 371 U.S. at 182. John Hancock provided notice of its claim to Abbott on January 5, 2006. (Supp. Complaint, ¶ 39). In fact, Abbott had knowledge of a potential claim against it since the RFA was executed in 2001. Abbott knew that unless it paid John Hancock one-third of any unspent Aggregate Carryover Amount by January 31, 2006, a claim would likely follow.

4

Third, John Hancock's claim is made in good faith and derives from the plain language of the RFA. See Foman, 371 U.S. at 182. The RFA provides that Abbott was required to spend the Aggregate Carryover Amount during calendar year 2005, or pay John Hancock one-third of the unspent Amount. (Supp. Complaint, ¶ 17). At a minimum, Abbott owes John Hancock $18 million. (Zwicker Decl., ¶ 12). Discovery will determine whether it owes John Hancock more.

Fourth, John Hancock does not seek leave to cure pleading deficiencies in its original Complaint. See Foman, 371 U.S. at 182. The original Complaint was well pled. Abbott never moved to dismiss it.

Fifth, there is no possibility of undue prejudice to Abbott. John Hancock seeks leave early in the action and before depositions have begun. Thus, Abbott cannot claim that the proposed Supplemental Complaint will delay trial or require it to redepose witnesses. Nor does the Supplemental Complaint open new areas of discovery. The parties were already engaged in discovery regarding Abbott's actual spending under the RFA. Their existing discovery demands encompass John Hancock's new claim.

Sixth, John Hancock's Supplemental Complaint is not futile. See id. at 182. As noted above, it is based on the plain language of the RFA. Abbott may assert defenses but John Hancock's claim is indisputably a colorable one.

Where leave to supplement a complaint is liberally granted and where, as here, each and every one of the relevant factors supports leave, John Hancock's Motion should be granted.

IV. **CONCLUSION**

For the foregoing reasons, John Hancock's Motion should be granted.

        Respectfully submitted,

        JOHN HANCOCK LIFE INSURANCE
        COMPANY, JOHN HANCOCK VARIABLE LIFE
        INSURANCE COMPANY, AND INVESTORS
        PARTNER LIFE INSURANCE COMPANY,

        By Their Attorneys,

        /s/ Joseph H. Zwicker
        Brian A. Davis (BBO No. 546462)
        Joseph H. Zwicker (BBO No. 560219)
        Christopher Edwards (BBO No. 640758)
        Stacy Blasberg (BBO No. 657420)
        CHOATE, HALL & STEWART
        Two International Place
        Boston, MA  02110
        Telephone:  617-248-5000
        Fax:  617-248-4000

Dated:  February 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on February 3, 2006.

/s/ Lisa H. Lipman
Lisa H. Lipman
