UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>    Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | CIVIL ACTION NO. 05-11150-DPW |

### PLAINTIFFS' ASSENTED TO MOTION FOR IMPOUNDMENT OF CONFIDENTIAL INFORMATION

Pursuant to Local Rule 7.2, Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a/ Investors Partner Life Insurance Company) (collectively, "John Hancock" or "Plaintiffs") respectfully move this Court for leave to file the following documents under Seal until further Order of the Court:

1. Plaintiffs' Cross-Motion for Partial Summary Judgment on Count II of Supplemental Complaint ("Motion");

2. Plaintiffs' Memorandum in Opposition to Defendant Abbott Laboratories' Motion to Dismiss and in Support of John Hancock's Cross-Motion for Partial Summary Judgment on Count II of Supplemental Complaint ("Memorandum");

3.  Statement of Undisputed Facts in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment on Count II of Supplemental Complaint ("Statement of Undisputed Facts"); and

4.  Affidavit of Joseph H. Zwicker, dated September 8, 2006, and supporting exhibits (collectively, the "Zwicker Affidavit").

The grounds for this motion are:

1.  This action arises out of a written agreement, (the "Agreement") dated March 13, 2001 between John Hancock and Abbott Laboratories ("Abbott"). The Agreement is, by its terms, confidential.

2.  The content of John Hancock's Memorandum, Motion, Statement of Undisputed Facts, and Zwicker Affidavit relies upon and discusses the confidential content of the Agreement.

3.  The Agreement also forms the basis for John Hancock's claims in the related action captioned *John Hancock Life Ins. Co., et al. v. Abbott Laboratories*, Civil Action No. 03-12501-DPW ("*Hancock I*").

4.  The terms of the Agreement may not be disclosed without the prior consent of the non-disclosing party. Throughout this action as well as *Hancock I*, the Agreement has not been publicly disclosed.

5.  In compliance with Local Rule 7.1(A)(2), John Hancock has sought and obtained the consent of Abbott to this motion to seal.

WHEREFORE, John Hancock respectfully requests that the Motion, Memorandum, Statement of Undisputed Facts, and the Zwicker Affidavit be impounded until further Order of the Court. In addition, John Hancock respectfully requests that the Court accept these documents provisionally under Seal pending the Court's ruling on this Motion. Upon

termination of the impoundment period, John Hancock will retrieve and take custody of the Memorandum, Motion, and Statement of Undisputed Facts.

Respectfully submitted,

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY AND MANULIFE INSURANCE COMPANY

By their attorneys,

/s/ Joseph H. Zwicker
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Stacy Blasberg (BBO No. 657420)
Russell J. Edelstein (BBO No. 663227)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: 617-248-5000

Date:   September 8, 2006

4120547.1

## CERTIFICATE OF SERVICE

I, Joseph A. Zwicker, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 8, 2006.

/s/ Joseph H. Zwicker
Joseph H. Zwicker