UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN HANCOCK LIFE INSURANCE )
COMPANY, JOHN HANCOCK )
VARIABLE LIFE INSURANCE )
COMPANY, and MANULIFE )
INSURANCE COMPANY (f/k/a )        Civil Action No. 05-11150-DPW
INVESTORS PARTNER LIFE )
INSURANCE COMPANY), )
)
)
       *Plaintiffs*, )
)
v. )
)
ABBOTT LABORATORIES, )
)
       *Defendant*. )

**ABBOTT LABORATORIES' ASSENTED TO MOTION
FOR IMPOUNDMENT OF CONFIDENTIAL INFORMATION**

Pursuant to Local Rule 7.2, Defendant Abbott Laboratories ("Abbott") respectfully moves this Court for leave to file the following documents under seal until further Order of the Court:

    1. Defendant's Motion for Protective Order Barring the Deposition of Dr. Stanley Bukofzer (the "Motion");

    2. Defendant's Memorandum in Support of Opposition to Plaintiff's Motion to Compel and in Support of Defendant's Motion for Protective Order ("Memorandum");

    3. Proposed Protective Order barring the deposition of Dr. Stanley Bukofzer ("Proposed Order");

    4. Declaration of Dr. Stanley Bukofzer; and

5.    Declaration of Ozge Guzelsu.

The grounds for this motion are:

1.    This action arises out of a certain Research Funding Agreement (the "Agreement") dated March 13, 2001 between John Hancock ("John Hancock") and Abbott. The Agreement is, by its terms, confidential.

2.    The Motion, Memorandum, Proposed Order, and Bukofzer and Guzelsu Declarations rely upon and discuss the confidential terms of the Agreement.

3.    The Agreement also forms the basis for John Hancock's claims in the related action captioned *John Hancock Life Ins. Co., et al. v. Abbott Laboratories*, Civil Action No. 03-12501-DPW ("*Hancock I*").

4.    The terms of the Agreement may not be disclosed without the prior consent of the non-disclosing party. Throughout this action as well as *Hancock I*, the Agreement has not been publicly disclosed.

5.    In compliance with Local Rule 7.1(A)(2), Abbott has sought and obtained the consent of John Hancock to this Motion for Impoundment of Confidential Information.

WHEREFORE, Abbott respectfully requests that the Motion, Memorandum, Proposed Order, and Bukofzer and Guzelsu Declarations be impounded until further Order of the Court. In addition, Abbott respectfully requests that the Court accept these documents provisionally under Seal pending the Court's ruling on this Motion. Upon termination of the impoundment period, Abbott will retrieve and take custody of the Motion, Memorandum, Proposed Order, and Bukofzer and Guzelsu Declarations.

Dated: October 10, 2006

Respectfully submitted,

ABBOTT LABORATORIES

By: /s/ Michael S. D'Orsi
    Michael S D'Orsi

Peter E. Gelhaar (BBO#188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

and

Jeffrey I. Weinberger (*pro hac vice*)
Gregory D. Phillips (*pro hac vice*)
Eric J. Lorenzini *(pro hac vice)*
Ozge Guzelsu *(pro hac vice)*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Tele: (213) 683-9100

*Counsel for Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on October 10, 2006.

/s/ Michael S. D'Orsi
Michael S. D'Orsi