UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## PLAINTIFFS' ASSENTED TO MOTION FOR IMPOUNDMENT OF CONFIDENTIAL INFORMATION

Pursuant to Local Rule 7.2, Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a/ Investors Partner Life Insurance Company) (collectively, "John Hancock" or "Plaintiffs") respectfully move this Court for leave to file the following documents under seal until further Order of the Court:

1. Plaintiffs' Memorandum in Reply to Abbott's Opposition to Plaintiffs' Motion to Compel and in Opposition to Abbott's Motion for a Protective Order (the "Memorandum");

2. Proposed Order Denying Defendant's Motion for a Protective Order and Ordering that Plaintiffs may Depose Dr. Stanley Bukofzer and other witnesses (the "Proposed Order"); and

    3.    Supplemental Affidavit of Richard C. Abati, dated October 24, 2006, and supporting exhibits (collectively, the "Abati Supplemental Affidavit").

The grounds for this motion are:

1. This action arises out of a certain Research Funding Agreement, (the "Agreement") dated March 13, 2001 between John Hancock and Abbott Laboratories ("Abbott"). The Agreement is, by its terms, confidential.

2. The Memorandum, Proposed Order and Abati Supplemental Affidavit rely upon and discuss the confidential terms of the Agreement.

3. The Agreement also forms the basis for John Hancock's claims in the related action captioned John Hancock Life Ins. v. Abbott Labs., No. Civ.A. 03-12501-DPW, 2005 WL 2323166 (D.Mass. Sept. 16, 2005) ("*Hancock I*").

4. The terms of the Agreement may not be disclosed without the prior consent of the non-disclosing party. Throughout this action as well as *Hancock I*, the Agreement has not been publicly disclosed.

5. In compliance with Local Rule 7.1(A)(2), John Hancock has sought and obtained the consent of Abbott to this Motion for Impoundment of Confidential Information.

WHEREFORE, John Hancock respectfully requests that the Memorandum, Proposed Order and Abati Supplemental Affidavit be impounded until further Order of the Court. In addition, John Hancock respectfully requests that the Court accept these documents provisionally under Seal pending the Court's ruling on this Motion. Upon termination of the impoundment period, John Hancock will retrieve and take custody of the Memorandum, Proposed Order and Abati Supplemental Affidavit.

-3-

          Respectfully submitted,

          JOHN HANCOCK LIFE INSURANCE
          COMPANY, JOHN HANCOCK VARIABLE
          LIFE INSURANCE COMPANY AND
          MANULIFE INSURANCE COMPANY

          By their attorneys,

          */s/ Joseph H. Zwicker*
          Brian A. Davis (BBO No. 546462)
          Joseph H. Zwicker (BBO No. 560219)
          CHOATE, HALL & STEWART LLP
          Two International Place
          Boston, Massachusetts 02110
          Telephone: 617-248-5000

Date:   October 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on October 24, 2006.

          */s/ Joseph H. Zwicker*
          Joseph H. Zwicker

4136494v1