UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## PLAINTIFFS' ASSENTED TO MOTION FOR IMPOUNDMENT OF CONFIDENTIAL INFORMATION

Pursuant to Local Rule 7.2, Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a/ Investors Partner Life Insurance Company) (collectively, "John Hancock" or "Plaintiffs") respectfully move this Court for leave to file the following documents under seal until further Order of the Court:

1. Plaintiffs' Reply Memorandum in Support of John Hancock's Cross-Motion for Partial Summary Judgment on Count II of its Supplemental Complaint (the "Reply Memorandum"); and

2. Plaintiffs' Opposition to Defendant's Conditional Motion for Continuance Pursuant to Fed. R. Civ. P. 56(f) (the "56(f) Opposition").

The grounds for this motion are:

1. This action arises out of a certain Research Funding Agreement, (the "Agreement") dated March 13, 2001 between John Hancock and Abbott Laboratories ("Abbott"). The Agreement is, by its terms, confidential.

2. The Reply Memorandum and 56(f) Opposition rely upon and discuss the confidential terms of the Agreement.

3. The Agreement also forms the basis for John Hancock's claims in the related action captioned *John Hancock Life Ins. Co., et al. v. Abbott Laboratories*, Civil Action No. 03-12501-DPW ("*Hancock I*").

4. The terms of the Agreement may not be disclosed without the prior consent of the non-disclosing party. Throughout this action as well as *Hancock I*, the Agreement has not been publicly disclosed.

5. In compliance with Local Rule 7.1(A)(2), John Hancock has sought and obtained the consent of Abbott to this Motion for Impoundment of Confidential Information.

WHEREFORE, John Hancock respectfully requests that the Reply Memorandum and 56(f) Opposition be impounded until further Order of the Court. In addition, John Hancock respectfully requests that the Court accept these documents provisionally under Seal pending the Court's ruling on this Motion. Upon termination of the impoundment period, John Hancock will retrieve and take custody of the Reply Memorandum and 56(f) Opposition.

-3-

Respectfully submitted,

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY AND
MANULIFE INSURANCE COMPANY

By their attorneys,

/s/ Brian A. Davis
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: 617-248-5000

Date:   November 1, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on November 1, 2006.

/s/ Brian A. Davis
Brian A. Davis

4139563v1