UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 05-11150-DPW ) ) ) ) ) ) ) ) ) |

## PLAINTIFFS' MOTION FOR IMPOUNDMENT OF CONFIDENTIAL INFORMATION

Pursuant to Local Rule 7.2, Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a/ Investors Partner Life Insurance Company) (collectively, "John Hancock" or "Plaintiffs") respectfully move this Court for leave to file the following documents under seal until further Order of the Court:

1. Plaintiffs' Motion For Issuance of Subpoena to be Served Abroad (the "Motion");

2. Plaintiffs' Memorandum in Support of Motion For Issuance of Subpoena to be Served Abroad (the "Memorandum");

3. Proposed Order For Issuance of Subpoena to be Served Abroad (the "Proposed Order"); and

-2-

4. Affidavit of Joseph H. Zwicker, dated November 3, 2006, and supporting exhibits (collectively, the "Zwicker Affidavit").

The grounds for this motion are:

1. This action arises out of a certain Research Funding Agreement, (the "Agreement") dated March 13, 2001 between John Hancock and Abbott Laboratories ("Abbott"). The Agreement is, by its terms, confidential.

2. The Motion, Memorandum, Proposed Order, and Zwicker Affidavit rely upon and discuss the confidential terms of the Agreement.

3. The Agreement also forms the basis for John Hancock's claims in the related action captioned *John Hancock Life Ins. Co., et al. v. Abbott Laboratories*, Civil Action No. 03-12501-DPW ("*Hancock I*").

4. The terms of the Agreement may not be disclosed without the prior consent of the non-disclosing party. Throughout this action as well as *Hancock I*, the Agreement has not been publicly disclosed.

5. In compliance with Local Rule 7.1, John Hancock has met and conferred with counsel for Dr. Azmi Nabulsi and attempted in good faith to resolve or narrow the issues raised in Plaintiffs' Motion for Impoundment of Confidential Information. The parties were not able to resolve or narrow the issues.

WHEREFORE, John Hancock respectfully requests that the Motion, Memorandum, Proposed Order, and Zwicker Affidavit be impounded until further Order of the Court. In addition, John Hancock respectfully requests that the Court accept these documents provisionally under Seal pending the Court's ruling on this Motion. Upon termination of the impoundment period, John Hancock will retrieve and take custody of the Motion, Memorandum, Proposed Order, and Zwicker Affidavit.

-3-

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY AND
MANULIFE INSURANCE COMPANY

By their attorneys,

/s/ Joseph H. Zwicker
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: 617-248-5000

Date:    November 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on November 6, 2006.

/s/ Joseph H. Zwicker
Joseph H. Zwicker

-3-

4139645v1