UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>*Plaintiffs*,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>*Defendant*. | Civil Action No. 05-11150-DPW |

## ABBOTT LABORATORIES' MOTION TO PROHIBIT THE DISCLOSURE OF ABBOTT LABORATORIES' HIGHLY CONFIDENTIAL DOCUMENTS TO DR. FAIRWEATHER PURSUANT TO THE STIPULATED PROTECTIVE ORDER

Defendant Abbott Laboratories ("Abbott") hereby moves, pursuant to the Protective Order between Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Life Insurance) (collectively, "Hancock") and Abbott filed July 1, 2001, 2005, for a Court order prohibiting the disclosure of Highly Confidential documents to Dr. William R. Fairweather ("Dr. Fairweather") pursuant to the Stipulated Protective Order. Hancock proffered Dr. Fairweather as an expert witness on October 27, 2006, more than two months after the deadline for expert proffers, and notified Abbott of its intention to disclose to Dr. Fairweather documents designated by Abbott as "Highly Confidential." The Stipulated Protective Order states that Highly Confidential documents may only by disclosed "for the purpose of this Litigation only and for no other

purpose." The Protective Order also provides that a party may object to a disclosure notice for good cause and bring a motion to prohibit the disclosure. Dr. Fairweather's disclosure cannot be for the purposes of this Litigation because the expert proffer date has passed, and Hancock has offered no alternative reason for its notice to disclose Highly Confidential documents to Dr. Fairweather. Therefore, Abbott has good cause to request that the Court issue an order preventing the disclosure of Abbott's Highly Confidential documents to Dr. Fairweather.

In support of this motion, the Defendant relies upon the accompanying Memorandum of Law and the Declaration of Ozge Guzelsu (and accompanying Exhibits 1 - 15), both of which are filed in conjunction herewith.

WHEREFORE, Abbott respectfully requests that this Court grant Abbott's Motion Prohibiting the Disclosure of Highly Confidential Documents to Dr. Fairweather pursuant to the Protective Order, and grant such further relief as this Court deems just and appropriate.

Dated: November 7, 2006                    Respectfully submitted,

ABBOTT LABORATORIES

By: __/s/ Michael S. D'Orsi__
        Michael S. D'Orsi

One of its attorneys

Peter E. Gelhaar (BBO#188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

and

> Jeffrey I. Weinberger (*pro hac vice*)
> Gregory D. Phillips (*pro hac vice*)
> Eric J. Lorenzini *(pro hac vice)*
> Ozge Guzelsu *(pro hac vice)*
> MUNGER, TOLLES & OLSON LLP
> 355 South Grand Avenue
> Thirty-Fifth Floor
> Los Angeles, CA 90071-1560
> Tele: (213) 683-9100
>
> *Counsel for Abbott Laboratories*

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that counsel for Abbott Laboratories has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues in this Motion.

/s/ Michael S. D'Orsi
Michael S. D'Orsi

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 7, 2006.

Date: November 7, 2006.

/s/ Michael S. D'Orsi
Michael S. D'Orsi