UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>*Plaintiffs,*<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>*Defendant.* | Civil Action No. 05-11150-DPW |

**ABBOTT LABORATORIES' MEMORANDUM IN SUPPORTS OF ITS MOTION TO PROHIBIT THE DISCLOSURE OF ABBOTT LABORATORIES' HIGHLY CONFIDENTIAL DOCUMENTS TO DR. FAIRWEATHER PURSUANT TO THE STIPULATED PROTECTIVE ORDER**

Defendant Abbott Laboratories ("Abbott") submits this memorandum of points and authorities in support of its motion to prohibit Plaintiffs' John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Life Insurance) (collectively, "Hancock") disclosure of Abbott's Highly Confidential documents to Dr. William R. Fairweather ("Dr. Fairweather") pursuant to the Stipulated Protective Order.

I.   **INTRODUCTION**

The deadline for expert proffers in this case was August 14, 2006. On October 27, 2006, more than two months after that deadline, Hancock disclosed its intent to designate Dr. Fairweather as an expert witness and to give him access to documents that Abbott has designated

"Highly Confidential" under the Stipulated Protective Order in this matter. Hancock failed to offer any justification for this late designation, despite Abbott's repeated requests. Nor has Hancock given any indication of when it intends to file an expert report, the deadline for which passed almost one month ago. Since Dr. Fairweather cannot serve as an expert witness in this litigation due to his late designation, there is no legitimate basis under the terms of the Stipulated Protective Order to disclose Abbott's Highly Confidential documents to him. Abbott therefore requests that the Court issue an order prohibiting the disclosure of Abbott's Highly Confidential documents to Dr. Fairweather.

## II.  ARGUMENT

### A.  The Stipulated Protective Order Prohibits the Disclosure of Highly Confidential Documents to Individuals Outside of the Litigation

Abbott entered into the Stipulated Protective Order to protect its confidential, trade secret, and proprietary commercial information. *See* Exh. 14 at 1 (Stipulated Protective Order).[1] Both parties agreed that proprietary and confidential commercial information produced in the litigation would not be disseminated beyond the confines of the litigation. *Id.* at 1. The Stipulated Protective Order expressly states that "[a]ll documents designated as 'HIGHLY CONFIDENTIAL' and any information obtained from such documents . . . *shall be used for the purpose of this Litigation only and for no other purpose* . . ." *Id.* at 7 (emphasis added). For expert witnesses, the Stipulated Protective Order states that Highly Confidential information may only be disclosed to experts "retained by a Party for purposes of the Litigation." *Id.* at 8. The Stipulated Protective Order also provides that either party may, for good cause, object to the disclosure of its Highly Confidential documents within five days of receiving notice of

---

[1] The exhibits are attached to the Guzelsu Declaration filed concurrently with this brief.

disclosure. *Id.* at 9. After an objection has been made, the Stipulated Protective Order provides that a party may move the Court within seven days to prohibit the proposed disclosure. *Id.* at 9.

### B. Hancock's Late Designation Comes More Than Two Months After the Expert Proffer Deadline And Five Weeks Before the Expert Rebuttal Report Deadline

The parties agreed to the proffer date for affirmative experts of August 14, 2006 three months ago and this Court entered an order to that effect. *See* Exh. 1 (July 26, 2006 Motion to Modify the Scheduling Order); Exh. 2 at 10 (Docket). Now, at the end of October, Hancock, in complete and blatant disregard of this deadline, purports to designate Dr. Fairweather as an expert witness without providing Abbott with any justification for the late designation.[2] Hancock's designation also comes three weeks after the deadline for expert reports and Hancock has yet to file a motion seeking leave for relief with this Court or even to indicate when it intends to file this expert report. *See* Exh. 15 (September 29, 2006 Joint Motion to Modify Scheduling Order). The deadline for Abbott's rebuttal expert reports is December 8, 2006 and numerous other pre-trial deadlines are premised on this schedule as well. *See id.*

Abbott objected to Hancock's notice that it intended to disclose Abbott's Highly Confidential documents to Dr. Fairweather on October 30, 2006, three days after it received the notice. *See* Exh. 6. Abbott informed Hancock that "[a]s Dr. Fairweather's designation is untimely and unjustified, there is no reason for Dr. Fairweather to be admitted to the Protective Order" and no basis for him to have access to Abbott's Highly Confidential information. *Id.* at 2. Hancock sought a telephonic meet and confer on October 31, 2006, in which Abbott immediately

---

[2] This is not the first instance of Hancock's blatant disregard for the Court's scheduling order. On September 20, 2006, more than one month after the deadline for expert proffers, Hancock designated Dr. Barry Gold as an expert witness. *See* Exh. 5. Abbott objected to this late designation, *see* Exh. 3, but withdrew its objection since it determined that it would have sufficient time to retain a rebuttal expert witness and serve Hancock with a rebuttal expert report by December 8, 2006. Exh. 4. Hancock was, however, put on notice of Abbott's objection to late designations of expert witnesses.

3

agreed to participate. *See* Exh. 7. Hancock then informed Abbott that it would not participate in a meet and confer, and that Abbott should instead file a motion to prohibit the disclosure of Abbott's Highly Confidential documents to Dr. Fairweather by November 7, 2006. *Id.* Hancock also refused to provide any justification for or otherwise explain its attempted untimely designation. *Id.*

### C. Hancock Has Been Aware of the Clinical Trial About Which Dr. Fairweather Is Expected to Testify Since At Least June 2005

Any attempt on Hancock's part to justify its actions by arguing that it has only just discovered the need for Dr. Fairweather's testimony would be specious. Dr. Fairweather has been proffered to testify regarding clinical trials and especially M99-114, a clinical trial for ABT-594, about which Hancock has been aware since the original filing of its complaint. Hancock's original complaint was filed on June 3, 2005 and alleges that Abbott misrepresented the development status of ABT-594 because "Abbott already knew prior to the execution of the Agreement that the termination rate for patients enrolled in the phase IIb clinical study of ABT-594 was unusually high . . ." *See* Exh. 9, ¶ 27. Hancock has had specific documents regarding this clinical trial and the fact that Abbott ended enrollment in the trial prior to reaching its original target number of subjects since March 28, 2006. *See* Exh. 10 & Exh. 11; Exh. 12 (Letter Reflecting Production of Documents in March 2006). Additionally, Hancock has been aware of issues regarding other clinical trials, such as the Phase I clinical trials, for several months. *See, e.g.*, Exh. 13 at 11 (Hancock Objections and Responses to Abbott's First Set of Interrogatories dated February 6, 2006). Indeed, Hancock purported to "reserve" the right to designate a statistical expert to address this very issue when it served its expert reports on October 13, 2006. *See* Exh. 8. In short, Hancock was well aware of at least the basic facts upon which Dr. Fairweather would be relying for his expert testimony many months ago. Despite this, Hancock

4

delayed for unexplained reasons until the end of October to disclose Dr. Fairweather as an expert witness. Hancock cannot offer any valid justification for this late designation. Abbott therefore has good cause to prohibit the disclosure of its Highly Confidential documents to Dr. Fairweather pursuant to the provisions of the Stipulated Protective Order.

### III. CONCLUSION

For the reasons stated above, Abbott respectfully seeks an Order prohibiting the disclosure of Abbott Laboratories' Highly Confidential documents to Dr. William R. Fairweather pursuant to the Stipulated Protective Order.

Dated: November 7, 2006                                     Respectfully submitted,

ABBOTT LABORATORIES

By: ___/s/ Michael S. D'Orsi___
    Michael S. D'Orsi
    One of its attorneys

Peter E. Gelhaar (BBO#188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

Jeffrey I. Weinberger (*pro hac vice*)
Gregory D. Phillips (*pro hac vice*)
Eric J. Lorenzini (*pro hac vice*)
Ozge Guzelsu (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Tele: (213) 683-9100

*Counsel for Abbott Laboratories*

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that counsel for Abbott Laboratories has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues in this Motion.

                                                /s/ Michael S. D'Orsi
                                                  Michael S. D'Orsi

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 7, 2006.

Date: November 7, 2006.

                                                /s/ Michael S. D'Orsi
                                                  Michael S. D'Orsi