## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOHN HANCOCK LIFE INSURANCE )
COMPANY, JOHN HANCOCK )
VARIABLE LIFE INSURANCE )
COMPANY, and MANULIFE )
INSURANCE COMPANY (f/k/a )    Civil Action No. 05-11150-DPW
INVESTORS PARTNER LIFE )
INSURANCE COMPANY), )
    )
    )
    *Plaintiffs,* )
    )
    v. )
    )
    )
ABBOTT LABORATORIES, )
    )
    *Defendant.* )

### DECLARATION OF OZGE GUZELSU

I, Ozge Guzelsu, hereby declare and state:

1.    I currently am employed as an associate at Munger, Tolles & Olson LLP. I make this declaration in support of Abbott Laboratories' Motion to Prohibit the Disclosure of Its Highly Confidential Documents to Dr. Fairweather Pursuant to the Stipulated Protective Order. I make this declaration upon personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

2.    Attached to Exhibit 1 is a true and correct copy of the Motion to Modify the Scheduling Order filed on July 26, 2006.

3.    Attached to Exhibit 2 is a true and correct copy of the docket in this matter reflecting the Court's August 2, 2006 Minute Order granting the July 26, 2006

Motion to Modify the Scheduling Order.

      4.     Attached to Exhibit 3 is a true and correct copy of the September 25, 2006 Letter from Ozge Guzelsu to Joseph H. Zwicker.

      5.     Attached to Exhibit 4 is a true and correct copy of the September 29, 2006 E-Mail from Robert Satterthwaithe to Joseph H. Zwicker.

      6.     Attached to Exhibit 5 is a true and correct copy of the September 20, 2006 Letter from Joseph H. Zwicker to Gregory D. Phillips.

      7.     Attached to Exhibit 6 is a true and correct copy of the October 30, 2006 Letter from Gregory D. Phillips to Joseph H. Zwicker.

      8.     Attached to Exhibit 7 is a true and correct copy of the October 31, 2006 and November 1, 2006 E-Mail Correspondence between Gregory D. Phillips and Joseph H. Zwicker.

      9.     Attached to Exhibit 8 is a true and correct copy of the October 13, 2006 E-Mail from Joseph H. Zwicker to Gregory D. Phillips.

      10.    Attached to Exhibit 9 is a true and correct copy of the Supplemental Complaint filed June 23, 2006.

      11.    Attached to Exhibit 10 is a true and correct copy of ABBT242154.

      12.    Attached to Exhibit 11 is a true and correct copy of ABBT233539-ABBT233540.

      13.    Attached to Exhibit 12 is a true and correct copy of the March 28, 2006 Letter from Heather Schossow at Applied Disocvery, Inc. to Stasy Blasberg at Choate, Hall & Stewart LLP reflecting production of Bates Rage ABBT200001 – ABT367508.

.

14.    Attached to Exhibit 13 is a true and correct copy of Hancock's Objections and Responses to Abbott's First Set of Interrogatories dated February 6, 2006.

15.    Attached to Exhibit 14 is a true and correct copy of the parties' Stipulated Protective Order filed July 1, 2005.

16.    Attached to Exhibit 15 is a true and correct copy of the Joint Motion to Modify Scheduling Order and Set Briefing Schedule filed on September 29, 2006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 7th day of November, 2006, in Los Angeles, California.

_____
Ozge Guzelsu

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 7, 2006.

Date: November 7, 2006.

/s/ Michael S. D'Orsi
Michael S. D'Orsi

Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY,<br><br>     Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>     Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## DEFENDANT ABBOTT LABORATORIES' MOTION TO MODIFY SCHEDULING ORDER (ASSENTED TO)

Defendant Abbott Laboratories ("Abbott") hereby moves, pursuant to Local Rule 16.1(G), to modify the Scheduling Order issued by the Court on April 5, 2006 (the "Scheduling Order"). Abbott has met and conferred with counsel for plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and ManuLife Insurance Company (f/k/a Investors Partner Life Insurance Company) (collectively, "John Hancock") regarding this motion. John Hancock has authorized Abbott to state that John Hancock assents to this motion and to the modification of the scheduling order proposed below, subject to the approval of the Court. Grounds for this motion are as follows:

1.  Munger, Tolles & Olson LLP ("Munger, Tolles") is substituting in as

1

counsel of record for Abbott, replacing Abbott's former counsel of record, Winston & Strawn LLP.  Concurrently herewith, Abbott has filed a substitution of counsel and motions for the admission to this Court *pro hac vice* of attorneys from Munger, Tolles.

    2.      Given the complexity and length of the record relating to this case, Munger, Tolles respectfully requires a very modest enlargement of time to become sufficiently familiar with the matter to represent Abbott effectively and efficiently.

    3.      Accordingly, subject to the approval of the Court, Abbott proposes extending most of the various deadlines in the existing case schedule by only approximately thirty days.  The two exceptions are the deadlines for the submission of expert reports and of rebuttal expert reports, each of which the parties propose to extend by thirty-seven days.  Granting the requested extensions will allow Munger, Tolles to develop its understanding of the facts and the law so as to permit it to proceed as efficiently as possible going forward.  In addition, the parties have agreed to utilize Munger, Tolles' appearance in the case and the proposed extension period to attempt to resolve several outstanding discovery disputes and, if the parties cannot reach agreement on all such disputes, to bring any remaining disputes to the Court's attention promptly after the end of the thirty-day period.

    4.      Specifically, Abbott requests an extension of the deadlines in the existing case schedule as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| All discovery completed | November 1, 2006 | December 1, 2006 |
| Expert proffers | July 14, 2006 | August 14, 2006 |

| | | |
|---|---|---|
| Expert reports | August 8, 2006 | September 15, 2006 |
| Rebuttal expert reports | September 15, 2006 | October 22, 2006 |
| Dispositive motions submitted | December 7, 2006 | January 8, 2007 |
| Responses to dispositive motions | January 10, 2007 | February 9, 2007 |
| Replies to responses | February 1, 2007 | March 1, 2007 |
| Further scheduling conference | February 22, 2007 | March 26, 2007 |
| Status report | February 15, 2007 | March 19, 2007 |

As aforesaid, Abbott respectfully believes, and hereby represents, that the brief requested enlargement of time will ultimately inure to the Court's and parties' benefit by enhancing the efficient presentation of this case.

WHEREFORE, Abbott respectfully requests that the Court grant this Motion to Modify the Scheduling Order for the reasons stated above.

ABBOTT LABORATORIES
By their attorneys,

/s/ Michael S. D'Orsi
Peter E. Gelhaar (BBO No. 188310)
Michael S. D'Orsi (BBO No. 566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA  02108
(617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

3

/s/ Gregory D. Phillips
Jeffrey I. Weinberger (SBN 056214)
Gregory D. Phillips (SBN 118151)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Jeffrey.Weinberger@mto.com
Gregory.Phillips@mto.com

Date:   July 26, 2006

4

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies counsel for Abbott Laboratories has conferred with counsel for John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and ManuLife Insurance Company ("John Hancock") and John Hancock assents to this Motion.

/s/Michael S. D'Orsi
Michael S. D'Orsi

Dated: July 26, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 26, 2006.

/s/ Michael S. D'Orsi
Michael S. D'Orsi

Dated: July 26, 2006

5

Exhibit 2

## United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:05-cv-11150-DPW

John Hancock Life Insurance Company et al v. Abbott
Laboratories
Assigned to: Judge Douglas P. Woodlock
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 06/03/2005
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

### Plaintiff

**John Hancock Life Insurance
Company**

represented by **Brian A. Davis**
Choate, Hall & Stewart
Two International Place
100-150 Oliver Street
Boston, MA 02110
617-248-5000
Fax: 617-248-4000
Email: BDavis@choate.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen C Troake**
Choate, Hall & Stewart
Two International Place
100-150 Oliver Street
Boston, MA 02110
617-248-5192
Fax: 617-248-4000
Email: jmccarthy@choate.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacy L. Blasberg**
Choate, Hall & Stewart
Two International Place
100-150 Oliver Street
Boston, MA 02110
617-248-4054
Fax: 617-248-4000
Email: sblasberg@choate.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H. Zwicker**
Choate, Hall & Stewart
Two International Place
100-150 Oliver Street
Boston, MA 02110
617-248-5000

Fax: 617-248-4000
Email: jzwicker@choate.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Hancock Variable Life
Insurance Company**

represented by **Brian A. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen C Troake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacy L. Blasberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H. Zwicker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Manulife Insurance Company**
*f/k/a Investors Partner Insurance
Company*

represented by **Brian A. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen C Troake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacy L. Blasberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H. Zwicker**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Abbott Laboratories**

represented by **Eric J Lorenzini**
Munger, Tolles & Olson LLP

355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560
US
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory D. Phillips**
Munger, Tolles & Olson LLP
335 South Grand Ave
35th Floor
Los Angeles, CA 90071-1560
US
213-683-9276
Fax: 213-683-5176
Email: gregory.phillips@mto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey I. Weinberger**
Munger Tolles & Olson
355 S. Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560
213-683-9100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Barry**
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
312-558-8046
Fax: 312-558-5700
Email: kbarry@winston.com
*TERMINATED: 08/02/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence R. Desideri**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
312-558-5600
Fax: 312-558-5700
Email: ldesideri@winston.com
*TERMINATED: 08/02/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ozge Guzelsu**
Munger, Tolles & Olsen LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560
US
213-683-9196
Fax: 213-683-4096
Email: ozge.guzelsu@mto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E Satterthwaite**
Munger, Tolles & Olson LLP,
335 S. Grand Ave.
35th Floor
Los Angeles, CA 90071-1560
US
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephanie S. McCallum**
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
312-558-5600
Fax: 312-558-5700
Email: smccallum@winston.com
*TERMINATED: 08/02/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D'Amore**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
312-558-5934
Fax: 312-558-5700
Email: sdamore@winston.com
*TERMINATED: 08/02/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. D'Orsi**
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street
33rd Floor
Boston, MA 02108
617-720-2880
Fax: 617-720-3554

Email: msd@dcglaw.com
*ATTORNEY TO BE NOTICED*

**Peter E. Gelhaar**
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street
33rd Floor
Boston, MA 02108
617-720-2880
Fax: 617-720-3554
Email: peg@dcglaw.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Abbott Laboratories**

V.

**Counter Defendant**

| | |
|---|---|
| **Manulife Insurance Company** *f/k/a Investors Partner Insurance Company* | represented by **Karen C Troake** (See above for address) *ATTORNEY TO BE NOTICED* |

**Counter Defendant**

| | |
|---|---|
| **John Hancock Life Insurance Company** | represented by **Karen C Troake** (See above for address) *ATTORNEY TO BE NOTICED* |

**Counter Defendant**

| | |
|---|---|
| **John Hancock Variable Life Insurance Company** | represented by **Karen C Troake** (See above for address) *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2005 | 1 | COMPLAINT against Abbott Laboratories Filing fee: $ 250, receipt number 64709, filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. FILED UNDER SEAL. (Attachments: # 1 Cover Sheet)(Nici, Richard) Additional attachment(s) added on 6/6/2005 (Nici, Richard). REDACTED COMPLAINT added on 6/27/2005 (Rynne, Michelle). (Entered: 06/06/2005) |
| 06/03/2005 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Dein. (Nici, Richard) (Entered: 06/06/2005) |
| 06/03/2005 | | Summons Issued as to Abbott Laboratories. (Nici, Richard) (Entered: 06/06/2005) |

| 06/03/2005 | 2 | MOTION to Seal by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Nici, Richard) (Entered: 06/06/2005) |
| 06/03/2005 | 3 | CORPORATE DISCLOSURE STATEMENT by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Nici, Richard) (Entered: 06/06/2005) |
| 06/14/2005 | 4 | SUMMONS Returned Executed Abbott Laboratories served on 6/14/2005, answer due 7/5/2005. (Nici, Richard) (Entered: 06/15/2005) |
| 06/27/2005 |  | Judge Douglas P. Woodlock : Electronic ORDER entered granting 2 Motion to Seal to the extent that a redacted complaint has been filed. (Rynne, Michelle) (Entered: 06/27/2005) |
| 07/01/2005 | 5 | Joint MOTION for Protective Order by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Attachments: # 1 # 2)(Troake, Karen) (Entered: 07/01/2005) |
| 07/15/2005 | 6 | Judge Douglas P. Woodlock : ORDER entered. STIPULATION AND ORDER(Nici, Richard) (Entered: 07/15/2005) |
| 07/26/2005 | 7 | NOTICE of Change of Address by Karen C Troake *On Behalf Of Plaintiffs* (Troake, Karen) (Entered: 07/26/2005) |
| 07/29/2005 | 8 | MOTION to Seal *(Impoundment of Confidential Information)* by Abbott Laboratories.(D'Orsi, Michael) (Entered: 07/29/2005) |
| 07/29/2005 | 9 | ANSWER to Complaint, COUNTERCLAIM against Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company by Abbott Laboratories.(Nici, Richard) Modified on 8/1/2005 (Nici, Richard). FILED UNDER SEAL (Entered: 08/01/2005) |
| 08/05/2005 |  | Judge Douglas P. Woodlock : Electronic ORDER entered granting 8 Motion to Seal (Rynne, Michelle) (Entered: 08/05/2005) |
| 08/08/2005 | 10 | MOTION for Leave to Appear Pro Hac Vice by Kathleen Barry *with Certificate of Good Standing* by Abbott Laboratories.(D'Orsi, Michael) (Entered: 08/08/2005) |
| 08/08/2005 | 11 | MOTION for Leave to Appear Pro Hac Vice by Stephen D'Amore *with Certificate of Good Standing* by Abbott Laboratories.(D'Orsi, Michael) (Entered: 08/08/2005) |
| 08/08/2005 | 12 | MOTION for Leave to Appear Pro Hac Vice by Lawrence R. Desideri *with Certificate of Good Standing* by Abbott Laboratories.(D'Orsi, Michael) (Entered: 08/08/2005) |
| 08/08/2005 | 13 | MOTION for Leave to Appear Pro Hac Vice by Stephanie McCallum *with Certificate of Good Standing* by Abbott Laboratories.(D'Orsi, Michael) (Entered: 08/08/2005) |
| 08/08/2005 |  | Judge Douglas P. Woodlock : Electronic ORDER entered granting 10 |

| | | Motion for Leave to Appear Pro Hac Vice Added Stephen D'Amore for Abbott Laboratories, Kathleen Barry for Abbott Laboratories, Lawrence R. Desideri for Abbott Laboratories, Stephanie McCallum for Abbott Laboratories, granting 11 Motion for Leave to Appear Pro Hac Vice Added Stephen D'Amore for Abbott Laboratories, Kathleen Barry for Abbott Laboratories, Lawrence R. Desideri for Abbott Laboratories, Stephanie McCallum for Abbott Laboratories, granting 12 Motion for Leave to Appear Pro Hac Vice Added Stephen D'Amore for Abbott Laboratories, Kathleen Barry for Abbott Laboratories, Lawrence R. Desideri for Abbott Laboratories, Stephanie McCallum for Abbott Laboratories, granting 13 Motion for Leave to Appear Pro Hac Vice Added Stephen D'Amore for Abbott Laboratories, Kathleen Barry for Abbott Laboratories, Lawrence R. Desideri for Abbott Laboratories, Stephanie McCallum for Abbott Laboratories (Nici, Richard) (Entered: 08/09/2005) |
|---|---|---|
| 08/09/2005 | | Receipt #66126 $200 for Motion to appear Pro Hac Vice. (Nici, Richard) (Entered: 08/09/2005) |
| 08/18/2005 | 14 | *Plaintiffs'* ANSWER to Counterclaim *of Defendant* by Manulife Insurance Company, John Hancock Life Insurance Company, Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, John Hancock Variable Life Insurance Company.(Troake, Karen) (Entered: 08/18/2005) |
| 09/06/2005 | 15 | NOTICE of Scheduling Conference: Scheduling Conference set for 10/13/2005 02:30 PM in Courtroom 1 before Judge Douglas P. Woodlock. (Rynne, Michelle) (Entered: 09/07/2005) |
| 10/06/2005 | 16 | JOINT STATEMENT of counsel *Pursuant to Local Rule 16.1.* (Attachments: # 1 Exhibit A (Plaintiffs' Certification Pursuant to Local Rule 16.1(D)(3))# 2 Exhibit B (Abbott Laboratories' Certification Pursuant to Local Rule 16.1(D)(3)))(Troake, Karen) (Entered: 10/06/2005) |
| 10/13/2005 | | ElectronicClerk's Notes for proceedings held before Judge Douglas P. Woodlock : Scheduling Conference held on 10/13/2005. Schedule set: all discovery by 8/25/06; exchange expert proffer by 5/5/06; expert reports by 6/1/06; rebuttal experts by 7/7/06; all expert discovery including depositions by 8/25/06; dispositive motions by 9/29/06, responses by 10/26/06, and replies by 11/18/06. (Court Reporter Pam Owens.) (Rynne, Michelle) (Entered: 10/13/2005) |
| 10/26/2005 | 17 | NOTICE of Appearance by Joseph H. Zwicker on behalf of Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company (Zwicker, Joseph) Additional attachment(s) added on 11/3/2005 (Nici, Richard). (Entered: 10/26/2005) |
| 10/26/2005 | 18 | NOTICE of Appearance by Christopher A. Edwards on behalf of Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company (Edwards, Christopher) Additional attachment(s) added on 11/3/2005 (Nici, Richard). (Entered: |

| | | 10/26/2005) |
|---|---|---|
| 11/03/2005 | | Notice of correction to docket made by Court staff. Correction: docket entries 17 & 18 corrected because: the documents were not signed by the attorney who filed them. (Nici, Richard) (Entered: 11/03/2005) |
| 11/28/2005 | 19 | TRANSCRIPT of Status Conference held on October 13, 2005 before Judge Woodlock. Court Reporter: Pamela R. Owens. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/443-0008 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/28/2005) |
| 02/01/2006 | 20 | STIPULATION *and [Proposed] Order Extending Time to Submit Disputes Under Stipulated Protective Order* by Abbott Laboratories. (D'Orsi, Michael) (Entered: 02/01/2006) |
| 02/03/2006 | 21 | MOTION for Leave to File *Supplemental Complaint* by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Text of Proposed Order [Proposed Order])(Zwicker, Joseph) (Entered: 02/03/2006) |
| 02/03/2006 | 22 | MEMORANDUM in Support re 21 MOTION for Leave to File *Supplemental Complaint* filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Zwicker, Joseph) (Entered: 02/03/2006) |
| 02/03/2006 | 23 | DECLARATION *of Joseph H. Zwicker* by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Zwicker, Joseph) (Entered: 02/03/2006) |
| 02/16/2006 | 24 | CORPORATE DISCLOSURE STATEMENT by Abbott Laboratories. (D'Orsi, Michael) (Entered: 02/16/2006) |
| 02/17/2006 | 25 | Judge Douglas P. Woodlock : ORDER entered. STIPULATION AND ORDER(Nici, Richard) (Entered: 02/17/2006) |
| 03/29/2006 | 26 | Joint MOTION to Modify Scheduling Order by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.(Davis, Brian) (Entered: 03/29/2006) |
| 04/05/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting 26 Motion for Modification of scheduling order. Discovery by 11/1/06. Expert reports by 8/8/06. Rebuttal expert reports by 9/15/06. Dispositive motions due by 12/7/06. Responses by 1/10/07. Reply by 2/1/07. Further scheduling conference set for 2/22/07 at 2:30 p.m. Status report due by 2/15/07. (Rynne, Michelle) (Entered: 04/05/2006) |
| 04/05/2006 | | Set/Reset Scheduling Order Deadlines: Status Conference set for 2/22/2007 02:30 PM in Courtroom 1 before Judge Douglas P. Woodlock. Discovery to be completed by 11/1/2006. Motions due by 12/7/2006. Satus report due 2/15/07. (Rynne, Michelle) (Entered: 04/05/2006) |

| 06/08/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting 21 Motion for Leave to File; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Allowed, no opposition having been received. (Rynne, Michelle) (Entered: 06/08/2006) |
| 06/23/2006 | 27 | AMENDED COMPLAINT *(Supplemental Complaint)* against Abbott Laboratories, filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Davis, Brian) (Entered: 06/23/2006) |
| 06/29/2006 | 28 | MOTION to Seal by Abbott Laboratories. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Gelhaar, Peter) (Entered: 06/29/2006) |
| 07/11/2006 | 29 | RESPONSE to Motion re 28 MOTION to Seal filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Davis, Brian) (Entered: 07/11/2006) |
| 07/17/2006 | 30 | MOTION to Dismiss by Abbott Laboratories.(D'Orsi, Michael) (Entered: 07/17/2006) |
| 07/17/2006 | 31 | MOTION to Seal *(Motion to Impound Confidential Information in its Memorandum of Law in Support of its Motion to Dismiss)* by Abbott Laboratories. (Attachments: # 1 Exhibit A -- Part 1# 2 Exhibit A -- Part 2)(D'Orsi, Michael) (Entered: 07/17/2006) |
| 07/18/2006 | 32 | MEMORANDUM in Support re 30 MOTION to Dismiss filed by Abbott Laboratories. FILED UNDER SEAL (Nici, Richard) Additional attachment(s) added on 7/18/2006 (Nici, Richard). (Entered: 07/18/2006) |
| 07/26/2006 | 33 | MOTION for Leave to Appear Pro Hac Vice by Jeffrey I. Weinberger by Abbott Laboratories.(D'Orsi, Michael) (Entered: 07/26/2006) |
| 07/26/2006 | 34 | MOTION for Leave to Appear Pro Hac Vice by Gregory D. Phillips by Abbott Laboratories.(D'Orsi, Michael) (Entered: 07/26/2006) |
| 07/26/2006 | 35 | MOTION to Withdraw as Attorney *and Substitute Counsel* by Abbott Laboratories. (Attachments: # 1 Exhibit A -- Notices of Appearance) (D'Orsi, Michael) (Entered: 07/26/2006) |
| 07/26/2006 | 36 | Assented to MOTION to Modify Scheduling Order by Abbott Laboratories.(D'Orsi, Michael) (Entered: 07/26/2006) |
| 07/31/2006 | 37 | STIPULATION *Regarding Briefing Schedule for Defendant Abbott Laboratories' Motion to Dismiss Count II of Plaintiffs' Supplemental Complaint* by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Davis, Brian) (Entered: 07/31/2006) |
| 08/02/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting 33 Motion for Leave to Appear Pro Hac Vice Added Jeffrey I. Weinberger for Abbott Laboratories, Gregory D. Phillips for Abbott Laboratories, |

| | | granting 34 Motion for Leave to Appear Pro Hac Vice Added Jeffrey I. Weinberger for Abbott Laboratories, Gregory D. Phillips for Abbott Laboratories (Nici, Richard)Receipt # 73986 $100 (Entered: 08/02/2006) |
|---|---|---|
| 08/02/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting 36 Motion for Modification to scheduling order. Discovery completed by 12/1/06. Expert reports due 9/15/06. Rebuttal expert reports due 10/22/06. Dispositive motions due 1/8/07. Responses due 2/9/07. Replies due 3/1/07. Further scheduling conference reset for 3/22/07 at 2:30 p.m. Status report due 3/15/07. (Rynne, Michelle) (Entered: 08/02/2006) |
| 08/02/2006 | | Set/Reset Scheduling Order Deadlines: Further Schedulin/Status Conference set for 3/22/2007 02:30 PM in Courtroom 1 before Judge Douglas P. Woodlock. Discovery to be completed by 12/1/2006. Motions due by 1/8/2007. Status report due 3/15/07. (Rynne, Michelle) (Entered: 08/02/2006) |
| 08/02/2006 | | Set/Reset Deadlines as to 30 MOTION to Dismiss. Responses due by 9/8/2006; Replies due by 9/26/2006. (Rynne, Michelle) (Entered: 08/02/2006) |
| 08/02/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting 35 Motion to Withdraw/substitute as Attorney. (Rynne, Michelle) (Entered: 08/02/2006) |
| 08/09/2006 | 38 | MOTION for Leave to Appear Pro Hac Vice by Robert E. Satterthwaite by Abbott Laboratories.(D'Orsi, Michael) (Entered: 08/09/2006) |
| 08/11/2006 | 39 | STIPULATION re 6 Stipulation and Order *(Joint)* by Abbott Laboratories. (D'Orsi, Michael) (Entered: 08/11/2006) |
| 08/11/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting re 38 MOTION for Leave to Appear Pro Hac Vice by Robert E. Satterthwaite filed by Abbott Laboratories, (Nici, Richard)Receipt #74324 $50 (Entered: 08/11/2006) |
| 09/08/2006 | 40 | Assented to MOTION to Seal Document by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.(Zwicker, Joseph) (Entered: 09/08/2006) |
| 09/08/2006 | 41 | SEALED CROSS MOTION for Partial Summary Judgment on Count II of Supplemental Complaint by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.(Sonnenberg, Elizabeth) Modified on 10/6/2006 (Nici, Richard). (Entered: 09/12/2006) |
| 09/08/2006 | 42 | SEALED MEMORANDUM in Support re [41] SEALED MOTION filed by Manulife Insurance Company, and opposition of Defendant Abbott's Motion to Dismiss John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Sonnenberg, Elizabeth) Modified on 10/6/2006 (Nici, Richard). (Entered: 09/12/2006) |
| 09/08/2006 | 43 | SEALED Statement of uNDISPUTED Material Facts L.R. 56.1 re [41] |

| | | |
|---|---|---|
| | | SEALED MOTION filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Sonnenberg, Elizabeth) Modified on 10/6/2006 (Nici, Richard). (Entered: 09/12/2006) |
| 09/08/2006 | 44 | SEALED AFFIDAVIT of Joseph H. Zwicker by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Sonnenberg, Elizabeth) (Entered: 09/12/2006) |
| 09/26/2006 | 45 | MOTION for Leave to Appear Pro Hac Vice by Ozge Guzelsu *(Fee being sent separately by messenger)* by Abbott Laboratories.(D'Orsi, Michael) (Entered: 09/26/2006) |
| 09/26/2006 | 46 | MOTION for Leave to Appear Pro Hac Vice by Eric J. Lorenzini *(Fee being submitted separately by messenger)* by Abbott Laboratories. (D'Orsi, Michael) (Entered: 09/26/2006) |
| 09/26/2006 | 47 | Assented to MOTION to Seal Document by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.(Zwicker, Joseph) (Entered: 09/26/2006) |
| 09/26/2006 | | Filing fee: $ 100.00, receipt number 75282 for 46 MOTION for Leave to Appear Pro Hac Vice by Eric J. Lorenzini *(Fee being submitted separately by messenger)*, 45 MOTION for Leave to Appear Pro Hac Vice by Ozge Guzelsu *(Fee being sent separately by messenger)* (Sonnenberg, Elizabeth) (Entered: 09/27/2006) |
| 09/26/2006 | 48 | SEALED MOTION to Compel documents and provide substantive responses by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.(Sonnenberg, Elizabeth) Modified on 10/12/2006 (Nici, Richard). (Entered: 09/27/2006) |
| 09/26/2006 | 49 | SEALED MEMORANDUM in Support re [48] SEALED MOTION to Compel filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. (Sonnenberg, Elizabeth) Modified on 10/12/2006 (Nici, Richard). (Entered: 09/27/2006) |
| 09/26/2006 | 50 | SEALED AFFIDAVIT of Richard C. Abati re 49 Memorandum in Support of Motion, [48] SEALED MOTION by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. Exhibit a-z & aa-cc(Sonnenberg, Elizabeth) Modified on 10/12/2006 (Nici, Richard). Modified on 10/12/2006 (Nici, Richard). (Entered: 09/27/2006) |
| 09/27/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting 31 Motion to Seal, granting 40 Motion to Seal Document, granting 47 Motion to Seal Document. (Rynne, Michelle) (Entered: 09/27/2006) |
| 09/29/2006 | 51 | Joint MOTION to Modify Scheduling Order and Set Briefing Schedule |

| | | |
|---|---|---|
| | | by Abbott Laboratories.(D'Orsi, Michael) (Entered: 09/29/2006) |
| 10/03/2006 | | Motions terminated: 38 MOTION for Leave to Appear Pro Hac Vice by Robert E. Satterthwaite filed by Abbott Laboratories,. (Nici, Richard) (Entered: 10/03/2006) |
| 10/11/2006 | 52 | Assented-to MOTION to Seal by Abbott Laboratories.(Nici, Richard) (Entered: 10/12/2006) |
| 10/11/2006 | 53 | MOTION for Protective Order by Abbott Laboratories. FILED UNDER SEAL(Nici, Richard) (Entered: 10/12/2006) |
| 10/11/2006 | 54 | MEMORANDUM in Support re [53] MOTION for Order to for Protective Order, and in opposition to [48] SEALED MOTION by Manulife filed by Abbott Laboratories FILED UNDER SEAL (Nici, Richard) including Declaration of Dr. Bukofzer , Declaration of Ozge Guzelsu & Proposed Order. (Entered: 10/12/2006) |
| 10/16/2006 | | ELECTRONIC NOTICE of Hearing on Motion [41] Cross motion for partial summary judgment, [53] MOTION for Order to for Protective Order, [48] motion to compel: Motion Hearing set for 12/6/2006 02:30 PM in Courtroom 1 before Judge Douglas P. Woodlock. Parties should be prepared to address all outstanding motions/issues. (Rynne, Michelle) (Entered: 10/16/2006) |
| 10/16/2006 | 55 | Assented to MOTION to Seal (*Impoundment of Confidential Information*) by Abbott Laboratories.(D'Orsi, Michael) (Entered: 10/16/2006) |
| 10/16/2006 | 56 | MOTION to Continue Hancock's Motion for Partial Summary Judgment Pursuant to Rule 56(f) (*Conditional Motion*) by Abbott Laboratories. (D'Orsi, Michael) (Entered: 10/16/2006) |
| 10/16/2006 | 57 | Reply MEMORANDUM in Support re 30 MOTION to Dismiss and opposition to Motion for partial Summary Judgment filed by Abbott Laboratories. FILED UNDER SEAL (Nici, Richard) (Entered: 10/18/2006) |
| 10/16/2006 | 58 | Response by Abbott Laboratories to 43 Statement of Material Facts L.R. 56.1,. (Nici, Richard)FILED UNDER SEAL (Entered: 10/18/2006) |
| 10/16/2006 | 59 | MEMORANDUM in Support re 56 MOTION to Continue Hancock's Motion for Partial Summary Judgment Pursuant to Rule 56(f) (*Conditional Motion*) filed by Abbott Laboratories. Affidavits of Eric Lorenzini and Phillip M. Deemer filed in support. FILED UNDER SEAL (Nici, Richard) (Entered: 10/18/2006) |
| 10/18/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting 45 Motion for Leave to Appear Pro Hac Vice Added Ozge Guzelsu for Abbott Laboratories, Eric J Lorenzini for Abbott Laboratories, granting 46 Motion for Leave to Appear Pro Hac Vice Added Ozge Guzelsu for Abbott Laboratories, Eric J Lorenzini for Abbott Laboratories (Nici, Richard) (Entered: 10/18/2006) |
| | | |

| 10/24/2006 | 60 | Assented to MOTION to Seal *Confidential Information* by all plaintiffs. (Troake, Karen) (Entered: 10/24/2006) |
| 10/24/2006 | 61 | Assented to MOTION to Seal Document by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.(Zwicker, Joseph) (Entered: 10/24/2006) |
| 10/24/2006 | 62 | MOTION to Amend 27 Amended Complaint by all plaintiffs. FILED UNDER SEAL(Nici, Richard) (Entered: 10/25/2006) |
| 10/24/2006 | 63 | MEMORANDUM in Support re [62] MOTION to Amend 27 Amended Complaint filed by all plaintiffs. Memorandum includes a proposed Order and affidavit of Stacy L. Blasberg. (Nici, Richard)FILED UNDER SEAL (Entered: 10/25/2006) |
| 10/24/2006 | 64 | Plaintiffs' memorandum in REPLY Abbots Motion to compel re [48] SEALED MOTION filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. Including proposed order and affidavit of Richard C. Abati and supporting exhibits. FILED UNDER SEAL (Nici, Richard) (Entered: 10/26/2006) |
| 10/26/2006 | | Judge Douglas P. Woodlock : Electronic ORDER entered granting 52 Motion to Seal, granting 55 Motion to Seal, granting 60 Motion to Seal, granting 61 Motion to Seal Document. (Rynne, Michelle) (Entered: 10/26/2006) |
| 10/30/2006 | 65 | Assented to MOTION to Seal by Abbott Laboratories.(D'Orsi, Michael) (Entered: 10/30/2006) |
| 10/30/2006 | 67 | MOTION for Leave to File by Abbott Laboratories including Exhibit A and declaration of Ozge Guzelsu. FILED UNDER SEAL(Nici, Richard) (Entered: 11/01/2006) |
| 11/01/2006 | 66 | Assented to MOTION to Seal Document by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.(Davis, Brian) (Entered: 11/01/2006) |
| 11/01/2006 | 68 | MEMORANDUM in Support re [41] SEALED MOTION filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company. FILED UNDER SEAL (Nici, Richard) (Entered: 11/01/2006) |
| 11/01/2006 | 69 | MEMORANDUM in Opposition re 56 MOTION to Continue Hancock's Motion for Partial Summary Judgment Pursuant to Rule 56(f) *(Conditional Motion)* filed by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.FILED UNDER SEAL (Nici, Richard) (Entered: 11/01/2006) |
| 11/02/2006 | | ELECTRONIC NOTICE RESCHEDULING Hearing on [41] CROSS MOTION for Partial Summary Judgment, [62] MOTION to Amend 27 Amended Complaint, [53] MOTION for Order to for Protective Order, |

| | | [48] MOTION to Compel: Motion Hearing reset for 12/6/2006 10:00 AM in Courtroom 1 before Judge Douglas P. Woodlock. TIME CHANGE ONLY. (Rynne, Michelle) (Entered: 11/02/2006) |
| 11/03/2006 | 70 | STIPULATION *to Set Briefing Schedule (Joint)* by Abbott Laboratories. (D'Orsi, Michael) (Entered: 11/03/2006) |
| 11/06/2006 | 71 | MOTION to Seal Document by Manulife Insurance Company, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company.(Zwicker, Joseph) (Entered: 11/06/2006) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/06/2006 19:26:48 | | |
| PACER Login: | mt0045 | Client Code: | gdp-08657-00097 |
| Description: | Docket Report | Search Criteria: | 1:05-cv-11150-DPW |
| Billable Pages: | 8 | Cost: | 0.64 |

Exhibit 3

MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE

THIRTY-FIFTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

---

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

September 25, 2006

WRITER'S DIRECT LINE
(213) 683-9196
(213) 683-4096 FAX
Ozge.Guzelsu@mto.com

*Via Facsimile and U.S. Mail*

Joseph H. Zwicker, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110

Re:  John Hancock Life Insurance Co. *et al.* v. Abbott Laboratories

Dear Joe:

We are in receipt of your letter of September 20, 2006 which purported to proffer Dr. Barry I. Gold as an expert witness and notified Abbott that you intend to disclose to Dr. Gold documents designated by Abbott as "Highly Confidential" under the Protective Order in this matter.

Abbott strongly objects to this late designation of an expert witness more than a month after the August 14, 2006 deadline that is established by the Court's scheduling order. There is no justification for this late designation. As you admit in your letter of September 20, 2006, Dr. Gold's expected testimony is wholly duplicative of that of your previously designated expert witness, Dr. Nelson Levy. The purported "reservation of rights" you cite in your letter does not allow you to circumvent the Court's expert discovery schedule.

MUNGER, TOLLES & OLSON LLP
September 25, 2006
Page 2


Abbott also objects to John Hancock's intention to disclose Abbott's "Highly Confidential" documents to Dr. Gold pursuant to paragraph 14 of the Protective Order. As Dr. Gold's designation is untimely, there is no reason for Dr. Gold to be admitted to the Protective Order.


Sincerely,

Ozge Guzelsu


cc:    Robert Satterthwaithe, Esq.
       Jeffrey I. Weinberger, Esq.
       Gregory D. Phillips, Esq.
       Eric J. Lorenzini, Esq.

09/25/2006 16:56 FAX  213 687 3702          MUNGER,TOLLES&OLSON # 1                    ☑001

```
                        ********************
                  ***    TX REPORT   ***
                        ********************


        TRANSMISSION OK

        TX/RX NO              4619
        RECIPIENT ADDRESS     16172484000
        DESTINATION ID
        ST. TIME              09/25 16:55
        TIME USE              01'20
        PAGES SENT               3
        RESULT               OK
```

MUNGER, TOLLES & OLSON LLP
355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
PHONE: (213) 683-9100   FAX: (213) 683-4096

FROM:    Ozge Guzelsu, Esq.

TO:      Joseph H. Zwicker, Esq.      Fax: 617/248-4000     Phone: 617/248-5065

DATE:    September 25, 2006

PAGES:    3

RE:      *John Hancock Life Insurance Co. et al. v. Abbott Laboratories*

MESSAGE:

Exhibit 4

## Guzelsu, Ozge

| | |
|---|---|
| **From:** | Satterthwaite, Robert |
| **Sent:** | Friday, September 29, 2006 3:04 PM |
| **To:** | 'Zwicker, Joseph H.'; Guzelsu, Ozge |
| **Cc:** | Davis, Brian; 'Abati, Richard' |

**Subject:** RE: Motion to Modify Scheduling Order and Set Briefing Schedule

Joe:  We withdraw our objections with respect to the designation of Dr. Gold (while reserving our right to re-assert an objection in the future if we become aware of any work he has done that might disqualify him from participating as an expert in this case).

-----Original Message-----
**From:** Zwicker, Joseph H. [mailto:JZwicker@choate.com]
**Sent:** Thursday, September 28, 2006 6:31 AM
**To:** Guzelsu, Ozge; Satterthwaite, Robert
**Cc:** Davis, Brian
**Subject:** RE: Motion to Modify Scheduling Order and Set Briefing Schedule

What's the answer from Abbott regarding any objection to Dr. Gold.  Please advise ASAP.


Joseph H. Zwicker
Choate, Hall & Stewart LLP
2 International Place
Boston, MA 02110
617-248-5065 telephone
617-248-4000 facsimile
-----Original Message-----
**From:** Guzelsu, Ozge [mailto:Ozge.Guzelsu@mto.com]
**Sent:** Wednesday, September 27, 2006 9:07 PM
**To:** Zwicker, Joseph H.; Satterthwaite, Robert
**Subject:** Motion to Modify Scheduling Order and Set Briefing Schedule

Dear Joe:

I didn't hear back from you today regarding our proposed dates for the Motion for Protective Order.  Since I am going out of town tomorrow Rob Satterthwaite will be coordinating with you on the dates and the filing of the motion.  He is cc'd on this email and his direct line is 213-683-9124.  Please get in touch with him when you determine whether our proposed dates are agreeable to you.  We would like to file this motion with the Court tomorrow.

Thank you,
Ozge

*Özge Güzelsu*
*Munger Tolles & Olson*
*355 S. Grand Ave., 35th Fl.*
*Los Angeles, CA 90071*


Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Exhibit 5

SEP. 20. 2006  4:54PM    CHOATE HALL & STEWART 6172484000              NO. 085    P. 1

# C H O A T E

CHOATE HALL & STEWART LLP

# Fax

| Recipient | Company | Fax | Phone |
|---|---|---|---|
| Gregory D. Phillips, Esq. | MUNGER, TOLLES & OLSON LLP | 213-683-5176 | 213-683-9276 |

| From | Joseph H. Zwicker | Number of Pages | 5 |
|---|---|---|---|
| Date | September 20, 2006 | Client Number | 2003799-0015 |
| Phone | (617) 248-5065 | Operator | Time Sent |

**Comments**

Return by      Inter-office Mail      Hold for pick-up

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at www.choate.com

Two International Place | Boston MA 02110 | t 617-248-5000 | f 617-248-4000 | choate.com

**C|H|O|A|T|E|**

CHOATE HALL & STEWART LLP

Joseph H. Zwicker, Esq.
(617) 248-5065
jzwicker@choate.com

September 20, 2006

## BY FACSIMILE AND OVERNIGHT MAIL

Gregory D. Phillips, Esquire
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Re:    John Hancock Life Insurance Company, et al.
      v. Abbott Laboratories
      U.S.D.C. (Mass.) Civil Action No. 05-11150-DPW

Dear Greg:

Pursuant to the reservation of rights set forth in our letter of August 14, 2006, we write to proffer Dr. Barry I. Gold as an expert witness, and also to notify Abbott, under paragraph 14 of the protective order, that we intend to disclose to Dr. Gold documents designated by Abbott as "Highly Confidential."

Dr. Gold's current address is 217 Lane Gate Road, Cold Spring, New York 10516. From 2002 to the present, Dr. Gold has been self-employed as a pharmaceutical consultant. He previously was employed by Knoll Pharmaceutical Co. and was terminated from his employment when Abbott acquired Knoll in 2001. (Given this fact, we already have confirmed that Dr. Gold had absolutely no prior involvement with any of the Program Compounds at issue in this litigation.) A copy of the acknowledgement appended as Exhibit A to the Protective Order that has been signed by Dr. Gold is enclosed with this letter.

John Hancock currently expects that it may call Dr. Gold in addition to, or in lieu of Dr. Nelson Levy, to provide the Court with an expert tutorial on the creation of new pharmaceutical products, including the discovery, development, testing and regulatory approval of compounds and drugs, as well as the drug out-licensing process. Further information concerning the expected scope and content of Dr. Gold's tutorial will be provided in his forthcoming expert disclosure.

Letter to Gregory D. Phillips, Esquire
September 20, 2006
Page 2

We look forward to hearing from you regarding the proposed discovery schedule, deposition dates for Abbott witnesses, and regarding the other issues in my letters of September 13 and 15, 2006.

Very truly yours,

Joseph H. Zwicker

Enclosure

cc:    Brian A. Davis, Esq.

4125144.1

4125144v1

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## ACKNOWLEDGMENT OF,
## AND AGREEMENT TO BE BOUND BY,
## STIPULATED PROTECTIVE ORDER

The undersigned, on oath, deposes and states as follows:

I, _BARRY J. GOLD_, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of "Confidential Material" produced by the Parties or non-parties in the above-referenced litigation (the "Order").

I have read, and I understand, the provisions of the Order, and I hereby represent and warrant that I am bound by it and agree to abide by it. I further acknowledge that I may be held responsible for any failure on my part to comply with all provisions of the Order, and agree to submit myself to the jurisdiction of this Court for purposes of enforcing the Order. I understand that a violation of the Order may subject me to sanctions and damages, including for contempt of Court.

Signed under the pains and penalties of perjury in COLD SPRING, NY (city, state).

Date: Sept 18, 200___          Signature: _____

Exhibit 6

# MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE

THIRTY-FIFTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

October 30, 2006

WRITER'S DIRECT LINE
(213) 683-9276
(213) 683-5176 FAX
Gregory.Phillips@mto.com

*Via Email and U.S. Mail*

Joseph H. Zwicker, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA  02110

Re:    <u>John Hancock Life Insurance Co. *et al.* v. Abbott Laboratories</u>

Dear Joe:

We are in receipt of your letter of October 27, 2006, in which you purport to proffer Dr. William R. Fairweather as an expert witness and to notify Abbott that Hancock intends to disclose to Dr. Fairweather documents designated by Abbott as "Highly Confidential" under the Protective Order in this matter.

Abbott objects to Hancock's purported designation of an expert witness more than two months after the August 14, 2006 deadline established by the Court's scheduling order. There is no justification for this late designation. Indeed, Hancock has been well aware of the specific clinical study, M99-114, about which this witness is expected to testify since at least the June 2005 filing of the original Complaint in this matter.

Abbott also objects to Hancock's intention to disclose Abbott's "Highly Confidential" documents to Dr. Fairweather pursuant to paragraph 14 of the Protective Order.

1221782.1

MUNGER, TOLLES & OLSON LLP
October 30, 2006
Page 2

As Dr. Fairweather's designation is untimely and unjustified, there is no reason for Dr.
Fairweather to be admitted to the Protective Order.

Sincerely,

Gregory D. Phillps

cc:     Ozge Guzelsu, Esq.
        Jeffrey I. Weinberger, Esq.
        Eric J. Lorenzini, Esq.

1221782.1

Exhibit 7

## Phillips, Gregory

**From:** Zwicker, Joseph H. [JZwicker@choate.com]

**Sent:** Tuesday, October 31, 2006 7:19 PM

**To:** Phillips, Gregory

**Cc:** Davis, Brian; Weinberger, Jeffrey

**Subject:** RE: Hancock v. Abbott

With respect to your questions, we provided notice under the Protective Order as soon as we identified Dr. Fairweather as a possible expert witness. With respect to seeking your views on the issue, it seems we have obtained them.

I was unavailable at the time you proposed and apologize for not telling you so.

Based on the correspondence on the issue, we have a dispute ripe for judicial intervention. The Protective Order puts the burden on Abbott to move within seven days for an order prohibiting disclosure to Dr. Fairweather. We will therefore expect your motion on or before November 7, 2006.

Thanks for your cooperation. Joe.
-----Original Message-----
**From:** Phillips, Gregory [mailto:Gregory.Phillips@mto.com]
**Sent:** Tuesday, October 31, 2006 4:20 PM
**To:** Zwicker, Joseph H.
**Cc:** Davis, Brian; Weinberger, Jeffrey
**Subject:** Hancock v. Abbott
**Importance:** High

Joe,

It is surprising that after you requested that we set a time today for a meet and confer, and after I responded to your request promptly by identifying a time today that we could have such a meet and confer, you now decline to participate.

At the meet and confer in which you have declined to participate, I had intended to ask you what Hancock's justification was for (1) not meeting the court-ordered deadline for designation of experts in the scheduling order; and (2) then seeking to designate another expert without seeking leave of the Court or even asking Abbott for its views on the issue.

As for the issue of "good cause" under the Protective Order, as I've previously stated, the Protective Order makes crystal clear that "Highly Confidential" documents "shall be used for the purpose of this Litigation only and for no other purpose, and shall not be disclosed to any other person. . . ." Your letter identifying Dr. Fairweather indicates that Hancock's only purpose in disclosing Abbott's "Highly Confidential" documents to Dr. Fairweather is that he is preparing to serve as an expert witness. Since Dr. Fairweather's designation of Dr. Fairweather is untimely and ineffective, he cannot serve as an expert witness absent leave of the Court. Accordingly, based on its own letter disclosing Dr. Fairweather, Hancock at present has no legitimate "purpose," as required under the Protective Order for showing the documents to Dr. Fairweather. Accordingly, Abbott's objection is well-founded.

We remain ready to discuss this issue further.

Greg

-----Original Message-----
**From:** Zwicker, Joseph H. [mailto:JZwicker@choate.com]
**Sent:** Tuesday, October 31, 2006 10:31 AM
**To:** Phillips, Gregory
**Cc:** Davis, Brian; Denton, Brenda
**Subject:** RE: Hancock v. Abbott

Greg:

If you believe that he cannot testify as an expert, then take action that specifically addresses *that* concern, like seeking to preclude his testimony. The "good cause" Abbott needs under the protective order must relate some harm it would suffer as a result of the disclosure alone. Given that Fairweather has signed an undertaking, what is the harm from allowing him to see the documents? There is none. Abbott can't use the Scheduling Order as a basis to block disclosure under the Protective Order.

We've been down this road before with Dr. Gold. Abbott made a timeliness objection and then withdrew it. Why don't you do the same here and reserve your right to object to Hancock's use of Fairweather at trial?

Let me know if you agree to this proposal by close of business today. Otherwise, Abbott needs to move to prohibit disclosure within 7 days under the order. I'll look forward to hearing from you or receiving your motion.

Thanks, Joe.



Joseph H. Zwicker
Choate, Hall & Stewart LLP
2 International Place
Boston, MA 02110
617-248-5065 telephone
617-248-4000 facsimile
-----Original Message-----
**From:** Phillips, Gregory [mailto:Gregory.Phillips@mto.com]
**Sent:** Tuesday, October 31, 2006 1:19 PM
**To:** Zwicker, Joseph H.
**Cc:** Davis, Brian; Weinberger, Jeffrey
**Subject:** Hancock v. Abbott
**Importance:** High

Joe,

As we read your letter of October 27, the only reason you are seeking to disclose Abbott's "Highly Confidential" documents to Dr. Fairweather is to allow him to prepare to testify as an expert witness. However, pursuant to the Court's scheduling order, Hancock's purported designation of Dr. Fairweather as an expert witness is untimely and ineffective. Since "Highly Confidential" documents are, under the Protective Order, to be "used for the purpose of this litigation only and for no other purpose," there is no reason, absent an order of the Court relieving Hancock from the effect of the scheduling order, for Abbott's "Highly Confidential" documents to be disclosed to Dr. Fairweather. Based on the current record, therefore, Abbott has good cause for objecting to the proposed disclosure.

Of course, we would be happy to discuss this issue with you further. I am available today after approximately 2:15 pm Pacific time. Please let me know what time you would prefer.

Greg

-----Original Message-----
**From:** Zwicker, Joseph H. [mailto:JZwicker@choate.com]
**Sent:** Tuesday, October 31, 2006 3:25 AM
**To:** Phillips, Gregory
**Cc:** Davis, Brian
**Subject:** RE: Hancock v. Abbott

Greg:

Timeliness of the disclosure is no basis to preclude disclosure of documents.  In any event, let's set a time to meet
and confer today so we can move the process under paragraph 14 along.

Joe.

Joseph H. Zwicker
Choate, Hall & Stewart LLP
2 International Place
Boston, MA 02110
617-248-5065 telephone
617-248-4000 facsimile
-----Original Message-----
**From:** Smith, Jennifer [mailto:Jennifer.Smith@mto.com]
**Sent:** Monday, October 30, 2006 7:55 PM
**To:** Zwicker, Joseph H.
**Cc:** Weinberger, Jeffrey; Guzelsu, Ozge; Lorenzini, Eric
**Subject:** Hancock v. Abbott

Mr. Zwicker,

Please see the attached letter, forwarded on behalf of Gregory D. Phillips.  A hard copy follows by mail.

Thank you.

<<Scan001.PDF>>

*Jennifer C. Smith,*
*Assistant to Gregory D. Phillips,*
*Melinda E. LeMoine & Victoria L. Boesch*
*Munger, Tolles & Olson LLP*
*355 South Grand Avenue, 35th Floor*
*Los Angeles, CA  90071-1560*
*Tel.:  (213) 593-5309*
*Email:  jennifer.smith@mto.com*

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited.  If you have received this message in*

*error, please immediately notify the sender by return e-mail and delete this e-mail message from your
computer. Thank you.*

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of
this message, along with any attachments, may be confidential and legally privileged. If you are
not the designated recipient of this message, please destroy it and notify the sender of the error by
return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement
in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax
matters was not intended or written by the sender to be used, and it cannot be used by any
taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this
message, along with any attachments, may be confidential and legally privileged. If you are not the
designated recipient of this message, please destroy it and notify the sender of the error by return e-mail
or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this
message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was
not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose
of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this
message, along with any attachments, may be confidential and legally privileged. If you are not the designated
recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-
520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this
message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not
intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding
penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Exhibit 8

## Phillips, Gregory

| | |
|---|---|
| **From:** | Denton, Brenda [BToland@choate.com] on behalf of Zwicker, Joseph H. [JZwicker@choate.com] |
| **Sent:** | Friday, October 13, 2006 1:53 PM |
| **To:** | Weinberger, Jeffrey; Phillips, Gregory |
| **Subject:** | John Hancock v. Abbott |

Gentlemen:

In accordance with the parties' agreement regarding the disclosure of expert reports pursuant to Fed. R. Civ. P. 26, John Hancock serves the reports and accompanying exhibits of Alan Friedman and Barry Gold. John Hancock designates both reports and the accompanying exhibits as "Highly Confidential" under the Protective Order.

John Hancock also hereby notifies Abbott of its intent to call a statistician at trial and reserves its right to do so. John Hancock will provide any required disclosure for such a witness in due course.

Thank you.

Joe Zwicker

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>        Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## SUPPLEMENTAL COMPLAINT

### Introduction

1.     This is an action for fraud, breach of contract, and indemnification in which plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and ManuLife Insurance Company (f/k/a "Investors Partner Life Insurance") seek compensatory and punitive damages, costs and attorneys' fees for defendant Abbott Laboratories' misrepresentations and other conduct that violates the Research Funding Agreement entered into by and between the plaintiffs and defendant and dated as of March 13, 2001 (the "Agreement"). This action is filed as a separate related action to the pending matter captioned *John Hancock Life Insurance Company, et al. v. Abbott Laboratories*, Civil Action

No. 03-12501-DPW (the "Existing Action"), pursuant to Section (1) of the Court's Scheduling Order entered in the Existing Action on March 30, 2004.

## The Parties

2.      Plaintiff John Hancock Life Insurance Company is a company, duly formed and existing under the laws of the Commonwealth of Massachusetts, that maintains its corporate headquarters in Boston, Suffolk County, Massachusetts.    John Hancock Life Insurance Company is one of the nation's leading insurance companies, providing a broad array of insurance and investment products to retail and institutional customers, primarily in North America.

3.      Plaintiff John Hancock Variable Life Insurance Company is a company, duly formed and existing under the laws of the Commonwealth of Massachusetts, that maintains its corporate headquarters in Boston, Suffolk County, Massachusetts. John Hancock Variable Life Insurance Company provides variable life insurance products that link life insurance coverage and an investment return to an underlying portfolio of investments chosen by the policyholder.

4.      Plaintiff ManuLife Insurance Company (collectively, with plaintiffs John Hancock Life Insurance Company and John Hancock Variable Life Insurance Company, "John Hancock") is a company, duly formed and existing under the laws of the State of Delaware, that maintains its corporate headquarters in Boston, Suffolk County, Massachusetts. ManuLife Insurance Company is a wholly-owned subsidiary of John Hancock Variable Life Insurance Company that sells various types of life insurance products. ManuLife Insurance Company formerly was known as "Investors Partner Life Insurance."

-2-

5.      Defendant Abbott Laboratories ("Abbott") is a corporation, duly formed and existing under the laws of the State of Illinois, that maintains its corporate headquarters in Abbott Park, Illinois. Abbott is a broad-based healthcare company that discovers, develops, manufactures and markets products and services that span the continuum of care -- from prevention and diagnosis to treatment and cure. Abbott's principal businesses are global pharmaceuticals, nutritionals, and medical products, including diagnostics and cardiovascular devices. Abbott achieved record sales and net earnings of $19.7 billion and $3.2 billion, respectively, in 2004. Its leadership positions in several multibillion-dollar businesses provide Abbott with a unique balance of revenue growth opportunities and cash flow sources that allow Abbott to invest in its future.

### Jurisdiction and Venue

6.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) because defendant Abbott resides in this district within the meaning of 28 U.S.C. § 1391(c), and further because Section 16.2 of the parties' Agreement provides that Abbott,

> consents ... to the exclusive jurisdiction of the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts ... for the purpose of any suit, action or other proceeding arising out of any of its obligations hereunder or thereunder or with respect to the transactions contemplated hereby or thereby, and expressly waives any and all objections that it may have as to venue in such courts.

## The Facts

### The Agreement And Its Relevant Terms

8.      On March 13, 2001, John Hancock and Abbott entered the Agreement, whereby John Hancock agreed to provide funding to Abbott for research and development activities on a portfolio of potential pharmaceutical products or "Program Compounds" (the "Research Program") in exchange for the right to receive certain management fees and future milestone and royalty payments from Abbott.

9.      The nine Program Compounds encompassed by the Abbott Research Program are: (a) ABT-773, a kelotide that may be useful as an antibiotic; (b) ABT-627, an endothelin-A receptor agonist that may be useful in the treatment of prostate cancer; (c) ABT-594, a non-opiod analgesic that may be useful in the treatment of chronic pain; (d) ABT-492, a quinolone that may be useful as an antibiotic; (e) ABT-510, a synthetic peptide that may be useful in the treatment of cancer; (f) ABT-518, a metalloproteinase inhibitor that may be useful in the treatment of cancer; (g) ABT-751, an antimitotic tubulin agonist that may be useful in the treatment of cancer; (h) ABT-100, a farnesyltransferase protein inhibitor that may be useful in the treatment of cancer; and (i) ABT-724, a dopamine receptor agonist that may be useful in the treatment of erectile dysfunction.

10.      Under the terms of the Agreement, John Hancock agreed to contribute up to a specified maximum amount toward the costs incurred by Abbott in operating the Research Program ("Program Related Costs") in four annual installments (the "Program Payments") over the period from March 13, 2001 through December 31, 2004 (individually, the four "Program Years" and, collectively, the four-year "Program Term"). Abbott agreed, in return, to invest at least twice the amount of John Hancock's contribution from its own funds towards

the operation of the Research Program, and committed to spend certain minimum amounts on Program Related Costs during each Program Year (the "Annual Minimum Spending Target"), as well as a minimum aggregate total on Program Related Costs over the four-year Program Term (the "Aggregate Spending Target").

11.    The Agreement, which comprises more than thirty-five (35) pages, was the subject of extensive negotiations between the parties and their counsel over a period of approximately one year. From John Hancock's perspective, the financial attractiveness of the Agreement turned largely upon the specific identity of, and commercial prospects for, the nine Program Compounds encompassed by the Research Program. John Hancock ran numerous analytical models based on financial projections for the Program Compounds in order to ensure, as best that it could, that the risks associated with its anticipated investment in the Research Program were justified by the potential rewards that John Hancock would receive if and when some or all of the Program Compounds were approved and commercialized.

12.    Because the financial return, if any, that John Hancock ultimately will receive on its investment in the Program Compounds is heavily dependent on the commercial success of those Compounds, John Hancock had a strong interest in ensuring, before the Agreement was signed, that: (a) Abbott had a good faith intention to aggressively pursue development of each of the Program Compounds; and (b) Abbott had a good faith belief that each of the Program Compounds possessed reasonably favorable commercial prospects. In order to satisfy John Hancock's concerns on these points, Abbott agreed to provide John Hancock, in Article 12 of the Agreement, with certain written representations and warranties concerning the development status of the Program Compounds, including, *inter alia*, a representation and warranty that,

[s]et forth on Exhibit 12.2(d) is the full name, chemical name, detailed description of the stage of development and current status for each Program Compound. Set forth on Exhibit 1.6 in each Annual Research Plan is a description of projected milestones and dates thereof, projected year of NDA filing, and projected costs to be incurred by Abbott during the Program Term, for each Program Compound. Such projections were prepared in good faith and with due care based on reasonable assumptions, and represent the reasonable estimate of Abbott based on information available as of the date of such projections and as of the date hereof.... (Section 12.2[d]).

13.    Abbott further represented and warranted to John Hancock that,

[t]here is no fact known to Abbott (other than generally available information concerning the pharmaceutical industry in general) as of the date of this Agreement that has not been disclosed in this Agreement or any Exhibit to this Agreement which has resulted in, or could reasonably be expected to result in, a material adverse effect on the prospects or condition (including safety, efficacy, scientific viability or commercial [viability]) of the Research Program or any of the Program Compounds. (Section 12.2[i]).

14.    The Agreement contains various other terms that are intended to protect John Hancock's interests by ensuring that Abbott fairly and diligently fulfills its research and development obligations under the Agreement, including terms which provide, *inter alia*, that Abbott:

(a)    must employ "Commercially Reasonable Efforts" (defined in the Agreement as "efforts which are consistent with those normally used by other pharmaceutical companies with respect to other pharmaceutical compounds or products which are of comparable commercial value and market potential at a similar stage of development or product life") to develop each of the Program Compounds and "achieve the objectives of the Research Program efficiently and expeditiously" (Sections 1.10, 2.3 and 4.1);

(b)    must keep John Hancock fully informed of any modifications to its written "Annual Research Plans" ("ARPs") by requiring that "[a]ny such modifications ... be promptly provided to John Hancock" (Section 2.2);

(c)    shall not "research, develop, manufacture, market, sell, distribute, out-license or otherwise treat" the Program Compounds any differently "as compared to any other Abbott compounds or products" on account of any of the rights granted to John Hancock under Agreement (Section 4.4); and

(d)    shall, "as soon as is practicable," out-license or divest any "Ceased Compound" (defined in the Agreement as a Program Compound that Abbott has "substantially cease[d] developing, marketing or selling") to a third party, and shall "remunerate John Hancock based on sales of such Ceased Compound by the third party that has acquired or licensed the Ceased Compound ... in a manner most consistent with the allocation that would have applied hereunder had such Ceased Compound not been so out-licensed or divested..." (Section 4.3[d]).

15.    John Hancock's obligation under the Agreement to make additional Program Payments during the four-year Program Term is not absolute, however. In entering into the Agreement, John Hancock did not want to obligate itself to continue investing in the Program Compounds if the commercial prospects for those Compounds diminished significantly over the four-year Program Term. Accordingly, John Hancock's obligation to make its second, third and fourth Program Payments was made expressly contingent upon the demonstration by Abbott, on an annual basis, of the continued commercial viability of the Program Compounds.

16.    For purposes of the Agreement, the continued commercial viability of the Program Compounds is measured by reference to Abbott's planned expenditures on Program Related Costs over the four-year Program Term. Section 2.2 of the Agreement requires Abbott to provide John Hancock, at least forty-five days (45) prior to the start of each Program Year, with a written ARP that spells out Abbott's anticipated Research Program expenditures for that year and for each year remaining in the Program Term. If Abbott's ARP for any given year did not "reasonably demonstrate [Abbott's] ... intent and reasonable expectation to expend on Program Related Costs during the Program Term an amount in excess of the Aggregate Spending Target" as set forth in the Agreement, then John Hancock's "obligation to

make any remaining Program Payments for any succeeding Program Years" automatically would terminate pursuant to Section 3.4(iv) of the Agreement.

17.    Section 3.3 of the Agreement sets forth Abbott's obligations to John Hancock in the event that Abbott fails to reach the Aggregate Spending Target for Program Related Costs over the four-year Program Term.    Section 3.3(b) states that Abbott "will expend the difference between its expenditures for Program Related Costs during the Program Term and the Aggregate Spending Target (the "Aggregate Carryover Amount") on Program Related Costs during the *subsequent year* commencing immediately after the end of the Program Term (emphasis added)." If Abbott fails to spend the entire Aggregate Carryover Amount during such subsequent year, Section 3.3(b) obligates Abbott to "pay to John Hancock one-third of the Aggregate Carryover Amount that remains unspent by Abbott, within thirty (30) days after the end of such subsequent year."

18.    The four-year Program Term ended on December 31, 2004, and the "subsequent year commencing immediately after the end of the Program Term" ended on December 31, 2005. Accordingly, Abbott was required to spend the Aggregate Carryover Amount by December 31, 2005, and required to pay to John Hancock one-third of the Aggregate Carryover Amount that remains unspent by Abbott as of that date on or before January 30, 2006.

19.    The Agreement further provides John Hancock with the power to objectively verify Abbott's compliance with the terms of the Agreement, including the right to retain an independent auditor of John Hancock's choosing (and reasonably acceptable to Abbott) who is empowered to inspect, copy and audit the "books and records of Abbott and each Subcontractor related to the Research Program ... at any time and from time to time." John

Hancock is required to pay the fees and expenses of its chosen auditor in the first instance. If, however, the work of John Hancock's auditor "reveals any material breach of Abbott's responsibilities" under the Agreement, then Section 2.5 provides that Abbott "shall (i) pay the reasonable fees and expenses charged by such auditor, and (ii) fully and promptly cure such breach."

### *John Hancock's Efforts to Audit Abbott's Compliance With The Terms of the Agreement*

20.    Since the Agreement was executed on March 13, 2001, John Hancock has become aware of certain potential breaches of the Agreement by Abbott. Such potential breaches include, but are not limited to, misrepresentations by Abbott in the negotiation and execution of the Agreement, as well as violations by Abbott of its development and administrative responsibilities under the Agreement.

21.    Consistent with the terms of the Agreement, and in an effort to assist in confirming or refuting Abbott's suspected violations, John Hancock initiated an independent audit of Abbott's books and records on April 12, 2004. On that date, John Hancock sent a letter to Abbott notifying Abbott of John Hancock's intention to undertake a compliance audit pursuant to Section 2.5 of the Agreement, and identifying the independent auditor that had been selected by John Hancock. John Hancock accompanied its audit notification letter to Abbott with a description of the specific books and records related to the Research Program that John Hancock requested be made available for examination by its independent auditor within thirty (30) days.

22.    Abbott unreasonably and unjustifiably has delayed, and continues to delay, its response to John Hancock's audit request, and has taken affirmative steps to obstruct the legitimate efforts of John Hancock's independent auditors to confirm or refute Abbott's

compliance with terms of the Agreement. Tactics employed by Abbott to hinder, delay and

obstruct John Hancock's efforts to audit Abbott's compliance with the terms of the Agreement

include, but are not limited to:

    (a)    unreasonably and unjustifiably objecting to John Hancock's chosen auditor for a period of months, then arbitrarily withdrawing its objection;

    (b)    unreasonably and unjustifiably delaying production of the majority of the relevant books and records requested by John Hancock's auditor for almost one year (and counting);

    (c)    unreasonably and unjustifiably refusing to make certain relevant books and records available for inspection and copying at all (including, without limitation, various books and records documenting Abbott's actual expenditures on Program Related Costs);

    (d)    unreasonably and unjustifiably redacting various relevant books and records produced during the course of the audit so as to eliminate relevant information and render certain materials effectively unintelligible, notwithstanding the existence of a written confidentiality agreement between the parties;

    (e)    unreasonably and unjustifiably understaffing and under-funding Abbott's response to John Hancock's audit request in order to further delay the examination of Abbott's relevant books and records by John Hancock's auditor;

    (f)    unreasonably and unjustifiably delaying for periods of six months or more the photocopying of books and records designated by John Hancock's auditor during the inspection process;

    (g)    unreasonably and unjustifiably refusing to provide John Hancock's auditor with photocopies of various books and records produced by Abbott, and designated by John Hancock's auditor, during the inspection process;

    (h)    unreasonably and unjustifiably refusing to permit John Hancock or its independent auditor to make their own photocopies of Abbott's books and records produced for audit purposes;

    (i)    unreasonably and unjustifiably violating acknowledged deadlines for the completion of Abbott's production of books and records responsive to John Hancock's audit requests;

(j)    unreasonably and unjustifiably ignoring or refusing to answer various written and oral inquiries by John Hancock and its auditor regarding Abbott's relevant books and records; and

(k)    unreasonably and unjustifiably acting in a manner contrary to the usual course of contractual compliance audits, and contrary to Abbott's own conduct in reasonably similar circumstances in the past.

23.    As of the date of its original Complaint in this action, Abbott still had not produced all of the material books and records related to the Research Program that were requested by John Hancock and its auditor on April 12, 2004, and refused to do so. Abbott also refused to answer inquiries by John Hancock and its auditor seeking information that is necessary to complete the audit of Abbott's compliance with the Agreement.

*Abbott's Violations of the Agreement*

A.  Obstructing John Hancock's Compliance Audit

24.    Abbott unreasonably and unjustifiably has hindered, delayed and obstructed John Hancock's attempts to audit Abbott's compliance with the terms of the Agreement as expressly permitted under Section 2.5. Upon information and belief, Abbott's efforts to hinder, delay and obstruct John Hancock's audit activities are intended to undermine, and have had the effect of undermining, John Hancock's ability to obtain information which would tend to confirm that Abbott has breached the Agreement in various other ways as set forth below.

B.  Misrepresenting the Development Status of ABT-518

25.    Upon information and belief, Abbott misrepresented the development status of ABT-518 to John Hancock prior to, and at the time of, the execution of the Agreement. Specifically, Abbott represented in the Agreement, *inter alia*, that ABT-518 was "a compelling development candidate with the potential to demonstrate antitumor effects superior to the MMP inhibitors currently undergoing clinical trials." Abbott understood before the Agreement was

-11-

executed, however, that the actual development status of ABT-518 was not as represented in the Agreement. For example, Abbott personnel already had plans as of early March 2001 to terminate the development of ABT-518, but understood that full disclosure of that fact to John Hancock "could have been the deathnell (*sic*) to the deal." Accordingly, Abbott personnel took affirmative steps on and prior to March 13, 2001 to conceal from John Hancock the true development status of ABT-518 so as to induce John Hancock to enter into the Agreement. Then, shortly after the Agreement was signed, Abbott announced that it was terminating the development of ABT-518.

26.     The development status of ABT-518 as of March 2001 constitutes a material fact for purposes of John Hancock's decision to enter into the Agreement. John Hancock reasonably and justifiably relied upon Abbott's misrepresentations regarding the development status of ABT-518 in making that decision. Had John Hancock known the true development status of ABT-518 before the Agreement was executed, John Hancock would have demanded different terms, such as the substitution of another compound with a comparable projected value or more favorable financial terms with respect to the remaining Program Compounds, or may not have entered into the Agreement at all.

### C. Misrepresenting the Development Status of ABT-594

27.     Upon information and belief, Abbott misrepresented the development status of ABT-594 to John Hancock prior to, and at the time of, the execution of the Agreement. Specifically, Abbott represented in the Agreement, *inter alia*, that a "phase IIb [clinical] study for neuropathic pain at higher, titrated doses of ABT-594 began in April 2000 and ends in June 2001," and that ABT-594 was "expected to be the first neuronal nicotinic receptor agonist to receive an indication for pain." Abbott understood before the Agreement was executed,

-12-

however, that the development status of ABT-594 was not as represented in the Agreement. For example, Abbott already knew prior to the execution of the Agreement that the termination rate for patients enrolled in the phase IIb clinical study of ABT-594 was unusually high, and that the final results of that study were likely to be unfavorable. Abbott also knew, no later than March 2001, that the development of ABT-594 was likely to be significantly delayed or even discontinued by Abbott as a consequence. Abbott failed to disclose these facts to John Hancock before the Agreement was executed in order to induce John Hancock to enter into the Agreement. Then, shortly after the Agreement was signed, Abbott announced that it was terminating the development of ABT-594.

28.    The development status of ABT-594 as of March 2001 constitutes a material fact for purposes of John Hancock's decision to enter into the Agreement. John Hancock reasonably and justifiably relied upon Abbott's misrepresentations regarding the development status of ABT-594 in making that decision. Had John Hancock known the true development status of ABT-594 before the Agreement was executed, John Hancock would have demanded different terms, such as the substitution of another compound with a comparable projected value or more favorable financial terms with respect to the remaining Program Compounds, or may not have entered into the Agreement at all.

### D.  Misrepresenting Its Intended and Reasonably Expected Spending on Program Related Costs

29.    Upon information and belief, Abbott has misrepresented its "intended and reasonably expected" expenditures on Program Related Costs in ARPs that it has provided to John Hancock. The Research Program cost projections that Abbott has provided to John Hancock in various ARPs reflect Abbott's "nominal" spending, as opposed to its "expected" spending. At all relevant times, Abbott's true "expected" spending on Program Related Costs

-13-

was considerably less than the amounts communicated to John Hancock in Abbott's ARPs. Abbott has misrepresented its intended and reasonably expected spending plans to John Hancock in order to induce John Hancock to enter into the Agreement, and to make Program Payments to Abbott that would not otherwise be due under the terms of the Agreement.

30.   Abbott's intended and reasonably expected expenditures on Program Related Costs constitute material facts for purposes of John Hancock's decision to enter into the Agreement. John Hancock reasonably and justifiably relied upon Abbott's misrepresentations regarding its intended and reasonably expected expenditures on Program Related Costs in making that decision. Had John Hancock known the true level of Abbott's intended and reasonably expected expenditures, John Hancock would have demanded different terms, such as the substitution of another compound with a comparable projected value or more favorable financial terms with respect to the remaining Program Compounds, may not have made certain Program Payments, or may not have entered into the Agreement at all.

### E.   Failing to Use Commercially Reasonable Efforts to Develop the Program Compounds

31.   Upon information and belief, Abbott has failed to use Commercially Reasonable Efforts to develop the Program Compounds. Abbott previously represented to John Hancock in its 2005 ARP that the current commercial prospects for the active Program Compounds warrant the expenditure of a stated sum towards Program Related Costs in 2005. Upon information and belief, Abbott since has modified its 2005 ARP so as to reduce its intended and reasonably expected expenditures on Program Related Costs by more than fifty percent (50%) in retaliation, *inter alia*, for the automatic termination of John Hancock's obligation to make additional Program Payments for the third and fourth Program Years pursuant to the express terms of the Agreement.

-14-

32.    Abbott's decision to reduce its intended and reasonably expected expenditures on Program Related Costs in 2005 to less than one-half the amount that Abbott has represented is warranted by the current commercial prospects for the active Program Compounds is inconsistent with the level of effort normally used by other pharmaceutical companies with respect to other pharmaceutical compounds or products which are of comparable commercial value and market at a similar stage of development and, therefore, not Commercially Reasonable for purposes of Section 4.1 of the Agreement.

### F.  Refusing to Provide John Hancock With a Copy of Abbott's Modified 2005 ARP

33.    Abbott has refused to provide John Hancock with a copy of its modified 2005 ARP. Abbott provided its original 2005 ARP to John Hancock in November 2004. Upon information and belief, Abbott since has modified its original 2005 ARP so as to dramatically reduce Abbott's intended and reasonably expected expenditures on Program Related Costs in 2005. Section 2.2 of the Agreement obligates Abbott to "promptly provide[]" John Hancock with "[a]ny ... modifications" to its ARPs. Notwithstanding the express requirements of Section 2.2, Abbott has refused or ignored John Hancock's requests for a copy of Abbott's modified 2005 ARP.

### G.  Failing to Out-License or Divest Various Ceased Compounds

34.    Upon information and belief, Abbott has failed to out-license or divest itself of various Ceased Compounds, including, without limitation, ABT-518 and ABT-594, "as soon as is practicable" as required under Section 4.3(d) of the Agreement.

35.    Upon further information and belief, Abbott has chosen not to out-license or divest itself of the foregoing Ceased Compounds for fear that, if those Compounds were successfully developed and marketed by a third party, Abbott might lose future sales of various

competing compounds that Abbott has under development, which are not subject to John Hancock's royalty rights.

## H. Failing To Pay John Hancock One-Third Of The Actual Aggregate Carryover Amount

36.    Because Abbott unreasonably and unjustifiably has hindered, delayed and obstructed John Hancock's attempts to audit Abbott's compliance with the terms of the Agreement, Abbott's actual spending on Program Related Costs over the four-year Program Term ended on December 31, 2004, and the "subsequent year commencing immediately after the end of the Program Term" ended on December 31, 2005, currently is unknown. Abbott has represented and John Hancock has reason to believe, however, that Abbott's actual spending on Program Related Costs during the Program Term was considerably less than the Aggregate Spending Target, and that Abbott's actual spending on Program Related Costs during such subsequent year was considerably less than the Aggregate Carryover Amount.

37.    Pursuant to Section 3.3(b) of the Agreement, Abbott was required to pay John Hancock one-third of the actual, unspent Aggregate Carryover Amount on or before January 30, 2006. Notwithstanding the express requirements of Section 3.3(b), Abbott has failed to make such payment to John Hancock.

*John Hancock's Efforts to Resolve Its Claims Against Abbott Amicably*

38.    On April 1, 2005, John Hancock provided written notification to Abbott of the existence and nature of the disputes identified in Sections A-G above in accordance with Section 16.7 of the Agreement. Authorized representatives of John Hancock and Abbott subsequently met in Chicago, Illinois on May 20, 2005, in an effort to resolve their disputes amicably. That effort was unsuccessful.

-16-

39.    On January 5, 2006, John Hancock provided written notification to Abbott of the existence and nature of the disputes identified in Section H above in accordance with Section 16.7 of the Agreement. Representatives of Abbott did not meet with John Hancock for the purpose of resolving those disputes within the time period permitted under Section 16.7.

### Claims

### COUNT I
### (Fraud)

40.    John Hancock hereby repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 39 of this Complaint, *supra.*

41.    Abbott materially misrepresented the development status of the Program Compounds in the representations and warranties contained in Sections 12.2 of the Agreement, and applicable Schedules thereto, all in the manner described in this Complaint.

42.    Abbott materially misrepresented its "intended and reasonably expected" expenditures on Program Related Costs in ARPs that it has provided to John Hancock, all in the manner described in this Complaint.

43.    Abbott made the foregoing misrepresentations to John Hancock wantonly and willfully for the purpose of fraudulently inducing John Hancock to enter into the Agreement, and to make various Program Payments to Abbott on the terms stated therein.

44.    John Hancock justifiably relied upon Abbott's misrepresentations to its detriment by, among other things, entering into the Agreement, and making Program Payments to Abbott in accordance with the terms thereof.

45.    As a result of Abbott's misrepresentations, John Hancock has been defrauded by Abbott and has suffered, and likely will continue to suffer, monetary damages and harm in an amount to be determined.

## COUNT II
### (Breach of Contract)

46.    John Hancock hereby repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 45 of this Complaint, *supra*.

47.    The Agreement constitutes a valid and binding contract between the parties. John Hancock has performed all of its obligations under the Agreement.

48.    Abbott has breached its obligations to John Hancock under the Agreement, *inter alia*, by:

(a)    misrepresenting the development status of ABT-518 to John Hancock prior to, and at the time of, the execution of the Agreement;

(b)    misrepresenting the development status of ABT-594 to John Hancock prior to, and at the time of, the execution of the Agreement;

(c)    misrepresenting Abbott's intended and reasonably expected expenditures on Program Related Costs in ARPs that Abbott has provided to John Hancock;

(d)    failing to use Commercially Reasonable Efforts to develop the Program Compounds;

(e)    refusing to provide John Hancock with a copy of Abbott's modified 2005 ARP;

(f)    failing to out-license or divest itself of certain Ceased Compounds, including, without limitation, ABT-518 and ABT-594, as soon as is practicable; and

(g)    unreasonably and unjustifiably hindering, delaying and obstructing John Hancock's efforts to audit Abbott's compliance with the terms of the Agreement.

(h)    failing to pay John Hancock one-third of the actual, unspent Aggregate Carryover Amount pursuant to Section 3.3(b) of the Agreement.

49.    By engaging in the foregoing conduct, Abbott further has breached the covenant of good faith and fair dealing that is implied by law in every contract, including the Agreement.

50.    Abbott has breached its express and implied obligations under the Agreement willfully and wantonly in order to induce John Hancock to enter into the Agreement, induce John Hancock to make various Program Payments to Abbott on the terms stated therein, and inhibit John Hancock's ability to detect and confirm Abbott's misconduct.

51.    As a result of Abbott's willful and wanton breaches of its express and implied obligations under the Agreement, John Hancock has suffered, and likely will continue to suffer, monetary damages and harm in an amount to be determined.

COUNT III
(Indemnification)

52.    John Hancock hereby repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 51 of this Complaint, *supra*.

53.    Abbott has breached its representations, warranties and obligations to John Hancock under the Agreement as set forth herein.

54.    As a result of Abbott's various breaches of its representations, warranties and obligations under the Agreement, John Hancock has suffered, and likely will continue to suffer, "Losses" as defined in Section 1.27 of the Agreement. John Hancock's Losses include, without limitation, costs, damages, and other reasonable expenses such as audit charges and attorneys' fees.

-19-

55.     Abbott agreed in Section 12.6 of the Agreement to indemnify John Hancock,

*inter alia*, "from and against all Losses related to or arising out of, directly or indirectly ... any

breach by Abbott of its representations, warranties or obligations hereunder..."

56.     On April 1, 2005, John Hancock provided written notification to Abbott that

John Hancock has sustained, and likely will continue to sustain, compensable Losses on

account of Abbott's various breaches of its representations, warranties and obligations under

the Agreement, for which John Hancock is entitled to indemnification pursuant to Section 12.6

of the Agreement.

57.     Notwithstanding John Hancock's request for indemnification, Abbott has

refused to indemnify John Hancock for its compensable Losses.

### Prayers for Relief

WHEREFORE, John Hancock respectfully requests that the Court:

(a)     award John Hancock compensatory damages in an amount to be
determined, plus interest and costs, for Abbott's fraud under Count I of
the Complaint;

(b)     award John Hancock compensatory damages in an amount to be
determined, plus interest and costs, for Abbott's various breaches of
contract under Count II of the Complaint;

(c)     enter an order directing Abbott to indemnify John Hancock for its
compensable Losses, including John Hancock's damages, costs, and
other reasonable expenses such as audit charges and attorneys' fees,
under Count III of the Complaint;

(d)     award John Hancock punitive damages for Abbott's willful and wanton
misconduct in an amount to be determined under Counts I and II of the
Complaint; and

-20-

(e)    grant John Hancock such other and further relief as the Court deems just
and appropriate in the circumstances.

> JOHN HANCOCK LIFE INSURANCE
> COMPANY, JOHN HANCOCK VARIABLE
> LIFE INSURANCE COMPANY AND
> MANULIFE INSURANCE COMPANY
>
> By their attorneys,
>
> /s/ Brian A. Davis
> Brian A. Davis (BBO No. 546462)
> Joseph H. Zwicker (BBO No. 560219)
> Stacy Blasberg (BBO No. 657420)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> Telephone: 617-248-5000

Date: June 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those indicated as non-registered participants on
June 23, 2006.

> /s/ Brian A. Davis
> Brian A. Davis

4090288.1

-21-

Exhibit 10

May 25, 2000

Michael Hoffstetter, MD
Prince William Neuroscience Center
2296 Opitz Boulevard, Suite 400
Woodbridge, VA 22191

RE: M99-114, A Randomized, Double-Blind, Placebo-Controlled, Comparison of the Safety and
Efficacy of ABT-594 to Placebo in Subjects with Painful Diabetic Neuropathy

Dear Dr. Hoffstetter:

The M99-114 study has its share of enrollment challenges and Abbott appreciates the difficulties some
sites have encountered in finding subjects who meet our stringent inclusion/exclusion criteria. Your site
has been up and running for approximately one month and during this time you have not been able to
screen any subjects. Unfortunately, we find it necessary to discontinue the M99-114 clinical trial at your
site. This action is needed for two reasons: 1) to avoid the statistical bias that can be caused when too
few patients are enrolled at a single site and 2) to increase our probability of meeting enrollment goals
by bringing on additional back-up sites. As of today, please do not screen or randomize any additional
patients.

We intend to compensate you for your time and effort to date. Your RSI monitor will be in contact to set
up a close-out visit.

We sincerely apologize for any difficulties this may cause and hope we can work together again in the
future. If you have any questions, please don't hesitate to contact me. I can be reached at 847-938-
1199 (phone), 847-938-5258 (fax), or marilyn.collicott@abbott.com (email).

Thank you so much for your efforts in the M99-114 study.

Sincerely,




Marilyn Collicott
Clinical Project Manager
Analgesia Venture

Highly Confidential

ABBT242154

Exhibit 11



Marilyn J
Collicott /LAKE/PPRD/ABBO
TT

12/14/2000 12:20 PM

To    JSCHANZENBACH@ni-nc.com@internet

cc

bcc

Subject    Study Termination

Hi John

We've decided to end enrollment as of 1/5/01. The attached letter (which explains our reasoning) will be
fedexed out to all investigators today. You may get some phone calls tomorrow. Let me know if you have
any questions. Thanks............mc


stopenroll

Confidential

ABBT233539

December 14, 2000

<name>
<address>

RE: Protocol M99-114: A Randomized, Double-Blind, Placebo-Controlled Comparison of the
Safety and Efficacy of ABT-594 to Placebo in Subjects with Painful Diabetic Neuropathy

Dear Dr. <name>,

We have decided to end enrollment in the above referenced study on January 5, 2001.

As specified in the protocol, 80% power would have been achieved with the randomization of
320 subjects, assuming there were no premature terminations. Our current premature
termination rate, however, will result in less than 80% power even if we were to reach our
enrollment goal. After reviewing possible outcomes with our statisticians, we concluded that
ending enrollment prior to reaching our goal of 320 subjects will not meaningfully change our
ability to interpret the results of this study. In addition, the sooner we review the data from M99-
114, the sooner we may be able to move forward into Phase III.

In order to allow you to enroll any subjects that may have already been scheduled, the last date
for randomization into study M99-114 will be 1/5/01. We sincerely apologize if this causes you or
your staff any inconvenience.

The Analgesia Venture thanks you for your hard work and dedication to ABT-594 and study M99-
114. Your efforts have allowed us to move forward more quickly than anticipated. If you have
any questions or concerns please don't hesitate to contact me.

Sincerely,


Marilyn Collicott
Clinical Project Manager
Analgesia Venture

Confidential

ABBT233540

Exhibit 12

March 28, 2006

Stacy L. Blasberg, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4054

Re: Hancock v. Abbott

Stacy,

Enclosed you will find one hard drive with the volume name: ED001.

- single page TIFFs Bates Range: ABBT200001- ABBT367508
- Opticon Image Load File (comma separated) with the following fields:

| Column Type | Column Header | Bates Format | Text Instruction |
|---|---|---|---|
| Bates Start | Image Key | ABBT Bates | Bates Type: Doc Beg Bates |
| Free Form Text | Volume Label | | |
| Free Form Text | Full DOS File Path | | |
| Free Form Text | Doc Break | | |
| Free Form Text | Folder Break | | |
| Free Form Text | Box Break | | |
| Page Count | Page Count | | |

Regards,

Heather L. Schossow, Esq. Senior Account Manager

Client Solutions
Applied Discovery, Inc.

Exhibit 13

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## JOHN HANCOCK'S OBJECTIONS AND RESPONSES
## TO ABBOTT LABORATORIES' FIRST SET OF INTERROGATORIES

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and ManuLife Insurance Company (f/k/a Investors Partner Life Insurance Company) (collectively, "John Hancock") hereby object and respond, pursuant to Fed. R. Civ. P. 33(b) and the Local Rules of this Court, to defendant Abbott Laboratories' ("Abbott") First Set of Interrogatories (the "Interrogatories") as follows:

### General Objections

1.    John Hancock generally objects to the Interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work product doctrine, or any other privilege. To the extent that the Interrogatories call for such information, it is excluded from John Hancock's responses.

2.    John Hancock generally objects to the Interrogatories to the extent that they seek the production of John Hancock's confidential or proprietary information. Notwithstanding and without waiving or in any way compromising the foregoing objections, John Hancock will provide such information in accordance with the Stipulated Protective Order entered in this case.

3.    John Hancock generally objects to Abbott's definition of "Hancock" to the extent that it purports to include independent entities that John Hancock does not control (such as "affiliates"), and on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any way compromising the foregoing objections, John Hancock will interpret the term "Hancock" to mean John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and ManuLife Insurance Company (f/k/a Investors Partner Life Insurance Company), their corporate predecessors and successors, as applicable, and the relevant employees, officers and directors, agents and attorneys of each.

4.    John Hancock generally objects to the Interrogatories to the extent that they purport to require John Hancock to take actions or provide information not required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and other applicable law.

-2-

5.    John Hancock generally objects to each Interrogatory to the extent that it is not limited to a reasonable time period.

6.    The provision of any specific answer is not intended to, and does not, act as a waiver of any General Objection.

7.    Evidence collection and discovery in this matter are continuing. John Hancock expressly reserves the right to supplement or otherwise modify its responses to the Interrogatories as it deems necessary in light of additional information, documents or materials that are discovered or disclosed in the course of this matter.

<u>Responses to Specific Interrogatories</u>

Subject to and without waiving the foregoing General Objections, John Hancock responds to the specific Interrogatories as follows:

<u>Interrogatory No. 1:</u>

Please identify each and every person who provided information used in answering these interrogatories, including an identification of the specific interrogatories for which each such person provided such information.

<u>Response No. 1:</u>

John Hancock objects to Interrogatory No. 1 on the grounds that it seeks information protected by the attorney-client privilege and the work product doctrine. Subject to, and without waiving or compromising the foregoing general and specific objections, John Hancock states that the following people prepared or assisted in the preparation of its answers to these Interrogatories:

Brian A. Davis, Esq., Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, telephone number: 617-248-5000;

-3-

Joseph H. Zwicker, Esq., Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, telephone number: 617-248-5000;

Christopher A. Edwards, Esq., Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, telephone number: 617-248-5000; and

Stacy L. Blasberg, Esq., Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, telephone number: 617-248-5000.

Each of the aforementioned individuals is counsel to John Hancock, and provided legal assistance with respect to each of Abbott's Interrogatories.

In addition, information provided by the following person was used in the preparation of John Hancock's answers to some or all of the Interrogatories:

Stephen J. Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000.

All persons identified in response to Interrogatory No. 1 should be contacted in connection with this action solely through the undersigned counsel for John Hancock.

**Interrogatory No. 2:**

Please describe with particularity any and all documents that Hancock alleges Abbott failed to produce or make available in connection with Hancock's audit demand under Section 2.5 of the Agreement and any and all documents that Abbott produced or made available to Hancock that were not encompassed within Hancock's audit demand.

-4-

**Response No. 2:**

John Hancock objects to Interrogatory No. 2 on the grounds that the phrase "any and all documents that Abbott produced or made available to John Hancock that were not encompassed within John Hancock's audit demand" is vague and ambiguous. Subject to, and without waiving or compromising the forgoing general and specific objections, John Hancock states that the documents Abbott failed to make available in connection with John Hancock's audit demand include, but are not limited to, those set forth in: (i) Schedule A of Steven J. Blewitt's April 12, 2004 letter to James L. Tyree, attached hereto as Exhibit A; and (ii) Tab 2 of Brian A. Davis's November 18, 2004 letter to Lawrence R. Desideri, Esq., which lists documents requested by John Hancock and/or its independent auditors in December 2004, attached hereto as Exhibit B.

**Interrogatory No. 3:**

Please describe separately and with particularity each and every breach of the Agreement that Hancock is claiming in this case, including, without limitation, an identification of all individuals with knowledge of each claim of breach, and the date and manner in which Hancock first learned of each alleged breach.

**Response No. 3:**

John Hancock objects to Interrogatory No. 3 on the grounds that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock has had an opportunity to conduct meaningful discovery. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 3 after it has had the opportunity to conduct reasonable discovery from Abbott. Subject to, and without waiving or compromising the general and specific objections stated above, John Hancock states Abbott violated the terms of the Agreement by:

-5-

Obstructing John Hancock's Compliance Audit:

On April 12, 2004, John Hancock provided Abbott with notice of its intent to undertake a compliance audit pursuant to the Research Funding Agreement (the "Agreement"). Among other things, Abbott unreasonably and unjustifiably delayed its response to John Hancock's audit request, and has obstructed John Hancock's independent auditors' attempts to refute or confirm Abbott's compliance with the Agreement. John Hancock believes that documents in Abbott's possession will demonstrate that Abbott unreasonably, intentionally and purposefully obstructed John Hancock's audit.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of these facts include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Michelle Campbell, Paralegal, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Mark Hair, Managing Director of StoneTurn Group LLP, 425 Market Street, Suite 2200, San Francisco, CA 94105, telephone number: 415-912-2852;

Chris Martinez, Partner of StoneTurn Group LLP, 100 Congress Center, Suite 2000, Austin, TX 78701, telephone number: 512-469-5577;

-6-

Justin Lewis, Manager of StoneTurn Group LLP, 425 Market Street, Suite 2200, San Francisco, CA 94105, telephone number: 415-912-2852;

Kris Colt, Senior Consultant of StoneTurn Group LLP, 425 Market Street, Suite 220, San Francisco, CA 94105, telephone number: 415-912-2852; and

Jane Vaynerov, Consultant of StoneTurn Group LLP, 1875 Eye Street, NW, Suite 500, Washington, D.C. 20006, telephone number: 202-775-4942.

Misrepresenting the Development Status of ABT-518:

On March 13, 2001, Abbott affirmatively represented to John Hancock that ABT-518 was a viable compound in the first phase of clinical trials. In a Confidential Descriptive Memorandum attached as Exhibit 12.2(i) of the Agreement, Abbott identified ABT-518 as, among other things, a "compelling development candidate." On or about September 20, 2001, Abbott notified John Hancock that it had ceased development of ABT-518.

John Hancock since has discovered that as of March 13, 2001: (i) Abbott had made, or likely would make, the decision to terminate further development of ABT-518; and (ii) Abbott concealed such information from John Hancock in order to induce John Hancock to execute the Agreement. John Hancock expects that documents in Abbott's possession will further demonstrate these facts.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of Abbott's misrepresentations concerning the development status of ABT-518 include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

-7-

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Lynn Klotz, Ph.D., 5 Dudley Street, Gloucester, MA 01930-1107, telephone number: 978-281-6015;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

Brian Smith, General Counsel, Hospira, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

-10-

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

Misrepresenting the Development Status of ABT-594:

On March 13, 2001, Abbott affirmatively represented to John Hancock that ABT-594 was a viable compound. In the Confidential Descriptive Memorandum attached as Exhibit 12.2(i) of the Agreement, Abbott represented to John Hancock, among other things, that: (i) Abbott expected ABT-594 to be "a highly differentiated product" and "the first neuronal nicotinic receptor agonist to receive an indication for pain," (ii) that a decision on clinical efficacy was expected in June 2001; and (iii) an NDA filing was expected in the third quarter of 2003. On or about November 20, 2001, Abbott notified John Hancock that it had ceased further development of ABT-594. John Hancock since has discovered that, as of March 13, 2001, Abbott: (i) knew that the Phase I clinical trial results for ABT-594 were likely to be unfavorable, and (ii) concealed ABT-594's true development status from John Hancock for the purpose of inducing John Hancock to execute the Agreement. John Hancock believes that documents in Abbott's possession will further demonstrate these facts.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of these facts include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

-11-

Lynn Klotz, Ph.D., 5 Dudley Street, Gloucester, MA 01930-1107, telephone number: 978-281-6015;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

Brian Smith, General Counsel, Hospira, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-12-

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-13-

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

### Misrepresenting Its Intended and Reasonably Expected Spending on Program Related Costs:

John Hancock has discovered that Abbott misrepresented its "intended and reasonably expected" expenditures on Program Related Costs in the Annual Research Plans ("ARP") that it provided to John Hancock. Available evidence indicates that Abbott's representations in its ARPs from 2001 through at least 2005 reflected its "nominal" spending, as opposed to its "intended and reasonably expected" spending. Abbott's true intended and reasonably expected spending was materially less than the amounts represented to John Hancock. Abbott misrepresented its spending for several reasons, including to induce John Hancock to enter into the Agreement, and to make payments that John Hancock otherwise would not have made. John Hancock believes that documents in Abbott's possession will further demonstrate these facts.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of Abbott's misrepresentations concerning its intended and reasonably expected spending include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-15-

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

Brian Smith, General Counsel, Hospira, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

<u>Failing to Use Commercially Reasonable Efforts to Develop the Program Compounds:</u>

Abbott failed to use Commercially Reasonable Efforts to develop the Program Compounds.    Subject to, and without waiving or compromising its general and specific objections, John Hancock states that on or about November 16, 2004, Abbott informed John Hancock that Abbott believed that the commercial prospects for the Program Compounds warranted spending on Program Related Costs in 2005 in the amount of $149.8 million, but that Abbott arbitrarily would reduce its spending on Program Related Costs in 2005 to $62.8 million unless John Hancock agreed to make additional Program Payments that were not required under the terms of the Agreement.    Abbott's arbitrary reduction in spending on Program Related Costs in 2005 is inconsistent with the level of effort normally used by other pharmaceutical companies with respect to other pharmaceutical compounds or products which are of comparable commercial value and are at a similar stage of development.    John Hancock believes that documents in Abbott's possession will further demonstrate these facts.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of these facts include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-17-

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

-18-

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

<u>Refusing to Provide John Hancock With Abbott's Modified 2005 ARP:</u>

Notwithstanding John Hancock's request and the terms of the Agreement, Abbott refused to provide John Hancock with its modified 2005 ARP that, as set forth above, arbitrarily reduced Abbott's actual expenditures on Program Related Costs in 2005.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of these facts include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Smith, General Counsel, Hospira, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-21-

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

Failing to Out-License or Divest Various Ceased Compounds:

Abbott failed to out-license or divest various Ceased Compounds, including, without limitation, ABT-518 and ABT-594, as required by the Agreement. Abbott's motive for failing to do so is based on its concern that if the ceased Compounds were successfully developed and marketed by a third party, Abbott would lose future sales of competing compounds that Abbott presently has under development, which are not subject to John Hancock's royalty rights. John Hancock believes that Abbott was required under the Agreement to treat all of the ceased compounds equally with respect to Abbott's out-licensing efforts. John Hancock believes that Documents in Abbott's possession will further demonstrate that Abbott has failed to out-license or divest certain Ceased Compounds.

-22-

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of these facts include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Suzanne A. Lebold, Divisional Vice President, Scientific Assessment and Technology Licensing, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-25-

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

**Interrogatory No. 4:**

For each and every breach of the Agreement identified in response to Interrogatory No. 4, above [sic], please separately and with particularity identify each and every component of damage or loss Hancock is seeking as a result of such claimed breach, including the dollar amount of each element or component of such damage or loss and the identity of any and all individuals having knowledge of such damage or loss suffered by Hancock.

**Response No. 4:**

John Hancock objects to Interrogatory No. 4 on the ground that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock has had an opportunity to conduct meaningful discovery. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 4 after it has had the opportunity to do so.

Subject to, and without waiving or compromising the general and specific objections, John Hancock seeks to recover damages (including compensatory and punitive damages, where applicable), lost profits, lost royalties and other losses, including without limitation its costs, expenses and reasonable attorneys' fees, as permitted by law and the terms of the Research Funding Agreement, in an amount to be determined and which is subject to further discovery and expert analysis. John Hancock further reserves the right, in the alternative, to seek recission of the Research Funding Agreement and a refund of all monies paid by John Hancock to Abbott.

-26-

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of damage or loss suffered by John Hancock by Abbott's breaches of the Agreement include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-27-

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-28-

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-29-

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

**Interrogatory No. 5:**

Please describe with particularity each and every misrepresentation of material fact or omission of Abbott concerning ABT-518 that Hancock is claiming in this case, including, without limitation, an identification of the following with respect to each such misrepresentation or omission:

(a)    when, where, and the manner in which such misrepresentation or omission was made;

(b)    specifically how such misrepresentation was false or misleading, including the true or actual state of affairs regarding such misrepresentation;

(c)    when and how Hancock first became aware such misrepresentation was false or misleading;

(d)    any and all individuals at Hancock who relied upon such misrepresentation or omission and the manner in which they relied; and

(f)    [sic] any and all individuals having knowledge of such misrepresentation or omission.

**Response No. 5:**

John Hancock objects to Interrogatory No. 5 on the grounds that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock has had an opportunity to conduct meaningful discovery from Abbott. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 5 after it has had the opportunity to do so.

Subject to, and without waiving or compromising its general and specific objections, John Hancock states that, on March 13, 2001, Abbott affirmatively represented to John Hancock that ABT-518 was a viable compound in the first phase of clinical trials. In a Confidential Descriptive Memorandum attached as Exhibit 12.2(i) of the Agreement, Abbott identified ABT-518 as, among other things, a "compelling development candidate." On or about September 20, 2001, Abbott notified John Hancock that it had ceased development of ABT-518.

John Hancock since has discovered that as of March 13, 2001: (i) Abbott had made, or likely would make, the decision to terminate further development of ABT-518; and (ii) Abbott concealed such information from John Hancock in order to induce John Hancock to execute the Agreement. John Hancock expects that documents in Abbott's possession will further demonstrate these facts.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of Abbott's misrepresentations concerning the development status of ABT-518 include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Lynn Klotz, Ph.D., 5 Dudley Street, Gloucester, MA 01930-1107, telephone number: 978-281-6015;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

-31-

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

Brian Smith, General Counsel, Hospira, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-32-

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

**Interrogatory No. 6:**

Please describe with particularity each and every misrepresentation of material fact or omission of Abbott concerning ABT-594 that Hancock is claiming in this case, including,

-34-

without limitation, an identification of the following with respect to each such misrepresentation or omission:

     (a)    when, where, and the manner in which such misrepresentation or omission was made;

     (b)    Specifically how such misrepresentation was false or misleading, including the true or actual state of affairs regarding such misrepresentation;

     (c)    when and how Hancock first became aware such misrepresentation was false or misleading;

     (d)    any and all individuals at Hancock who relied upon such misrepresentation or omission and the manner in which they relied; and

     (f)    [sic] any and all individuals having knowledge of such misrepresentation or omission.

**Response No. 6:**

John Hancock objects to Interrogatory No. 6 on the grounds that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock has had an opportunity to conduct any discovery with respect to such facts and matters. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 6 after it has had the opportunity to conduct reasonable discovery from Abbott.

Subject to, and without waiving or compromising the general and specific objections, John Hancock states that, on March 13, 2001, Abbott affirmatively represented to John Hancock that ABT-594 was a viable compound. In the Confidential Descriptive Memorandum attached as Exhibit 12.2(i) of the Agreement, Abbott represented to John Hancock, among other things, that: (i) Abbott expected ABT-594 to be "a highly differentiated product" and "the first neuronal nicotinic receptor agonist to receive an indication for pain," (ii) that a decision on clinical efficacy was expected in June 2001; and (iii) an NDA filing was expected in the third quarter of 2003. On or about November 20, 2001, Abbott notified John Hancock that it had ceased further

-35-

development of ABT-594. John Hancock since has discovered that, as of March 13, 2001, Abbott: (i) knew that the Phase I clinical trial results for ABT-594 were likely to be unfavorable, and (ii) concealed ABT-594's true development status from John Hancock for the purpose of inducing John Hancock to execute the Agreement. John Hancock believes that documents in Abbott's possession will further demonstrate these facts.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of Abbott's misrepresentations concerning the development status of ABT-594 include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Lynn Klotz, Ph.D., 5 Dudley Street, Gloucester, MA 01930-1107, telephone number: 978-281-6015;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

Brian Smith, General Counsel, Hospira, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

-37-

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

**Interrogatory No. 7:**

Please describe with particularity each and every misrepresentation of material fact or omission of Abbott concerning Abbott's spending under the Agreement that Hancock is claiming in this case, including, without limitation, an identification of the following with respect to each such misrepresentation or omission:

(a)    when, where and the manner in which such misrepresentation or omission was made;

(b)    specifically how such misrepresentation was false or misleading, including the true state of affairs regarding such representation;

(c)    when and how Hancock first became aware such misrepresentation was false or misleading;

-39-

(d)    any and all individuals at Hancock who relied upon such misrepresentation or omission and the manner in which they relied; and

(f)    [sic] any and all individuals having knowledge of such misrepresentation or omission.

### Response No. 7:

John Hancock objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. John Hancock further objects to Interrogatory No. 7 on the grounds that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock had an opportunity to conduct meaningful discovery. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 7 after it has had an opportunity to do so.

Subject to, and without waiving or compromising its general and specific objections, John Hancock states that it has discovered that Abbott misrepresented its "intended and reasonably expected" expenditures on Program Related Costs in the ARPs that it provided to John Hancock. Available evidence indicates that Abbott's representations in its ARPs from 2001 through at least 2005 reflected its "nominal" spending, as opposed to its "intended and "reasonably expected" spending. Abbott's true intended and reasonably expected spending was materially less than the amounts represented to John Hancock. Abbott misrepresented its spending for several reasons, including to induce John Hancock to enter into the Agreement, and to make payments that John Hancock otherwise would not have made. John Hancock believes that documents in Abbott's possession will further demonstrate these facts.

-40-

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of Abbott's misrepresentations concerning its intended and reasonably expected spending on program related costs include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

Brian Smith, General Counsel, Hospira, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-41-

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

**Interrogatory No. 8:**

For each and every misrepresentation or omission identified in response to Interrogatories 5-7, above, please separately and with particularity identify each and every component of damage or loss Hancock is seeking as a result of such misrepresentation, including, without limitation, the dollar amount of each element or component of such damage or loss and identification of any and all individuals having knowledge of such damage or loss.

**Response No. 8:**

John Hancock objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. John Hancock further objects to Interrogatory No. 8 on the ground that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock has had an opportunity to

-42-

conduct meaningful discovery. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 8 after it has had the opportunity to do so.

Subject to, and without waiving or compromising the general and specific objections, John Hancock seeks to recover damages (including compensatory and punitive damages, where applicable), lost profits, lost royalties and other losses, including, without limitation, its costs, expenses and reasonable attorneys' fees incurred in this action, as permitted by law and the terms of the Research Funding Agreement, in an amount to be determined and which is subject to further discovery and expert analysis. John Hancock further reserves the right, in the alternative, to seek recission of the Research Funding Agreement and a refund of all monies paid by John Hancock to Abbott.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of damage or loss suffered by John Hancock by Abbott's breaches of the Agreement include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Lynn Klotz, Ph.D., 5 Dudley Street, Gloucester, MA 01930-1107, telephone number: 978-281-6015;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-43-

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-44-

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-45-

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

**Interrogatory No. 9:**

Please describe with particularity any and all Commercially Reasonable Efforts Abbott failed to take with respect to the Program Compounds as alleged in paragraphs 29 and 30 of the Complaint, including the specific activities in which Abbott failed to engage, and for each such activity please:

(a)    state the specific level of effort for each activity "normally used by other pharmaceutical companies with respect to other pharmaceutical compounds or products which are of comparable commercial value and market at a similar state of development," as alleged in the Complaint;

(b)    identify the "other pharmaceutical compounds" and "other pharmaceutical companies" referred to in paragraph 30 of the Complaint;

(c)    identify any and all individuals having knowledge regarding any failure by Abbott to use commercially reasonable efforts, including any damages suffered by Hancock; and

(e)    [sic] state each component or element of damage or loss Hancock sustained as a result of any failure by Abbott to use commercially reasonable efforts to develop the Program Compounds, including the dollar amount and method of calculation of each such element or component of damage or loss.

**Response No. 9:**

John Hancock objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. John Hancock further objects to Interrogatory No. 9 on the grounds that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock has had an opportunity to conduct meaningful discovery. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 9 after it has had an opportunity to do so.

Subject to, and without waiving or compromising its general and specific objections, John Hancock states that on or about November 16, 2004, Abbott informed John Hancock that Abbott believed that the commercial prospects for the Program Compounds warranted spending on Program Related Costs in 2005 in the amount of $149.8 million, but that Abbott arbitrarily would reduce its spending on Program Related Costs in 2005 to $62.8 million unless John Hancock agreed to make additional Program Payments that were not required under the terms of the Agreement. Abbott's arbitrary reduction in spending on Program Related Costs in 2005 is inconsistent with the level of effort normally used by other pharmaceutical companies with respect to other pharmaceutical compounds or products which are of comparable commercial

-47-

value and are at a similar stage of development. John Hancock believes that documents in Abbott's possession will further demonstrate these facts.

"Other pharmaceutical companies" reasonably can be interpreted as referring to, *inter alia*: American Home Products, AstraZeneca, Aventis, Bristol-Myers Squibb, Eli Lilly, GlaxoSmithKline, Johnson & Johnson, Merck & Co., Novartis, Pfizer Inc., Pharmacia Corp., and Roche.

John Hancock further states it seeks to recover damages (including compensatory and punitive damages, where applicable), lost profits, lost royalties and other losses, including, without limitation, its costs, expenses and reasonable attorneys' fees incurred in this action, as permitted by law and the terms of the Research Funding Agreement, in an amount to be determined and which is subject to further discovery and expert analysis. John Hancock also reserves the right, in the alternative, to seek recission of the Research Funding Agreement and a refund of all monies paid by John Hancock to Abbott.

As set forth in John Hancock's Rule 26 Initial Disclosures, individuals with knowledge of Abbott's failing to use Commercially Reasonable Efforts to develop the Program Compounds include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Lynn Klotz, Ph.D., 5 Dudley Street, Gloucester, MA 01930-1107, telephone number: 978-281-6015;

-48-

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

**Interrogatory No. 10:**

With respect to each and every compound that Hancock claims Abbott failed to divest or out-license, as alleged in paragraph 32 and 33 of the Complaint, please identify with particularity the basis for your allegation that Abbott failed to out-license or divest itself of such compound, including, without limitation, any and all specific steps or efforts Hancock contends Abbott should have taken with respect to such compound and each component or element of damage or

-51-

loss Hancock sustained as a result of any failure by Abbott to out-license or divest itself of ceased compounds and the dollar amount thereof.

**Response No. 10:**

John Hancock objects to Interrogatory No. 10 on the grounds that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock has had an opportunity to conduct meaningful discovery. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 10 after it has had the opportunity to conduct reasonable discovery from Abbott.

Subject to, and without waiving or compromising the general and specific objections, John Hancock states that at various times from March 2001 to the present, Abbott has failed to "maximize the commercial value" by refusing to out- license certain Program Compounds, including without limitation, ABT-492, ABT-518, and ABT-594, as required by the Agreement. Abbott's motive for failing to do so is based on its concern that if the ceased Compounds were successfully developed and marketed by a third party, Abbott would lose future sales of competing compounds that Abbott presently has under development, which are not subject to John Hancock's royalty rights. John Hancock believes that Abbott was required under the Agreement to treat all of the ceased compounds equally with respect to Abbott's out-licensing efforts. John Hancock believes documents in Abbott's possession will further demonstrate that Abbott failed to out-license or divest certain ceased Program Compounds.

**Interrogatory No. 11:**

Identify any and all individuals involved in Hancock's decision to enter into the Agreement or who provided information or input into that decision including, but not limited to, Hancock personnel and any outside experts or consultants, and for each such person, please describe that person's role in the decision and/or information provided.

**Response No. 11:**

John Hancock objects to Interrogatory No. 11 on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Subject to, and without waiving or compromising the foregoing general and specific objections, John Hancock states that the following individuals and entities had significant involvement in John Hancock's decision to enter into the Research Funding Agreement:

Stephen J. Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000. Mr. Blewitt recommended to John Hancock's Bond Investment Committee and Committee of Finance that John Hancock enter into the Research Funding Agreement.

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000. Mr. Hartz recommended to John Hancock's Bond Investment Committee and Committee of Finance that John Hancock enter into the Research Funding Agreement.

John Hancock further states that John Hancock's Bond Investment Committee recommended that John Hancock's Committee of Finance approve the execution of the Research Funding Agreement by and on behalf of John Hancock.

-53-

In addition to Stephen J. Blewitt, the members of the Bond Investment Committee during the relevant period were as follows:

George H. Braun, Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Willma H. Davis, Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

John M. DeCiccio, former Executive Vice President and Chief Investment Officer, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Francis X. Felcon, former Vice President, John Hancock Life Insurance Company, 60 Highland Street, Canton, MA 02021, telephone number: unknown;

E. Kendall Hines, Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

C. Bruce Meltzer, former Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Roger G. Nastou, former Vice President, John Hancock Life Insurance Company, 7 Bremer Circle Road, Hingham, MA 02043, telephone number: 781-749-2693;

Phillip J. Peters, Second Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Jane T. Philippi, former Vice President, John Hancock Life Insurance Company, 32 Monument Avenue, Charlestown, MA 02129, telephone number: 617-241-8185;

Steven M. Ray, Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Margaret M. Stapleton, former Vice President, John Hancock Life Insurance Company, 10 Ladds Way, Scituate, MA 02066, telephone number: 781-545-1675; and

Barry E. Welch, former Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000.

John Hancock further states that John Hancock's Committee of Finance approved the execution of the Research Funding Agreement by and on behalf of John Hancock. The members of the Committee of Finance during the relevant period were as follows:

Stephen L. Brown, former Chairman, Chief Executive Officer and Director, John Hancock Life Insurance Company, 180 Beacon Street, Apartment 14G, Boston, MA 02116, telephone number: unknown;

David F. D'Alessandro, former Chairman, Chief Executive Officer, and Director, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Foster L. Aborn, former Director, Vice Chairman and Chief Investment Officer, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Nelson F. Gifford, former Director, John Hancock Life Insurance Company, 14 Windsor Road, Wellesley, MA 02181, telephone number: unknown;

Edward H. Linde, former Director, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

-55-

E. James Morton, former Director, John Hancock Life Insurance Company, 650 Independence Avenue, SE, Washington, District of Columbia 20003, telephone number: unknown;

Richard F. Syron, former Director, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000; and

Robert J. Tarr, Jr., former Director, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000.

All persons and entities identified in response to Interrogatory No. 11 should be contacted in connection with this action solely through the undersigned counsel for John Hancock.

### Interrogatory No. 12:

Please identify the total damages or losses Hancock seeks in this case and describe each and every element or component of such damages or losses, the amount and method of calculation of such element or component of damages or losses, and identify persons having knowledge of such component or element of damages or losses.

### Response No. 12:

John Hancock objects to Interrogatory No. 12 on the grounds that it is premature because it seeks discovery with respect to facts and matters that are, in whole or in part, known to Abbott before John Hancock has had an opportunity to conduct any discovery with respect to such facts and matters. Accordingly, John Hancock reserves the right to supplement its response to Interrogatory No. 12 after it has had the opportunity to conduct reasonable discovery from Abbott.

-56-

Subject to, and without waiving or compromising the general and specific objections, John Hancock seeks to recover damages (including compensatory and punitive damages, where applicable), lost profits, lost royalties and other losses, including without limitation, its costs, expenses and reasonable attorneys' fees incurred in this action, as permitted by law and the terms of the Agreement, in an amount to be determined and which is subject to further discovery and expert analysis. John Hancock further reserves the right, in the alternative, to seek recission of the Agreement and a refund of all monies paid by John Hancock to Abbott.

As set forth in John Hancock's Rule 26 initial disclosures, individuals with knowledge of damage or loss suffered by John Hancock by Abbott's breaches of the Agreement include:

Stephen Blewitt, Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Scott Hartz, Senior Vice President, John Hancock Life Insurance Company, 200 Clarendon Street, Boston, MA 02117, telephone number: 617-572-6000;

Lynn Klotz, Ph.D., 5 Dudley Street, Gloucester, MA 01930-1107, telephone number: 978-281-6015;

Stephen Cohen, Oscient Pharmaceuticals, 100 Beaver Street, Waltham, MA 02453, telephone number: unknown;

Phillip Deemer, Director of Business Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Leiden, Executive Vice President of Pharmaceuticals, Chief Science Officer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

-57-

Thomas Lyons, Divisional Vice President, Hospital Transition Team, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

John Leonard, Vice President, Medical and Scientific Affairs, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Daphne Pals, Former Abbott Senior Counsel, 1014 Elmwood, Wilmette, IL 60091, telephone number: unknown;

James Tyree, Senior Vice President - Nutritional International Operations, Abbott Laboratories, 200 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Bruce McCarthy, M.D., Former Global Project Head, Abbott Laboratories, 1355 Burgundy Road, Ann Arbor, MI 48105, telephone number: unknown;

Steven Kuemmerle, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Elizabeth Kowaluk, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Meyer, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Marilyn Collicot, Clinical Project Manager, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Silber, M.D., Venture Head, Analgesia Venture, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Perry Nissen, Former Divisional Vice President, Pharmaceutical Development, 544 Manor Road, Wynnewood, PA 19096, telephone number: unknown;

-58-

Miles White, Chairman and CEO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jeffrey Ropes, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Christopher Turner, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Jennifer Dart, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Robert Funck, Vice President and Treasurer (Corporate), Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Brian Ford, Division Vice President, R&D Operations, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Michael Comilla, Former Employee of Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Richard Pinto, Manager Financial Planning and Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Woidat, Finance Manager, Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Donald Buell, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Stanley Bukofzer, Director, Antiinfective Development, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Srinath Reddy, Decision Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Thomas Freyman, CFO, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kenneth Stiles, Assistant Divisional Controller, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kraig Moffatt, Controller, Global Pharmaceutical R&D, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100;

Kevin Lynch, Division Support Group, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100; and

Keith Hendricks, Divisional Vice President Portfolio Analysis, Abbott Laboratories, 100 Abbott Park Road, Abbott Park, IL 60064, telephone number: 847-937-6100.

As to objections:

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY (f/k/a
INVESTORS PARTNER LIFE INSURANCE
COMPANY)

By their attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Christopher Edwards (BBO No. 640758)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:   February 6, 2006

-61-

## VERIFICATION

I, Stephen J. Blewitt, state under penalties of perjury that:  I am Senior Managing Director of the John Hancock Bond & Corporate Finance Group, John Hancock Life Insurance Company (collectively, with John Hancock Variable Life Insurance Company and ManuLife Insurance Company [f/k/a Investors Partner Life Insurance Company], "John Hancock"). I have read the foregoing responses to interrogatories and know the contents thereof; that said answers were prepared with the assistance and advice of counsel and employees of John Hancock; that responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently collected, and thus far discovered in the course of the preparation of these answers; that John Hancock reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that, subject to the limitations set forth herein, the responses are true to the best of my knowledge, information and belief.

Interrogatory answers signed under the pains and penalties of perjury this __ day of February 2006.

_____
Stephen J. Blewitt

-61-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing John Hancock's Objections and Responses to Abbott Laboratories' First Set of Interrogatories was served by e-mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Lawrence R. Desideri, Esq. and Stephen V. D'Amore, Esq., Winston & Strawn LLP, 35 West Wacker Drive, Chicago, Illinois 60601-9703, on this 6th day of February, 2006.

_____
Stacy L. Blasberg

4039694v1

-68-

**EXHIBIT A**

## Schedule A

1.    All records and documents indicating expenditures made by Abbott related to any compound that is now or ever was a Program Compound, including the following:

   a.  Abbott's standard policies and procedures related to accounting for project/program related expenditures;

   b.  Abbott's chart of accounts as relevant to accounting for project/program related expenditures;

   c.  Summary of costs/expenditures incurred by Program Compound by year delineating expenditures by nature (*e.g.*, direct costs incurred by Abbott, subcontractor costs, allocated indirect costs, *etc.*);

   d.  Accounting framework for compiling the expenditures presented (*i.e.*, whether cost assembled on an accrual or cash basis of accounting);

   e.  Identification of whether expenditures presented were capitalized or expensed under General Accepted Accounting Procedures ("GAAP") definitions;

   f.  Summary of the timing of expenditures for each Program Compound within each year presented;

   g.  Contracts or other governing documents and information related to all Research Program activities performed by Subcontractors;

   h.  Reconciliations of annual expenditures by Program Compound to the audited financial statements of Abbott;

   i.  Calculations, algorithms, and basis for all allocations included in the total expenditures by Program Compound by year;

   j.  Abbott standard policies and procedures related to allocation of indirect costs;

   k.  Expenditure/Costs summaries and/or reports prepared in the normal course of managing the development of each Program Compound; and

   l.  Underlying supporting records (*e.g.*, timesheets, payroll records, purchase orders, invoices, *etc.*) for all expenditures made related to each Program Compound.

2.    All records and documents discussing or evidencing the implementation and conduct of the Research Program, including but not limited to:

   a.  Reports/Updates/Summaries prepared by Abbott in the normal course of managing the development of the Program Compounds;

   b.  Listing of all reports/updates/summaries typically prepared by Abbott during the normal course of developing an experimental pharmaceutical compound;

   c.  Minutes/Summaries/Notes from all management meetings in which any of the Program Compounds where reviewed or approved for further development funding;

   d.  Analysis and documentation supporting all forward looking projections of expenditures to be incurred for each Program Compound by year;

e. Abbott policies and guidance as to the appropriate and/or required methods/approaches/procedures for conducting a research program for an experimental pharmaceutical compound;

f. Abbott's internal approval framework for determining whether or not to continue to fund and develop an experimental pharmaceutical compound, including all relevant thresholds for approval along the compound development process; and

g. Minutes/Summaries/Notes from all Abbott meetings regarding continued funding of product development for any Program Compounds.

3. All records and documents concerning Abbott's obligations under § 4.3 of the Agreement, including but not limited to:

a. Records identifying any and all Replacement Compounds;

b. Records identifying any and all Failed Early Stage Program Compounds;

c. Records identifying any and all Ceased Compounds;

d. All documents pertaining to Abbott's consideration or selection of any compound to replace any Failed Early Stage Program Compound;

e. Records identifying any and all compounds that Abbott held out as or considered to be "back up" compounds for the compounds that constituted the Program Compounds (i) on the effective date of the Agreement, and (ii) as of the end of each calendar year 2001 through 2003; and

f. All documents pertaining to the actual or attempted out-licensing or divestiture of any Ceased Compound.

4. All records and documents concerning the status of each Program Compound as of March 13, 2001 and currently, including but not limited to:

a. Reports/Summaries/Meeting Minutes which indicate the stage of development of each compound that originally constituted a Program Compound during the first calendar quarter of 2001;

b. Records describing the various stages into which Abbott generally categorizes the pre-clinical and clinical development of experimental pharmaceutical compounds;

c. Records indicating when each Program Compound reached each stage of pre-clinical or clinical development into which Abbott generally categorizes the pre-clinical and clinical development of experimental pharmaceutical compounds;

d. Reports/Summaries/Meeting Minutes which evidence the current status of each Program Compound; and

e. Management Reports and/or other documents prepared in the normal course of business which indicate future prospects and development expectations for each Program Compound.

3678931v1

# EXHIBIT B

## Documents Requested to be Produced by Abbott
## for Audit Purposes in December 2004

1. Documents that refer or relate to the possibility or certainty that the development of ABT-518 was being, or would be, "slowed down" in or about February/March 2001. (Schedule A, § 4[d]).

2. Documents that refer or relate to the development of ABT-518 being placed "back on track" in or about February/March 2001. (Schedule A, § 4[d]).

3. Documents that refer or relate to the "518 debacle" referenced in Perry Nisen's e-mail to Philip Deemer, dated March 21, 2001. (Schedule A, § 4[d]).

4. The documents relied upon by Abbott in formulating its Annual Research Plans for 2001-2004. (Schedule A, § 2[d]).

5. The documents relied upon by Abbott in formulating its alternative Annual Research Plans for 2005. (Schedule A, § 2[d]).

6. The documents relied upon by Abbott in formulating its Research Program Status Reports for 2001-2005. (Schedule A, § 2[a]).

7. Documents that constitute, refer or relate to any and all reports or information received by Abbott on or prior to March 13, 2001 regarding ABT-594 study M99-114. (Schedule A, § 4[a] and [e]).

8. Documents that constitute, refer or relate to any and all patient enrollment data received by Abbott on or prior to March 13, 2001 regarding ABT-594 study M99-114. (Schedule A, § 4[a] and [e]).

9. Documents that constitute, refer or relate to any and all reports or information received by Abbott on or prior to March 13, 2001 regarding any premature terminations observed or experienced in ABT-594 study M99-114. (Schedule A, § 4[a] and [e]).

10. Documents that refer or relate to Abbott's "Pharma Executive Management Committee" and any of the Program Compounds. (Schedule A, §§ 2[a] and 4[e]).

11. Documents that constitute, refer or relate to any Abbott "Decision Analysis" with respect to any of the Program Compounds. (Schedule A, §§ 2[a] and 4[e]).

12. Documents that constitute, refer or relate to any and all opinion leader comments on any of the Program Compounds. (Schedule A, §§ 2[a] and 4[e]).

13. Documents that refer or relate to Abbott's efforts to out-license any Ceased Compounds, including ABT-773, ABT-594, ABT-492, ABT-518, ABT-100 or ABT-724. (Schedule A, § 3[f]).

14.  Documents that constitute, refer or relate to the "2001 APU" or 2001 "April Update" referenced in Mr. Tom Lyons' letter to Mr. Steve Blewitt, dated November 26, 2001 (AL 000403). (Schedule A, § 2[a]).

15.  Any and all monthly reports or monthly updates that refer or relate to the development status or prospects of any of the Program Compounds. (Schedule A, § 2[a]).

16.  Any and all periodic reports or periodic updates that refer or relate to the development status or prospects of any of the Program Compounds. (Schedule A, § 2[a]).

17.  Documents that refer or relate to Abbott's "nominal" and/or "expected" investment costs with respect to any of the Program Compounds. (Schedule A, §§ 2[a] and [d]).

18.  Documents that refer or relate to Abbott's "potential" and/or "expected" research and development (R&D) costs with respect to any of the Program Compounds. (Schedule A, §§ 2[a] and [d]).

19.  Summary of costs/expenditures incurred by Program Compound by year delineating expenditures by nature (e.g., direct costs incurred by Abbott, subcontractor costs, allocated indirect costs, etc.). (Schedule A, § 1[c]).

20.  Documents similar to AL 001863-64, AL 001956-60, AL 001989-93, and AL 002045-46 for any and all of the Program Compounds for the period March 2001 to the present. (Schedule A, §§ 1[c] and 2[a]).

21.  Documents that constitute, refer or relate to Abbott's standard policies and procedures concerning accounting for project/program related expenditures. (Schedule A, §§ 1[a]).

22.  Documents refer or relate to Abbott's efforts to replace any "Failed Early Stage Program Compounds." (Schedule A, §§ 3[d]).

23.  Documents sufficient to describe in reasonable detail the contents and capabilities of Abbott's "knowledge management system" with respect to any of the Program Compounds. (Schedule A, § 2[a]).

Exhibit 14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents, materials and other information of parties John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, ManuLife Insurance Company, and Abbott Laboratories (individually, a "Party," collectively, the "Parties") or other entities subject to discovery or disclosure in this action (the "Litigation") may be claimed to constitute or contain confidential, trade secret, or proprietary commercial information; and

WHEREAS, the interests of the Parties, and the proprietary activities in which they are engaged, would be jeopardized if non-public, product development, marketing, strategic, planning, financial and other confidential, competitively sensitive materials and information that is produced in this Litigation were disclosed; and

WHEREAS, the Parties wish to ensure that any and all proprietary or confidential commercial information that is produced in this Litigation is not disseminated beyond the confines of the Litigation;

NOW, THEREFORE, the Parties hereby stipulate and agree, pursuant to Fed. R. Civ. P.26(c)(7), and this Court hereby orders as follows:

1.      This Stipulated Protective Order (the "Stipulated Order") shall govern the handling and treatment of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts, that are produced or provided in the course of any pre-litigation contractual audit involving the Parties, in pre-trial discovery, and in preparation for trial in this Litigation.

2.      Documents produced and testimony given in the course of any pre-litigation contractual audit involving the Parties or in this Litigation, including without limitation, documents and testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the provisions of this Stipulated Order, or information derived therefrom, shall be used solely for purposes of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose, including without limitation any commercial or business purpose.

3.      For purposes of this Stipulated Order, the term "Producing Party" shall mean any Party to this Litigation who produces or discloses information or materials in the course of any pre-litigation contractual audit involving the Parties or in the Litigation, or whose witnesses give deposition testimony. The term "Producing Party" also shall include any non-party who agrees, in writing, to be bound by the terms of this Stipulated Order pursuant to Paragraph 9, *infra*, and produces or discloses confidential or proprietary information in the Litigation. The term "Receiving Party" shall mean any Party or non-party to whom information or materials are produced or disclosed in the course of any pre-litigation contractual audit involving the Parties or in this Litigation, or who elicits deposition testimony from a Producing Party. The term

-2-

"Designating Party" shall mean any Party or non-party who designates documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Stipulated Order.

4.    For purposes of this Stipulated Order, the words "document" and "documents" shall mean all written or electronic documents, data, materials, videotapes, and other tangible items, and all information contained therein or that can be derived therefrom.

5.    A Party may designate as "CONFIDENTIAL" any document or information (including discovery responses or portions thereof), not known to the general public, which the Designating Party, in good faith, deems to incorporate or embody confidential, trade secret, or proprietary commercial information belonging to the Designating Party.  Such designation shall be made at the time of delivery of a copy of the document or information by the Producing Party to the Receiving Party.  The designation "Confidential" shall be made by stamping or writing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the document or information so designated.  Any document or information that has been or may be produced by one Party to any other Party pursuant to the Research Funding Agreement by and between the Parties and dated as of March 13, 2001, as well as any document or information derived therefrom, shall be deemed "Confidential" and shall be so designated by the Producing Party unless otherwise agreed by the Parties.

6.    Notwithstanding the provisions of Paragraph 5, *supra*, a Party may designate as "HIGHLY CONFIDENTIAL" any document or information (including discovery responses or portions thereof), not known to the general public, if that Party, in good faith, deems the information contained therein to be particularly sensitive (*e.g.*, highly confidential research, business plans or strategies, or other competitive information), such that its disclosure may result

-3-

in the loss of a significant competitive advantage to the Designating Party. Such designation shall be made at the time of delivery of a copy of the document or information by the Producing Party to the Receiving Party. The designation "Highly Confidential" shall be made by stamping or writing the words "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the document or information so designated.

7.     Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Stipulated Order hereinafter are referred to collectively as "CONFIDENTIAL MATERIAL." All CONFIDENTIAL MATERIAL not reduced to documentary or tangible form or which cannot reasonably be designated in the manner set forth in Paragraphs 5 and 6, *supra*, shall be designated by a Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by informing the other Party of such designation in writing contemporaneous with the production of the CONFIDENTIAL MATERIAL and by labeling the container for such CONFIDENTIAL MATERIAL with the appropriate legend.

8.     If a Producing Party elects to produce original files and records for inspection and the inspecting Party desires to inspect those files, no confidentiality designations need be made by the Producing Party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting Party, the Producing Party shall designate the copies of such documents as may contain protected subject matter with the appropriate designation at the time the copies are produced to the inspecting Party in accordance with the provisions of this Stipulated Order. During the time between the inspection of such original files and records and production of copies of such files and records, the Parties agree to treat all of the

-4-

files and records subject to inspection as if they had been designated HIGHLY CONFIDENTIAL pursuant to the terms of this Stipulated Order.

9.     Non-parties to this Litigation may accept and agree to be bound by the terms of this Stipulated Order, provided that each such non-party first shall execute an acknowledgment and agreement, in the form attached hereto as Exhibit A, and provide a copy of the executed Exhibit A to all current Parties. A non-party to this Litigation that thereby agrees to be bound by the terms of this Stipulated Order may designate any discoverable documents or information not known to the general public which the non-party, in good faith, deems to be confidential, trade secret, or proprietary in nature, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by means of the procedures described in Paragraphs 5, 6 or 7, *supra*. All documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a non-party in accordance with the terms of this Stipulated Order shall be treated by the Parties as CONFIDENTIAL MATERIAL.

10.     Notwithstanding the foregoing, a Producing Party's or non-party's inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL as set forth in Paragraphs 5, 6 or 7, *supra,* shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Stipulated Order. Promptly upon learning of an inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL, the Producing Party or non-party may so designate a document or information as CONFIDENTIAL MATERIAL, with the effect that the designated document or information thereafter shall be subject to the protections of this Stipulated Order. In the event that a belated designation is made, each Receiving Party or non-party promptly shall take all reasonable steps to retrieve the relevant material to the extent it has been disclosed to persons who would not be

-5-

authorized to view it under Paragraphs 12 and 13, *infra*, shall identify in writing to the Producing Party those persons, other than authorized persons, to whom documents or information designated as "HIGHLY CONFIDENTIAL" has been disclosed, and shall return any unmarked copies of the relevant material that are recovered to the Producing Party or non-party within fourteen (14) calendar days of the receipt of properly marked, substitute copies from the Producing Party.

11.    A Party or participating non-party may designate any deposition transcript or portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so stating on the record or by giving notice in writing to the other Parties and participating non-parties within fourteen (14) calendar days of receipt of the deposition transcript, prior to which time all deposition transcripts shall be treated by the Parties as CONFIDENTIAL MATERIAL in their entirety. Whenever CONFIDENTIAL MATERIAL is expected to be disclosed in a deposition, the Producing Party or participating non-party making the confidential designation shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, and those individuals authorized under Paragraphs 12 and 13 of this Stipulated Order, *infra*, to receive the CONFIDENTIAL MATERIAL. All designations of confidentiality shall be made reasonably and in good faith.

12.    All documents designated as "CONFIDENTIAL" and any information obtained from such documents shall be retained by outside counsel, shall be used for the purpose of this Litigation only, and for no other purpose, and shall not be disclosed to any other person; *provided, however, that* documents designated as "CONFIDENTIAL" may be disclosed to the following:

    (a)    outside counsel and members, associates and employees of the firms of which outside counsel are members. For purposes of this Stipulated Order, "outside

-6-

counsel" shall mean the firm Choate, Hall & Stewart LLP for plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and ManuLife Insurance Company, and the firms Donnelly, Conroy & Gelhaar, LLP and Winston & Strawn LLP for defendant Abbott Laboratories;

(b)     present in-house counsel and employees of each Party who are given access to the documents by outside counsel for said Party as is reasonably necessary for the purposes of this Litigation and for no other purpose;

(c)     former employees of each Party who are given access to the documents by outside counsel for said Party as is necessary for the purposes of this Litigation and for no other purpose, *provided that* each such former employee first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

(d)     the Court, as provided in Paragraph 16, *infra;*

(e)     independent stenographic personnel, court reporters, videographers, or photocopying, document imaging or database services providing services in the Litigation;

(f)     outside experts or consultants retained by a Party for purposes of the Litigation, *provided that* each such expert or consultant first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

(g)     any witness or deponent who may or actually does give testimony in the Litigation, *provided that:* (i) such witness or deponent is listed on the face of the CONFIDENTIAL MATERIAL, is the originator, author, or an identified recipient of such CONFIDENTIAL MATERIAL, has personal knowledge concerning such CONFIDENTIAL MATERIAL, or has personal knowledge regarding the subject matter of the CONFIDENTIAL MATERIAL; (ii) such witness or deponent is a current officer, director, or employee of the Producing Party; (iii) the Producing Party consents in writing to the disclosure of the CONFIDENTIAL MATERIAL to such witness or deponent; or (iv) the Court orders such disclosure; and

(h)     any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made.

13.    All documents designated as "HIGHLY CONFIDENTIAL" and any information

obtained from such documents shall be retained by outside counsel, shall be used for the purpose

of this Litigation only and for no other purpose, and shall not be disclosed to any other person;

-7-

*provided, however, that* documents designated as "HIGHLY CONFIDENTIAL" may be
disclosed to the following:

(a)    outside counsel and members, associates and employees of the firms of which
outside counsel are members;

(b)    present in-house counsel for a Party and, in addition, a total of no more than two
(2) in-house employees of each Party who have a reasonable need to know the
contents of such documents, provided that each such person first executes an
acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound
by the provisions of this Stipulated Order;

(c)    the Court, as provided for in Paragraph 16, infra;

(d)    independent stenographic personnel, court reporters, videographers, or
photocopying, document imaging or database services providing services in the
Litigation;

(e)    outside experts or consultants retained by a Party for purposes of the Litigation;

(f)    any witness or deponent who may or actually does give testimony in the
Litigation, provided that: (i) such witness or deponent is listed on the face of the
CONFIDENTIAL MATERIAL, is the originator, author, or an identified recipient
of such CONFIDENTIAL MATERIAL, has personal knowledge concerning such
CONFIDENTIAL MATERIAL, or has personal knowledge regarding the subject
matter of the CONFIDENTIAL MATERIAL; (ii) such witness or deponent is a
current officer, director, or employee of the Producing Party; (iii) the Producing
Party consents in writing to the disclosure of the CONFIDENTIAL MATERIAL
to such witness or deponent; or (iv) the Court orders such disclosure; and

(g)    any other person to whom the Producing Party agrees beforehand, in writing, that
disclosure may be made, or to whom the Court determines that disclosure may be
made.

14.    Before a Party may disclose documents or information designated by any other

Party as HIGHLY CONFIDENTIAL to any person listed in Paragraph 13(e), 13(f)(iii), or

13(f)(iv), that party shall, at least five (5) business days prior to such disclosure, notify the

Designating Party, in writing and by facsimile, of its intent to disclose HIGHLY

CONFIDENTIAL MATERIALS to such persons. Such notification shall be made to all counsel

of record in this Litigation and shall include the name, current address, and present employment

-8-

affiliation (including job title) of the person to whom such disclosure is proposed. The notification shall include a copy of an acknowledgement and agreement signed by the person to whom disclosure is proposed in the form attached hereto as Exhibit A. A Designating Party receiving such notification may, for good cause, object to the proposed disclosure by giving notice of such objection and the reasons therefore, in writing and by facsimile, to the party seeking to make the disclosure. Such notice of objection shall be made within five (5) business days of receipt of the notification of intent to disclose, and no disclosure shall be made before expiration of the five (5) business-day objection period. If an objection is made and not resolved by agreement of the parties, the Designating Party shall, within an additional seven (7) calendar days, move the Court to prohibit the proposed disclosure. The proposed disclosure shall not take place until any objection and associated motion by the Designating Party is resolved by the Court or otherwise. Failure to object or move within the time periods set forth above shall be deemed consent to the proposed disclosure as set forth in the notification.

15.    Counsel of record for the Parties shall employ reasonable protective measures to ensure that the information and documents governed by this Stipulated Order are used only for the purposes specified herein, and disclosed only to authorized persons. All CONFIDENTIAL MATERIAL shall be kept in a secure manner by each Receiving Party and by those who are authorized to have access to such material as set forth in Paragraphs 12 and 13, *supra*.

16.    All CONFIDENTIAL MATERIAL presented to the Court through argument, memoranda, pleadings or otherwise shall be submitted pursuant to the rules for impoundment set forth in Local Rule 7.2 (D. Mass.) (Impounded and Confidential Materials). The Designating Party may file whatever papers it deems appropriate in support of such motion for impoundment. All CONFIDENTIAL MATERIAL that a Party is granted leave to file with the Court shall be

submitted under seal by filing the document(s) in a sealed envelope or container bearing a statement substantially in the following form:

### CONFIDENTIAL INFORMATION
### SUBJECT TO PROTECTIVE ORDER ENTERED BY THE COURT

> This envelope (or container) containing the above-identified papers filed by [name of Party], is not to be opened nor the contents thereof displayed or revealed except by further Order of the Court or by agreement of the Parties.

The contents of such filings shall be kept under seal by the Court and treated in accordance with the provisions of this Stipulated Order.

17.   If a Party or participating non-party that has obtained CONFIDENTIAL MATERIAL pursuant to this Stipulated Order: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a Party to this Litigation, for the purpose of obtaining the disclosure of such CONFIDENTIAL MATERIAL, the Receiving Party shall give prompt written notice of its receipt of such subpoena, demand or legal process to counsel of record for all Parties to the Litigation and any participating non-party so as to allow any Party or participating non-party at least ten (10) days, or such lesser time as such subpoena, demand or legal process specifies for production, to intercede and protect its rights. Provided that such notice is given, nothing herein shall be construed as requiring any Party or anyone else covered by this Stipulated Order to challenge or appeal any order requiring production of any CONFIDENTIAL MATERIAL, or to subject itself to *any* penalties for non-compliance with any subpoena, demand or legal process, or to seek any related relief from this or any Court.

18.   Nothing in this Stipulated Order is intended to determine or affect, in any way, the use or admissibility of such CONFIDENTIAL MATERIAL in this Litigation. Furthermore,

-10-

nothing herein shall be deemed to restrict in any manner any Party's dissemination or use of its own CONFIDENTIAL MATERIAL.

19.    In the event that any CONFIDENTIAL MATERIAL is, either intentionally or inadvertently, disclosed to someone not authorized to receive such material under this Stipulated Order, or if a person so authorized breaches any of his or her obligations under this Stipulated Order, counsel of record for the Party involved immediately shall disclose the unauthorized disclosure or breach to the Producing Party's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the CONFIDENTIAL MATERIAL and to prevent any further disclosures of the same.

20.    The restrictions concerning CONFIDENTIAL MATERIAL set forth in this Stipulated Order shall not apply to any document or information which, as can be demonstrated from written documents, deposition testimony or other tangible evidence:

(a)    was, is or becomes public knowledge, not in violation of the provisions of this Stipulated Order;

(b)    was or is acquired in good faith from a person possessing the right to disclose such information who is not a Producing Party, related to a Producing Party, or a former or present employee of a Producing Party; or

(c)    was or is discovered or created independently by the Receiving Party.

21.    If a Receiving Party objects to the designation by a Producing Party or participating non-party of any document or information as CONFIDENTIAL MATERIAL, the Receiving Party so objecting shall state the objection by letter to counsel of record for the Producing Party, or by letter to the designating non-party directly if no counsel has appeared on their behalf, and copy all counsel of record in this action. After providing this notice of objection, the Parties (and to the extent the challenged designation is made by a participating non-party, such non-party or its counsel) shall confer within seven (7) calendar days in an

-11-

attempt to resolve the dispute regarding the designation of the documents or information. If the Parties are unable to resolve the dispute, the Receiving Party may within an additional seven (7) calendar days move the Court to remove the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation. In resolving any such motion, the Producing Party shall have the burden of demonstrating that the document or information at issue constitutes CONFIDENTIAL MATERIAL. Until the Court rules on the motion, the relevant documents or information shall continue to be treated by each Receiving Party or participating non-party as CONFIDENTIAL or HIGHLY CONFIDENTIAL as designated by the Producing Party or non-party.

22.    Nothing herein shall preclude any Party or non-party from seeking an order from the Court that any portion of the evidence be taken *in camera,* with all related testimony and CONFIDENTIAL MATERIAL sealed and withheld from the general public.

23.    Upon final termination of this action, and exhaustion of all avenues of appeal, each Receiving Party shall assemble and return to the appropriate Producing Party, or destroy, if such Producing Party so requests, all CONFIDENTIAL MATERIAL (except attorney work product), and all copies thereof, *provided that* nothing herein shall preclude outside counsel of record for each Party from retaining one copy of each CONFIDENTIAL or HIGHLY CONFIDENTIAL document that was attached or identified as an exhibit (i) to any pleading or paper submitted to the court during the course of this Litigation or (ii) to a deposition taken in this Litigation, or (iii) to a list of exhibits to be used at any trial or hearing in this Litigation, and all such documents shall remain subject to this Stipulated Order.

24.    Nothing herein shall prevent a Party from seeking to amend, modify or change the terms of this Stipulated Order, either by means of a signed agreement between all of the Parties (and relevant non-parties, to the extent that their interests are affected) that is submitted to the

-12-

Court, or by moving for relief from the Court. Furthermore, nothing in this Stipulated Order shall be deemed to affect or govern the disclosure, dissemination, production, admissibility or use of documents or information claimed to be protected by the attorney-client privilege, the work product doctrine or any other privilege, immunity or protection.

25.    Upon execution, this Stipulated Order shall be binding upon the Parties hereto, upon each non-party that has agreed to abide by its terms, and upon their respective counsel of record, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents and independent contractors.

26.    In the event anyone shall violate or threaten to violate the terms of this Stipulated Order, the aggrieved Party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Order, and in the event that the aggrieved Party does so, the responding Party, subject to the provisions of this Stipulated Order, shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law.

27.    This Stipulated Order is effective immediately and shall survive the conclusion of this Litigation. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulated Order.

[signature page follows]

-13-

AGREED TO BY THE PARTIES:

JOHN HANCOCK LIFE INSURANCE          ABBOTT LABORATORIES
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY,
and MANULIFE INSURANCE COMPANY

By their attorneys,                            By its attorneys,


/s/ Karen Collari Troake                       /s/ Peter E. Gelhaar
Brian A. Davis (BBO No. 546462)                Peter E. Gelhaar (BBO No. 188310)
Karen Collari Troake (BBO No. 566922)          Michael S. D'Orsi (BBO No. 566960)
Stacy Blasberg (BBO No. 657420)                DONNELLY, CONROY & GELHAAR, LLP
CHOATE, HALL & STEWART                         One Beacon Street, 33rd Floor
Exchange Place                                 Boston, Massachusetts 02108
53 State Street                                Tele: 617-720-2880
Boston, Massachusetts 02109
Tele: 617-248-5000
                                               and

                                               Lawrence R. Desideri (*pro hac vice*)
                                               Stephen V. D'Amore (*pro hac vice*)
                                               WINSTON & STRAWN LLP
                                               35 West Wacker Drive
                                               Chicago, Illinois 60601-9703
                                               Tele: 312-558-5600

SO ORDERED this ___ day of _____, 2005

_____
United States District Court Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 05-11150-DPW |
| v. | ) ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) ) | |

## ACKNOWLEDGMENT OF,
## AND AGREEMENT TO BE BOUND BY,
## STIPULATED PROTECTIVE ORDER

The undersigned, on oath, deposes and states as follows:

I, _____, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of "Confidential Material" produced by the Parties or non-parties in the above-referenced litigation (the "Order").

I have read, and I understand, the provisions of the Order, and I hereby represent and warrant that I am bound by it and agree to abide by it. I further acknowledge that I may be held responsible for any failure on my part to comply with all provisions of the Order, and agree to submit myself to the jurisdiction of this Court for purposes of enforcing the Order. I understand that a violation of the Order may subject me to sanctions and damages, including for contempt of Court.

Signed under the pains and penalties of perjury in _____ (city, state).

Date:_____, 200__            Signature:_____

Exhibit 15

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION NO. 05-11150-DPW |
| v. ) ) ) | |
| ABBOTT LABORATORIES, ) ) | |
| Defendant. ) ) ) | |

## JOINT MOTION TO MODIFY SCHEDULING ORDER AND SET BRIEFING SCHEDULE

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance

Company, and Manulife Insurance Company (f/k/a Investors Partner Life Insurance Company)

(collectively, "John Hancock") and defendant Abbott Laboratories ("Abbott") (collectively, the

"Parties") hereby move, pursuant to Local Rule 16.1(G), to modify the Scheduling Order issued

by the Court's Minute Order of August 2, 2006 (the "Scheduling Order") and set a briefing

schedule for Defendant's Motion to Dismiss, Plaintiffs' Cross-Motion for Partial Summary

Judgment, Plaintiff's Motion to Compel, and Defendant's Motion for Protective Order.  Grounds

for this joint motion are as follows:

    1.    The Parties have been endeavoring to meet the deadlines established by the

current Scheduling Order.  However, the Parties have filed or expect to file two discovery-related

motions as well as responses to the motion to dismiss and motion for partial summary judgment
as set forth below.

2.     As a result of the number of pending motion and the time needed by the Parties to
file and respond to these motions, the Parties jointly propose a modest extension of the various
deadlines in the existing case schedule as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| All discovery completed | December 1, 2006 | December 15, 2006 |
| Exchange expert proffer | August 14, 2006 | No change |
| Expert reports served | September 15, 2006 | October 13, 2006 |
| Rebuttal expert reports served | October 22, 2006 | December 8, 2006 |
| Dispositive motions submitted | January 8, 2007 | February 26, 2007 |
| Responses to dispositive motions | February 9, 2007 | March 23, 2007 |
| Replies to responses | March 1, 2007 | April 13, 2007 |
| Status Conference | March 22, 2007 | No change |

The Parties also agree upon and propose the following briefing schedule:

(1) Abbott will file and serve its reply in support of its Motion to Dismiss and its
opposition to John Hancock's Motion for Partial Summary Judgment on or before October 16,
2006;

(2) John Hancock will file and serve its reply in support of its Motion for Partial
Summary Judgment on or before October 30, 2006;

(3) John Hancock  already filed and served its Motion to Compel on September 26,
2006;

(4) Abbott will file its Opposition to John Hancock's Motion to Compel on or before October 11, 2006;

(5) John Hancock will file a reply in support of its Motion to Compel on or before October 23, 2006;

(6) Abbott will file and serve its Motion for Protective Order on October 10, 2006;

(7) John Hancock will file its Opposition to Abbott's Motion for Protective Order on October 24, 2006; and

(8) Abbott will file a reply in support of its Motion for Protective Order on October 30, 2006.

Pursuant to this proposed schedule, briefing on Abbott's Motion to Dismiss and John Hancock's Motion for Partial Summary Judgment will be complete on or before October 30, 2006. The Parties are agreeable to, and respectfully request, a hearing on those motions as soon as convenient for the Court thereafter. The parties further request a single hearing date for their respective discovery motions, if the Court deems oral argument on those motions to be necessary, at the Court's convenience.

WHEREFORE, the parties jointly and respectfully request that the Court grant this Joint Motion to Modify the Scheduling Order and Set Briefing Schedule for the reasons stated above.

1213563.1
4128340v1
1215204.1

ABBOTT LABORATORIES

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK
VARIABLE LIFE INSURANCE
COMPANY and MANULIFE INSURANCE
COMPANY

By their attorneys,

By their attorneys,

/s/ Michael S. D'Orsi

/s/ Joseph H. Zwicker

_____

Peter E. Gelhaar (BBO No. 188310)
Michael S. D'Orsi (BBO No. 566960)
DONNELLY CONROY & GELHAAR LLC
One Beacon Street, 33rd Floor
Boston, MA  02108
Tele:  (617) 720-2880

_____

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Christopher Edwards (BBO No. 640758)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele:  (617) 248-5000

/s/ Gregory D. Phillips

_____

Jeffrey I. Weinberger (*pro hac vice*)
Gregory D. Phillips (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Tele:  (213) 683-9100

Date:  September 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 29, 2006.

/s/ Michael S. D'Orsi
Michael S. D'Orsi

Dated  September 29, 2006

1213563.1
4128340v1
1215204.1