UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## PLAINTIFFS' OPPOSITION TO ABBOTT LABORATORIES' MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a/ Investors Partner Life Insurance Company) (collectively, "John Hancock" or "Plaintiffs") hereby oppose Abbott Laboratories' ("Abbott") Motion for Leave to File Reply Memorandum in Support of its Motion to Prohibit the Disclosure of Abbott's Highly Confidential Documents to Dr. William R. Fairweather pursuant to the Stipulated Protective Order (the "Motion for Leave").

Local Rule 7.1(B)(3) bars a moving party from submitting a reply as a matter of course: "All other papers . . . whether in the form of a reply brief or otherwise, may be submitted only with leave of court." Abbott's Motion is nothing more than a rehash of arguments it already made -- or should have made -- in its underlying Motion to Prohibit the Disclosure of Abbott's

Highly Confidential Documents to Dr. William R. Fairweather (the "Motion"). Leave of Court should not be granted here.

Abbott proposes two repetitive arguments. First, it would address John Hancock's claim that the Motion "does not establish *good cause* to prevent disclosure of Highly Confidential information to Dr. Fairweather." (Motion for Leave at 1) (emphasis added). However, the cornerstone of Abbott's Motion *was* its contention that it satisfied its burden to demonstrate "*good cause* to request that the Court issue an order preventing the disclosure of Abbott's Highly Confidential documents to Dr. Fairweather." (Motion at 2) (emphasis added). Abbott should not have another bite at the apple, particularly with oral argument scheduled in two days to address this issue (among others).

Second, Abbott would address John Hancock's contention that its designation of Dr. Fairweather was timely. (Motion for Leave at 2). Once again, Abbott seeks to re-argue a straightforward issue already addressed in its Motion. (Motion at 1). Each party has briefed the timing of the disclosure of highly confidential information to Dr. Fairweather. No more is warranted, or needed.

At bottom, Abbott's Motion for Leave asks this Court for an opportunity to address arguments made by John Hancock in its opposition which were not addressed in Abbott's original motion. But that is characteristic of any opposition -- to present arguments not made by the movant. Rule 7.1(B)(3) would serve no purpose if that were the only requirement to obtain leave to file a reply. This is particularly so where (as here) the moving party has already articulated its view of the controlling issues in dispute but is intent at having the last word.

WHEREFORE, John Hancock respectfully requests that Abbott's Motion for Leave be denied in its entirety.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY AND
MANULIFE INSURANCE COMPANY

By their attorneys,

/s/ Joseph H. Zwicker
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: 617-248-5000

Date: December 4, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic and overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 4[h] day of December, 2006.

/s/ Joseph H. Zwicker
Joseph H. Zwicker

4150660v1