UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>*Plaintiffs*,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>*Defendant*. | Civil Action No. 05-11150-DPW |

**MEMORANDUM OF ABBOTT LABORATORIES
IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING
DEPOSITION OF WILLIAM DEMPSEY**

Defendant Abbott Laboratories ("Abbott") respectfully submits this Memorandum in Support of it Emergency Motion for Protective Order to Bar the Deposition of Mr. William Dempsey on December 13, 2006.

## I.   INTRODUCTION

John Hancock has issued a notice for the deposition of William Dempsey, Abbott's Executive Vice-President, Pharmaceutical Products Group, on December 13, 2006, a date on which Mr. Dempsey and Abbott's counsel are unavailable. Pursuant to a prior agreement between the parties, Hancock was required to meet and confer with Abbott regarding the basis for its issuance of a notice of deposition for senior-level executives prior to the issuance of any notices of depositions. Hancock failed to fulfill that agreement and instead unilaterally issued the notice of Mr. Dempsey's deposition. Furthermore, Abbott has told Hancock that Mr.

1229456.1

Dempsey does not have independent knowledge of the issues on which Hancock would like Mr. Dempsey to testify, and it has told Hancock that Abbott will not rely on Mr. Dempsey as a witness should this matter proceed to trial. Undeterred, Hancock has without reason or explanation failed to agree to take Mr. Dempsey's deposition off calendar, or to even offer an alternative date on which he might be available for deposition. Abbott therefore respectfully seeks that the Court issue a protective order barring the deposition of Mr. Dempsey on December 13, 2006.

## II.    ARGUMENT

### A.    Hancock Unilaterally Issued a Notice of William Dempsey's Deposition Despite the Prior Agreement of the Parties' to Meet and Confer Regarding the Depositions of Senior-Level Executives in this Litigation

Abbott and Hancock had agreed in September 2006 that the depositions of each other's senior-level executives would be deferred unless a party believed that subsequent discovery suggested a need for such depositions. Exh. 1 (September 13, 2006 Letter from Joseph H. Zwicker to Gregory D. Phillips).[1] The parties also agreed that they would meet and confer regarding any requests for the depositions of senior-level executives before issuing a notice of deposition for these executives. *Id.*; see also Exh. 2 (October 12, 2006 Letter from Richard C. Abati to Gregory D. Phillips). On October 12, 2006, Hancock had agreed to defer the deposition of Mr. Dempsey pursuant to this agreement. Exh. 2 (October 12, 2006 Letter from Richard C. Abati to Gregory D. Phillips).[2] On November 2, 2006, Hancock attached a notice of deposition for Mr. Dempsey to the back of a letter which did not identify that a notice of deposition for Mr. Dempsey had been attached. Exh. 4 (November 2, 2006 Letter from Richard C. Abati to Ozge

---

[1] The exhibits are attached to the concurrently filed Guzelsu Declaration.

[2] On September 13, 2006, Abbott also agreed to defer its requests for the depositions of Hancock's senior-level executives pursuant to this agreement. Exh. 1 (September 13, 2006 Letter from Joseph H. Zwicker to Gregory D. Phillips).

1229456.1                                    2

Guzelsu). Hancock also made no effort in this letter or any subsequent correspondence to meet and confer regarding the notice of Mr. Dempsey's deposition. After realizing that Hancock had included the notice with the letter, Abbott requested that Hancock identify the grounds on which it sought to depose Mr. Dempsey given the parties' agreement. Exh. 5 (November 3, 2006 Letter from Ozge Guzelsu to Richard C. Abati). Hancock responded by stating that it believed that Mr. Dempsey "was involved in the termination of ABT-773" based on a document that demonstrated that Mr. Dempsey had been informed of the decision to terminate the development of ABT-773. *See* Exh. 6 (November 6, 2006 Letter from Richard C. Abati to Ozge Guzelsu); Exh. 7 (ABBT 209487). On December 4, 2006, Abbott informed Hancock that Mr. Dempsey was not available on December 13, 2006 and again requested that Hancock identify the grounds on which it believed Mr. Dempsey's deposition was appropriate. Exh. 8 (December 4, 2006 Letter from Ozge Guzelsu to Richard C. Abati). Abbott represented in its December 4, 2006 letter that Mr. Dempsey was not involved in the decision to terminate ABT-773. *Id.* Abbott also represented that Mr. Dempsey was not involved in the decisions to terminate ABT-518 and ABT-594. *Id.* Abbott requested, in light of these representations, that Hancock either agree not to take Mr. Dempsey's deposition or to withdraw its notice of deposition for Mr. Dempsey without prejudice to Hancock's re-noticing the deposition at a later date should the Court grant Hancock's motions with regard to ABT-773. The letter also stated that Abbott reserved its right to object to Mr. Dempsey's deposition based on his lack of involvement in the decision to terminate ABT-773. *Id.*

On December 5, 2006, Hancock informed Abbott that it did not intend to withdraw the deposition notice of Mr. Dempsey. Exh. 3 (December 5, 2006 Email from Richard C. Abati to Ozge Guzelsu).

Hancock failed to abide by the parties' agreement of October 3, 2006 and instead unilaterally issued a notice of deposition for Mr. Dempsey without meeting and conferring with Abbott. Hancock has refused to withdraw its notice of deposition. Abbott therefore respectfully seeks that the Court issue a protective order barring the deposition of Mr. Dempsey on December 13, 2006. Abbott is defending two other depositions on December 13, 2006 and a total of four depositions that week. *See* Guzelsu Decl., ¶ 10. Hancock should be required to fulfill its meet and confer obligations regarding Mr. Dempsey's deposition after the Court has decided the pending motions regarding ABT-773. Furthermore, Mr. Dempsey is not available on December 13, 2006. He has a senior management strategy meeting and presentation on December 13, 2006. Mr. Dempsey has dates that he would be available in January 2007 for a deposition if the Court grants discovery on the issue of Mr. Dempsey's knowledge regarding ABT-773 and Hancock is able to demonstrate that Mr. Dempsey has relevant knowledge regarding this compound.

### B. Abbott Is Entitled to a Protective Order Barring the Deposition of William Dempsey on December 13, 2006

Under Rule 26(c), the Court, for good cause shown, may make any order which justice requires to protect a party or person from, inter alia, annoyance, oppression, or undue burden, including "that the disclosure of discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(2). There is good cause for the issuance of a protective order based on (1) Hancock's breach of the parties' agreement to meet and confer regarding the deposition of senior-level executives in this litigation, (2) the unavailability of Mr. Dempsey and his counsel on December 13; and (3) Abbott's representations to Hancock that Mr. Dempsey was not involved in the decisions to terminate

1229456.1

4

ABT-773, ABT-518 and ABT-594. Abbott requests that the Court issue an order pursuant to Rule 26(c) declaring that Mr. Dempsey does not need to appear for deposition on December 13.

Dated: December 5, 2006

Respectfully submitted,

ABBOTT LABORATORIES

By: ___/s/ Michael S. D'Orsi___
      Michael S. D'Orsi

One of its attorneys

Peter E. Gelhaar (BBO#188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

and

Jeffrey I. Weinberger (*pro hac vice*)
Gregory D. Phillips (*pro hac vice*)
Eric J. Lorenzini *(pro hac vice)*
Ozge Guzelsu *(pro hac vice)*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Tele: (213) 683-9100
*Counsel for Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 5, 2006.

Date: December 5, 2006.

                                                /s/ Michael S. D'Orsi
                                                Michael S. D'Orsi