UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), | ) ) ) ) ) ) ) ) | Civil Action No. 05-11150-DPW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) | |

## AFFIDAVIT OF OZGE GUZELSU

I, OZGE GUZELSU, hereby state that:

1.  I currently am employed as an associate at Munger, Tolles & Olson LLP. I submit this affidavit in support of Abbott's Emergency Motion for Protective Order Regarding the Deposition of William Dempsey. If called as a witness, I could and would testify competently to the facts stated herein.

2.  Attached hereto as Exhibit 1 is a true and correct copy of the September 13, 2006 letter from Joseph H. Zwicker to Gregory D. Phillips.

3.  Attached hereto as Exhibit 2 is a true and correct copy of the October 12, 2006 letter from Richard C. Abati to Gregory D. Phillips.

4.  Attached hereto as Exhibit 3 is a true and correct copy of the December 5,

2006 email from Richard C. Abati to Ozge Guzelsu.

       5.      Attached hereto as Exhibit 4 is a true and correct copy of the November 2, 2006 letter from Richard C. Abati to Ozge Guzelsu.

       6.      Attached hereto as Exhibit 5 is a true and correct copy of the November 3, letter from Ozge Guzelsu to Richard C. Abati.

       7.      Attached hereto as Exhibit 6 is a true and correct copy of the November 6, 2006 letter from Richard C. Abati to Ozge Guzelsu.

       8.      Attached hereto as Exhibit 7 is a true and correct copy of ABBT 209487.

       9.      Attached hereto as Exhibit 8 is a true and correct copy of the December 4, 2006 Letter from Ozge Guzelsu to Richard C. Abati.

      10.      Abbott is defending two depositions on December 13, 2006 and four depositions the week of December 11, 2006.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this affidavit is executed this 5th day of December, 2006, in Los Angeles, California.

/s/ Ozge Guzelsu
_____
OZGE GUZELSU

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 5, 2006.

Date: December 5, 2006.

/s/ Michael S. D'Orsi
Michael S. D'Orsi

# EXHIBIT 1

# C|H|O|A|T|E

CHOATE HALL & STEWART LLP

September 13, 2006

Joseph H. Zwicker
(617) 248-5065
jzwicker@choate.com

<u>BY ELECTRONIC & OVERNIGHT MAIL</u>

Gregory D. Phillips, Esq.
Robert Satterthwaite, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Re:    John Hancock Life Insurance Company, *et al.*
       v. Abbott Laboratories
       <u>Civil Action No. 05-11150-DPW</u>

Dear Greg & Rob:

        I am writing to summarize our meet and confer of September 12, 2006 and to follow up on the outstanding issues. As necessary, I also respond to Rob's letter of September 6, 2006.

## I.    Deposition Scheduling and Abbott's Document Production

### A.  <u>Abbott's Deponents</u>

        We continue to await dates for Azmi Nabulsi and Carol Meyer. If you are having difficulty locating them, please provide their last known addresses so that we may search for them ourselves. We need to get them on the calendar.

        You agreed to notify us as to whether the McCarthy deposition will go forward in Chicago or Ann Arbor on September 29. The next Abbott deponents requested by John Hancock are:  Liz Kowaluk; Michelle Campbell; Chris Silber; Perry Nisen; Diane D'Amico; and William Dempsey. Please propose dates for them during the last week of September and the first two weeks of October. John Hancock agreed, with all rights reserved, to postpone the substantive and custodian 30(b)(6) depositions for the time-being.

        During our call, we agreed to postpone our respective deposition requests for certain senior-level employees. Specifically, John Hancock agreed to withdraw, with all rights reserved, its notice of deposition for Miles White for October 3, 2006. In turn, Abbott agreed to postpone its informal request for the depositions of present or former John Hancock employees John DiCiccio, David D'Alessandro, Foster Aborn, and

Letter to Gregory D. Phillips, Esq. &
Robert Satterthwaite, Esq.
September 13, 2006
Page 2

Stephen Brown. We agreed to revisit the need for some or all of these depositions later in the discovery process.

### B.    John Hancock's Deponents

We proposed Shannon Walsh's deposition for September 21, 2006 here in Boston. Scott Hartz is available the week of October 9-13, 2006. We are prepared to arrange the depositions of former employees Roger Nastou, Barry Welch and John Mastromarino in Boston if Abbott still wishes to depose them. Please let me know. I believe we have now covered your first group of deponents and expect to receive your next group shortly.

### C.    Abbott's Supplemental Document Production

At your request, we prioritize the outstanding documents as follows. First, all documents created by, or in connection with, DSG and PEC review or analysis for any of the Program Compounds. These documents include the files of DSG or PEC participants. Second, the paper and electronic files of the following subcategory of persons whose files Abbott has already agreed to review: Michael Biarnsen; William Dempsey; Bryan Fox; Nigel Livesey; James Sullivan; James Thomas; and Marleen Verlinden. Abbott has agreed to search the files of 26 persons. We have narrowed the list to seven, all of whom had responsibility for ABT-594. Our rational is a fair one: the impending depositions of Collicott and McCarthy directly involve ABT-594.

Although we are sensitive to the fact that you are still coming up to speed in the matter, Abbott must commit to a firm date to commence and complete its supplemental document production. As you know, the Collicott and McCarthy depositions are set for September 28 and 29, respectively. Therefore, we must have the priority documents no later than September 21, 2006. As for the remaining documents, we propose September 28, 2006 in order that we have ample time to prepare for the next round of depositions beginning (we expect) in early October. We have been reluctant to involve the Court in this issue and would prefer to resolve it informally. In any event, we will hear from you over the next day or so regarding production dates.

John Hancock also requested that Abbott locate and search (if it has not already done so) the paper and electronic files of Diane D'Amico, Paige Gjelsten and Jim Looman, all of whom were involved in the development of ABT-518.

Letter to Gregory D. Phillips, Esq. &
Robert Satterthwaite, Esq.
September 13, 2006
Page 3

## II.    Discovery and Motion Scheduling

### A.    Abbott's Motion to Dismiss and John Hancock's Cross-Motion for Summary Judgment

We agreed that Abbott will file its Opposition to John Hancock's Cross-Motion and its Reply to Hancock's Opposition to Abbott's Motion to Dismiss on October 4, 2006. We further agreed that John Hancock will file its Reply to Abbott's Opposition to Hancock's Cross-Motion on October 18.

### B.    John Hancock's Motion to Compel

We agreed that John Hancock will file its Motion to Compel on September 22, 2006; that Abbott will file its Opposition on October 6; and that Hancock will file its Reply on October 20. In the event John Hancock's motion ultimately is granted, it reserves all its discovery rights, including, but not limited to, re-noticing previously taken depositions based on newly produced documents.

### C.    Expert and Fact Discovery Scheduling

We have had an opportunity to discuss your proposal regarding fact and expert discovery. We propose the following modified schedule, which will have to be approved by the Court:

Expert Reports:  10/13/06

Rebuttal Expert Reports:  12/1/06

Close of Fact Discovery:  12/15/06

Close of Expert Discovery:  1/24/07

Filing of Dispositive Motions:  2/26/07

Status Conference:  3/22/07 (unchanged)

Oppositions to Dispositive Motions:  3/23/07

Replies to Oppositions:  4/13//06

Our proposal has the advantage from the Court's point of view of moving the fact discovery cut-off only two weeks, and completing fact and expert discovery, as well as having dispositive motions on file, by the status conference on March 22, 2007. In the

Letter to Gregory D. Phillips, Esq. &
Robert Satterthwaite, Esq.
September 13, 2006
Page 4


meantime, the parties have agreed among themselves that no opening expert reports
are due on September 15, 2006.

      D.    <u>Stipulation</u>

      You agreed to prepare a stipulation regarding the items in Section II. A-C above.

**III. Other Issues**

      I trust that you now have my letter of August 18, 2006 regarding John Hancock's
responses and supplemental responses to Abbott's first set of interrogatories. We
expect to serve you with a supplemental privilege log addressing the StoneTurn
materials by tomorrow.

      Please let me know if I have in anyway misstated our agreement. Thank you for
your cooperation.


Very truly yours,


Joseph H. Zwicker

JHZ:bcd

cc:    Brian A. Davis, Esq.
       Richard C. Abati, Esq.
       Stacy Blasberg, Esq.


4120160v1

# EXHIBIT 2

**C H O A T E**

CHOATE HALL & STEWART LLP

**R E C E I V E D**

OCT 1 5 2006

**GDP**

October 12, 2006

Richard C. Abati
(617) 248-5076
rabati@choate.com

BY ELECTRONIC & OVERNIGHT MAIL

Gregory D. Phillips, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Re:   John Hancock Life Insurance Company, et al.
      v. Abbott Laboratories
      Civil Action No. 05-11150-DPW

Dear Greg:

I write to follow up on our October 6, 2006 conversation regarding deposition scheduling in the above referenced matter.

I.     **Abbott's Deponents**

Prior to and during our call, I requested that Abbott propose dates for the deposition of its current employee Michael Meyer. You indicated that Abbott was still working with Mr. Meyer to make such a proposal and would be back in touch with me shortly. I still have not heard from you on this issue. In light of the discovery cutoff in mid-December, and the fact that it should not be this difficult for Abbott to contact its own employee and schedule his deposition, John Hancock intends to notice Mr. Meyer's deposition at the end of the business day (EDT) tomorrow.

On October 4, 2006, John Hancock identified the next round of Abbott deponents to include: Todd Janus, Jeffrey Leiden, John Leonard, Jim Looman, Jim Thomas, and Tom Woidat. Since John Hancock requested Abbott to schedule the depositions of Messrs. Leiden, Leonard and Woidat as far back as July 21, 2006 (see Letter from Joseph H. Zwicker to Gregory D. Phillips dated July 21, 2006), we asked Abbott to provide confirmed dates for these deponents by 5:00 pm (EDT) on Wednesday, October 11, 2006. During our call, however, I extended that deadline until this Friday, October 13, 2006. I also indicated that John Hancock would notice each deposition which is not confirmed by the end of the business day (EDT) tomorrow at a date and time convenient to John Hancock. John Hancock maintains this position with respect to Messrs. Janus, Leiden, Leonard, Looman, Thomas, and Woidat.

Gregory D. Phillips, Esq.
October 12, 2006
Page 2

As for the deposition of William Dempsey, John Hancock accepts Abbott's proposal to postpone this deposition and revisit the need to depose Mr. Dempsey later in the discovery process.

## II.   John Hancock's Deponents

Abbott has requested the scheduling of Lynn Klotz's deposition. We have been in touch with Dr. Klotz and can confirm November 17, 2006. Please let me know as soon as possible whether this date works for Abbott. With respect to your request for dates to depose Amy Weed, Brewster Lee and Kevin Tormey, please propose dates for their depositions in Boston during the following time frames: Mondays and Thursdays in November (but not the 9th) for Amy Weed; the last two weeks of October and the first three weeks of November (but not the 9th) for Brewster Lee; and the last two weeks of October and the first three weeks of November for Kevin Tormey. Finally, John Hancock will get back to you as soon as practicable regarding the scheduling of Steve Blewitt's deposition.

Thank you for your attention to these matters.

Very truly yours,

Richard C. Abati

cc:   Brian A. Davis, Esq.
      Joseph H. Zwicker, Esq.
      Karen Collari Troake, Esq.

# EXHIBIT 3

## Guzelsu, Ozge

| | |
|---|---|
| **From:** | Abati, Richard [RAbati@choate.com] |
| **Sent:** | Tuesday, December 05, 2006 9:57 AM |
| **To:** | Guzelsu, Ozge |
| **Cc:** | Davis, Brian; Zwicker, Joseph H.; Troake, Karen Collari; Weinberger, Jeffrey; Lorenzini, Eric; Phillips, Gregory |
| **Subject:** | RE: Mr. Dempsey's Deposition Notice |

Ozge:

John Hancock does not intend to withdraw this notice of deposition for the reasons articulated to you nearly a month ago.

Rich

-----Original Message-----
**From:** Guzelsu, Ozge [mailto:Ozge.Guzelsu@mto.com]
**Sent:** Tuesday, December 05, 2006 11:43 AM
**To:** Abati, Richard; Davis, Brian; Zwicker, Joseph H.
**Cc:** Weinberger, Jeffrey; Lorenzini, Eric; Phillips, Gregory
**Subject:** Mr. Dempsey's Deposition Notice

Dear Rich:

Yesterday we requested that Hancock inform us immediately regarding whether it would withdraw the notice of deposition for Mr. Dempsey. Abbott intends to file a motion for protective order today if Hancock insists on going forward with Mr. Dempsey's deposition. Please let us know this morning whether Hancock is withdrawing its notice of deposition. We would like to meet and confer as soon as possible regarding the motion we intend to file.

Thank you,
Ozge

*Özge Güzelsu*
*Munger Tolles & Olson*
*355 S. Grand Ave., 35th Fl.*
*Los Angeles, CA 90071*

---

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

# EXHIBIT 4

# C|H|O|A|T|E

CHOATE HALL & STEWART LLP

November 2, 2006

Richard C. Abati
(617) 248-5076
rabati@choate.com

BY ELECTRONIC & REGULAR MAIL

Ozge Guzelsu, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue,  35th Floor
Los Angeles, CA 90071

Re:    John Hancock Life Insurance Company, *et al.*
        v. Abbott Laboratories
        Civil Action No. 05-11150-DPW

Dear Ozge:

I am in receipt of your letter dated November 1, 2006, which addresses certain issues raised in my letter dated October 30, 2006.  John Hancock responds to the points set forth in your letter seriatim.

## Deposition Scheduling

In response to Abbott's wholesale rejection of each deposition date proposed by John Hancock for Michelle Campbell, Jeffrey Leiden, Jim Looman, Michael Meyer, Perry Nisen and Tom Woidat, John Hancock states as follows.

Michelle Campbell: John Hancock will agree to depose Ms. Campbell on December 13, 2006.  *See* Tab A hereto (Revised Notice of Deposition, dated November 2, 2006).

Jeffrey Leiden: John Hancock stands on its Notice of Deposition dated October 13, 2006, and will proceed forward with this deposition on November 28, 2006.  *See* Tab B hereto.

Jim Looman: John Hancock accepts Abbott's offer to go forward with the deposition of Mr. Looman in the Netherlands.  Please contact me as soon as possible to make arrangements for this deposition.

Letter to Ozge Guzelsu, Esq.
November 2, 2006
Page 2

> Michael Meyer:    John Hancock stands on its Notice of Deposition dated
> October 27, 2006, and will proceed forward with this
> deposition on November 30, 2006. *See* Tab C hereto.
>
> Perry Nisen:    John Hancock stands on its Notice of Deposition dated
> October 25, 2006, and will proceed forward with this
> deposition on November 20, 2006.  *See* Tab D.  John
> Hancock will commence the deposition at 11:00 a.m. and
> endeavor, in good faith, to complete its questioning of Dr.
> Nisen in advance of his 5:00 p.m. conference call.  John
> Hancock also will be prepared to complete Dr. Nisen's
> deposition, if necessary, after he finishes his conference call.
>
> Tom Woidat:    John Hancock does not accept Abbott's proposal.  Hancock
> noticed Mr. Woidat's deposition for December 11, 2006, and
> intends to go forward on that date. *See* Tab E.

As for Todd Janus, John Hancock will agree to defer his deposition, based on your
representation that Dr. Janus "has no relevant information," *so long as* Abbott: (a)
further represents, in writing, that it will not solicit or present any testimony or other
evidence in this proceeding from Dr. Janus; and (b) agrees to defer its request to
depose Amy Weed.  John Hancock believes that Ms. Weed also "has no relevant
information" and that her deposition, therefore, is unnecessary.  Please let me know by
tomorrow whether this proposal is acceptable to Abbott.  If it is not, John Hancock
intends to proceed with Dr. Janus' deposition on November 15, 2006, as previously
noticed. *See* Tab F hereto.

With respect to David Morris, John Hancock will agree to defer his deposition for the
time being, subject to a full reservation of rights.

Finally, Hancock accepts Abbott's proposal to schedule the deposition of Dr. Chris
Silber for December 12, 2006, in Chicago.  *See* Tab G hereto (Revised Notice of
Deposition).

## Abbott's "Supplemental Document Production"

Your representation of November 1 that "Abbott continues to work diligently to review
and produce documents as soon as possible" is meaningless.  Abbott agreed to
produce the documents at issue *last year.*  *See, e.g.,* Abbott's Responses and
Objections to John Hancock's First Request for Production of Documents dated
November 7, 2005; Letter from Brian A. Davis to Lawrence R. Desideri and Stephen V.
D'Amore dated November 18, 2005; Letter from Stephen V. D'Amore to Brian A. Davis

Letter to Ozge Guzelsu, Esq.
November 2, 2006
Page 3

dated November 28, 2006. Abbott purportedly re-committed itself to this task *three months ago*. *See* Letter from Gregory D. Phillips to Joseph H. Zwicker dated August 4, 2006. Nearly *one month ago*, Abbott represented to the Court that it would begin its production "in the next few weeks." Abbott's Consolidated Opposition to Motion to Compel and Motion for Protective Order dated October 10, 2006. *Two and a half weeks ago*, you assured us that Abbott "hope[d] to start producing documents next week." E-mail from Jeffrey Weinberger to Joseph H. Zwicker dated October 16, 2006 at 6:36 p.m. (EDT). Now Abbott asks Hancock to wait patiently for "a more detailed status report under separate cover early next week."

At this point, Abbott's repeated and continuing delay in completing its document production has adversely impacted John Hancock's ability to undertake and complete its own discovery, as well as Hancock's ability to identify, retain and prepare appropriate expert witnesses. John Hancock further believes the persistent delays in Abbott's document production will impair Hancock's ability to conduct meaningful depositions over the next month and a half. Accordingly and without limitation, John Hancock hereby reserves the right to re-open any deposition taken before the completion of Abbott's long-awaited production.

## The Depositions of Daphne Pals and Brian Smith

In your letter, Abbott refuses to confirm whether it intends to obtain and rely upon new testimony from either Daphne Pals or Brian Smith, above and beyond their prior deposition testimony. Accordingly, John Hancock has no choice but to depose these individuals. *See* Tab H hereto (Notices of Deposition).

## Diane D'Amico's Electronic and Hard Copy Files

Your letter confirms our suspicion that Abbott has not yet produced all of Diane D'Amico's electronic and paper files. Please produce these materials, including any e-mail messages, immediately. Once John Hancock has reviewed this further production, Hancock will notify Abbott whether it intends to re-notice Ms. D'Amico's deposition.

## The Depositions of Non-518/594 Witnesses, If Appropriate

Simply put, you appear to misunderstand the motion practice surrounding the motion to compel which is before the Court. John Hancock moved the Court on September 26, 2006 for an order requiring Abbott to: (a) produce documents in response to Request Nos. 1-4, 14 and 55-58; (b) start and finish its long-awaited "supplemental production;" and (c) respond to Interrogatory Nos. 16 and 17. In response, on October 10, 2006, Abbott's filed its Consolidated Opposition to the Motion to Compel *and* Motion for Protective Order to bar the deposition of Stanley Bukofzer on the grounds that he "was

Letter to Ozge Guzelsu, Esq.
November 2, 2006
Page 4

not involved in the development of ABT-518 and ABT-594." Abbott's Consolidated
Opposition and Motion at 19. On October 24, 2006, John Hancock filed a consolidated
Reply to its motion to compel and Opposition to Abbott's Motion for Protective Order.
John Hancock's consolidated papers already include a proposed order that "Plaintiffs
may depose Dr. Stanley Bukofzer and *any other witness* with responsibility for the
development, viability or termination of any of the terminated Program Compounds
subject to the Research Funding Agreement, dated March 13, 2001, which is at issue in
this dispute." Proposed Order Denying Defendant's Motion for Protective Order (filed
on October 24, 2006) (emphasis added). All of the requests for relief raised by this
motion practice will be heard by the Court on December 6, 2006. *See* Electronic Notice
from the Court on October 16, 2006 ("Hearing on . . . MOTION for Order to for
Protective Order, [48] motion to compel: Motion Hearing set for 12/6/2006 02:30 PM in
Courtroom 1 before Judge Douglas P. Woodlock. Parties should be prepared to
address all outstanding motions/issues.").

It is, therefore, insincere to even suggest that John Hancock is not seeking "the
depositions of any additional witnesses." Although John Hancock had hoped that
Abbott would cooperate in the scheduling of these depositions after the fact discovery
deadline, Abbott's approach leaves Hancock no choice but to notice all of these
depositions during the week of December 11, 2006. *See* Tab I hereto (Notices of
Deposition).

Very truly yours,

Richard C. Abati

Enclosures

cc:   Gregory D. Phillips, Esq.
      Jeffrey I. Weinberger, Esq.
      Eric Lorenzini, Esq.
      Brian A. Davis, Esq.
      Joseph H. Zwicker, Esq.
      Karen Collari Troake, Esq.

4140553.1

# Tab A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO. 05-11150-DPW |

## REVISED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock") will take the deposition of Michelle Campbell on Wednesday, December 13, 2006 commencing at 9:00 a.m. at the offices of Levenfeld Pearlstein, LLC, 2 North LaSalle Street, Suite 1300, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO # 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   November 2, 2006

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 2nd day of November, 2006.

Richard C. Abati

4140499v1

-3-

# Tab B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO. 05-11150-DPW ) ) |
| v. | ) ) |
| ABBOTT LABORATORIES, | ) ) |
| Defendant. | ) ) ) |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock

Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife

Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")

will take the deposition of Jeffrey Leiden on Tuesday, November 28, 2006 commencing at

9:00 a.m. at the office of Levenfeld Pearlstein LLC, 2 North LaSalle Street, Chicago, Illinois.

4129584v1

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   October 13, 2006

2

4129584v1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 13th day of October, 2006.

_____
Richard C. Abati

3

4129584v1

# Tab C

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), | ) ) ) ) ) ) ) |
|  | ) |
| Plaintiffs, | ) ) |
|  | ) |
| v. | ) ) |
|  | ) |
| ABBOTT LABORATORIES, | ) ) |
|  | ) |
| Defendant. | ) ) |

CIVIL ACTION NO. 05-11150-DPW

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock
Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife
Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")
will take the deposition of Michael Meyer on Thursday, November 30, 2006 commencing at
9:00 a.m. at the offices of Levenfeld Pearlstein, LLC, 2 North LaSalle Street, Suite 1300,
Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:    October 27, 2006

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 27th day of October, 2006.

Richard C. Abati

4138359v1

-3-

# Tab D

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO. 05-11150-DPW |

## REVISED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock") will take the deposition of Perry Nisen on Monday, November 20, 2006 commencing at 11:00 a.m. at the offices of Morgan Lewis, 1701 Market Street, Philadelphia, PA.

PLEASE TAKE NOTICE that the witness is directed to bring to the deposition the documents listed in Schedule A to attached Subpoena.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

> JOHN HANCOCK LIFE INSURANCE
> COMPANY, JOHN HANCOCK VARIABLE
> LIFE INSURANCE COMPANY, and
> MANULIFE INSURANCE COMPANY
> (f/k/a INVESTORS PARTNER INSURANCE
> COMPANY)
>
> By its attorneys,
>
> Brian A. Davis (BBO No. 546462)
> Joseph H. Zwicker (BBO No. 560219)
> Karen Collari Troake (BBO # 566922)
> Richard C. Abati (BBO No. 651037)
> Stacy L. Blasberg (BBO No. 657420)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> Tele: (617) 248-5000
> Fax: (617) 248-4000

Date:   October 25, 2006

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 25th day of October, 2006.

Richard C. Abati

4137540v1

-3-

# Tab E

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock

Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife

Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")

will take the deposition of Thomas Woidat on Monday, December 11, 2006 commencing at

9:00 a.m. at the office of Levenfeld Pearlstein LLC, 2 North LaSalle Street, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   October 13, 2006

2

4129582v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 13th day of October, 2006.

_____
Richard C. Abati

3

4129582v1

# Tab F

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>        Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 05-11150-DPW

## AMENDED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock") will take the deposition of Todd Janus on Wednesday, November 15, 2006, commencing at 9:00 a.m. at the offices of Levenfeld Pearlstein LLC, 2 North LaSalle Street, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date: November 1, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 1st day of November, 2006.

_____
Joseph H. Zwicker

4139843v1

-3-

# Tab G

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>    Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> CIVIL ACTION NO. 05-11150-DPW |

## REVISED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock

Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife

Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")

will take the deposition of Christopher Silber on Tuesday, December 12, 2006 commencing at

9:00 a.m. at the office of Levenfeld Pearlstein, LLC, 2 North LaSalle Street, Suite 1300,

Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:  November 2, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 2nd day of November, 2006.

_____
Richard C. Abati

4140516v1

3

# Tab H

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     CIVIL ACTION NO. 05-11150-DPW |

## <u>NOTICE OF DEPOSITION</u>

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock") will take the deposition of Daphne Pals on Tuesday, December 12, 2006 commencing at 9:00 a.m. at the offices of Levenfeld Pearlstein, LLC, 2 North LaSalle Street, Suite 1300, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   November 2, 2006

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 2nd day of November, 2006.

Richard C. Abati

4140559v1

-3-

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| ABBOTT LABORATORIES, | ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO. 05-11150-DPW

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock

Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife

Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")

will take the deposition of Brian Smith on Thursday, December 14, 2006 commencing at

9:00 a.m. at the offices of Levenfeld Pearlstein, LLC, 2 North LaSalle Street, Suite 1300,

Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date: November 2, 2006

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 2nd day of November, 2006.

Richard C. Abati

4140561v1

-3-

# Tab I

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO. 05-11150-DPW ) ) |
| v. | ) ) |
| ABBOTT LABORATORIES, | ) ) |
| Defendant. | ) ) ) |

## REVISED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock") will take the deposition of Carol Meyer on Monday, December 11, 2006 commencing at 9:00 a.m. at the offices of Levenfeld Pearlstein, LLC, 2 North LaSalle Street, Suite 1300, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   November 2, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 2nd day of November, 2006.

Richard C. Abati

4140508v1

-3-

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock") will take the deposition of William Dempsey on Wednesday, December 13, 2006 commencing at 9:00 a.m. at the office of Levenfeld Pearlstein, LLC, 2 North LaSalle Street, Suite 1300, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   November 2, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 2nd day of November, 2006.

Richard C. Abati

3

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO. 05-11150-DPW |

## REVISED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock") will take the deposition of Stanley Bukofzer on Thursday, December 14, 2006 commencing at 9:00 a.m. at the offices of Levenfeld Pearlstein, LLC, 2 North LaSalle Street, Suite 1300, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   November 2, 2006

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 2nd day of November, 2006.

Richard C. Abati

4140512v1

-3-

# EXHIBIT 5

MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE

THIRTY-FIFTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

—————

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

November 3, 2006

WRITER'S DIRECT LINE
(213) 683-9196
(213) 683-4096 FAX
Ozge.Guzelsu@mto.com

**VIA E-MAIL AND U.S. MAIL**

Richard C. Abati, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110

Re:    John Hancock Life Ins. Co., et al. v. Abbott Laboratories

Dear Rich:

This letter is in response to your letter of November 2, 2006.

**Deposition Scheduling**

(1)    Michelle Campbell: We are in agreement that Ms. Campbell will be deposed on December 13, 2006.

(2)    Jeffrey Leiden: Dr. Leiden is a third party. We are working to get deposition dates from him and will advise you of his availability shortly.

(3)    Jim Looman: Having reconsidered the possible procedural issues of having the deposition of Jim Looman go forward in the Netherlands without first satisfying the requirements of the Hague Convention, we have concluded that it would be best for all parties to proceed with his deposition in the United States, if possible. We are now determining Mr.

MUNGER, TOLLES & OLSON LLP

Richard C. Abati
November 3, 2006
Page 2

Looman's availability to come to the United States for his deposition prior to the December 15 fact discovery cutoff. We will advise you in the immediate future of what we learn in that regard.

(4)      Michael Meyer: Dr. Meyer is not available for deposition on November 30. He is available on either December 8 or December 12. Please let us know which date you would prefer. If you insist on "proceed[ing] forward" on November 30, as you say in your letter, you will be deposing an empty chair.

(5)      Perry Nisen: We will not proceed with the deposition of Dr. Nisen on November 20. As we have previously informed you, we need to be certain to conclude Dr. Nisen's deposition in one day. In addition, given Dr. Nisen's extremely busy schedule and the fact that November 20 is a Monday, Abbott would have no opportunity to meet with Dr. Nisen in preparation for his deposition, as it is entitled to do, if the deposition were to proceed on November 20. We have offered you two alternative days (November 21 and 22) for the deposition of Dr. Nisen. These days are, of course, the two days immediately following your noticed date and are in the same week as that date. You have offered no justification for refusing these very reasonable alternatives to November 20. Please advise us as to whether you would prefer to depose Dr. Nisen on November 21 or 22. Dr. Nisen will not appear on November 20.

(6)      Tom Woidat: We were very surprised to see in your letter of November 2 that Hancock "does not accept Abbott's proposal" to schedule Mr. Woidat's deposition for November 16, given the fact that Hancock has expressly requested several times in the past that Abbott schedule as many depositions as possible prior to Thanksgiving. Moreover, Hancock offers no justification for its rejection of this date or for its unilateral setting of the deposition for December 11, without consulting Abbott beforehand. Mr. Woidat is not available on December 11. He is available, however, on either November 29 or December 14. Please let me know which of those dates Hancock would prefer.

(7)      Todd Janus and Amy Weed: Abbott has agreed to put off the deposition of Ms. Weed until November 14. However, before accepting the proposal regarding Ms. Weed contained in your November 2 letter, Abbott needs the same type of relatively detailed information about Ms. Weed that Abbott provided to you regarding Dr. Janus. Specifically, we need to have Hancock confirm in writing that (a) Ms. Weed has no recollection of any of the contract provisions that have been referenced in pleadings or briefs in this matter or of the negotiations between the parties regarding such provisions; and (b) Hancock "will not solicit or present any testimony or other evidence in this proceeding from" Ms. Weed. If Hancock makes these two representations in writing, Abbott will agree to not solicit or present any testimony or other evidence in this proceeding from Dr. Janus and that it will defer its request to depose Ms. Weed.

(8)      David Morris: We are puzzled by the phrasing of the section of your letter regarding Mr. Morris's deposition. Abbott has never requested that Hancock "agree to defer his deposition for the time being". To the contrary, Abbott offered Hancock a proposed date for the

MUNGER, TOLLES & OLSON LLP
Richard C. Abati
November 3, 2006
Page 3

deposition of Mr. Morris, which Hancock rejected, saying that it would get back to Abbott with alternative dates. We have received no such dates. We also do not understand your use of the phrase "subject to a full reservation of rights". As Abbott has previously made clear, Abbott is willing to make Mr. Morris available for deposition prior to the fact discovery cutoff ordered by the Court in this matter. If Hancock wants to depose Mr. Morris in this action, it must do so prior to that cutoff.

(9)    We are in agreement that the deposition of Dr. Silber is rescheduled for December 12, 2006 in Chicago.

Finally, this is to remind you that the parties in this action are limited to twenty fact witness depositions per side. Accordingly, once Hancock has taken its twentieth fact witness deposition, it will not be able to take any more depositions of either Abbott employees or third parties.

## Abbott's Supplemental Document Production

As you correctly state in your letter, Abbott represented to the Court in its Consolidated Opposition to Motion to Compel and Motion for Protective Order dated October 10, 2006 that it would begin its supplemental production "in the next few weeks". Consistent with that representation, Abbott is sending you today, by Federal Express for Saturday, November 4, delivery, the first tranche of its supplemental document production.

With regard to the other comments in your letter regarding Abbott's efforts to complete its production of documents, suffice it to say here that we have encountered many more issues with the production than we envisioned when we first entered the case in mid-July 2006. We are working diligently to correct those issues and will address them more fully in a letter next week. In addition, in that letter we also plan to suggest solutions to the questions you have raised with respect to the possible effect on the discovery schedule and upcoming depositions.

## The Depositions of Daphne Pals and Brian Smith

As you know, Daphne Pals and Brian Smith are both former employees of Abbott. We will discuss Ms. Pals' availability with her and Mr. Smith's availability with his current employer and get back to you. Do not expect them to appear on the dates you cite in your unilateral notices.

## Diane D'Amico's Electronic and Hard Copy Files

Some of the documents for which Ms. D'Amico was the custodian are among the documents referenced above that are being sent to you today for Saturday delivery. The remainder of Ms. D'Amico's files, if any, will be produced no later than November 14. Further documents will be produced to you on a rolling basis starting next week. After you have had the

MUNGER, TOLLES & OLSON LLP

Richard C. Abati
November 3, 2006
Page 4

opportunity to review these documents, we should discuss whether Hancock wishes to schedule additional deposition time with Ms. D'Amico.

**The Depositions of Non-518/594 Witnesses**

Contrary to your letter of November 2, Abbott has not "misunderstood" anything with regard to the motion to compel or the motion for protective order. Without responding in detail to your various assertions in this regard, Abbott notes only that it is incorrect to suggest that a "proposed order" submitted in *reply* to a motion that addresses only the deposition of Dr. Bukofzer properly puts at issue the depositions of other witnesses, especially when the issue of other depositions is raised nowhere else in the papers regarding either the motion to compel or the motion for a protective order. Of course, if the Court decides that it will allow depositions of witnesses regarding compounds other than 518 and 594 and extends the fact witness discovery cutoff, Abbott will cooperate with Hancock in providing dates for such witnesses.

Finally, we were very surprised and disappointed to discover that you included a deposition notice for William Dempsey among the notices attached to your letter of November 2. Not only did you fail to mention anywhere in your letter that you were serving notice of a deposition of one of Abbott's most senior executives, but you also failed to mention anywhere Hancock's recent agreement to postpone the deposition of Mr. Dempsey and "revisit the need to depose Mr. Dempsey later in the discovery process." *See* letter from R.C. Abati to G.D. Phillips, October 12, 2006. We are not aware of any information that has come to light in the discovery process that would suggest that there was any reason to "revisit the need to depose Mr. Dempsey" or to notice his deposition. Please advise if this notice was provided in error. If not, please provide us in the immediate future with the information, if any, that Hancock believes justifies its decision to notice Mr. Dempsey's deposition. Absent receiving such information, Abbott presently intends to seek a protective order barring that deposition.

Sincerely,

Ozge Guzelsu

cc:    Jeffrey I. Weinberger, Esq.
       Gregory D. Phillips, Esq.
       Eric Lorenzini, Esq.
       Brian A. Davis, Esq.
       Joseph H. Zwicker, Esq.

# EXHIBIT 6

# C|H|O|A|T|E

CHOATE HALL & STEWART LLP

November 6, 2006

Richard C. Abati
(617) 248-5076
rabati@choate.com

BY ELECTRONIC & REGULAR MAIL

Ozge Guzelsu, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Re:    John Hancock Life Insurance Company, *et al.*
       v. Abbott Laboratories
       Civil Action No. 05-11150-DPW

Dear Ozge:

This responds to your letter of Friday, November 3, 2006, and Jeffrey Weinberger's e-mail of earlier today.

## Deposition Scheduling

Before addressing each of the scheduling issues raised in your correspondence individually, John Hancock notes that Abbott's overall approach to deposition scheduling has been unfair. Specifically, Abbott has repeatedly delayed the scheduling of depositions noticed by John Hancock in an apparent effort to cause the parties to run afoul of the discovery deadline on December 15, 2006, and to be in a position to blame John Hancock for any failure to meet this deadline. The only depositions confirmed prior to the week of Thanksgiving are those noticed by Abbott. This is the case even though John Hancock apprised Abbott of its desire to notice the depositions of nearly every individual identified in its November 2, 2006 letter more than a month ago (and, in many cases, as long ago as *July* of this year). Thus, we are not receptive to your self-serving claims of "disapoint[ment]," "surprise[]" and "puzzle[ment]." Nor will John Hancock relinquish its rights to a properly noticed deposition based on Abbott's threats of deposing the clichéd "empty chair." Fact discovery ends in five weeks. John Hancock cannot wait forever for Abbott to agree to deposition dates. If Abbott is unable to confirm a date for a particular deposition that is convenient to John Hancock, then it is Abbott's obligation to seek a protective order to stop it. Although John Hancock has repeatedly agreed to postpone properly noticed depositions based on the alleged inconvenience to Abbott witnesses, this courtesy cannot continue if Abbott refuses to confirm dates acceptable to John Hancock.

Letter to Ozge Guzelsu, Esq.
November 6, 2006
Page 2

Michelle Campbell: This deposition is confirmed for December 13, 2006.

Jeffrey Leiden:    This deposition is properly noticed for November 28, 2006. Your proposed date of December 14, 2006 does not work for John Hancock.   However, John Hancock is available to depose Dr. Leiden on November 30 or December 1, 2006. Please confirm one of these dates.  Otherwise, we expect Dr. Leiden to appear on November 28th.

Jim Looman:    John Hancock requested the scheduling of this deposition more than a month ago. *See* Letter from Richard C. Abati to Robert Satterthwaite dated October 4, 2006. On November 1, 2006, you advised us for the first time that Mr. Looman "lives and works in the Netherlands and has no upcoming trips to the United States scheduled."  Letter from Ozge Guzelsu to Richard C. Abati dated November 1, 2006. You also asked whether John Hancock would be interested in conducting this deposition in the Netherlands. *Id.* Based on John Hancock's affirmative answer, you are now proposing that the deposition proceed in the United States based on Mr. Looman's "availability to come to the United States for his deposition prior to the December 15th fact discovery cutoff." John Hancock wishes to depose Mr. Looman in the United States or in the Netherlands before December 15, 2006.    Please  provide  available  dates  and  times immediately.

Michael Meyer:    This deposition is properly noticed for November 30, 2006. Your proposed dates of December 8 and 12, 2006 do not work for John Hancock. However, as an accommodation to Abbott, John Hancock will agree to depose Mr. Meyer on December 7, 2006. Please confirm this date. Otherwise, we expect Mr. Meyer to appear on November 30th.

Perry Nisen:    This deposition is properly noticed for November 20, 2006. The parties previously agreed to conduct this deposition from 11 a.m. to 5 p.m. (EST) on this date.  John Hancock has repeatedly stated its intention, in good faith, to complete Mr. Nisen's deposition in this timeframe.   John Hancock intends to go forward on the 20th.

Tom Woidat:    This deposition is confirmed for December 14, 2006. We will send you a Revised Notice of Deposition shortly. (Based on

Letter to Ozge Guzelsu, Esq.
November 6, 2006
Page 3

the confirmation of December 14th for Mr. Woidat, we will also be sending you a Revised Notice for Stanley Bukofzer, whose deposition (see below) is currently noticed for the same date).

Amy Weed:    John Hancock states that it will not solicit or present any testimony or other evidence in this proceeding from Amy Weed. Accordingly, please confirm that Abbott will withdraw its request to depose Ms. Weed.

Todd Janus:    Abbott has confirmed that it will not solicit or present any testimony or other evidence in this proceeding from Dr. Janus. Accordingly, if Abbott agrees to withdraw its request to depose Ms. Weed, John Hancock will also withdraw its request to depose Dr. Janus (subject to a full reservation of rights).

David Morris:    This deposition has been deferred by John Hancock (with a full reservation of rights). Nothing more needs to be said regarding this deposition.

Chris Silber:    This deposition is confirmed for December 12, 2006.

Daphne Pals:    This deposition is properly noticed for December 12, 2006. Based on Abbott's refusal to confirm whether it intends to obtain and rely upon new testimony from Daphne Pals, we expect Ms. Pals to appear on December 12th.

Brian Smith:    This deposition is properly noticed for December 14, 2006. Based on Abbott's refusal to confirm whether it intends to obtain and rely upon new testimony from Brian Smith, we expect Mr. Smith to appear on December 14th.

Non-518/594:    See below.

## Abbott's "Supplemental Document Production"

We acknowledge your disclosure that Abbott has encountered "issues" regarding the completion of its document production. I simply repeat John Hancock's concerns that Abbott's delayed and inadequate production has adversely impacted John Hancock's ability to undertake and complete its own discovery, as well as John Hancock's ability to identify, retain and prepare appropriate expert witnesses. In order to avoid further prejudice to John Hancock, Abbott must complete its document production immediately.

Letter to Ozge Guzelsu, Esq.
November 6, 2006
Page 4

## Diane D'Amico's Electronic and Hard Copy Files

As stated in my November 2, 2006 letter, once John Hancock has reviewed Abbott's production of electronic (including e-mail) and hard copy files (which is still outstanding), Hancock will notify Abbott whether it intends to re-notice Ms. D'Amico's deposition.

## The Depositions of Non-518/594 Witnesses, If Appropriate

Your letter confirms that Abbott agrees with John Hancock (and the Court) that the hearing on December 6, 2006 will address Hancock's request to depose Dr. Stanley Bukofzer and any other witness with responsibility for the development, viability or termination of any of the terminated Program Compounds subject to the Research Funding Agreement dated March 13, 2001. Unfortunately, Abbott refuses to cooperate with John Hancock in the scheduling of these depositions prior to the hearing. As stated previously, John Hancock's only motivation is to avoid the practical hurdles posed by the near coincidence of the hearing on the 6th and the close of fact discovery on the 15th. It is John Hancock's view that should the Court grant the relief sought by John Hancock, then the parties should be in a position to provide the Court with an agreed-upon schedule to complete the non-518/594 depositions before or shortly after the fact discovery deadline. This approach is particularly logical in light of the scheduling conflicts invariably posed by the holiday season (which increase with time). Left with no alternative, John Hancock, therefore, stands on the Notices of Deposition dated November 2, 2006 for Stanley Bukofzer, Carol Meyer and William Dempsey. With respect to Mr. Dempsey, John Hancock states simply that discovery in this matter has revealed his involvement in the termination of ABT-773. *See e.g.,* ABBT 209487.

Very truly yours,

*Rich Abati / vm.*

Richard C. Abati

Enclosures

cc:    Gregory D. Phillips, Esq.
       Jeffrey I. Weinberger, Esq.
       Eric Lorenzini, Esq.
       Brian A. Davis, Esq.
       Joseph H. Zwicker, Esq.
       Karen Collari Troake, Esq.

4140553.1

# EXHIBIT 7



**From the Office of the Executive V.P. Pharmaceuticals & Chief Scientific Officer**

*Jeffrey M. Leiden, M.D., Ph.D.*

To:     M. Beatrice
        C. Begley
        B. Dempsey
        D. Goffredo
        R. Gonzalez
        M. Heath-Chiozzi
        B. Kamen
        J. Leonard
        D. Norbeck
        E. Ogunro
        J. Tyree
        S. Weger
        L. Wyatt

cc:     J. Arnott
        B. Ford
        S. Bukofzer
        S. Nibhuachalla
        E. Sun
        J. Wenker

Re:     Summary of 12/10/01 PEC Meeting

The December 10 PEMC meeting focus was on the anti-infective franchise with specific discussions on ABT-773 and ABT-492. Jerry Wenker's and John Arnott's teams prepared a thorough analysis of the current development status of each of the noted products. The following decisions were made by the PEC:

ABT-773

- The project should be put on hold. Do not start any new studies or activities. Existing studies and projects should be continued.
- Jim Tyree will aggressively pursue out-licensing or selling the compound.

Highly Confidential                                                          ABBT209487

- The team is to prepare a 30 minute presentation for Miles White which summarizes the issues and presents the recommendations. The meeting should take place in December 2001.
- 

ABT-492

- The team is to generate a product profile for the compound which defines the performance parameters for commercial success.
- A Phase II program should be designed to stress the defined profile parameters.
- Do not start additional, Phase II studies until approved by PEC

Other

- Funding was not authorized for the ketolide backup compounds discussed.
- Jim Tyree will aggressively pursue licensing/acquisition rights to Gatifloxacin

Future PEMC Agenda Items

- January Meeting
  - ➢ Review Omnicef R/D spending against the product profitability and present alternatives.

February Meeting

- Review the Clari life-cycle management opportunities.
- Review the Pump Inhibitor Program status.

Highly Confidential

# EXHIBIT 8

MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE

THIRTY-FIFTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

———

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

PETER R. TAFT
ROBERT K. JOHNSON
ALAN V. FRIEDMAN
RONALD L. OLSON
DENNIS E. KINNAIRD
RICHARD S. VOLPERT
DENNIS C. BROWN
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
ROBERT L. ADLER
CARY B. LERMAN
CHARLES D. SIEGAL
RONALD K. MEYER
GREGORY P. STONE
VILMA S. MARTINEZ
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEVEN L. GUISE
ROBERT B. KNAUSS
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
MARC A. BECKER
GARY H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO

KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
JEFFREY L. BLEICH
GARTH T. VINCENT
TED DANE
MARK SHINDERMAN
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
STEVEN B. WEISBARD
EDWARD C. HASEROTH, JR.
RICHARD E. DROOYAN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
BURTON A. GROSS
KEVIN S. MASUDA
HOJOON HWANG
KRISTIN S. ESCALANTE
DAVID C. DINIELLI
ANDREA WEISS JEFFRIES
PETER A. DETRE
PAUL J. WATFORD
DANA S. TREISTER
CARL H. MOOR
DAVID M. ROSENZWEIG
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN G. GODLEY
JAMES C. RUTTEN
J. MARTIN WILLHITE
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
ALLISON B. STEIN

MARSHA HYMANSON
SUSAN R. SZABO
LINDA S. GOLDMAN
NATALIE PAGÉS STONE
BRETT J. RODDA
JOSON S. KLIMACH
LISA WANCE CASTLETON
MONICA S. WIENER
LYNN HEALEY SCADUTO
RANDALL G. SOMMER
AARON M. MAY
SHONT E. MILLER
MARIA SEFERIAN
JASON L. HAAS
MANUEL F. CACHÁN
ERIC J. LORENZINI
MEGAN M. LA BELLE
KATHERINE K. HUANG
SARAH KURTIN
KATHERINE N. FORSTER
ROSEMARIE T. RING
JOSEPH J. YBARRA
AILSA W. CHANG
AMANDA SCHREIBER
BLANCA FROMM YOUNG
ROBERT C. BATTERTHWAITE
ÖZGE GÜZELSU
LINDSAY D. MICASKILL
KATE K. ANDERSON
ALISON J. MARKOVITZ
LOREN KESSLER-HIGGINS
E. DORSEY HEINE
SAMUEL N. WEINSTEIN
PAUL N. ROHRER
KIT JOHNSON
JAY K. GHIYA
SUSAN TRAUB BOYD
JOHN C. DAY
JENNIFER L. POLSE
TODD J. ROSEN
DANIEL L. GEYSER
BRIAN R. HOCHLEUTNER
DEAN N. KAWAMOTO
GRANT A. DAVIS-DENNY
E. MARTIN ESTRADA
JASON RANTANEN

AMY C. TOVAR
REBECCA GOSE LYNCH
JONATHAN H. BLAVIN
JOHN M. GRIFFIN
KAREN J. FESSLER
MICHELLE T. FRIEDLAND
J. RAZA LAWRENCE
MICHAEL T. KOVALESKI
LINA C. MIYAKE
MELINDA EADES LEMOINE
ANDREW W. SONG
DANIEL A. BECK
FREYA K. RUSSELL
YOHANCE C. EDWARDS
JULIE D. CANTOR
SETH GOLDMAN
FADIA IZGAM RAFEEDIE
DANIEL J. POWELL
DANIEL B. LEVIN
DAVID H. GRABLE
JOSHUA P. GROBAN
VICTORIA L. BOESCH
JEFF J. BOWEN
ADAM M. FLAKE
HAILYN J. CHEN
BRAD SCHNEIDER
DAVID W. SWIFT
JEAN Y. RHEE
ALEXANDRA LANG SUSMAN
GENEVIEVE A. COX
MIRIAM KIM
MISTY M. SANFORD
BRIAN P. DUFF
AIMEE FEINBERG
JOEL D. WHITLEY
JEFFREY E. ZINSMEISTER
MONICA DIGGS MANGE

RICHARD D. ESBENSHADE*
OF COUNSEL

E. LEROY TOLLES
(RETIRED)

*A PROFESSIONAL CORPORATION

WRITER'S DIRECT LINE
(213) 683-9196
(213) 683-4096 FAX
Ozge.Guzelsu@mto.com

**VIA E-MAIL AND U.S. MAIL**

December 4, 2006

Richard C. Abati, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA  02110

Re:  John Hancock Life Ins. Co., *et al.* v. Abbott Laboratories

Dear Rich:

On November 2, 2006, Hancock served a notice for the deposition of William Dempsey, Abbott's Executive Vice-President Pharmaceutical Products Group, on December 13, 2006. Abbott and Hancock agreed in September to defer the depositions of each other's senior-level executives and, if a party believed that subsequent discovery suggested a need for such depositions, to meet-and-confer again regarding the issue. *See* September 13, 2006 Letter from Joseph H. Zwicker to Gregory D. Phillips.  In reliance on this agreement, Abbott has refrained from deposing certain senior Hancock executives, including John DiCiccio, David D'Alessandro, Foster Aborn, and Stephen Brown. *See id.* Now, contrary to our agreement and without any explanation, Hancock has noticed Mr. Dempsey's deposition.  After receiving the deposition notice, we asked whether you truly intended to proceed with the deposition notwithstanding that agreement. *See* November 3, 2006 Letter from Ozge Guzelsu to Richard C. Abati.  Hancock's only response was to state that it believed that Mr. Dempsey was "involved in the termination of ABT-773." *See* November 6, 2006 Letter from Richard C. Abati to Ozge Guzelsu.

MUNGER, TOLLES & OLSON LLP

Richard C. Abati
December 4, 2006
Page 2

There is no basis for the deposition of Mr. Dempsey. First, Mr. Dempsey is not available on December 13, 2006. Second, Abbott will represent that Mr. Dempsey has no recollection regarding any aspects of the development or termination of ABT-518. Abbott will also represent that Mr. Dempsey has no recollection regarding the development or termination of ABT-594 other than his recollection of attending an October 8, 2001 PEC meeting where the termination of ABT-594 was discussed. Mr. Dempsey was not involved in the decision to terminate ABT-594 but was in attendance at the meeting. Mr. Dempsey does not recall what was discussed at the meeting other than a general recollection that the termination of ABT-594 was discussed. Abbott will also represent that Mr. Dempsey was not involved in the decision to terminate ABT-773. While he may have attended one or two PEC meetings at which ABT-773 was discussed, he has no recollection of the decision to terminate ABT-773 and has no recollection of what was discussed at any meetings he may have attended. Abbott will also represent that it does not intend to reply on Mr. Dempsey's testimony at trial.

Based on these representations, we assume that Hancock will agree that the deposition will not go forward on December 13, 2006. If Hancock insists on taking Mr. Dempsey's deposition, we ask that that Hancock withdraw the deposition notice without prejudice to Hancock's re-noticing the deposition at a later date should the Court grant Hancock's motions with regard to ABT-773 and to Abbott's right to further object to the deposition and seek a protective order based on, among other things, Mr. Dempsey's lack of knowledge regarding ABT-773. If Hancock does not intend to withdraw the notice of deposition for Mr. Dempsey, please inform Abbott immediately.

Sincerely,

Ozge Guzelsu

cc:    Jeffrey I. Weinberger, Esq.
       Gregory D. Phillips, Esq.
       Eric J. Lorenzini, Esq.
       Brian A. Davis, Esq.
       Joseph H. Zwicker, Esq.