UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>*Plaintiffs*,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>*Defendant*. | Civil Action No. 05-11150-DPW |

### MEMORANDUM OF DR. JEFFREY LEIDEN AND ABBOTT LABORATORIES IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF DR. JEFFREY LEIDEN

Dr. Jeffrey Leiden and Defendant Abbott Laboratories ("Abbott") respectfully submit this Memorandum in Support of their Emergency Motion for a Protective Order Regarding the Deposition of Dr. Jeffrey Leiden.

### INTRODUCTION

Dr. Leiden is the former President of Abbott's Pharmaceutical Products Group and served as the Chief Scientific Officer of Abbott. During the relevant time period, Dr. Leiden was the most senior Abbott executive involved in the matters at issue in this case. Dr. Leiden left Abbott in March 2006 and is now a partner in the venture capital firm of Clarus Ventures LLC. After much discussion between the parties regarding the scheduling of Dr. Leiden's deposition, Hancock agreed that Dr. Leiden should be deposed during the first weeks of December.

1229178.1

Thereafter, Dr. Leiden offered to appear on December 14. Hancock rejected that date without explanation.

Counsel for Hancock then told Abbott that Hancock planned to take Dr. Leiden's deposition during the week of December 18, when Dr. Leiden was unavailable due to a previously scheduled holiday vacation. Counsel for Abbott explained that Dr. Leiden was unavailable and offered to agree to waive the discovery cutoff and schedule Dr. Leiden's deposition for January 5. As it had done with the December 14 date, Hancock rejected the January 5 proposal. In one final effort to resolve this issue, Dr. Leiden agreed to make himself available for deposition at Hancock counsel's offices in Boston on January 5. Hancock again refused without explanation.

Hancock now has issued a notice for the deposition of Dr. Leiden on December 11, 2006, a date on which Hancock knows Dr. Leiden and his counsel are unavailable. Ignoring Dr. Leiden's attempts to mutually agree upon a date for his deposition, Hancock has insisted that Dr. Leiden either obtain a protective order from the Court or appear for deposition on the date it unilaterally selected. Hancock has made this assertion notwithstanding its failure to serve a subpoena on Dr. Leiden, as required by Rule 45 and requested by Dr. Leiden's counsel. Dr. Leiden and Abbott regret having to bring this issue to the Court's attention and would have preferred to resolve this scheduling issue amicably, but Hancock's intransigence has left Dr. Leiden and Abbott no option but to seek protection from the Court. Accordingly, Dr. Leiden and Abbott request that the Court issue a protective order prohibiting Hancock from proceeding with a deposition of Dr. Leiden on December 11 or any other date unilaterally selected by Hancock on which Dr. Leiden and/or his counsel are unavailable.

## STATEMENT OF FACTS

A.   **Background Regarding Deposition Scheduling**

In July 2006, Munger Tolles & Olson LLP were retained as counsel to Abbott in this case, replacing Winston & Strawn. Declaration of Jeffrey Weinberger ("Weinberger Decl."), ¶ 2. Abbott and Hancock agreed to a one month stay of discovery to allow Munger Tolles to acquaint itself with the facts of the case. *Id.* On July 21, 2006, Hancock informed Abbott that it wished to depose numerous current and former Abbott employees, including Dr. Leiden, and asked Abbott to confer with the witnesses to determine their availability. *Id.*, ¶ 3. The parties agreed that depositions would begin in late September, in part to allow for supplemental document productions. *Id.* Abbott asked Hancock to prioritize its requested depositions of Abbott current and former Abbott witnesses. *Id.*, ¶ 4. On September 13, 2006, Hancock informed Abbott that it first wanted to depose Bruce McCarthy, Liz Kowaluk, Michelle Campbell, Chris Silber, Perry Nisen, Diane D'Amico, and William Dempsey. *Id.*, Ex. 1 (Sept. 13, 2006 letter from Zwicker to Phillips and Satterwaith) at 1. Hancock did not tell Abbott that it wished to prioritize the deposition of Dr. Leiden. *Id.*

The depositions of Hancock and Abbott witnesses began in late September.[1] *Id.*, ¶ 5. Throughout discovery, Hancock has frequently demanded that Abbott witnesses appear for deposition on dates of Hancock's choosing, without regard for the availability of the witnesses or Abbott counsel. *Id.* Until now, despite Hancock's uncooperative approach, Abbott has been able to resolve such disputes without the need for court intervention. *Id.* To date, Hancock has deposed nine current and former Abbott employees. *Id.* Depositions of five additional Abbott witness are scheduled prior to December 15. *Id.*

---

[1] Hancock also deposed Abbott's 30(b)(6) witness regarding document production in July 2006. *Id.*

### B.    History Regarding Scheduling of Dr. Leiden's Deposition

On October 13, 2006, Hancock served Abbott with a notice, pursuant to Rule 30, purporting to require the deposition of Dr. Leiden on November 28, 2006, a date unilaterally selected by Hancock. *Id.*, ¶ 6, Ex. 2 (Notice of Deposition). Dr. Leiden is the former President and Chief Operating Officer of Abbott's Pharmaceutical Products Group. *Id.*, ¶ 7. As noted above, Dr. Leiden is no longer an employee of Abbott. He left the company in March 2006 and is now a partner in the venture capital firm of Clarus Ventures LLC. *Id.* Abbott informed Hancock that Dr. Leiden was unavailable on November 28, but could appear for a deposition on December 14. *Id.*, ¶ 8. Hancock refused that date, declaring without explanation that December 14 "does not work for John Hancock." *Id.*, Ex. 3 (Nov. 6, 2006 letter from Abati to Guzelsu) at 2; Ex. 4 (Nov. 8, 2006 letter from Weinberger to Abati) at 1. Hancock proposed November 30, December 1, and December 4, dates on which Dr. Leiden and/or his counsel were unavailable. *Id.*, ¶ 9. In order to accommodate Hancock, Abbott offered to agree to an exception to the discovery cutoff and schedule the deposition of Dr. Leiden on a mutually agreed-upon date after December 15. *Id.*, Ex. 5 (Nov. 13, 2006 email from Weinberger to Davis). Hancock rejected this offer and issued another deposition notice, this time purporting to require Dr. Leiden's deposition on December 4, 2006, a date it had just been informed was not available. *Id.*, ¶ 10, Ex. 6 (Revised Notice of Deposition). Abbott reiterated its offer to schedule the deposition on a mutually agreed upon date after the discovery cut-off, and specifically suggested January 5. *Id.*, Ex. 7 (Nov. 14, 2006 email from Weinberger to Davis). Hancock rejected the offer, without explanation, declaring that it would subpoena Dr. Leiden for the week of December 18, 2006 and that Abbott should "raise any objection with the Court on December 6, 2006." *Id.*, ¶ 11, Ex. 8 (Nov. 22, 2006 email from Zwicker to Weinberger). Abbott informed Hancock that Dr. Leiden

1229178.1                                    4

was unavailable the week of December 18 and that the earliest Mr. Weinberger and Mr. Leiden were both available, other than December 14, was January 5. Weinberger Decl., ¶ 11, Ex. 9. Despite repeated requests, Hancock's counsel could not explain the urgency of taking Dr. Leiden's deposition during the week before Christmas, as opposed to January 5. *Id.*, ¶ 11.

In a further effort to resolve the dispute, Abbott counsel Mr. Weinberger and Mr. Lorenzini met and conferred with Hancock counsel Brian Davis in person on November 16. Weinberger Decl., ¶ 12; Lorenzini Decl., ¶ 2. Mr. Weinberger repeated his offer to make Dr. Leiden available for deposition on December 14. *Id.* He also offered to inquire into Dr. Leiden's availability on other days during the week of December 11. *Id.* Mr. Davis rejected those offers out of hand, saying he was unavailable the week of December 11, that a deposition of Dr. Leiden any day that week was out of the question and that Abbott should not bother to further discuss the issue. *Id.* During that meeting, Mr. Weinberger reiterated his offer to make an exception to the December 15 discovery cut-off and allow Dr. Leiden's deposition to proceed on January 5. *Id.* Mr. Davis rejected the offer to schedule Mr. Leiden's deposition on January 5. *Id.* Mr. Weinberger also informed Mr. Davis that since they had been unable to reach agreement on a deposition date, Mr. Davis would need to serve a subpoena on Dr. Leiden.[2] *Id.* Mr. Davis agreed to serve a subpoena and said he would contact Abbott's counsel for Dr. Leiden's address. *Id.*

Hancock never issued a subpoena or contacted Abbott counsel about it, but instead, on November 28, issued another revised deposition notice purporting to require Dr. Leiden's deposition on December 20. Weinberger Decl., ¶ 13, Ex. 10 (Further Revised Deposition Notice). Abbott counsel reiterated to Hancock that Dr. Leiden was unavailable the week of

---

[2] Mr. Weinberger expressly noted that, with or without a subpoena, Dr. Leiden was unavailable during the week of December 18. *Id.*

December 18 since he had a prepaid vacation to the Caribbean. *Id.*, ¶ 13, Ex. 11. Abbott reminded Hancock that it had previously offered to make Dr. Leiden available on December 14 or other dates that week, but that Hancock had rejected that offer. *Id.* Abbott repeated its offer to agree to an exception to the discovery cut-off and make Dr. Leiden available on January 5. *Id.* As a further demonstration of good faith, Abbott's counsel also proposed that if Hancock agreed to January 5, Dr. Leiden would appear at Choate, Hall, and Stewart's offices in Boston, rather that in Chicago where he lives. *Id.* In response, Hancock – deliberately misconstruing the email as offering to make Dr. Leiden available on any day during the week of December 11 – issued yet another revised deposition notice, purporting to require Dr. Leiden's deposition on December 11, the week it had previously stated was out of the question. *Id.*, ¶ 13, Ex. 12 (Further Revised Notice of Depo.).

Abbott explained that Dr. Leiden and Mr. Weinberger were unavailable on December 11, since Hancock had long ago rejected Abbott's suggestion of scheduling the deposition during that week and the witness and counsel had made other plans in reliance on Hancock's statement that the entire week was unacceptable. *Id.*, ¶ 14, Ex. 13 (Dec. 3, 2006 email chain). Abbott reiterated its offer to agree to an exception to the discovery cut-off and allow Dr. Leiden's deposition to proceed on January 5. *Id.* Hancock again rejected that offer, declaring that "we're not moving Dr. Leiden's deposition from Dec. 11. If Abbott wants relief from that date, it can ask for it from Judge Woodlock" at the hearing on December 6. *Id.*

Dr. Leiden and his counsel, Mr. Weinberger, are not available for deposition on December 11 (or the other dates unilaterally selected by Hancock). Dr. Leiden is a partner at Clarus Ventures LLC and is busy working on a deal that is expected to close during the first part of that week. *Id.*, ¶ 15. Also, Mr. Weinberger is not available to travel to Chicago on Saturday,

1229178.1                                6

December 8, prepare Dr. Leiden for deposition on Sunday, and defend him on Monday, having made prior commitments after being told not to bother proposing scheduling Dr. Leiden's deposition that week. *Id.*

## ARGUMENT

Hancock has engaged in a repeated pattern of serving deposition notices purporting to require Dr. Leiden, a third party, to appear for deposition on dates of its choosing despite being informed that Dr. Leiden and/or his counsel are unavailable on those dates and despite being offered alternate dates. Hancock also has disregarded the Federal Rules of Civil Procedure by purporting to compel the deposition of Dr. Leiden by deposition notice, rather than subpoena. Mr. Leiden is a third party, so his attendance at a deposition cannot be compelled without a valid subpoena. See Fed. R. Civ. Proc. 45. Dr. Leiden and Abbott have cooperated with Hancock to attempt to schedule the *voluntary* appearance of Dr. Leiden at a mutually-agreed upon date, pursuant to a deposition notice. But Dr. Leiden has never waived his right, in the absence of a voluntary agreement, to object to any attempt by Hancock to compel his deposition based on an invalid deposition notice. When it appeared that the parties would not be able to voluntarily agree on a deposition date, Dr. Leiden's counsel asked Hancock to serve a subpoena on Dr. Leiden. Despite agreeing to do so, Hancock inexplicably served another deposition notice for a date it knew was unacceptable, and demanded that Dr. Leiden appear pursuant to the notice.

Under Rule 26(c), the Court, for good cause shown, may make any order which justice requires to protect a party or person from, *inter alia*, annoyance, oppression, or undue burden, including "that the disclosure of discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(2). There is good cause for the issuance of a protective order based on (1) Hancock's pattern of repeatedly issuing notices

for the deposition of Dr. Leiden, regardless of the schedule of the witness, (2) the unavailability of Dr. Leiden and his counsel on December 11; (3) the lack of any subpoena compelling Dr. Leiden's attendance; and (4) Dr. Leiden's offer to appear on alternate dates, including January 5, and Abbott's agreement to allow the deposition to proceed on January 5, notwithstanding the discovery cutoff. Indeed, Hancock cannot explain why it was willing to proceed with Dr. Leiden's deposition on December 20, in the middle of the holiday season, but not on January 5, immediately after the holiday season. There is no valid reason for Hancock's stubborn intransigence. Abbott requests that the Court issue an order pursuant to Rule 26(c) declaring that Dr. Leiden need not appear for deposition on December 11 and that the deposition shall proceed on a date, before or after December 15, 2006, to be mutually agreed upon by Dr. Leiden, his counsel, and Hancock. Dr. Leiden's offer to appear on January 5 (but in Chicago not Boston) still stands.

Dated: December 5, 2006

Respectfully submitted,

DR. JEFFREY LEIDEN and

ABBOTT LABORATORIES

By: /s/ Michael S. D'Orsi
    Michael S. D'Orsi

One of their attorneys

Peter E. Gelhaar (BBO#188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

and

Jeffrey I. Weinberger (*pro hac vice*)
Gregory D. Phillips (*pro hac vice*)
Eric J. Lorenzini *(pro hac vice)*
Ozge Guzelsu *(pro hac vice)*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Tele: (213) 683-9100
*Counsel for Abbott Laboratories & Dr. Jeffrey Leiden*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 5, 2006.

Date: December 5, 2006.

/s/ Michael S. D'Orsi
Michael S. D'Orsi
