## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), | ) ) ) ) ) ) ) | Civil Action No. 05-11150-DPW |
| *Plaintiffs,* | ) ) ) | |
| v. | ) ) ) | |
| ABBOTT LABORATORIES, | ) ) ) | |
| *Defendant.* | ) | |

## DECLARATION OF JEFFREY WEINBERGER

I, Jeffrey Weinberger, hereby declare and state:

1.      I currently am employed as a partner at Munger, Tolles & Olson LLP. I make this declaration in support of the Motion of Jeffrey Leiden and Abbott Laboratories for a Protective Order. I make this declaration upon personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

2.      In July 2006, Munger Tolles & Olson LLP were retained as counsel to Abbott in this case, replacing Winston & Strawn. Abbott and Hancock agreed to a one month stay of discovery to allow Munger Tolles to acquaint itself with the facts of the case.

3.      On July 21, 2006, Hancock informed Abbott that it wished to depose numerous current and former Abbott employees, including Dr. Leiden, and asked Abbott to confer with the witnesses to determine their availability. The parties agreed that depositions would begin in late September, in part to allow for supplemental document productions.

4.      Abbott asked Hancock to prioritize its requested depositions of Abbott current and former Abbott witnesses. On September 13, 2006, Hancock informed Abbott that it first wanted to depose Bruce McCarthy, Liz Kowaluk, Michelle Campbell, Chris Silber, Perry Nisen, Diane D'Amico, and William Dempsey. Attached as Exhibit 1 is a true and correct copy of a September 13, 2006 letter from Hancock counsel Joe Zwicker to Abbott counsel Greg Phillips and Robert Satterwaith requesting prioritization of certain witnesses. Hancock did not tell Abbott that it wished to prioritize the deposition of Dr. Leiden.

5.      The depositions of Hancock and Abbott witnesses (other than the deposition of Abbott's 30(b)(6) witness regarding document production) begin in late September. Throughout discovery, Hancock has frequently demanded that Abbott witnesses appear for deposition on dates of Hancock's choosing, without regard for the availability of the witnesses or Abbott counsel. Until now, despite Hancock's uncooperative approach, Abbott has been able to resolve such disputes without the need for court intervention. To date, Hancock has deposed nine current and former Abbott employees. Depositions of five additional Abbott witness are scheduled prior to December 15.

6.      On October 13, 2006, Hancock served Abbott with a notice, pursuant to Rule 30, purporting to require the deposition of Dr. Leiden on November 28, 2006, a date

unilaterally selected by Hancock. Attached as Exhibit 2 is a true and correct copy of the Notice of Deposition of Dr. Leiden served by Hancock.

7.    Dr. Leiden is the former President and Chief Operating Officer of Abbott's Pharmaceutical Products Group. He left the company in March 2006 and is now a partner in the venture capital firm of Clarus Ventures LLC.

8.    Abbott informed Hancock that Dr. Leiden was unavailable on November 28, but could appear for a deposition on December 14. In a November 6, 2006 letter, Hancock refused Abbott's offer to make Dr. Leiden available on December 14, declaring without explanation that December 14 "does not work for John Hancock." Attached as Exhibit 3 is a true and correct copy of a November 6, 2006 letter from Hancock counsel Richard Abati to Abbott counsel Özge Güzelsu. Attached hereto as Exhibit 4 is a true and correct copy of a November 8, 2006 letter from Ms. Guzelsu to Mr. Abati, responding to his November 6 letter.

9.    Hancock proposed November 30, December 1, and December 4, dates that were not feasible for me and/or Dr. Leiden. In order to accommodate Hancock, Abbott offered to agree to an exception to the discovery cutoff and schedule the deposition of Dr. Leiden on a mutually agreed-upon date after December 15. Attached as Exhibit 5 is a true and correct copy of a November 13, 2006 email from me to Mr. Davis explaining that December 4 was not available but offering to waive the discovery cut-off to allow for Dr. Leiden's deposition after December 15.

10.    Hancock rejected the offer to schedule the deposition of Dr. Leiden after December 15 and issued another deposition notice, this time purporting to require Dr. Leiden's deposition on December 4, 2006, the date I had said was not feasible. Attached as Exhibit 6 is a

true and correct copy of a Revised Notice of Deposition served by Hancock. In response, Abbott reiterated its offer to schedule the deposition on a mutually agreed upon date after the discovery cut-off, and specifically suggested January 5. Attached as Exhibit 7 is a true and correct copy of a Nov. 14, 2006 email from me to Mr. Davis making this offer.

11.    Hancock rejected the offer to make Dr. Leiden available for deposition on January 5, without explanation, declaring that it would subpoena Dr. Leiden for the week of December 18, 2006 and that Abbott should "raise any objection with the Court on December 6, 2006." Attached as Exhibit 8 is a true and correct copy of an email from Hancock counsel Joseph Zwicker. Abbott informed Hancock that Dr. Leiden was not available the week of December 18 and the earliest date he and Mr. Weinberger were both available, other than December 14, was January 5. Attached as Exhibit 9 is a true and correct copy of an email from me to Mr. Davis. Despite repeated requests, Hancock's counsel could not explain the urgency of taking Dr. Leiden's deposition during the week before Christmas, as opposed to January 5.

12.    In a further effort to resolve the dispute, my colleague Mr. Lorenzini and I met and conferred with Mr. Davis in person in Boston on November 16. I repeated the offer to make Dr. Leiden available for deposition on December 14. I also offered to inquire into Dr. Leiden's availability on other days during the week of December 11. Mr. Davis rejected those offers out of hand, saying he was unavailable the week of December 11, that a deposition of Dr. Leiden any day that week was out of the question and that Abbott should not bother to further discuss the issue. During that meeting, I also reiterated Abbott's offer to make an exception to the December 15 discovery cut-off and allow Dr. Leiden's deposition to proceed on January 5. Mr. Davis rejected the offer to schedule Mr. Leiden's deposition on January 5. I also informed Mr. Davis that since they had been unable to reach agreement on a deposition date, Mr. Davis

would need to serve a subpoena on Dr. Leiden. Mr. Davis agreed to serve a subpoena and said he would contact Abbott's counsel for Dr. Leiden's address.

13.    Hancock never issued a subpoena or contacted Abbott counsel about it, but instead, on November 28, issued another revised deposition notice purporting to require Dr. Leiden's deposition on December 20. Attached as Exhibit 10 is the Further Revised Deposition Notice served by Hancock. In response, on December 1, Mr. Lorenzini sent an email to Mr. Davis reiterating that Dr. Leiden was unavailable the week of December 18 because he would be on a prepaid vacation in the Caribbean. Attached as Exhibit 11 is a true and correct copy of Mr. Lorenzini's email. Mr. Lorenzini reminded Hancock that Abbott had previously offered to make Dr. Leiden available on December 14 or other dates that week, but that Hancock had rejected that offer. Mr. Lorenzini repeated Abbott's offer to agree to an exception to the discovery cut-off and schedule Dr. Leiden's deposition on January 5. Mr. Lorenzini's email also proposed that if Hancock agreed to January 5, Dr. Leiden would appear at Choate, Hall, and Stewart's offices in Boston, rather than in Chicago where he lives. In response, Hancock – deliberately misconstruing the email as offering to make Dr. Leiden available on any day during the week of December 11 – issued another revised deposition notice, purporting to require Dr. Leiden's deposition on December 11, the week it had previously stated was out of the question. Attached as Exhibit 12 is a true and correct copy of the Further Revised Notice of Deposition served by Hancock.

14.    In emails sent on December 1 and December 3, Mr. Lorenzini and I explained that Dr. Leiden and Mr. Weinberger were unavailable on December 11, since Hancock had long ago rejected Abbott's suggestion of scheduling the deposition during that week and the witness and counsel had made other plans in reliance on Hancock's statement that the entire

week was unacceptable. We reiterated Abbott's offer to agree to an exception to the discovery

cut-off and allow Dr. Leiden's deposition to proceed on January 5. Hancock again rejected

Abbott's offer, declaring that "we're not moving Dr. Leiden's deposition from December 11. If

Abbott wants relief from that date, it can ask for it from Judge Woodlock" at the hearing on

December 6. Attached hereto as Exhibit 13 is a true and correct copy of a December 3, 2006

email exchange between Abbott and Hancock counsel.

      15.    Dr. Leiden and I are not available for deposition on December 11 (or the

other dates unilaterally selected by Hancock). Dr. Leiden is a partner at Clarus Ventures LLC

and he is busy working on a deal that is expected to close during the first part of that week.

Also, I am not available to travel to Chicago on Saturday, December 8, prepare Dr. Leiden for

deposition on Sunday and defend him on Monday, having made prior commitments after being

told by Hancock not to bother proposing scheduling Dr. Leiden's deposition that week.

      I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct and that this declaration is executed this 5th day of

December, 2006, in Los Angeles, California.

            /s/ Jeffrey Weinberger
            Jeffrey Weinberger

1229475.1

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 5, 2006.

Date: December 5, 2006.

/s/ Michael S. D'Orsi
Michael S. D'Orsi

1229475.1

Exhibit 1

# C|H|O|A|T|E

CHOATE HALL & STEWART LLP

September 13, 2006

Joseph H. Zwicker
(617) 248-5065
jzwicker@choate.com

BY ELECTRONIC & OVERNIGHT MAIL

Gregory D. Phillips, Esq.
Robert Satterthwaite, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Re:  John Hancock Life Insurance Company, *et al.*
     v. Abbott Laboratories
     Civil Action No. 05-11150-DPW

Dear Greg & Rob:

I am writing to summarize our meet and confer of September 12, 2006 and to follow up on the outstanding issues. As necessary, I also respond to Rob's letter of September 6, 2006.

**I.     Deposition Scheduling and Abbott's Document Production**

A. Abbott's Deponents

We continue to await dates for Azmi Nabulsi and Carol Meyer. If you are having difficulty locating them, please provide their last known addresses so that we may search for them ourselves. We need to get them on the calendar.

You agreed to notify us as to whether the McCarthy deposition will go forward in Chicago or Ann Arbor on September 29. The next Abbott deponents requested by John Hancock are: Liz Kowaluk; Michelle Campbell; Chris Silber; Perry Nisen; Diane D'Amico; and William Dempsey. Please propose dates for them during the last week of September and the first two weeks of October. John Hancock agreed, with all rights reserved, to postpone the substantive and custodian 30(b)(6) depositions for the time-being.

During our call, we agreed to postpone our respective deposition requests for certain senior-level employees. Specifically, John Hancock agreed to withdraw, with all rights reserved, its notice of deposition for Miles White for October 3, 2006. In turn, Abbott agreed to postpone its informal request for the depositions of present or former John Hancock employees John DiCiccio, David D'Alessandro, Foster Aborn, and

Letter to Gregory D. Phillips, Esq. &
Robert Satterthwaite, Esq.
September 13, 2006
Page 2

Stephen Brown. We agreed to revisit the need for some or all of these depositions later in the discovery process.

B.     John Hancock's Deponents

We proposed Shannon Walsh's deposition for September 21, 2006 here in Boston. Scott Hartz is available the week of October 9-13, 2006. We are prepared to arrange the depositions of former employees Roger Nastou, Barry Welch and John Mastromarino in Boston if Abbott still wishes to depose them. Please let me know. I believe we have now covered your first group of deponents and expect to receive your next group shortly.

C.     Abbott's Supplemental Document Production

At your request, we prioritize the outstanding documents as follows. First, all documents created by, or in connection with, DSG and PEC review or analysis for any of the Program Compounds. These documents include the files of DSG or PEC participants. Second, the paper and electronic files of the following subcategory of persons whose files Abbott has already agreed to review: Michael Biarnsen; William Dempsey; Bryan Fox; Nigel Livesey; James Sullivan; James Thomas; and Marleen Verlinden. Abbott has agreed to search the files of 26 persons. We have narrowed the list to seven, all of whom had responsibility for ABT-594. Our rational is a fair one: the impending depositions of Collicott and McCarthy directly involve ABT-594.

Although we are sensitive to the fact that you are still coming up to speed in the matter, Abbott must commit to a firm date to commence and complete its supplemental document production. As you know, the Collicott and McCarthy depositions are set for September 28 and 29, respectively. Therefore, we must have the priority documents no later than September 21, 2006. As for the remaining documents, we propose September 28, 2006 in order that we have ample time to prepare for the next round of depositions beginning (we expect) in early October. We have been reluctant to involve the Court in this issue and would prefer to resolve it informally. In any event, we will hear from you over the next day or so regarding production dates.

John Hancock also requested that Abbott locate and search (if it has not already done so) the paper and electronic files of Diane D'Amico, Paige Gjelsten and Jim Looman, all of whom were involved in the development of ABT-518.

Letter to Gregory D. Phillips, Esq. &
Robert Satterthwaite, Esq.
September 13, 2006
Page 3

II.    **Discovery and Motion Scheduling**

    A.    Abbott's Motion to Dismiss and John Hancock's Cross-Motion for Summary Judgment

    We agreed that Abbott will file its Opposition to John Hancock's Cross-Motion and its Reply to Hancock's Opposition to Abbott's Motion to Dismiss on October 4, 2006. We further agreed that John Hancock will file its Reply to Abbott's Opposition to Hancock's Cross-Motion on October 18.

    B.    John Hancock's Motion to Compel

    We agreed that John Hancock will file its Motion to Compel on September 22, 2006; that Abbott will file its Opposition on October 6; and that Hancock will file its Reply on October 20. In the event John Hancock's motion ultimately is granted, it reserves all its discovery rights, including, but not limited to, re-noticing previously taken depositions based on newly produced documents.

    C.    Expert and Fact Discovery Scheduling

    We have had an opportunity to discuss your proposal regarding fact and expert discovery. We propose the following modified schedule, which will have to be approved by the Court:

    Expert Reports: 10/13/06

    Rebuttal Expert Reports: 12/1/06

    Close of Fact Discovery: 12/15/06

    Close of Expert Discovery: 1/24/07

    Filing of Dispositive Motions: 2/26/07

    Status Conference: 3/22/07 (unchanged)

    Oppositions to Dispositive Motions: 3/23/07

    Replies to Oppositions: 4/13//06

    Our proposal has the advantage from the Court's point of view of moving the fact discovery cut-off only two weeks, and completing fact and expert discovery, as well as having dispositive motions on file, by the status conference on March 22, 2007. In the

Letter to Gregory D. Phillips, Esq. &
Robert Satterthwaite, Esq.
September 13, 2006
Page 4

meantime, the parties have agreed among themselves that no opening expert reports are due on September 15, 2006.

    D.    <u>Stipulation</u>

You agreed to prepare a stipulation regarding the items in Section II. A-C above.

## III. Other Issues

I trust that you now have my letter of August 18, 2006 regarding John Hancock's responses and supplemental responses to Abbott's first set of interrogatories. We expect to serve you with a supplemental privilege log addressing the StoneTurn materials by tomorrow.

Please let me know if I have in anyway misstated our agreement. Thank you for your cooperation.

Very truly yours,

Joseph H. Zwicker

JHZ:bcd

cc:    Brian A. Davis, Esq.
       Richard C. Abati, Esq.
       Stacy Blasberg, Esq.

4120160v1

Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock

Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife

Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")

will take the deposition of Jeffrey Leiden on Tuesday, November 28, 2006 commencing at

9:00 a.m. at the office of Levenfeld Pearlstein LLC, 2 North LaSalle Street, Chicago, Illinois.

4129584v1

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

> JOHN HANCOCK LIFE INSURANCE
> COMPANY, JOHN HANCOCK VARIABLE
> LIFE INSURANCE COMPANY, and
> MANULIFE INSURANCE COMPANY
> (f/k/a INVESTORS PARTNER INSURANCE
> COMPANY)
>
> By its attorneys,
>
> Brian A. Davis (BBO No. 546462)
> Joseph H. Zwicker (BBO No. 560219)
> Richard C. Abati (BBO No. 651037)
> Stacy L. Blasberg (BBO No. 657420)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> Tele: (617) 248-5000
> Fax: (617) 248-4000

Date:    October 13, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 13th day of October, 2006.

Richard C. Abati

4129584v1

**Exhibit 3**

# C|H|O|A|T|E

CHOATE HALL & STEWART LLP

November 6, 2006

Richard C. Abati
(617) 248-5076
rabati@choate.com

BY ELECTRONIC & REGULAR MAIL

Ozge Guzelsu, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Re:    John Hancock Life Insurance Company, *et al.*
       v. Abbott Laboratories
       Civil Action No. 05-11150-DPW

Dear Ozge:

This responds to your letter of Friday, November 3, 2006, and Jeffrey Weinberger's e-mail of earlier today.

## Deposition Scheduling

Before addressing each of the scheduling issues raised in your correspondence individually, John Hancock notes that Abbott's overall approach to deposition scheduling has been unfair. Specifically, Abbott has repeatedly delayed the scheduling of depositions noticed by John Hancock in an apparent effort to cause the parties to run afoul of the discovery deadline on December 15, 2006, and to be in a position to blame John Hancock for any failure to meet this deadline. The only depositions confirmed prior to the week of Thanksgiving are those noticed by Abbott. This is the case even though John Hancock apprised Abbott of its desire to notice the depositions of nearly every individual identified in its November 2, 2006 letter more than a month ago (and, in many cases, as long ago as *July* of this year). Thus, we are not receptive to your self-serving claims of "disapoint[ment]," "surprise[]" and "puzzle[ment]." Nor will John Hancock relinquish its rights to a properly noticed deposition based on Abbott's threats of deposing the clichéd "empty chair." Fact discovery ends in five weeks. John Hancock cannot wait forever for Abbott to agree to deposition dates. If Abbott is unable to confirm a date for a particular deposition that is convenient to John Hancock, then it is Abbott's obligation to seek a protective order to stop it. Although John Hancock has repeatedly agreed to postpone properly noticed depositions based on the alleged inconvenience to Abbott witnesses, this courtesy cannot continue if Abbott refuses to confirm dates acceptable to John Hancock.

Letter to Ozge Guzelsu, Esq.
November 6, 2006
Page 2

Michelle Campbell: This deposition is confirmed for December 13, 2006.

Jeffrey Leiden: This deposition is properly noticed for November 28, 2006. Your proposed date of December 14, 2006 does not work for John Hancock. However, John Hancock is available to depose Dr. Leiden on November 30 or December 1, 2006. Please confirm one of these dates. Otherwise, we expect Dr. Leiden to appear on November 28th.

Jim Looman: John Hancock requested the scheduling of this deposition more than a month ago. *See* Letter from Richard C. Abati to Robert Satterthwaite dated October 4, 2006. On November 1, 2006, you advised us for the first time that Mr. Looman "lives and works in the Netherlands and has no upcoming trips to the United States scheduled." Letter from Ozge Guzelsu to Richard C. Abati dated November 1, 2006. You also asked whether John Hancock would be interested in conducting this deposition in the Netherlands. *Id.* Based on John Hancock's affirmative answer, you are now proposing that the deposition proceed in the United States based on Mr. Looman's "availability to come to the United States for his deposition prior to the December 15th fact discovery cutoff." John Hancock wishes to depose Mr. Looman in the United States or in the Netherlands before December 15, 2006. Please provide available dates and times immediately.

Michael Meyer: This deposition is properly noticed for November 30, 2006. Your proposed dates of December 8 and 12, 2006 do not work for John Hancock. However, as an accommodation to Abbott, John Hancock will agree to depose Mr. Meyer on December 7, 2006. Please confirm this date. Otherwise, we expect Mr. Meyer to appear on November 30th.

Perry Nisen: This deposition is properly noticed for November 20, 2006. The parties previously agreed to conduct this deposition from 11 a.m. to 5 p.m. (EST) on this date. John Hancock has repeatedly stated its intention, in good faith, to complete Mr. Nisen's deposition in this timeframe. John Hancock intends to go forward on the 20th.

Tom Woidat: This deposition is confirmed for December 14, 2006. We will send you a Revised Notice of Deposition shortly. (Based on

Letter to Ozge Guzelsu, Esq.
November 6, 2006
Page 3

the confirmation of December 14th for Mr. Woidat, we will also be sending you a Revised Notice for Stanley Bukofzer, whose deposition (see below) is currently noticed for the same date).

Amy Weed:        John Hancock states that it will not solicit or present any testimony or other evidence in this proceeding from Amy Weed. Accordingly, please confirm that Abbott will withdraw its request to depose Ms. Weed.

Todd Janus:      Abbott has confirmed that it will not solicit or present any testimony or other evidence in this proceeding from Dr. Janus. Accordingly, if Abbott agrees to withdraw its request to depose Ms. Weed, John Hancock will also withdraw its request to depose Dr. Janus (subject to a full reservation of rights).

David Morris:    This deposition has been deferred by John Hancock (with a full reservation of rights). Nothing more needs to be said regarding this deposition.

Chris Silber:    This deposition is confirmed for December 12, 2006.

Daphne Pals:     This deposition is properly noticed for December 12, 2006. Based on Abbott's refusal to confirm whether it intends to obtain and rely upon new testimony from Daphne Pals, we expect Ms. Pals to appear on December 12th.

Brian Smith:     This deposition is properly noticed for December 14, 2006. Based on Abbott's refusal to confirm whether it intends to obtain and rely upon new testimony from Brian Smith, we expect Mr. Smith to appear on December 14th.

Non-518/594:     See below.

## Abbott's "Supplemental Document Production"

We acknowledge your disclosure that Abbott has encountered "issues" regarding the completion of its document production. I simply repeat John Hancock's concerns that Abbott's delayed and inadequate production has adversely impacted John Hancock's ability to undertake and complete its own discovery, as well as John Hancock's ability to identify, retain and prepare appropriate expert witnesses. In order to avoid further prejudice to John Hancock, Abbott must complete its document production immediately.

Letter to Ozge Guzelsu, Esq.
November 6, 2006
Page 4

## Diane D'Amico's Electronic and Hard Copy Files

As stated in my November 2, 2006 letter, once John Hancock has reviewed Abbott's production of electronic (including e-mail) and hard copy files (which is still outstanding), Hancock will notify Abbott whether it intends to re-notice Ms. D'Amico's deposition.

## The Depositions of Non-518/594 Witnesses, If Appropriate

Your letter confirms that Abbott agrees with John Hancock (and the Court) that the hearing on December 6, 2006 will address Hancock's request to depose Dr. Stanley Bukofzer and any other witness with responsibility for the development, viability or termination of any of the terminated Program Compounds subject to the Research Funding Agreement dated March 13, 2001. Unfortunately, Abbott refuses to cooperate with John Hancock in the scheduling of these depositions prior to the hearing. As stated previously, John Hancock's only motivation is to avoid the practical hurdles posed by the near coincidence of the hearing on the 6th and the close of fact discovery on the 15th. It is John Hancock's view that should the Court grant the relief sought by John Hancock, then the parties should be in a position to provide the Court with an agreed-upon schedule to complete the non-518/594 depositions before or shortly after the fact discovery deadline. This approach is particularly logical in light of the scheduling conflicts invariably posed by the holiday season (which increase with time). Left with no alternative, John Hancock, therefore, stands on the Notices of Deposition dated November 2, 2006 for Stanley Bukofzer, Carol Meyer and William Dempsey. With respect to Mr. Dempsey, John Hancock states simply that discovery in this matter has revealed his involvement in the termination of ABT-773. *See e.g.,* ABBT 209487.

Very truly yours,

Richard C. Abati

Enclosures

cc:   Gregory D. Phillips, Esq.
      Jeffrey I. Weinberger, Esq.
      Eric Lorenzini, Esq.
      Brian A. Davis, Esq.
      Joseph H. Zwicker, Esq.
      Karen Collari Troake, Esq.

4140553.1

Exhibit 4

MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE

THIRTY-FIFTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

——————

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

November 8, 2006

WRITER'S DIRECT LINE
(213) 683-9196
(213) 683-4096 FAX
Ozge.Guzelsu@mto.com

**VIA E-MAIL AND U.S. MAIL**

Richard C. Abati, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA  02110

     Re:   <u>John Hancock Life Ins. Co., *et al.* v. Abbott Laboratories</u>

Dear Rich:

     This letter is in response to your letter of November 6, 2006.

**Deposition Scheduling**

     (1)    Jeffrey Leiden:  As we stated to you in our letter of November 6, 2006, Dr. Leiden is a third party and is not available on the dates you requested.  You have offered no reason as to why "December 14, 2006 does not work for John Hancock" and frankly, no excuse would justify Hancock's unreasonableness in scheduling this deposition for a date which is inconvenient for Dr. Leiden.  We should stop wasting time with  further correspondence in which you repeat your intention to depose him on November 28 pursuant to your unilateral notice.  Please advise us if you do not want Dr. Leiden to keep December 14, 2006 open for his deposition.

     (2)    Jim Looman:  Jim Looman will be flying in from the Netherlands and is available for his deposition on December 14, 2006.

MUNGER, TOLLES & OLSON LLP

Richard C. Abati
November 8, 2006
Page 2

(3)    Michael Meyer: Abbott confirms that Dr. Meyer is available for his deposition on December 7, 2006.

(4)    Perry Nisen: We originally informed you that Dr. Nisen was available on November 21, but you rejected that date without explanation. We then offered to attempt to schedule Dr. Nisen for November 20. Unfortunately, because of Dr. Nisen's other commitments that day, our need to allow adequate time to travel from Los Angeles to Philadelphia and meet with the witness prior to the deposition, and your unwillingness to stipulate to complete his deposition within the time Dr. Nisen has available, it has been impossible for us to reach agreement on scheduling of Dr. Nisen's deposition on that day. Therefore, we offered to make Dr. Nisen available on November 22. You have completely ignored that offer, continuing to insist on November 20, a date that is not practical for us or the witness. Please let us know whether Dr. Nisen should continue to hold November 22 open on his calendar. Again, let's not waste time and paper with more correspondence in which you repeat you intention to take this deposition on the date of your choice, without regard to the schedule of either the witness or opposing counsel.

(5)    Amy Weed: As stated in our November 3, 2006 letter, Abbott is willing to defer its request to depose Amy Weed if Hancock provides the same type of relatively detailed information about Ms. Weed that Abbott provided to you regarding Dr. Janus. Specifically, we need to have Hancock confirm in writing that Ms. Weed has no recollection of any of the contract provisions that have been referenced in pleadings or briefs in this matter or of the negotiations between the parties regarding such provisions. You did not address this point in your letter. If Hancock makes this representation in writing, Abbott will defer its request to depose Ms. Weed.

(6)    Daphne Pals and Brian Smith: Ms. Pals and Mr. Smith are both third parties and Abbott will provide Hancock with dates for these depositions as soon as it obtains dates from these individuals.

Finally, this is to remind you again that the parties in this action are limited to twenty fact witness depositions per side. Accordingly, once Hancock has taken its twentieth fact witness deposition, it will not be able to take any more depositions of either Abbott employees or third parties.

Sincerely,

Ozge Guzelsu

cc:    Jeffrey I. Weinberger, Esq.
       Gregory D. Phillips, Esq.
       Eric J. Lorenzini, Esq.
       Brian A. Davis, Esq.
       Joseph H. Zwicker, Esq.

**Exhibit 5**

## Lorenzini, Eric

| | |
|---|---|
| **From:** | Weinberger, Jeffrey |
| **Sent:** | Monday, November 13, 2006 2:38 PM |
| **To:** | 'Davis, Brian' |
| **Cc:** | Zwicker, Joseph H. |
| **Subject:** | RE: Leonard Deposition |

I'm not sure I see the connection between these two issues but I can't confirm the December 4 date for numerous reasons: (1) Having the deposition on a Monday gives us no ability to prepare the witness; (2) More importantly I am not available on December 4, and neither is Dr. Leiden. I really don't see any other slot to do this deposition except the date I gave you. One possibility is to put off this deposition until after the cut-off, probably to January. While I need to confirm this with my client, I think we would be agreeable to that.

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.*

-----Original Message-----
**From:** Davis, Brian [mailto:BDavis@choate.com]
**Sent:** Monday, November 13, 2006 2:22 PM
**To:** Weinberger, Jeffrey
**Cc:** Zwicker, Joseph H.
**Subject:** RE: Leonard Deposition

Jeff,

If you can confirm that Dr. Leiden's deposition will take place on Dec. 4, then I believe that I can rearrange my schedule to accommodate your request.

Brian Davis

CHOATE
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5056
Fax: 617-248-4000
E-mail: bad@choate.com

-----Original Message-----
**From:** Weinberger, Jeffrey [mailto:Jeffrey.Weinberger@mto.com]
**Sent:** Monday, November 13, 2006 3:25 PM
**To:** Davis, Brian; Zwicker, Joseph H.
**Subject:** Leonard Deposition

Is it possible to move this deposition by one day to November 30 due to a scheduling conflict?

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.*

---

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

Exhibit 6

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## REVISED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock

Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife

Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")

will take the deposition of Jeffrey Leiden on Monday, December 4, 2006 commencing at

9:00 a.m. at the office of Levenfeld Pearlstein LLC, 2 North LaSalle Street, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

---

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   November 14, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 14th day November, 2006.

_____
Joseph H. Zwicker

4144728v1

3

Exhibit 7

# Lorenzini, Eric

| | |
|---|---|
| **From:** | Weinberger, Jeffrey |
| **Sent:** | Tuesday, November 14, 2006 10:28 AM |
| **To:** | 'Davis, Brian' |
| **Cc:** | 'Peter N Witty'; Phillips, Gregory; Lorenzini, Eric; Guzelsu, Ozge |
| **Subject:** | RE: Leonard Deposition |

It is unfortunate that, in response to a suggestion I made simply to accommodate everyone's schedule conflicts, including yours, we are once again faced with unfounded accusations about non-cooperation which I now have to respond to. I only offered to extend the cut-off as an accommodation to you, since you apparently have a conflict during the last week of discovery. My offer still stands. This hardly demonstrates non-cooperation, as you claim. When you first asked for Leiden's deposition, we had just come into the case and clearly not in a position to begin depositions. No depositions were even commenced until the end of September. You fail to mention that you not only asked for Leiden but many other witnesses and we have (successfully) been able to coordinate all of these demands and get you witnesses on a timely basis throughout this very short period. I hope you aren't going to accuse us of intentionally offering all of them at the close of discovery as you now appear to be doing with respect to Leiden. Some witnesses obviously have to come at the end of the discovery period, especially when its so short and you have demanded so many people. Its ironic that you so freely accuse us of being non-cooperative when, without explanation, you refuse to move Dr. Leonard's deposition by one day because of a conflict that arose after we scheduled it. You also have not indicated what your conflict is on December 14 or what other dates might work for you that week. Please keep in mind that Dr. Leiden is not an Abbott employee so we need to keep his work commitments and schedule in mind as well. December 4 does not work, nor does November 28. Let's try and discuss by phone or when I'm in Boston this week. We need to try to solve the problem, not dig in our heels, write posturing letters and generate yet more motion practice which, I'm sure, the Court doesn't want to see.

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.*

-----Original Message-----
**From:** Davis, Brian [mailto:BDavis@choate.com]
**Sent:** Tuesday, November 14, 2006 6:35 AM
**To:** Weinberger, Jeffrey
**Cc:** Zwicker, Joseph H.
**Subject:** RE: Leonard Deposition

Jeff,

This doesn't work for us. It would be a serious understatement to say that we have been patient in scheduling Dr. Leiden's deposition. We first asked for his deposition back on July 21, 2006. We have repeated that request on at least four occasions since July. To tell us now that Dr. Leiden only is available for deposition on the day before the discovery cut-off in December, or in January 2007 after the discovery cut-off has passed, makes it clear that Abbott is not actually cooperating in the discovery process. We'll keep Dr. Leonard on for Nov. 29 (a date that was selected based on your office's prior representation that it was available and acceptable), and notice Dr. Leiden for Dec. 4 (which is 130 days after we first requested his deposition). That date still leaves you 19 days to prepare Dr. Leiden. If you wish to move the date of Dr. Leiden's deposition to a date other than Dec. 4, but prior to the existing

discovery cut-off, it is your obligation to promptly come up with an alternative date that is acceptable to us. We will respond promptly to any reasonable suggestions. Please don't offer December 14 again, however, it doesn't work on our end. Otherwise, you and Dr. Leiden will have to make room on your calendars for a Dec. 4 deposition or obtain a protective order, in advance of that date, from the court.

It is unfortunate that we have to proceed in this manner, but Abbott's lack of cooperation leaves us with no choice.

Brian Davis

**CHOATE**

CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5056
Fax: 617-248-4000
E-mail: bad@choate.com

-----Original Message-----
**From:** Weinberger, Jeffrey [mailto:Jeffrey.Weinberger@mto.com]
**Sent:** Monday, November 13, 2006 5:38 PM
**To:** Davis, Brian
**Cc:** Zwicker, Joseph H.
**Subject:** RE: Leonard Deposition

I'm not sure I see the connection between these two issues but I can't confirm the December 4 date for numerous reasons: (1) Having the deposition on a Monday gives us no ability to prepare the witness; (2) More importantly I am not available on December 4, and neither is Dr. Leiden. I really don't see any other slot to do this deposition except the date I gave you. One possibility is to put off this deposition until after the cut-off, probably to January. While I need to confirm this with my client, I think we would be agreeable to that.

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.*

-----Original Message-----
**From:** Davis, Brian [mailto:BDavis@choate.com]
**Sent:** Monday, November 13, 2006 2:22 PM
**To:** Weinberger, Jeffrey
**Cc:** Zwicker, Joseph H.
**Subject:** RE: Leonard Deposition

Jeff,

If you can confirm that Dr. Leiden's deposition will take place on Dec. 4, then I believe that I can rearrange my schedule to accommodate your request.

Brian Davis

C H O A T E

CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5056
Fax: 617-248-4000
E-mail: bad@choate.com

-----Original Message-----
**From:** Weinberger, Jeffrey [mailto:Jeffrey.Weinberger@mto.com]
**Sent:** Monday, November 13, 2006 3:25 PM
**To:** Davis, Brian; Zwicker, Joseph H.
**Subject:** Leonard Deposition

Is it possible to move this deposition by one day to November 30 due to a scheduling conflict?

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.*

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax

matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

**Exhibit 8**

## Mar, Norine

**From:** Zwicker, Joseph H. [JZwicker@choate.com]
**Sent:** Wednesday, November 22, 2006 10:13 AM
**To:** Weinberger, Jeffrey
**Cc:** Denton, Brenda; Dion, Deborah J.
**Subject:** Leiden Deposition

Jeff:

As you know, Brian Davis is in Philadelphia at Perry Nisen's deposition. He asked that I respond to you regarding your proposal to depose Dr. Leiden on January 5, 2007.

John Hancock rejects your proposal. We will subpoena Dr. Leiden for the week of December 18, 2006. You can raise any objection with the Court on December 6, 2006.

Thank you.


Joseph H. Zwicker
Choate, Hall & Stewart LLP
2 International Place
Boston, MA 02110
617-248-5065 telephone
617-248-4000 facsimile

---

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

**Exhibit 9**

## Lorenzini, Eric

| | |
|---|---|
| **From:** | Weinberger, Jeffrey |
| **Sent:** | Tuesday, November 21, 2006 9:16 AM |
| **To:** | 'Davis, Brian' |
| **Cc:** | 'Peter N Witty'; Phillips, Gregory; Lorenzini, Eric; Guzelsu, Ozge |

**Subject:** RE: Jeff Leiden

I really don't understand the tone of your response. We all take this case seriously, including Dr. Leiden. I, like you, have a schedule that needs to be considered. Just as you were not available on December 14 (or for that matter, that entire week) I am not available on December 8, as I have a hearing in New York after our hearing in Boston that precludes me from being in Chicago. Your comments about delay are not relevant, since the delay we have referred to in our Court papers is in bringing a claim about ABT 773. No one has ever accused Hancock of delaying in taking discovery concerning the existing complaint. Your non-specific statement about a postponement of Leiden's deposition interfering with your ability to prepare this case makes no sense., There is no summary judgment cut off or any deadline that would be affected by the date we propose in any way. If you want to make the deal about Nabulsi's deposition in February, this has to get done now. Lets proceed with Leiden on January 5. I think the Court will be very unhappy with all of us if you force us to bring this in front of him.

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.*

-----Original Message-----
**From:** Davis, Brian [mailto:BDavis@choate.com]
**Sent:** Tuesday, November 21, 2006 6:11 AM
**To:** Weinberger, Jeffrey
**Cc:** Zwicker, Joseph H.
**Subject:** RE: Jeff Leiden

Jeff,

Dr. Leiden obviously is not taking this seriously. I don't want to wait until January to take his deposition. It will interfere with our ability to prepare this case at a time when Abbott already is accusing us of delay. Is he available Dec. 8?

Brian Davis

-----Original Message-----
**From:** Weinberger, Jeffrey [mailto:Jeffrey.Weinberger@mto.com]
**Sent:** Monday, November 20, 2006 6:06 PM
**To:** Davis, Brian
**Cc:** Peter N Witty; Phillips, Gregory; Lorenzini, Eric; Guzelsu, Ozge
**Subject:** Jeff Leiden

We have gone back to Leiden about changing the date for his deposition to December 18. Unfortunately, he isn't available that week. The best he can do is January 5. Since you were willing to go past the cut-off, I really don't see what difference it will make to you to take him on January 5 rather than December 18,

since nothing is going to happen in this case during the holidays. Therefore, I hope you can accept this date and we can move on to other things. We would in return, as I told you, agree not to oppose your motion to take Nabulsi's deposition in February under the conditions set forth in your motion, and we would work with Takeda to make that happen. Please let me know ASAP that this will work, so that Leiden can hold the date.

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.*

---

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

Exhibit 10

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION NO. 05-11150-DPW<br>)<br>)<br>) |
| v. | )<br>) |
| ABBOTT LABORATORIES, | )<br>) |
| Defendant. | )<br>) |

## **FURTHER REVISED NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock

Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife

Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")

will take the deposition of Jeffrey Leiden on Wednesday, December 20, 2006 commencing at

9:00 a.m. at the office of Levenfeld Pearlstein LLC, 2 North LaSalle Street, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
MANULIFE INSURANCE COMPANY
(f/k/a INVESTORS PARTNER INSURANCE
COMPANY)

By its attorneys,

Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO # 566922)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: (617) 248-5000
Fax: (617) 248-4000

Date:   November 28, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 28th day November, 2006.

_____
Richard C. Abati

4148969v1

3

**Exhibit 11**

**From:**       Lorenzini, Eric
**Sent:**        Friday, December 01, 2006 12:24 PM
**To:**          Davis, Brian
**Cc:**          Abati, Richard; 'Zwicker, Joseph H.'; Stacy L. Blasberg (sblasberg@choate.com); Weinberger, Jeffrey; Phillips, Gregory; Guzelsu, Ozge
**Subject:**     Deposition of Dr. Leiden

Brian,

We received your notice for the deposition of Jeffrey Leiden, a third party witness, on December 20. As we have repeatedly informed you, Dr. Leiden is unavailable that week. Dr. Leiden will be on a prepaid vacation in the Caribbean from December 18 until the end of the year. We have offered Hancock alternative dates for Dr. Leiden's deposition (e.g., December 14, or other dates that week, and January 5), but you have rejected those offers. We not believe the Court would look favorably upon any attempt by Hancock to force Dr. Leiden to appear at a deposition on a date when he is unavailable, particularly since we have proposed alternate dates. In a final attempt to resolve this impasse, we offer to schedule the deposition of Dr. Leiden on January 5 *at your offices in Boston*. Please note that Hancock has no unilateral right to schedule depositions after the December 15 discovery cut-off, but we are offering to allow the deposition to proceed on January 5 in an effort to resolve this scheduling dispute. Please let us know if you will accept this offer and avoid the necessity of troubling the Court with this matter.

Eric

Exhibit 12

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), <br><br>Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     CIVIL ACTION NO. 05-11150-DPW |

## FURTHER REVISED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, plaintiffs John Hancock

Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife

Insurance Company (f/k/a Investors Partner Insurance Company) (collectively, "John Hancock")

will take the deposition of Jeffrey Leiden on Monday, December 11, 2006 commencing at

9:00 a.m. at the office of Levenfeld Pearlstein LLC, 2 North LaSalle Street, Chicago, Illinois.

PLEASE TAKE FURTHER NOTICE that the deposition noticed above will be recorded stenographically, and through real-time court reporting, such as by LiveNote. The deposition also may be recorded by audio or video technology, such as videotape. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue from day-to-day until completed, Saturdays, Sundays and holiday excepted.

> JOHN HANCOCK LIFE INSURANCE
> COMPANY, JOHN HANCOCK VARIABLE
> LIFE INSURANCE COMPANY, and
> MANULIFE INSURANCE COMPANY
> (f/k/a INVESTORS PARTNER INSURANCE
> COMPANY)
>
> By its attorneys,
>
> Brian A. Davis (BBO No. 546462)
> Joseph H. Zwicker (BBO No. 560219)
> Karen Collari Troake (BBO # 566922)
> Richard C. Abati (BBO No. 651037)
> Stacy L. Blasberg (BBO No. 657420)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> Tele: (617) 248-5000
> Fax: (617) 248-4000

Date:    December 1, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was served by overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on this 1st day December, 2006.

Richard C. Abati

4150412v1

3

Exhibit 13

| | |
|---|---|
| **From:** | Weinberger, Jeffrey |
| **Sent:** | Sunday, December 03, 2006 5:08 PM |
| **To:** | 'Davis, Brian' |
| **Cc:** | Zwicker, Joseph H.; Abati, Richard; Phillips, Gregory; Guzelsu, Ozge; Lorenzini, Eric |
| **Subject:** | RE: Deposition of Dr. Leiden |

This is the third date you have unilaterally declared you are going to depose him in the last week (December 18, December 20, now December 11.)  I am not available on the 11th, based on your clear statement to me that there was no way you would depose Leiden that week, and he was told the same thing by me after you told me that.  He has another job and is not available to respond to your whims and unilateral notices.  You are behaving in an unreasonable and immature manner and I will certainly remember your stubborn refusal to cooperate when you need an accommodation.  It is ridiculous that we have to bring this before the Court

--Original Message-----
From: Davis, Brian [mailto:BDavis@choate.com]
Sent: Sunday, December 03, 2006 8:36 AM
To: Lorenzini, Eric
Cc: Zwicker, Joseph H.; Abati, Richard; Phillips, Gregory; Guzelsu, Ozge; Weinberger, Jeffrey
Subject: RE: Deposition of Dr. Leiden


Eric,

The discovery cut-off is Dec. 15.  You yourself have stated that John Hancock is not entitled to notice Dr. Leiden's deposition after that date.  Accordingly, we're not moving Dr. Leiden's deposition from Dec. 11.  If Abbott wants relief from that date, it can ask for it from Judge Woodlock.  I'll be happy to address the issue on Wednesday.

Brian Davis


-----Original Message-----
From: Lorenzini, Eric [mailto:Eric.Lorenzini@mto.com]
Sent: Friday, December 01, 2006 10:15 PM
To: Davis, Brian
Cc: Zwicker, Joseph H.; Abati, Richard; Phillips, Gregory; Guzelsu, Ozge; Weinberger, Jeffrey
Subject: RE: Deposition of Dr. Leiden


Brian,

We never offered to make Dr. Leiden available on December 11.  As I noted in my email below, weeks ago we proposed scheduling Dr. Leiden's deposition on December 14 or "other dates" during that week.  Specifically, during a meeting with Mr. Weinberger and me in Boston, when you said you did not want to take Dr. Leiden's deposition on December 14, Mr. Weinberger offered to try to arrange the deposition earlier that week.  You completely rejected that proposal, saying you did not want to take Dr. Leiden's deposition any day that week and that we should not even mention the possibility again.  We never represented that Dr. Leiden was available on December 11.  In any event, since you told us weeks ago that you were unavailable during the week of December 11, Dr. Leiden and Mr. Weinberger have made other plans and we can no longer schedule Dr. Leiden's deposition that week.

We previously offered to make Dr. Leiden available for deposition on January 5.  In my email below, I repeated that offer and even offered to make Dr. Leiden available at your offices in Boston.  In return, you inexplicably have accused of us of playing a "game" and have unilaterally noticed Dr. Leiden's deposition for a date on which neither he nor Mr. Weinberger are available.  If anyone is playing games, it is you.  You have never explained why it matters to you whether you take Dr. Leiden's deposition in mid-December or January 5.  Your intransigence on this issue is especially perplexing in light of the

1

absence of any pending deadlines for summary judgment or trial and the
likely lull during the holidays in late December.

Please let us know whether, in light of Dr. Leiden and Mr. Weinberger's unavailability on
December 11, you would like to schedule Dr. Leiden's deposition on January 5.

Eric

-----Original Message-----
From: Davis, Brian [mailto:BDavis@choate.com]
Sent: Friday, December 01, 2006 12:36 PM
To: Lorenzini, Eric
Cc: Zwicker, Joseph H.; Abati, Richard
Subject: Re: Deposition of Dr. Leiden


Eric,

I'm tired of this game by Abbott.  Based on your offer to make Dr. Leiden available for
deposition on other dates during the week of Dec. 14, John Hancock will take his
deposition on Monday, Dec. 11 in Chicago. We'll send out a revised Notice of Deposition.

Brian Davis


--------------------------


----- Original Message -----
From: Lorenzini, Eric <Eric.Lorenzini@mto.com>
To: Davis, Brian
Cc: Abati, Richard; Zwicker, Joseph H.; Blasberg, Stacy; Weinberger, Jeffrey
<Jeffrey.Weinberger@mto.com>; Phillips, Gregory <Gregory.Phillips@mto.com>; Guzelsu, Ozge
<Ozge.Guzelsu@mto.com>
Sent: Fri Dec 01 15:23:33 2006
Subject: Deposition of Dr. Leiden

Brian,

We received your notice for the deposition of Jeffrey Leiden, a third party witness, on
December 20.  As we have repeatedly informed you, Dr. Leiden is unavailable that week.
Dr. Leiden will be on a prepaid vacation in the Caribbean from December 18 until the end
of the year. We have offered Hancock alternative dates for Dr. Leiden's deposition (e.g.,
December 14, or other dates that week, and January 5), but you have rejected those offers.
We not believe the Court would look favorably upon any attempt by Hancock to force Dr.
Leiden to appear at a deposition on a date when he is unavailable, particularly since we
have proposed alternate dates.  In a final attempt to resolve this impasse, we offer to
schedule the deposition of Dr. Leiden on January 5 at your offices in Boston.  Please note
that Hancock has no unilateral right to schedule depositions after the December 15
discovery cut-off, but we are offering to allow the deposition to proceed on January 5 in
an effort to resolve this scheduling dispute.  Please let us know if you will accept this
offer and avoid the necessity of troubling the Court with this matter.

Eric


Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP.  The
substance of this message, along with any attachments, may be confidential and legally
privileged.  If you are not the designated recipient of this message, please destroy it
and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following
statement in this message: Any advice contained herein (or in any attachment hereto)

regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com
Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP.  The substance of this message, along with any attachments, may be confidential and legally privileged.  If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com