UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOHN HANCOCK LIFE INSURANCE )
COMPANY, JOHN HANCOCK )
VARIABLE LIFE INSURANCE )
COMPANY, and MANULIFE )
INSURANCE COMPANY (f/k/a )
INVESTORS PARTNER LIFE INSURANCE )
COMPANY), ) CIVIL ACTION NO. 05-11150-DPW
)
      Plaintiffs, )
)
v. )
)
ABBOTT LABORATORIES, )
)
      Defendant. )

## STIPULATION AND PROPOSED ORDER REGARDING CERTAIN PENDING MOTIONS AND SCHEDULING

WHEREAS on December 6, 2006, the Parties appeared before the Court regarding various pending motions, including: (1) Plaintiffs' Motion to Compel Defendant to Produce Documents and Provide Substantive Answers to Interrogatories ("John Hancock's Motion to Compel") (Docket No. 48); (2) Defendant's Motions for Protective Orders Regarding Depositions of: (a) Dr. Stanley Bukofzer, (b) Dr. Jeffrey Leiden, and (c) William Dempsey ("Abbott's Motions for Protective Orders") (Docket Nos. 53, 94 and 92); (3) Plaintiffs' Motion to Amend Supplemental Complaint ("John Hancock's Motion to Amend") (Docket No. 62); (4) Defendant's Motion to Prohibit Disclosure of Abbott's Highly Confidential Documents to Dr. William Fairweather Pursuant to Stipulated Protective Order ("Abbott's Motion to Prohibit

Disclosure") (Docket No. 72); (5) Plaintiffs' Motion for Issuance of Subpoena to Be Issued Abroad ("John Hancock's Motion for Issuance of Subpoena") (Docket No. 75); and (6) Joint Motion to Modify Scheduling Order and Set Briefing Schedule (the "Joint Scheduling Order Motion") (Docket No. 51) (collectively, the "Discovery-Related Motions");

WHEREAS the Court directed the parties to meet and confer regarding whether they could resolve the Discovery-Related Motions without the Court's intervention; and

WHEREAS after meeting and conferring with respect to the Discovery-Related Motions, as well as other matters, the Parties have reached the following agreement:

A.  RESOLUTION OF THE DISCOVERY-RELATED MOTIONS

1. John Hancock's Motion to Compel

(a) John Hancock agrees to narrow Requests Nos. 1-4 and 55-58 of its First Request for Production of Documents to: (i) all documents concerning Abbott's termination of ABT-773 or consideration of whether to terminate ABT-773, whether created or dated before or after the Research Funding Agreement; and (ii) documents sufficient to show the complete developmental status, and nature and extent of any material change in the safety, efficacy, scientific viability, or commercial viability, of ABT-773 for the period August 1, 2000 to March 13, 2001. Abbott agrees to produce all non-privileged documents responsive to the requests as so modified;

(b) Abbott agrees to produce all of the documents described in subparagraph (a) above to John Hancock on a rolling basis beginning on January 31, 2006 and concluding no later than March 8, 2007;

(c) Abbott agrees to complete its "supplemental production" of documents to John Hancock as described in Abbott's letter of December 5, 2006, no later than December 15, 2006; provided however, that Abbott is searching for additional responsive May 2001 ASCO

conference materials regarding MMPI compounds and drafting a supplemental privilege log, and will produce any such documents and the supplemental privilege log as soon as possible but in any event no later than ten (10) days prior to the deposition of Azmi Nabulsi on January 24, 2007;

(d)     John Hancock agrees to withdraw its request, pursuant to the Motion to Compel, for further documents relating to ABT-100, ABT-724, and ABT-492 pursuant to RFP Nos. 1-4 and 55-58;

(e)     John Hancock agrees to withdraw its request, pursuant to the Motion to Compel, for documents related to other compliance audits pursuant to RFP No. 14; and

(f)     John Hancock agrees to withdraw its request, pursuant to the Motion to Compel, for further answers to Interrogatory Nos. 16 and 17 of John Hancock's Second Set of Interrogatories.

2.     Abbott's Motions for Protective Orders

(a)     Abbott agrees to withdraw its Motion for a Protective Order regarding the deposition of Dr. Stanley Bukofzer. Abbott agrees to make Dr. Bukofzer available for deposition on a mutually convenient date within fifty-three (53) days of completing its production of documents concerning ABT-773 and before the close of fact discovery;

(b)     Abbott agrees to withdraw its Motion for a Protective Order regarding the deposition of Dr. Jeffrey Leiden. Abbott agrees to provide alternative dates for Dr. Leiden's deposition all within fifty-three (53) days of completing its production of documents concerning ABT-773 and before the close of fact discovery; and

(c)     Abbott agrees to withdraw its Motion for a Protective Order regarding the deposition of Mr. William Dempsey. Following the production of Abbott's documents concerning ABT-773, the parties agree to meet and confer in good faith regarding whether Mr.

Dempsey should be deposed in this action. Abbott reserves its right to object to file a protective order to preclude the deposition of Mr. Dempsey. If Abbott voluntarily agrees to allow the deposition of Mr. Dempsey, then Abbott agrees to make him available on a mutually convenient date within fifty-three (53) days of completing its production of documents concerning ABT-773 and before the close of fact discovery. If, on the other hand, Abbott seeks a protective order and is ordered by the Court to make Mr. Dempsey available, Abbott agrees to do so, if necessary, following the close of fact discovery.

3. <u>John Hancock's Motion to Amend</u>

(a) Abbott agrees to withdraw its opposition to John Hancock's Motion to Amend. John Hancock's First Amended Supplemental Complaint shall be filed on or before December 29, 2006, and Abbott's response shall be filed on or before January 12, 2006. Abbott otherwise reserves the right to contest any and all claims asserted in John Hancock's Amended Supplemental Complaint.

4. <u>Abbott's Motion to Prohibit Disclosure</u>

(a) Abbott agrees to withdraw its Motion to Prohibit Disclosure. Abbott otherwise reserves the right to object to the testimony of Dr. Fairweather on any ground other than John Hancock's allegedly late proffer.

5. <u>John Hancock's Motion for Issuance of Subpoena</u>

(a) Abbott agrees not to oppose John Hancock's Motion for Issuance of Subpoena. Abbott further agrees to execute the agreement setting forth the conditions proposed for Dr. Azmi Nabulsi's deposition described in the letter of Stephen C. Carlson, Esq., counsel for Dr. Nabulsi, to Joseph H. Zwicker, dated December 1, 2006.

6. <u>Joint Scheduling Order Motion</u>

(a) The Parties agree to modify the existing scheduling order as follows:

| | |
|---|---|
| Completion of Abbott's Supplemental Document Production: | December 15, 2006 |
| Service of Rebuttal Expert Reports (except rebuttal to statistical issues): | January 19, 2007 |
| Service of Expert Report of Dr. William Fairweather: | January 19, 2007 |
| Service of Rebuttal Expert Report Regarding (i) Dr. William Fairweather and (ii) other reports regarding statistical issues: | February 19, 2007 |
| Abbott's Completion of Document Production Regarding ABT-773: | March 8, 2007 |
| Completion of Fact Discovery: | April 30, 2007 |
| Completion of Expert Discovery: | May 29, 2007 |
| Filing of Motions for Summary Judgment: | June 29, 2007 |
| Filing of Oppositions to Motions for Summary Judgment: | July 31, 2007 |
| Filing of Replies to Oppositions: | August 21, 2007 |
| Status Conference: | To Be Determined By The Court |

B.  RESOLUTION OF OTHER ISSUES

1.  Depositions

(a)  The parties agree that each side may take a total of twenty-three depositions, provided however that a party may take up to twenty-five depositions if it believes in good faith it is necessary to discover non-cumulative relevant evidence;

(b)  The parties agree that, with the exception of the deposition of Dr. Azmi Nabulsi, all presently scheduled depositions shall be taken off calendar and re-noticed. The parties agree to work cooperatively to select mutually convenient dates for each such deposition;

(c)  John Hancock will provide Abbott with a list of deponents anticipated to provide testimony regarding ABT-773 (and other issues) within 14 days of Abbott's completion

of its document production concerning ABT-773. Except with respect to Mr. William Dempsey as provided herein, and subject to a reservation of rights to object to the deposition of any witnesses, Abbott agrees to complete the depositions of deponents who are current Abbott employees or represented by Abbott counsel on or before the close of fact discovery;

(d) John Hancock agrees to provide Abbott with a list of deponents anticipated to provide testimony on subjects other than ABT-773 within a reasonable time after completion of Abbott's Supplemental Production on December 15, 2006. The parties agree to work cooperatively to begin scheduling depositions of these witnesses in January 2007;

(e) John Hancock agrees not to seek attorney's fees and costs related to the continued deposition of Diane D'Amico on November 28, 2006;

(f) Abbott agrees to permit John Hancock to reopen the depositions of Marilyn Collicott and Bruce McCarthy for the limited purpose of examining them with respect to documents produced after the date of their original depositions and any topics reasonable related thereto;

(g) Abbott agrees to permit John Hancock to reopen the deposition of John Leonard for the limited purpose of examining him with respect to ABT-773 and/or documents produced after the date of his original deposition and any topics reasonably related thereto;

(h) John Hancock agrees to permit Abbott to reopen the deposition of Stephen Blewitt and Lynn Klotz for the limited purpose of examining them concerning ABT-773 and/or documents responsive to Abbott's First Request for Production that are produced after the date of their original depositions and any topics reasonably related thereto;

(i) John Hancock agrees to permit Abbott to reopen the deposition of Mark Hair and Chris Martinez for the limited purpose of examining them with respect to any

documents responsive to Abbott's First Request for Production that are produced after the date of their original depositions and any topics reasonably related thereto;

(j) The parties agree to use their good faith best efforts to complete any reopened deposition in four (4) hours or less of questioning; and

(k) The parties agree to bear their respective attorney's fees and costs incurred in connection with any reopened deposition, and that no reopened depositions shall count towards any party's total number of permitted depositions as set forth in paragraph B.1(a) above.

2. <u>Abbott's Third Set of Requests For Production of Documents</u>. John Hancock agrees to respond and object to Abbott's Third Set of Requests on or before December 15, 2006. Pursuant to its response, John Hancock shall produce documents responsive to Abbott's Third Set of Requests (to the extent they have not already been produced in this litigation) on or before December 29, 2006.

3. <u>StoneTurn Documents</u>. John Hancock agrees to produce certain documents regarding StoneTurn work with respect to the compliance audit which are responsive to Abbott's First Request for Production of Documents and have not already been produced in this litigation on or before December 29, 2006, namely, the documents identified in the December 5, 2006 letter from Eric Lorenzini to Richard Abati, on or before December 29, 2006. Abbott agrees that production of the documents identified in the December 5, 2006 letter shall not constitute a waiver of any claim of attorney-client privilege, work product, or any other privilege by John Hancock or StoneTurn with respect to such documents, or any other materials or information.

| ABBOTT LABORATORIES | JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY |
|---|---|
| By its attorney, | By their attorneys, |
| /s/ Michael S. D'Orsi<br>Peter E. Gelhaar (BBO No. 188310)<br>Michael S. D'Orsi (BBO No. 566960)<br>DONNELLY, CONROY & GELHAAR LLP<br>1 Beacon Street, 33rd Floor<br>Boston, MA 02108<br>Tele: (617) 720-2880 | /s/ Brian A. Davis<br>Brian A. Davis (BBO No. 546462)<br>Joseph H. Zwicker (BBO No. 560219)<br>Richard C. Abati (BBO No. 6510370)<br>Stacy L. Blasberg (BBO No. 657420)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, MA 02110<br>Tele: (617) 248-5000 |
| /s/ Jeffrey I. Weinberger<br>Jeffrey I. Weinberger<br>Gregory D. Philips<br>Munger, Tolles & Olson<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90012<br>Tele: (213) 683-9276 | |

IT IS SO ORDERED.

Date: _____

_____
United States District Court Judge

-9-

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on December 21, 2006.

/s/ Richard C. Abati
Richard C. Abati

4152328v5