UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## JOHN HANCOCK'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PRAYER FOR RESCISSION IN PLAINTIFFS' FIRST AMENDED SUPPLEMENTAL COMPLAINT

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (collectively, "John Hancock" or "Hancock") respectfully submit this Sur-Reply for the purpose of addressing three points that are discussed (or, more significantly, not discussed) in defendant Abbott Laboratories' ("Abbott") Reply in Support of Its Motion to Strike the Prayer for Rescission In Hancock's First Amended Supplemental Complaint, filed on March 2, 2007 (the "Abbott Reply").

First, the assertion in Abbott's Reply that its Motion to Strike is partially based on the doctrine of judicial estoppel is the *first time* that Abbott ever has made such a claim. In fact, Abbott's original motion papers make no reference whatsoever to the doctrine of judicial

estoppel. For this reason, any such argument in Abbott's Reply is untimely and, therefore, waived. *See* In re Boston Reg'l Med. Ctr., Inc., 328 F.Supp.2d 130, 142-143 (D. Mass. 2004) (ignoring "new arguments" raised in party's supplemental brief because they were "presented in an untimely manner"); *see also* Rivera-Muriente v. Agosto-Alicea, 959 F.2d. 349, 354 (1st Cir. 1992) (explaining that the rule against addressing new arguments in appellant's reply brief is "well settled in this court").

Even if Abbott's estoppel argument has not been waived, however, it still does not provide a basis to strike John Hancock's prayer for rescission because, in requesting that remedy, Hancock has not "deliberately chang[ed] positions" that it took in *Hancock I* in order to gain some unfair "legal advantage" over Abbott in this proceeding. New Hampshire v. Maine, 532 U.S. 742, 749-750 (2001) (internal quotations and citations omitted); Alternative System Concepts, Inc. v. Synpsys, Inc., 374 F.3d 23, 33 (1st Cir. 2004). To the contrary, the record demonstrates that the legal issue to be decided in *Hancock I* was explicitly limited by the Court to the question of "whether or not the termination of the Plaintiffs' obligations as a result of shortfalls in the aggregate spending targets is well-founded." *Hancock I* Scheduling Order, dated March 30, 2004, at 1, Affidavit of Stacy L. Blasberg, dated February 9, 2007 ("Blasberg Aff.," Docket No. 110), Ex. 22. The same Scheduling Order directed John Hancock to raise any "[o]ther disputes ... in a separate related action." *Id.; see also* First Amended Supplemental Complaint, ¶ 1. Thus, John Hancock could not and did not litigate Abbott's fraud or seek rescission of the parties' Agreement in *Hancock I* because it was *expressly precluded from doing so*, and Abbott cannot rely upon John Hancock's compliance with the Court's directive in that regard as a basis to judicially estop Hancock from raising its "other disputes" with Abbott in this action. *See, e.g.,* Patriot Cinemas, Inc. v. General

Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987) (judicial estoppel applies when "intentional self-contradiction is being used as a means of obtaining unfair advantage...") (quotation marks omitted). In addition, Abbott's bare-bones claim that it has suffered harm that is "not readily quantifiable" as a result of Hancock's alleged delay in seeking rescission hardly demonstrates the kind of "serious prejudice" that would justify a finding of judicial estoppel. Abbott Reply at 15-16; Desjardins v. Van Buren Community Hosp., 37 F.3d 21, 23 (1st Cir. 1994).

Second, Abbott previously agreed in open court in *Hancock I* that it would not seek to preclude John Hancock from subsequently raising any other disputes with Abbott in a separate action on the ground that those disputes should have been brought in *Hancock I*. See March 30, 2004 Transcript of Court Conference in *Hancock I* ("March 2004 Hearing Transcript"), at 22-23, Blasberg Aff., Ex. 23. Abbott now seeks to circumvent that agreement by arguing that its current Motion to Strike "does not contend that Hancock is barred by *res judicata* from pursuing fraud claims in this follow-on action based on its failure to assert the claims in *Hancock I*. Rather, Abbott's motion is based on the doctrines of waiver and judicial estoppel." Abbott Reply at 6-7. Abbott should reread the commitment that it made to John Hancock and this Court back in March 2004.[1] When it does, Abbott will see that its

---

[1] The relevant portion of the official transcript of the March 30, 2004 court conference in *Hancock I* reads as follows:

> THE COURT: Okay. Well, so four months of discovery on this. At some point, the parties will figure out exactly what they really want to dispute here and what's really in dispute on it. We're not going to get into pharmaceutical compounds or anything like that. This really is focused on the question --- I want to use the terms that the parties seem to be using -- of whether or not termination of Hancock's obligation as a result of shortfalls in aggregate spending targets is well-founded. I mean, isn't that what it is?
>
> MR. DAVIS [For John Hancock]: Your Honor -- yes, Your Honor. As currently pled, it is. So I'm clear, Your Honor, as I understand it, if we believe that we have other disputes, should I seek to amend or should I file a separate action?

commitment was not limited to preclusion arguments based upon *res judicata*, but rather extended to any "argument by Abbott" that some "other dispute[]" between the parties "should have been brought in [*Hancock I*] and w[as] not." March 2004 Hearing Transcript at 22-23, Blasberg Aff., Ex. 23. John Hancock's claims in this action, including its prayer for rescission, are precisely the kind of "other disputes" that Abbott agreed would not be precluded for any reason. Abbott should be held to its word.

Lastly, Abbott attempts to circumvent the further representation that it made to this Court at the motion hearing on December 6, 2006, that the Stipulation in which Abbott agreed to withdraw its opposition to Hancock's Motion to Amend would resolve "anything that ha[d] been filed or [was] in the gleam in the eye of any of the attorneys" (*see* December 6, 2006 Hearing Transcript - Afternoon Session at 3-5, Blasberg Aff., Ex. 21) -- including its current

---

THE COURT: I guess my --

MR. DAVIS: Because I want to make sure I'm not precluded, Your Honor, from bringing those claims at a later point in time by some argument by Abbott that they should have been brought in this action and were not.

THE COURT: Oh, please. The short of it is -- are you going to plead that?

MR. DESIDERI [For Abbott]: Am I going to say that?

THE COURT: Yes.

MR. DESIDERI: I didn't plan on it.

THE COURT: Well, he's not going to say that. It's simply not going to happen.

MR. DAVIS: Understood.

THE COURT: Once it's ripe, you bring it. You don't have to worry about relation-back and all of that sort of thing.

MR. DAVIS: Understood.

March 30, 2004 Hearing Transcript at 22-23; Blasberg Aff., Ex. 23.

-4-

Motion to Strike -- by completely ignoring that representation in its Reply. Saying nothing about its representation to the Court in its Reply does not mean that Abbott has succeeded in making that representation disappear. It simply means that Abbott cannot even begin to think of a way to reconcile its decision to file its present Motion to Strike with its words at the December 6 hearing. Neither can John Hancock. Accordingly, the Court should hold that Abbott has waived the arguments contained in its Motion to Strike. *See, e.g.,* Lopez del Valle v. Gobierno de la Capital, 855 F. Supp. 34, 35 (D.P.R. 1994) (a party that withdraws its opposition to another party's motion, and confirms its withdrawal when explicitly asked by the Court at an oral proceeding, "can be understood as waiving any objection.").

### Conclusion

For the foregoing reasons and those cited in its Opposition, John Hancock respectfully requests that Abbott's Motion to Strike be denied in its entirety.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY and MANULIFE
INSURANCE COMPANY

By their attorneys,

*/s/ Brian A. Davis*
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART
Two International Place
Boston, MA 02110
Telephone: 617-248-5000
Fax: 617-248-4000

Date: March 8, 2007

4182446.1

## CERTIFICATE OF SERVICE

I, Brian A. Davis, hereby certify that the attached Sur-Reply filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 8, 2007.

/s/ Brian A. Davis
Brian A. Davis