UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), <br><br> *Plaintiffs,* <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> *Defendant.* | Civil Action No. 05-11150-DPW |

## ABBOTT LABORATORIES' MOTION FOR LEAVE TO FILE A SUR-SUR-REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE PRAYER FOR RESCISSION IN HANCOCK'S FIRST AMENDED SUPPLEMENTAL COMPLAINT

Pursuant to Local Rule 7.1(B)(3), Defendant Abbott Laboratories ("Abbott") hereby moves for leave to file the attached 3-page Sur-Sur-Reply in Support of Its Motion to Strike the Prayer for Rescission in Hancock's First Amended Supplemental Complaint ("Sur-Sur-Reply"). *See* Ex. A. Abbott submits that this very brief Sur-Sur-Reply is appropriate to respond to arguments made in Hancock's Sur-Reply, including Hancock's argument that it is not barred by the judicial estoppel doctrine from seeking rescission.

WHEREFORE, Abbott respectfully requests that it be granted leave to file the attached 3-page Sur-Sur-Reply. Abbott further requests that, if the Court grants the motion for leave to file, the proposed Sur-Sur-Reply attached hereto as Exhibit A be deemed filed as of the date of such order.

1248572.1

Dated: March 12, 2007

Respectfully submitted,

ABBOTT LABORATORIES

By: _____/s/ Michael S. D'Orsi_____
  Michael S. D'Orsi

One of its attorneys

Peter E. Gelhaar (BBO#188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

and

Jeffrey I. Weinberger (*pro hac vice*)
Gregory D. Phillips (*pro hac vice*)
Eric J. Lorenzini *(pro hac vice)*
Ozge Guzelsu *(pro hac vice)*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Tele: (213) 683-9100

*Counsel for Abbott Laboratories*

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that Abbott's counsel and Hancock's counsel conferred regarding Abbott's Motion for Leave to file a Sur-Sur-Reply in Support of Its Motion to Strike the Prayer for Rescission in Hancock's First Amended Supplemental Complaint, but the parties were unable to reach agreement.

/s/ Michael S. D'Orsi
Michael S. D'Orsi

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 12, 2007.

Date: March 12, 2007

/s/ Michael S. D'Orsi
Michael S. D'Orsi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), ) ) ) ) ) ) ) ) | ) ) Civil Action No. 05-11150-DPW ) Hon. Judge Douglas P. Woodlock |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| ABBOTT LABORATORIES, ) ) | |
| Defendant. ) | |

**ABBOTT'S SUR-SUR-REPLY IN SUPPORT OF MOTION TO STRIKE THE PRAYER FOR RESCISSION IN HANCOCK'S FIRST AMENDED SUPPLEMENTAL COMPLAINT**

Abbott respectfully submits this Sur-Sur-Reply in support of its Motion to Strike to address arguments raised in Hancock's Sur-Reply.

First, the issue of judicial estoppel is properly before the Court. Abbott's opening brief implicitly raised the issue by arguing that Hancock was barred from seeking rescission because it sought and obtained a final judgment in *Hancock I* affirming that the Agreement remains "in full force and effect." Mot. at 3-4, 13-14. In any event, after Abbott expressly raised the judicial estoppel issue in its reply brief, Hancock had a full opportunity to respond in its Sur-Reply. *See Carvalho v. Town of Westport*, 140 F.Supp.2d 95 n.2 (D.Mass. 2001) ("Although the [defendants] first raised this argument in their reply brief, the Court nonetheless considers it because [plaintiff] had a sufficient opportunity to respond to it."). The cases cited by Hancock

1248583.1

are not on point. *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 354 (1st Cir. 1992) concerns an argument raised for the first time in a reply brief *in the appellate court*. *In re Boston Reg'l Med. Ctr, Inc.*, 328 F.Supp.2d 130, 142 (D. Mass. 2004) concerns an argument raised for the first time in a *post-hearing supplemental brief,* where the party had passed up *five* previous opportunities to raise the issue.

Second, Hancock continues to attack a straw man by arguing that, because the scope of *Hancock I* was limited by the Court and agreement of the parties, Hancock cannot be estopped from seeking rescission based on its failure to litigate the issue in *Hancock I*. Sur-Reply at 2-4. Abbott's judicial estoppel argument is *not* based on the issues Hancock failed to litigate in *Hancock I*; it is based on the issues Hancock *did litigate*. To be clear, Abbott is not arguing that Hancock is barred from pursuing fraud claims, and seeking legal remedies for those claims, based on its failure to pursue them in *Hancock I*. Abbott's argument is simply that Hancock is barred from seeking to void the Agreement as a remedy for the alleged fraud because, after knowledge of the alleged fraud, Hancock deliberately sought and obtained a final judgment enforcing and affirming the Agreement.[1]

Finally, Hancock wrongly asserts that Abbott's reply brief did not respond to Hancock's argument that the motion to strike is contrary to the parties' representations to the Court regarding the scope of the Stipulation entered into after the December 2006 hearing. As explained in Abbott's reply, the intent of the Stipulation was to resolve *discovery and procedural*

---

[1] Contrary to Hancock's contention, *see* Sur-Reply at 3, Abbott would suffer prejudice if Hancock were allowed to reverse its prior position and pursue rescission. *See* Mot. at 15; Reply at 15-16. In any event, "harm to an opponent is not an invariable prerequisite to judicial estoppel." *See Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 214 (1st Cir. 1987). "Unlike equitable estoppel, which requires such prejudice, the function of judicial estoppel is to protect the integrity of the courts." *Id.*

- 2 -

1248583.1

*motions*. Reply at 2-3. It was in this context that the parties informed the Court that the Stipulation resolved "anything that ha[d] been filed or [was] in the gleam of the eye of any of the attorneys." Dec. 6, 2006 Hearing Tr. at 3. The parties did not intend for the Stipulation to resolve substantive motions – such as motions to dismiss and/or strike, or motions for summary judgment – that seek to dispose of a request for relief that is unavailable as a matter of law.

    ABBOTT LABORATORIES

    /s/ Michael S. D'Orsi

    Peter E. Gelhaar (BBO#188310)
    Michael S. D'Orsi (BBO #566960)
    DONNELLY, CONROY & GELHAAR LLP
    1 Beacon St., 33rd Floor
    Boston, Massachusetts 02108
    (617) 720-2880
    peg@dcglaw.com
    msd@dcglaw.com

    and

    Jeffrey I. Weinberger (Admitted Pro Hac Vice)
    Gregory D. Phillips (Admitted Pro Hac Vice)
    Eric J. Lorenzini (Admitted Pro Hac Vice)
    Özge Güzelsu (Admitted Pro Hac Vice)
    MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue, 35th Floor
    Los Angeles, CA  90071
    (213) 683-9100

Dated: March 12, 2007    *Counsel for Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 12, 2007.

Date: March 12, 2007.

                                                  /s/ Michael S. D'Orsi
                                                  Michael S. D'Orsi

1248583.1