UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), | ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 05-11150-DPW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' ASSENTED TO MOTION FOR
IMPOUNDMENT OF CONFIDENTIAL INFORMATION**

Pursuant to Local Rule 7.2, Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a/ Investors Partner Life Insurance Company) (collectively, "John Hancock" or "Plaintiffs") respectfully move this Court for leave to file the following documents under seal until further Order of the Court:

1.    Plaintiffs' Memorandum in Opposition to Abbott Laboratories' Motion for Protective Order Regarding Deposition Topics 1 and 2 of Hancock's Rule 30(b)(6) Deposition Notice (the "Memorandum"); and

2.    Affidavit of Joseph H. Zwicker, dated May 14, 2007, and supporting exhibits (collectively, the "Zwicker Affidavit").

-2-

The grounds for this motion are:

1.    This action arises out of a certain Research Funding Agreement, (the "Agreement") dated March 13, 2001 between John Hancock and Abbott Laboratories ("Abbott"). The Agreement is, by its terms, confidential.

2.    The Memorandum and Zwicker Affidavit rely upon and discuss the confidential content of the Agreement.

3.    The Agreement also forms the basis for John Hancock's claims in the related action captioned *John Hancock Life Ins. v. Abbott Labs.*, No. Civ.A. 03-12501-DPW, 2005 WL 2323166 (D.Mass. Sept. 16, 2005) ("*Hancock I*").

4.    The terms of the Agreement may not be disclosed without the prior consent of the non-disclosing party. Throughout this action as well as *Hancock I*, the Agreement has not been publicly disclosed.

5.    In compliance with Local Rule 7.1(A)(2), John Hancock has sought and obtained the consent of Abbott to this Motion for Impoundment of Confidential Information.

-3-

WHEREFORE, John Hancock respectfully requests that the Memorandum and Zwicker Affidavit be impounded until further Order of the Court. In addition, John Hancock respectfully requests that the Court accept these documents provisionally under Seal pending the Court's ruling on this Motion. Upon termination of the impoundment period, John Hancock will retrieve and take custody of the Memorandum and Zwicker Affidavit.

Respectfully submitted,

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY AND MANULIFE INSURANCE COMPANY

By their attorneys,

/s/ Joseph H. Zwicker
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Karen Collari Troake (BBO No. 566922)
Richard C. Abati (BBO No. 651037)
Russell J. Edelstein (BBO No. 663227)
CHOATE,  HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: 617-248-5000

Date:  May 14, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on May 14, 2007.

/s/ Brian A. Davis
Brian A. Davis

4211108v1