UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ABBOTT LABORATORIES,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

**ABBOTT'S MOTION TO COMPEL HANCOCK TO PRODUCE
ARBITRATOR'S OPINION REJECTING TESTIMONY OF HANCOCK'S DAMAGES
EXPERT REGARDING ALLEGED LOST PROFITS**

Defendant Abbott Laboratories ("Abbott") hereby moves to compel Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Life Insurance) (collectively, "Hancock") to produce an arbitrator's opinion rejecting the testimony of Hancock's damages expert regarding alleged lost profits.

The grounds for this motion is that the arbitrator's opinion is relevant to assessing the diligence, methodology, calculations, and principles of Hancock's damages expert, Alan Friedman. Mr. Friedman has offered a fundamentally flawed and speculative opinion in this case regarding the profits Hancock allegedly would have made from sale of the Program Compounds but for Abbott's alleged misrepresentations. At his deposition, Mr. Friedman disclosed the existence of a recent arbitration opinion in which the arbitrator (a retired judge) in another case,

3327221.1

*Gen-Probe*, rejected as overly speculative Mr. Friedman's testimony regarding a similar subject matter -- the alleged lost future profits from sale of a developmental medical product. Abbott requested production of a copy of the *Gen-Probe* opinion, subject to the protective order in this case, but Hancock has refused to produce it.

In support of this Motion, Abbott relies upon the accompanying (a) Memorandum in Support of Motion to Compel Hancock to Produce Arbitration Opinion Rejecting Testimony Rejecting Testimony of Hancock's Damages Expert Regarding Alleged Lost Profits, and (b) Affidavit of Eric J. Lorenzini, both of which are being filed contemporaneously herewith.

WHEREFORE, Abbott respectfully requests that this Court grant Abbott's Motion to Compel Hancock to Produce Arbitrator's Opinion Rejecting the Testimony of Hancock's Damages Expert Regarding Alleged Lost Profits.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Abbott respectfully requests oral argument on this Motion on the earliest date convenient for the Court. A status conference is presently set for September 20, 2007.

ABBOTT LABORATORIES

By its attorneys

/s/ Michael S. D'Orsi       

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100

Dated: Aug. 1, 2007

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

    The undersigned hereby certifies that Abbott counsel has conferred with counsel for Hancock and attempted in good faith the resolve or narrow the issues presented by this Motion.

Dated:  Aug. 1, 2007

                                                                /s/ Michael S. D'Orsi

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on Aug. 1, 2007.

Date: Aug 1, 2007

                                                     /s/ Michael S. D'Orsi