**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>    Plaintiffs,<br><br>    v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

**ABBOTT'S MOTION FOR LEAVE TO FILE MEMORANDUM OF NO MORE THAN TWENTY-EIGHT (28) PAGES IN OPPOSITION
TO HANCOCK'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1(B)(4), defendant Abbott Laboratories ("Abbott") requests leave to file a Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment of no more than twenty-eight (28) pages. Abbott's opposition brief is due on August 21, 2007.

Abbott respectfully submits that an enlargement of the standard page limit is necessary and appropriate. First, the factual issues presented by the motion cannot adequately be addressed within the standard twenty page limit. Hancock is seeking summary judgment on its breach of warranty claims, rescission of the Research Funding Agreement, and a refund of its entire $90 million investment. As evidenced by Hancock's thirty-seven page statement of what it characterizes as "undisputed" facts, the summary judgment motion raises a host of complex factual issues. In order to summarize all the evidence that refutes Hancock's 37-page recitation, Abbott requires additional pages.

Second, the request for enlargement of the page limit is equitable. Abbott agreed in the previously-filed stipulated scheduling order to allow Hancock to submit a reply brief. Without the requested enlargement, the aggregate number of pages available to Abbott to brief this motion will be far less than the aggregate pages available to Hancock. In addition, although Hancock's opening brief was 20 pages, much of it consisted of single-spaced block text. *See, e.g.*, Plaintiffs' Memo. of Law in Supp. of Mot. for Summ. Judg. at 2, 8-10. Abbott believes that twenty-eight (28) pages is appropriate to respond to the arguments raised in Hancock's opening brief and anticipated to be raised in its reply. Abbott also notes that undersigned counsel have worked diligently to reduce the length of the opposition memorandum where possible.

For the above reasons, Abbott respectfully requests leave to file an Opposition Memorandum of up to twenty-eight (28) pages in length. Given that the Opposition is due in three business days, Abbott respectfully requests expedited consideration of the present motion.

ABBOTT LABORATORIES

By its attorneys

/s/ Michael S. D'Orsi_____

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100

Dated: Aug. 16, 2007

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

The undersigned hereby certifies that Abbott's counsel has conferred with counsel for Hancock and attempted in good faith the resolve or narrow the issues presented by this Motion.

Dated: Aug. 16, 2007

/s/ Michael S. D'Orsi

3496547.1

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on Aug. 16, 2007.

Date: Aug 16, 2007

                                                      /s/ Michael S. D'Orsi