UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-11150-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR
IMPOUNDMENT OF CONFIDENTIAL INFORMATION**

Pursuant to Local Rule 7.2, Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a/ Investors Partner Life Insurance Company) (collectively, "John Hancock" or "Plaintiffs") respectfully move this Court for leave to file the following documents under seal until further Order of the Court:

1. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment on Hancock's Rescission Claim (the "Memorandum");

2. Plaintiffs' Counterstatement of Facts in Response to Defendant Abbott Laboratories' Motion for Summary Judgment (the "Counterstatement"); and

-2-

3. Supplemental Affidavit of Joseph H. Zwicker, dated August 21 2007, and supporting exhibits ("Zwicker Affidavit II").

The grounds for this motion are:

1. This action arises out of a certain Research Funding Agreement, (the "Agreement") dated March 13, 2001 between John Hancock and Abbott Laboratories ("Abbott"). The Agreement is, by its terms, confidential.

2. The Memorandum, Counterstatement and Zwicker Affidavit II rely upon and discuss the confidential content of the Agreement.

3. The Agreement also forms the basis for John Hancock's claims in the related action captioned *John Hancock Life Ins. v. Abbott Labs.*, No. Civ.A. 03-12501-DPW, 2005 WL 2323166 (D. Mass. Sept. 16, 2005) ("*Hancock I*").

4. The terms of the Agreement may not be disclosed without the prior consent of the non-disclosing party. Throughout this action as well as *Hancock I*, the Agreement has not been publicly disclosed.

5. In compliance with Local Rule 7.1(A)(2), John Hancock conferred with counsel for Abbott on August 20, 2007, who do not oppose this Motion for Impoundment of Confidential Information.

-3-

WHEREFORE, John Hancock respectfully requests that the Memorandum, Counterstatement and Zwicker Affidavit II be impounded until further Order of the Court. In addition, John Hancock respectfully requests that the Court accept these documents provisionally under Seal pending the Court's ruling on this Motion. Upon termination of the impoundment period, John Hancock will retrieve and take custody of the Memorandum, Counterstatement and Zwicker Affidavit II.

        Respectfully submitted,

        JOHN HANCOCK LIFE INSURANCE
        COMPANY, JOHN HANCOCK VARIABLE
        LIFE INSURANCE COMPANY AND
        MANULIFE INSURANCE COMPANY

        By their attorneys,

        */s/ Joseph H. Zwicker*
        Brian A. Davis (BBO No. 546462)
        Joseph H. Zwicker (BBO No. 560219)
        Karen Collari Troake (BBO No. 566922)
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, Massachusetts 02110
        Telephone: 617-248-5000

Date: August 21, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on August 21, 2007.

                                                           */s/ Joseph H. Zwicker*
                                                           Joseph H. Zwicker

4243794v1