# MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

September 26, 2007

WRITER'S DIRECT LINE
(213) 683-9127
(213) 683-5127 FAX
Jeffrey.Weinberger@mto.com

**VIA HAND AND ELECTRONICALLY**

The Honorable Douglas P. Woodlock
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
John Joseph Moakley U.S. Courthouse, Suite 4110
One Courthouse Way
Boston, Massachusetts 02210

Re:   *John Hancock Life Insurance Company, et al. v. Abbott Laboratories,*
      *U.S.D.C. (Mass.) Civil Action No. 05-11150-DPW*

Dear Judge Woodlock:

      Abbott Laboratories ("Abbott") respectfully submits this letter in response to the September 21, 2007 submission of John Hancock Life Insurance Company ("Hancock"). Hancock's letter is in direct contravention of this Court's directive at the September 20 hearing that no further briefing be submitted, and that John Hancock simply submit a copy of the case mentioned by its counsel.

      The decision in question, *Riverside East Plaza, LLC v. the Variable Annuity Life Company*, 2000 WL 2377383 (7th Cir. August 22, 2007) does not plow new ground. The Court does not overrule or question the *Automotive Finance Corp.* case which Abbott cited, nor the numerous other Illinois appellate and federal cases which Abbott relied upon. Nor does it quarrel with the basic principle that Illinois courts will not enforce a remedy which is found to be a penalty, regardless of whether that provision is characterized as liquidated damages or alternative performance. *Id.* at 3 ("[T]he underlying question is whether this clause is punitive in

The Honorable Douglas P. Woodlock
September 26, 2007
Page 2

nature.") Rather, applying that well established principle, the Court unremarkably concluded that a pre-payment penalty in a commercial real estate loan calculated by discounting unpaid installments due at the then current Treasury bill rate was not a penalty.

Hancock asserts that the Court in *Riverside East Plaza* reached this conclusion because the cost of performance to the borrower, (the party contending that the contract provision was an invalid penalty), was greater than the pre-payment penalty. It argues by analogy that the same is true here because it would supposedly be less expensive for Abbott to pay one-third of the "shortfall" under Section 3.3(b) than to spend the entire amount on Program Related Costs. Hancock's analysis is faulty for at least two reasons. First, it ignores the possibility that additional expenditures by Abbott on Program Related Costs might produce additional benefits to Abbott which would need to be taken into account when comparing the cost of complying with this provision. Second, the Court *also* compared the benefits to the lender, (the party seeking enforcement of the contract provision), of receiving payments for the term of the loan to the pre-payment penalty, and concluded that it was not "over-compensated" by receiving the benefits of the latter. *Id.* at *4-5. In other words, the Court found that the pre-payment fee was a reasonable estimate of the benefit the lender would have obtained if the contract had been fully performed, i.e. the damages it would have suffered from a breach. Hancock completely ignores this prong of the Court's analysis, which has long been used to assess whether a remedy is penal. *See, e.g., Lake River Corp. v. Carborundum* Co., 769 F.2d 1284, 1290-91 (7th Cir. 1985). As Abbott showed in its motion papers, Hancock cannot satisfy this test, because as it interprets Section 3.3(b), Hancock would receive payments that are unrelated to any benefit it would have obtained had there been no "shortfall" (i.e., payments that are not a reasonable estimate of the damages from any shortfall).

We have attempted to keep this reply as short as possible given the Court's desire to avoid additional briefing. We would be happy to provide a more detailed response if the Court believes this would be helpful.

Sincerely,

Jeffrey I. Weinberger            Michael S. D'Orsi

JIW:ncm

cc:   Brian A. Davis (by electronic and regular mail)
      Peter E. Gelhaar (by electronic and regular mail)
      Michael S. D'Orsi (by electronic and regular mail)

3684288.1