UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 05-11150-DPW ) ) ) ) ) ) ) ) ) |

## JOINT STATUS REPORT

Pursuant to this Court's order at the status conference on September 19, 2007, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (f/k/a "Investors Partner Life Insurance") (collectively, "John Hancock"), and defendant Abbott Laboratories ("Abbott") hereby submit this Joint Status Report.

A.   The Court's Order Regulating Non-Jury Trial dated September 27, 2007 (Docket Entry No. 178) ("Pre-trial Order").

   1.   John Hancock's Position

John Hancock has no proposed changes to the Court's Pre-Trial Order, which John Hancock understands reflects the Court's usual practice in non-jury proceedings. John Hancock further believes that, given the extensive discovery and dispositive

motion practice in this case, the parties already are well aware of the relevant issues and evidence, and that the pre-trial timetable set out in the Court's proposed Order is reasonable and fair to both sides and need not be modified.

2.  Abbott's Position

Abbott respectfully proposes the following changes to the Court's Pre-Trial Order:

(i) The current order provides that the party having the burden of proof on any claim or defense shall serve Proposed Findings of Fact and Conclusions of Law on or before noon on January 21, 2008. Order, § II.2. It provides that on or before noon on February 4, 2008, counsel receiving the Proposed Findings and Conclusions may serve Proposed Additional or Substitute Findings and Conclusions. *Id.*, § II.3.b. Under the current order, John Hancock, as the party bearing the burden of proof on its claims, will have more than 90 days (from now until January 21, 2008) to prepare its Proposed Findings and Conclusions, while Abbott will have only two weeks to prepare its Proposed Additional or Substitute Findings. In order to allow Abbott sufficient time to respond to Hancock's Proposed Findings and Conclusions, Abbott proposes that the party having the burden of proof on any claim or defense serve Proposed Findings and Conclusions on or before January 7, 2008, rather than January 21, 2008. This proposed modification would still allow Hancock more than 70 days to prepare its Proposed Findings and Conclusions, while Abbott will have four weeks to prepare its response.

(ii) The current order provides that each party shall concurrently file its witness list, affidavits of witnesses, deposition testimony, and exhibits on or before

noon on February 4, 2008. *Id.*, § II.4. Under this requirement for simultaneous filings, Abbott would be required to identify and file the evidence it will need to offer in support of its defense (including witness affidavits) *before* it knows what evidence John Hancock intends to offer in its case in chief. Therefore, Abbott would need to prepare and file an overbroad set of exhibits and affidavits -- responding to all the evidence in this case that Hancock could *potentially* introduce. Abbott believes it would be in the interests of efficiency and economy to have a staggered schedule for the submission of evidence. Abbott accordingly proposes that Hancock file its witness lists, affidavits, depositions, and exhibits on or before noon on January 14, 2008 and that Abbott file its witness lists, affidavits, depositions, and exhibits three weeks later, on or before noon on February 4, 2008. Under this modified, staggered schedule, Hancock will still have more than seventy-five days to identify and file its evidentiary submissions.

(iii)  The current order provides that counsel for the parties shall confer "well in advance" of the date for submission of exhibits (which is currently February 4, 2008 and which Abbott proposes to change to January 14, 2008 for plaintiffs and February 4, 2008 for the defendants) to determine whether objections will be made to the proffered exhibits. *Id.*, § II.4.c. Abbott proposes setting a date certain for the exchange of proposed exhibits to ensure sufficient time for counsel to consult regarding objections. Specifically, Abbott proposes that at noon on December 14, 2007, the parties exchange lists and copies of exhibits they intend to offer and promptly conduct a supplemental exchange if they identify any additional documents they intend to offer as exhibits.

B.   Additional Discovery Issues and Disputes.

The parties anticipate that, prior to trial, they may require the Court's assistance in resolving discovery disputes relating to the following issues:

1.   Abbott's Actual Spending On Program Related Costs.

After the close of discovery, Abbott supplemented its response to Interrogatory No. 15 of John Hancock's Second Set of Interrogatories to state that Abbott had expended approximately $20 million more on Program Related Costs over the four-year Program Term and the subsequent year than Abbott had disclosed in its prior sworn discovery responses. John Hancock asserts that this information is relevant to the question of Abbott's obligations to Hancock under Section 3.3(b) of the Research Funding Agreement. John Hancock has requested additional information from Abbott concerning its revised spending figures, and the parties are in disagreement over what additional information Abbott is required to provide and in what form. The parties hope to resolve their disputes without the Court's intervention, but may be unable to do so.

2.   Abbott's Other Contractual Compliance Audits.

Should the Court deny StoneTurn LLP's Motion to Quash or Modify Subpoena (Docket Entry No. 121), currently scheduled for oral argument on October 25, 2007, and order StoneTurn to produce documents related to its other contractual compliance audits, John Hancock intends to seek production of documents concerning Abbott's other contractual compliance audits that were requested in Hancock's First Request for

Production of Documents.[1]  Abbott previously resisted the production of such documents on the ground that they are irrelevant to this proceeding, but now seeks their production from StoneTurn.  John Hancock believes that evidence of prior contractual compliance audits, if produced by one side, should be produced by both.

Abbott's position regarding evidence of prior contractual compliance audits is set forth in Section C.2(iv) below.

C.    Motions in Limine.

Other than Abbott's motion in limine regarding John Hancock's expert, Mr. Alan Friedman, to be filed by Abbott on October 12, 2007, the parties currently anticipate the following additional motions in limine:

    1.    John Hancock's Anticipated Motions in Limine:

        (i)    Evidence Contrary To The Representations Made By Abbott In The Descriptive Memoranda.

John Hancock believes that, as evidenced in Abbott's recent summary judgment papers, Abbott intends to distance itself at trial from the express representations that it made to John Hancock in the Descriptive Memoranda attached to, and incorporated in, the parties' Research Funding Agreement.  *See, e.g.*, Abbott's Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Count II of the First Amended Supplemental Complaint, p. 6; Abbott's Response to Hancock's Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment on Count II of the First Amended Supplemental Complaint, p. 39, ¶ 38 (arguing that John

---

[1] Request No. 14 of John Hancock's First Request for Production of Documents and Things, dated October 7, 2005, requests "[d]ocuments concerning other contractual compliance audits that Abbott has undertaken or been subject to at any time from January 1, 1995 to the present, including, without limitation, documents sufficient to identify names of parties who participated in each audit, the inclusive date(s) of each audit, the purpose(s) of each audit, the audit processes employed, and the results of each audit."

Hancock conducted its own due diligence or declined Abbott's offers to provide further information; rather than review every piece of data, Hancock requested 4-8 page memoranda); *id.*, ¶¶ 31 (p. 21), 39 (p. 37), 49 (p. 59-60) (arguing that John Hancock's consultant, Lynn Klotz, verified the accuracy of the Descriptive Memoranda). Based upon the integration clause in that Agreement, John Hancock intends to file a motion in limine precluding Abbott from offering any evidence that is contrary to the express representations contained in the Descriptive Memoranda, that purports to demonstrate the disclosure of such contrary facts to John Hancock prior to the execution of the Agreement, or that would tend to demonstrate a lack of awareness on Abbott's part of the express representations contained in the Descriptive Memoranda.

                (ii)     Unreliable Or Unsubstantiated Testimony by Avram Tucker.

John Hancock intends to submit a motion in limine to exclude the testimony of Mr. Avram Tucker, Abbott's designated damages expert, regarding: (a) any of the alleged "numerous methodological and calculation errors" in the report of John Hancock's damages expert, Mr. Alan Friedman, that Mr. Tucker was unable to identify or explain when asked to do so at his deposition in this action; (b) any hypothetical renegotiation of the Research Funding Agreement or alternative terms that Mr. Tucker speculates Abbott and John Hancock might have agreed upon if the actual condition and prospects of ABT-518, ABT-594 and/or ABT-773 had been disclosed to Hancock before the execution of that Agreement; and (c) Abbott's legal obligations under the Research Funding Agreement, which are beyond Mr. Tucker's area of expertise. None of these topics constitutes an appropriate subject for expert testimony under

-6-

Federal Rule of Evidence 702 ("Rule 702"), and John Hancock will seek to preclude any related opinion testimony by Mr. Tucker accordingly.

2.   Abbott's Anticipated Motions in Limine:

(i)   Opinions by Barry I. Gold, Ph.D., Not Disclosed in His Report.

Based on statements made at the deposition of Dr. Gold, Abbott believes John Hancock may seek to introduce expert opinions by Dr. Gold that were not disclosed in his expert report. The deadline for providing expert reports in this matter was October 13, 2006. During his deposition on June 1, 2007, Dr. Gold testified regarding opinions that were not contained in his expert report and stated that he was planning on submitting a revised expert report. Abbott has not received a revised expert report from Dr. Gold. Given that the trial has been set for March 2008, and that the discovery deadline has passed, Abbott would be severely prejudiced if John Hancock were allowed to submit a revised expert report at this late stage. Abbott will therefore seek to exclude any expert opinions by Dr. Gold not included in his expert report.

(ii)   Unreliable Testimony by William R. Fairweather, Ph.D.

Abbott intends to submit a motion in limine to exclude the testimony of Dr. Fairweather on clinical trial statistical issues. Dr. Fairweather prepared an expert report which purports to set forth the method by which the statistical power of clinical studies is calculated. Dr. Fairweather's report states that the usable sample size (number of patients) to calculate the power of the M99-114 clinical study for ABT-594 was limited to the number of patients that completed the clinical trial and that the patients who did not complete the clinical trial should have been excluded from Abbott's power calculation. In his deposition, Mr. Fairweather testified that the usable

sample size for a power calculation would not be limited to the number of patients that completed the clinical trial but would also include patients who had terminated before the end of the clinical trial. Dr. Fairweather's admission that the assumption in his report that the usable sample size for the clinical trial was limited to the number of patients who completed the clinical trial was incorrect renders his opinion unreliable and inadmissible under Rule 702. Moreover, Dr. Fairweather's expert report contains several opinions regarding Abbott documents that are not appropriate subjects of expert testimony under Rule 702. For example, Dr. Fairweather purports to opine on Abbott's state of mind regarding the development status of ABT-594 based on his reading of a document that was prepared by McKinsey & Company. Abbott will seek to exclude Dr. Fairweather's testimony regarding any such opinions.

    (iii) Allegations Not Included in the First Amended Supplemental Complaint.

Abbott believes John Hancock may seek to introduce evidence regarding alleged misrepresentations, omissions, or breaches of contract that are not identified in the First Amended Supplemental Complaint and, in some cases, were not identified in discovery responses until after the close of discovery. For example, in the three versions of its complaint that Hancock has filed in this case, John Hancock never made any allegations regarding ABT-773 dosing or the ABT-773 pediatric program. Similarly, in response to an interrogatory asking Hancock to "state the basis" for all its allegations of misrepresentations, Hancock made no mention of any of these claims. After the close of discovery, Hancock served a supplemental interrogatory response that included these allegations. Subsequently, John Hancock also included these allegations in its motion for partial summary judgment. John Hancock's belated assertion of these allegations,

-8-

after the close of discovery, prejudices Abbott and violates Rule 9(b) of the Federal Rules of Civil Procedure, which requires pleading with particularity allegations of fraud or mistake. Abbott intends to file a motion in limine excluding evidence regarding allegations that are not identified in the First Amended Supplemental Complaint, including but not limited to allegations regarding ABT-773 dosing and the ABT-773 pediatric program.

        (iv)    Evidence Regarding Audits Other than the Audit of Abbott Pursuant to the Research Funding Agreement

Abbott's position (as stated in its opposition to StoneTurn's Motion to Quash) is that evidence regarding prior contractual compliance audits, whether of Abbott or any other company, should be excluded on the grounds that it is irrelevant, a waste of time, and confusing. Testimony by StoneTurn employees regarding prior audit policies and procedures also would constitute improper expert testimony because, among other things, John Hancock never designated them as expert witnesses. Unless John Hancock agrees not to introduce evidence regarding audits other than the audit at issue in this case, Abbott plans to file a motion in limine to exclude such evidence.

Several months ago, as a precautionary measure, Abbott sought documents regarding prior audits from StoneTurn so it would be prepared to cross-examine the witnesses in the event the Court allows testimony regarding prior audits. Abbott has offered to withdraw its request for production of documents if John Hancock will agree that it will not introduce evidence at trial regarding prior audits, but John Hancock has declined the offer. Unlike John Hancock, Abbott has no plans to affirmatively introduce evidence of prior audits and should not be required to engage in a

burdensome production of irrelevant documents from its files regarding unrelated prior audits, as John Hancock suggests in Section B.2.

As the parties prepare for trial, other issues, which may appropriately be addressed in motions in limine, may be identified.

| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, AND MANULIFE INSURANCE COMPANY | ABBOTT LABORATORIES |
|---|---|
| By their attorneys, | By its attorneys, |
| /s/ Brian A. Davis | /s/ Jeffrey I. Weinberger |
| Brian A. Davis (BBO No. 546462)<br>Joseph H. Zwicker (BBO No. 560219)<br>Karen Collari Troake (BBO No. 566922)<br>CHOATE, HALL & STEWART<br>Two International Place<br>Boston, MA  02110<br>Telephone:  617-248-5000<br>Fax:  617-248-4000 | Jeffrey I. Weinberger (*Pro hac vice*)<br>Gregory D. Phillips (*Pro hac vice*)<br>Eric J. Lorenzini (*Pro hac vice*)<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071-1560<br>Telephone:  213-683-9100<br><br>and<br><br>Peter E. Gelhaar (BBO No. 188310)<br>Michael S. D'Orsi (BBO No. 566960)<br>DONNELLY, CONROY<br>& GELHAAR, LLP<br>One Beacon Street, 33rd Floor<br>Boston, MA  02108<br>Telephone:  617-720-2880 |

Date:  October 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on October 12, 2007.

/s/ Richard C. Abati
Richard C. Abati