# MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE

THIRTY-FIFTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

---

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

[Attorney roster omitted]

WRITER'S DIRECT LINE
(213) 683-9127
(213) 683-5127 FAX
Jeffrey.Weinberger@mto.com

October 30, 2007

**VIA U.S. MAIL AND ELECTRONICALLY**

The Honorable Douglas P. Woodlock
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
John Joseph Moakley U.S. Courthouse,
Suite 4110
One Courthouse Way
Boston, Massachusetts 02210

Re: *John Hancock Life Insurance Company, et al. v. Abbott Laboratories*
*U.S.D.C. (Mass.) Civil Action No. 05-11150-DPW*

Dear Judge Woodlock

Abbott Laboratories ("Abbott") respectfully submits this letter in response to the Court's request at the October 25, 2007 status conference confirming that Abbott agrees that its Motion for Summary Judgment on Hancock's Rescission Claim, filed July 20, 2007 ("Rescission Motion") and its Motion to Dismiss, filed July 17, 2007, and Plaintiffs' Cross-Motion for Partial Summary Judgment on Count II of Supplemental Complaint, filed September 8, 2006 (collectively "Section 3.3(b) Motions") may be decided as a matter of law.

### Rescission Motion

As Abbott stated in its motion for summary judgment, Hancock's claim for rescission is precluded as a matter of law by the waiver doctrine, judicial estoppel, and the contractual limitation of remedies clause. Abbott's Mem. in Supp. of Rescission Motion (Docket

MUNGER, TOLLES & OLSON LLP

The Honorable Douglas P. Woodlock
October 30, 2007
Page 2

No. 149) at 2. Hancock did not present any evidence in response to Abbott's motion which raises a genuine issue of material fact. Despite Hancock's claims that Abbott's actions delayed discovery of its claims, Hancock has admitted in a verified interrogatory response that it had knowledge of the alleged misrepresentations regarding ABT-518 "on or around June 2004," and knowledge of the alleged misrepresentations regarding ABT-594 and ABT-773 in the "Fall/Winter 2004." *Id.* There also is no dispute that Hancock did not seek to amend its complaint to add a prayer for rescission until October 2006, three years after it first had knowledge of the alleged misrepresentations. *Id.* Abbott's motion is based upon Hancock's delay during this time period. Therefore, there are no facts that would require a trial on this issue.

Although Hancock suggested in opposing Abbott's motion that it did not decide to seek recission until after the outlook for its investment worsened, this does not create a genuine issue of fact because, under Illinois law, Hancock's delay is alone sufficient to constitute waiver, irrespective of its motive. *Id.* at 16. In any case, it cannot be disputed that, in fact, Hancock first sought rescission only after negative developments regarding compounds that Hancock does not allege were misrepresented. *Id.* at 17.[1]

In sum, Hancock has not presented any genuine issues of material fact in opposition to Abbott's Rescission Motion, and the motion is accordingly ripe for decision as a matter of law.

### Section 3.3(b) Motions

Abbott stated in support of its Motion to Dismiss that the plain language of the Agreement, as properly construed, does not support Hancock's Section 3.3(b) claim and therefore, it is proper to dismiss the claim as a matter of law. Nothing has changed since that motion was filed. *See* Abbott's Mem. in Supp. of Motion to Dismiss at 2 (Docket No. 32) at 10-11. Abbott's Consolidated Reply Mem. in Supp. of Motion to Dismiss and Opp. to Mot. for Summ. Judg. (Docket No. 57) at 8.[2]

Hancock similarly has repeatedly argued that "the relevant terms of the Agreement are unambiguous and ripe for determination as a matter of law." Pls.' Reply Mem. in Supp. of Cross-Motion (Docket No. 68) at 4. *See also* Pls.' Mem. in Opp. to Mot. to Dismiss and in Supp. of Cross-Mot. for Summ. Judg. (Docket No. 42) at 18 (the contract terms are

---

[1] As Abbott explained in its reply, Hancock also purports to dispute various facts in a conclusory manner without offering any contrary evidence. *Id.* at 18 n.7. These type of responses are insufficient to create a genuine issue of material fact. *Id.*

[2] Abbott alternatively contended that the Agreement does not unambiguously support Hancock's position as a matter of law and that parol evidence could be consider to establish this. Since that parol evidence has previously been submitted to the Court and is not disputed, the Court can consider it if necessary to resolve these motions, without trial testimony.

MUNGER, TOLLES & OLSON LLP

The Honorable Douglas P. Woodlock
October 30, 2007
Page 3

"unambiguous" and the evidence is "undisputed"). Hancock should not be heard to take a contrary position now that the Court has indicated its intention to rule in Abbott's favor on this issue. It is proper and appropriate for the Court to make its ruling now.

Sincerely,

Jeffrey I. Weinberger

JIW:ncm

3855060.1