```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

JOHN HANCOCK LIFE
INSURANCE COMPANY ET AL,
    Plaintiffs,

        v.                        CIVIL ACTION
                                        NO. 05-11150-DPW

ABBOTT LABORATORIES,
    Defendant,

## AMENDED ORDER REGULATING NON-JURY TRIAL

WOODLOCK, D.J.

I.   Trial Date

    This case has been scheduled for non-jury trial on **MARCH 3, 2008 AT 9:00 A.M.**

II.  Clarification of Issues and Pre-trial Filings

    1.   Aims.    With the aims of promoting the court's and counsel's understanding of legal and factual issues and using efficiently the public and private resources committed to resolving this dispute, the court (a) will require that proposed findings and conclusions and affidavits to be used in lieu of oral direct examination be filed before trial commences, and (b) will seek to decide the case immediately after oral argument at the conclusion of trial.

    2.   Initial Proposals.  On or before **12 noon, 1/14/2008**, counsel for the party having the burden of proof on any claim or defense will serve on other counsel (but not file with the clerk) three copies of Proposed Findings of Fact and Conclusions of Law.

The statement will list each finding and each conclusion in a separate numbered paragraph. Counsel are encouraged to be concise and to propose only the findings and conclusions that are essential to a claim or defense under the legal theory or theories advanced.

    3.    <u>Marked Response and Additional Proposals</u>.

    a.    On or before **12 noon,** <u>2/4/2008</u>, counsel receiving Proposed Findings and Conclusions pursuant to paragraph 2 will file with the clerk and serve on other counsel a copy of the Proposed Findings and Conclusions, marked as follows:

    (1)    Only those parts of the proposed findings the accuracy of which is genuinely in dispute and only those parts of the conclusions of law that are contested will be underlined.

    (2)    Portions of the proposed findings the admissibility of which is contested will be bracketed.

    (3)    On the margin of the first page will be typed or written the name of the party on whose behalf the Marked Response is filed, followed by the signature of counsel in accordance with Fed. R. Civ. P. 11.

    b.    Counsel receiving Proposed Findings and Conclusions pursuant to paragraph II.2., although not required to do so, may also at the time specified in paragraph II.3.a. above, serve on other counsel three copies of Proposed Additional or Substitute Findings and Conclusions.

    c.    Counsel receiving Proposed Additional or Substitute Findings and Conclusions shall, on or before **12 noon, 2/18/2008**, file with the clerk and serve on other counsel a Marked response to the Proposed Additional or Substitute Findings and Conclusions.

    4.    <u>Lists of Witnesses, Depositions and Exhibits</u>.  Not later than **12/14/2007**, each party shall exchange lists of witnesses, depositions and exhibits :

Not later than **12 noon, 1/14/2008**, **John Hancock** shall file, and not later than **12 noon, 2/4/2008**, **Abbott Laboratories** shall file the following:

    a.    A list of all prospective witnesses, together with the affidavits of each witness whose direct testimony is to be received by affidavit.

    b.    A list of depositions to be used at trial as part of the party's case in chief, identifying pages or portions to be used.  Depositions (or parts thereof) to be used only for impeachment or in cross-examination need not be listed.

    c.    A list of exhibits to be introduced without objection, <u>identified by a single sequence of numbers</u>, regardless of which party is the proponent of an exhibit.  Unless otherwise ordered, plaintiff's exhibits shall commence with exhibit 1 and defendant's exhibits with Exhibit 501.  (Consultation among counsel shall have occurred well in advance of the filing date to determine whether objections

3

        will be made to proffered exhibits.)

    d.    A list of marked items to be offered at trial, as to which an opposing party has reserved the right to object, <u>identified by a sequence of capital letters and the party designation</u> (<u>e.g.</u>, PL's A, B, C ...; D's A, B, C ...).  A party reserving the right to object must file in writing, on the date stated above in this paragraph, a statement of the grounds of objection.

5.    <u>Notice of Intent to Cross-Examine</u>.  Not later than **12 noon, 2/18/2008** , counsel who wishes to cross-examine any witness whose direct testimony is to be received by affidavit shall give written notice to opposing counsel identifying the witness(es) to be cross-examined.

6.    <u>Trial Memorandum.</u>  Not later than **12 noon, 2/18/2008** , counsel shall file with the Court and serve upon opposing counsel a final trial memorandum setting forth in no less than 10 and no more than 20 pages a narrative statement referenced to the previously filed proposed findings and conclusions.

III. <u>Procedure at Trial</u>

1.    <u>Use of Proposed Findings.</u>  All parts of proposed findings neither underlined nor bracketed on the copy filed with the clerk before the trial begins will be received in evidence at the beginning of trial as uncontested.  No other proof on uncontested matters will be required or accepted.  Objections to

the admissibility of bracketed, non-underlined parts of the proposed findings will be heard when such parts are offered, unless otherwise ordered.  When the relevance or materiality of evidence offered at the trial is questioned, counsel offering the evidence shall be prepared to identify for the court the contested fact issue to which the offered evidence is relevant and material.

    2.   <u>Testimony</u>.  Except as provided in paragraph III.2.d. below, all direct examination of witnesses at trial shall be presented by affidavit.

    a.   An affidavit of a witness, constituting the direct examination, must be in admissible form.  That is, each statement in the affidavit must be in form such that if the witness were making the statement orally at trial, in response to a question, it would be admissible under the Federal Rules of Evidence. Statements that would be objectionable as conclusions, or objectionable because of lack of essential foundation evidence, should be avoided.  <u>Cf</u>. Fed. R. Civ. P. 56(e).  To facilitate use at trial, the affidavit shall be prepared in numbered paragraphs, each of reasonable length.

    b.   When an affidavit is offered in evidence, opposing counsel may present objections.  If the court sustains objection to any part of the affidavit, the proponent of the evidence may call the witness to the stand to attempt to cure or avoid grounds

of objection and elicit evidence to replace that stricken on objection.  This may be done as a completion of the direct examination before cross-examination commences.  The court may place limitations on the opportunity for such curative additions to the direct testimony if counsel has inexcusably presented an affidavit not in compliance with paragraph III.2.a. above.

    c.    If notice has been given by opposing counsel in accordance with paragraph II.5. above, the witness must be present for cross-examination and redirect examination.

    d.    In the following circumstances a party may use a deposition or call a witness for oral examination:

    (1)    If notice is given in accordance with paragraph II.4.b. above, the deposition of a witness may be used whenever Fed. R. Civ. P. 32 authorizes its use.

    (2)    An opposing party and anyone having authority to represent that party as officer, director, or managing agent--cf. Fed. R. Civ. P. 32(a)(2)--may be called for oral examination at trial if notice has been given in accordance with paragraph II.4.a. above.

    (3)    For good cause shown and upon motion filed on or before **12 noon, 2/18/2008**, (or filed thereafter but with good cause shown for late filing), all or part of the direct examination of any witness may be by oral examination at trial.  The court may, even if no motion is filed, call a witness for oral examination to aid the court's fact finding; if this is done, the parties will be heard as to whether one or more other witnesses should also be called to assure fair opportunity to develop claims and defenses.

    3.    <u>Use of Depositions at Trial</u>.  Except for good cause

shown, no deposition testimony shall be introduced in a case in chief other than those pages or portions as to which notice was given pursuant to II.4.b. above.  This limitation shall not apply to the use of deposition testimony for impeachment or in cross-examination.

    4.   <u>Stipulations</u>.  Stipulations may be read at any time except during the testimony of a witness.

    5.   <u>Documents</u>.  At least one-half hour before commencement of trial each day, counsel shall furnish the court reporter with a copy of any document from which counsel intends to read that day, except depositions to be read by two people in question and answer form.  Documents to be used during cross-examination are excepted.

                             By the Court,

                             <u>/s/ Jarrett Lovett</u>
                             Deputy Clerk
 Dated: November 5, 2007