UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 05-11150-DPW |

**FINAL JOINT REPORT TO COURT**
**REGARDING SCOPE OF ADDITIONAL AUDIT DISCOVERY**

Pursuant to this Court's order at the status conference on October 25, 2007, and the Preliminary Joint Reports filed on November 8 and 15, 2007, plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (f/k/a "Investors Partner Life Insurance") (collectively, "John Hancock" or "Hancock"), and defendant Abbott Laboratories ("Abbott") hereby submit this Joint Report.

A.   Joint Statement of Abbott and John Hancock

At the October 25, 2007 status conference, the Court conditionally denied the motion of StoneTurn LLP ("StoneTurn") to quash the subpoena issued by Abbott, and ordered Abbott, Hancock, and StoneTurn to meet-and-confer regarding the scope of symmetrical discovery, if any, from StoneTurn and Abbott regarding prior audits.

3971839.1

Pursuant to the Court's order, Abbott, Hancock and StoneTurn have met and conferred and reached agreement. Pursuant to the agreement, Abbott hereby withdraws its subpoena to StoneTurn and, in exchange, John Hancock hereby withdraws its request for discovery from Abbott regarding prior audits. Abbott and John Hancock agree that each party reserves the right to seek to introduce evidence regarding prior audits at trial and each party reserves the right to object to the introduction of such evidence at trial.

B.  <u>Abbott's Separate Statement</u>

Abbott reserves its right to object to any effort by Hancock to introduce evidence regarding prior audits, including but not limited to Mr. Martinez's prior audit of Abbott (pursuant to an unrelated contract between Abbott and another company) while he was employed at Deloitte & Touch and his audit of companies other than Abbott while he was employed at StoneTurn. Specifically, Abbott intends to object to the introduction of evidence regarding prior audits on the grounds that it is irrelevant and a waste of time. As StoneTurn admitted in its motion to quash, evidence regarding other audits is an "irrelevant subject" and testimony on the subject at trial "would waste the court's time." StoneTurn's Mem. in Supp. of Mot. to Quash (Docket No. 122) at 8. Abbott also intends to object to the introduction of testimony by Chris Martinez (or any other witness) regarding prior audits on the grounds that it is inadmissible expert testimony because, among other things, John Hancock never designated Mr. Martinez or anyone else as an expert witness on this subject, nor did it serve an expert report as required by the Federal Rules of Civil Procedure. Abbott also reserves its right to object to the introduction of evidence regarding prior audits on any other proper grounds.

If John Hancock is allowed to introduce evidence regarding prior audits over Abbott's objections, Abbott reserves the right to introduce rebuttal evidence including but

not limited to evidence regarding Abbott's response to prior audits. John Hancock has indicated that it intends to object to Abbott's presentation of rebuttal evidence on the grounds that Abbott did not produce documents regarding prior audits of Abbott by other companies pursuant to unrelated contracts. Although this issue is not ripe for decision at this time, Abbott notes that John Hancock's position is without merit. Two years ago, Abbott provided written responses to John Hancock's interrogatories and document requests which explained that Abbott does not maintain generally-applicable policies and procedures regarding responses to contractual compliance audits. Abbott objected to John Hancock's request for production of documents regarding specific prior audits as irrelevant and unduly burdensome. The parties met-and-conferred and John Hancock decided not to move to compel further responses. In addition, there would be no unfair surprise if Abbott presented rebuttal evidence because Abbott would identify any rebuttal witness and produce any potential exhibits in accordance with the Court's pre-trial order. Furthermore, it would be fundamentally unfair and unduly prejudicial to allow John Hancock to introduce testimony by Mr. Martinez regarding his prior audit of Abbott, and not allow Abbott to introduce testimony and documents to rebut Mr. Martinez's testimony. Of course, the issue of the admissibility of rebuttal evidence by Abbott will be moot if the Court decides at trial to preclude introduction of evidence by either side regarding prior audits, as Abbott believes is proper.

C.  John Hancock's Separate Statement

As noted above, Abbott voluntarily withdrew its subpoena to StoneTurn rather than be subject to symmetrical discovery regarding prior contractual compliance audits. As a consequence, John Hancock withdrew its request for discovery from Abbott regarding prior contractual compliance audits. Also as noted above, John Hancock

expressly reserves its rights to object to the introduction of testimony and evidence by Abbott that was not previously disclosed in the course of discovery, expressly reserves its rights to introduce testimony and evidence relevant to its audit claim and expressly reserves all other rights with respect to the introduction of evidence regarding prior audits at trial.

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, AND MANULIFE INSURANCE COMPANY | ABBOTT LABORATORIES |
| By their attorneys, | By its attorneys, |
| /s/ Karen Collari Troake<br>Brian A. Davis (BBO No. 546462)<br>Joseph H. Zwicker (BBO No. 560219)<br>Karen Collari Troake (BBO No. 566922)<br>CHOATE, HALL & STEWART<br>Two International Place<br>Boston, MA  02110<br>Telephone:  617-248-5000<br>Fax:  617-248-4000 | /s/ Eric J. Lorenzini<br>Jeffrey I. Weinberger (*Pro hac vice*)<br>Gregory D. Phillips (*Pro hac vice*)<br>Eric J. Lorenzini (*Pro hac vice*)<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071-1560<br>Telephone:  213-683-9100<br><br>and<br><br>Peter E. Gelhaar (BBO No. 188310)<br>Michael S. D'Orsi (BBO No. 566960)<br>DONNELLY, CONROY<br>& GELHAAR, LLP<br>One Beacon Street, 33rd Floor<br>Boston, MA  02108<br>Telephone:  617-720-2880 |

Date:  November 19, 2007

-5-

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on November 19, 2007.

                                                                                            */s/ Richard C. Abati*
                                                                                            Richard C. Abati