# C|H|O|A|T|E

CHOATE HALL & STEWART LLP

December 7, 2007

Brian A. Davis
(617) 248-5056
bad@choate.com

BY HAND AND ELECTRONICALLY

The Honorable Douglas P. Woodlock
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 4110
Boston, Massachusetts 02210

Re:   John Hancock Life Insurance Company, *et al.*
      v. Abbott Laboratories
      U.S.D.C. (Mass.) Civil Action No. 05-11150-DPW

Dear Judge Woodlock:

I write in response to Attorney Jeffrey Weinberger's letter of December 5, 2007, sent on behalf of defendant Abbott Laboratories, requesting that Your Honor postpone the scheduled March 3, 2008 trial date in this matter based on Mr. Weinberger's scheduling conflict with another contractual fraud action that is pending in Los Angeles Superior Court (the "Slaughter Action"). John Hancock respectfully opposes Abbott's request.

This action was commenced in June 2005. Since that time, John Hancock has, as a matter of professional courtesy, joined in or assented to multiple requests by Abbott to delay or reschedule various deadlines in this case due to, among other things, Abbott's inability to complete its document production on time (*see, e.g.,* Joint Motion To Modify Scheduling Order, dated March 29, 2006, Docket No. 26), and Abbott's decision to retain new lead counsel (*see* Defendant Abbott Laboratories' Motion To Modify Scheduling Order (Assented To), dated July 26, 2006, Docket No. 36). In this instance, however, John Hancock believes that the scheduling conflict Mr. Weinberger cites easily could have been avoided if Abbott and its counsel had complied with Your Honor's express instructions, and that Hancock should not be made to suffer the consequences of Abbott's non-compliance.

More specifically, when Mr. Weinberger first raised his potential conflict involving the Slaughter Action at the September 19, 2007 scheduling conference in this case, Your Honor inquired whether that case was "an older case or younger" than this matter. Hearing Transcript at 13. Mr. Weinberger responded that the Slaughter Action was

Letter to Hon. Douglas P. Woodlock
UNITED STATES DISTRICT COURT
December 7, 2007
Page 2

"about a year old." *Id.* Your Honor further explained that the "local rule is to give deference to those cases that are older, even in the state courts, but not to ones that are younger," and stated that resolving Mr. Weinberger's scheduling conflict "would require moving to continue that trial in Los Angeles." *Id.* Your Honor also instructed Mr. Weinberger to notify the Court "as quickly as possible" if "the judge in California is concerned about that..." *Id.* Mr. Weinberger responded to Your Honor's instructions by promising the Court that he would "immediately inquire about the possibility" of continuing the trial of the Slaughter Action. *Id.*

It now is apparent that Mr. Weinberger did not "immediately inquire" about the willingness of the Los Angeles Superior Court to continue the scheduled trial date in the Slaughter Action as he promised to do at the September 19 hearing in this case. In fact, by Mr. Weinberger's admission, he *never* has made such an inquiry of the Los Angeles Superior Court because he claims that doing so "would be futile..." December 5, 2007 letter at 2. It also is apparent that Mr. Weinberger only raised the issue of a continuance with his opposing counsel in the Slaughter Action *within the last week* (*i.e.*, approximately two-and-a-half months after the September 19 hearing in this case). *See* E-mail message from J. Weinberger to D. Howarth, dated November 30, 2007 (a copy of which was provided by Abbott's counsel and is attached to this letter). Not surprisingly, opposing counsel in that action rejected Mr. Weinberger's belated request. *Id.*

John Hancock respectfully submits that the trial of this case, which now is more than two-and-a-half years old, deserves priority over the trial of the much younger Slaughter Action, which only was commenced in November 2006. John Hancock believes that the Court made that point eminently clear at the September 19 scheduling conference. The resolution of John Hancock's claims should not be delayed simply because Abbott and its counsel failed to follow Your Honor's explicit instructions to promptly seek a continuance in the Slaughter Action, or to "quickly" notify the Court of any problems in that regard. Furthermore, while Mr. Weinberger asserts, without elaboration, that his clients in the Slaughter Action "will be severely prejudiced if the current schedule is not changed" (December 5, 2007 letter at 3), he makes no effort to explain why the prejudice those clients will experience is any greater than the prejudice John Hancock will suffer if the trial of this case is delayed instead. He does not because he cannot.

As John Hancock's lead counsel, I take no personal pleasure in opposing Abbott's counsel's request for a continuance in this matter, but I would be greatly remiss in my obligations to my clients if I did not expose that request as unwarranted and unnecessary in the circumstances. For these reasons and the others that I have stated, John Hancock respectfully asks that that request be denied, and that this case proceed to trial on March 3, 2008 as scheduled.

Letter to Hon. Douglas P. Woodlock
UNITED STATES DISTRICT COURT
December 7, 2007
Page 3


Thank you for your consideration.

Very truly yours,

Brian A. Davis

cc:     Jeffrey I. Weinberger, Esq. (by electronic and regular mail)
        Peter E. Gelhaar, Esq. (by electronic and regular mail)
        Michael S. D'Orsi, Esq. (by electronic and regular mail)

4278754.1