MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

December 5, 2007

WRITER'S DIRECT LINE
(213) 683-9127
(213) 683-5127 FAX
Jeffrey.Weinberger@mto.com

VIA HAND DELIVERY AND ELECTRONICALLY

The Honorable Douglas P. Woodlock
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
John Joseph Moakley U.S. COURTHOUSE,
Suite 4110
One Courthouse Way
Boston, Massachusetts 02210

Re:  *John Hancock Life Insurance Company, et al. v. Abbott Laboratories*
     *U.S.D.C (Mass.) CV 05-11150-DPW*

Dear Judge Woodlock:

      Your Honor may recall that at the September 19 status conference, when the March 3 trial date in this matter was conditionally set, I informed the Court that I believed that date was in conflict with another trial date in a case in which I am also lead counsel pending in the Los Angeles Superior Court. I stated that I would try to move that trial and would advise the Court if I was successful. At the time, I was hopeful that the case would soon settle, or that alternatively, the parties would agree to continue the matter to a later date because of additional discovery issues that were pending. Neither of those events have transpired, however, so I now

The Honorable Douglas P. Woodlock
December 5, 2007
Page 2

respectfully request that the Court set a new date for trial of this case, consistent with its calendar, but not less than 75 days after the March 3 date.

The case in question, is *Steven Slaughter and S&J Shoes, Inc. v. Jerry Kohl, Corozan Retail Corp. and Brighton Collectibles, Inc.*, Superior Court of the State of California, County of Los Angeles, Case No. BC 361421) ("Slaughter case.") I am lead counsel for the defendants. By Order dated February 16, 2007, the Court set the case for jury trial commencing on March 26, 2008. The final pre-trial conference, at which attendance by lead counsel is mandatory, is March 17, 2008. (Attachment 1) The parties currently estimate that the trial will take three weeks to complete. Although this trial date does not literally conflict with the Hancock trial date, it would be impossible for me to attend the pre-trial conference trial or to properly be prepared to select a jury and serve as lead trial counsel in another complex case three days after the Hancock trial is completed on March 22. In effect, I would be unable to handle the *Slaughter* trial. The requested extension would allow me to try the *Slaughter* case and give me a few weeks for preparation before beginning this trial.

Yesterday, I contacted counsel for Hancock, Brian Davis, to inform him of the situation and request his assent to this request. Mr. Davis refused to agree, claiming that I had committed to, but failed to file, a formal motion for continuance in the Los Angeles Superior Court, and that I had waited too long to attempt to change the trial date. I believe Mr. Davis' objections are not well taken for a number of reasons.

First, I made no representation about filing formal a motion to continue in the absence of agreement from opposing counsel. Rather, I told the Court "I will try and move it," that I would "advise the Court if I was successful, and that I would "inquire about the possibility." (*See* Attachment 2, Tr. of Proceedings, September 19, 2007 at 12-13.)

Second, in my judgment, a formal contested motion for continuance in the *Slaughter* case would be futile since the Judge, the Honorable Mary Ann Murphy, has previously indicated on several occasions that the trial date, which was set 10 months ago, was firm and would not be moved in the absence of agreement by all counsel. Opposing counsel in the *Slaughter* case has now unequivocally stated that, in reliance on the Court's trial date, he and his co-trial counsel have scheduled other arbitrations and trials for the spring and early summer and that they would vigorously oppose any motion to continue the trial. *See* e-mail dated December 1, 2007, attached as Attachment 3. I do not believe there is a viable motion to continue under these circumstances.

Third, while it is true that I did not immediately seek a continuance in the *Slaughter* case after the Hancock status conference, I had good reasons for not doing so. There were several discovery motions that needed to be decided by the Court in *Slaughter* before such a request would have had any chance of success. Moreover, seeking a continuance at that time would have had a detrimental effect on my client's position on these motions, in which plaintiffs sought to reopen discovery and add additional and substantial new claims. Because of the schedules of the Court and opposing counsel, a hearing could not be scheduled on those motions

until November 20, two months after they were filed. I was unaware at the Hancock status conference that this delay would occur. I sought the continuance from opposing counsel in *Slaughter* as soon as the Court ruled on the pending motions. I can provide the Court with more details if desired, but suffice to say at this time that I was motivated *solely* by the desire to maximize the chances for resolution of the *Slaughter* case or postponement of the trial to permit the March 3 date to go forward. If that had not been my goal, I would have simply informed this Court at the status conference that I had a conflict in March in the first instance. I do not feel that either I or my client should be penalized for my candor and willingness to attempt to resolve the trial conflict so that the Hancock case could proceed first.

Fourth, Mr. Davis did not identify any prejudice that Hancock would suffer if my request was granted. For example, he did not say that there were any conflicts in his calendar which would prevent him from trying the case in the time frame of my request. By contrast, my clients in the *Slaughter* case will be severely prejudiced if the current schedule is not changed.

I very much appreciate the Court's consideration of this request.

Sincerely,

Jeffrey I. Weinberger

JIW:ncm

cc:   Brian A. Davis
      Michael S. D'Orsi

4045643.1

# ATTACHMENT 1

Case 1:05-cv-11150-DPW   Document 209-2   Filed 12/07/2007   Page 1 of 3

# Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC361421
STEPHEN SLAUGHTER ET AL VS JERRY KOHL ET AL

**Filing Date:** 11/03/2006
**Case Type:** Contractual Fraud (General Jurisdiction)
**Status:** Pending

---

### Future Hearings

**02/20/2008** at 08:31 am in department 25 at 111 North Hill Street, Los Angeles, CA 90012
Conference-Post Mediation Status (MEDIATION COMPLETION DATE: 2/15/08)

**02/25/2008** at 09:00 am in department 25 at 111 North Hill Street, Los Angeles, CA 90012
Motion for Summary Judgment (**********************RESERVED ONLY*********************)

**03/17/2008** at 08:31 am in department 25 at 111 North Hill Street, Los Angeles, CA 90012
Final Status Conference

**03/26/2008** at 09:30 am in department 25 at 111 North Hill Street, Los Angeles, CA 90012
Jury Trial

---

Documents Filed | Proceeding Information

### Parties

BRIGHTON COLLECTIBLES INC. - Defendant/Respondent

CORAZON RETAIL CORP. - Defendant/Respondent

DOES 1 THROUGH 100 - Defendant/Respondent

HOWARTH DON ESQ. - Attorney for Plaintiff/Petitioner

KOHL JERRY - Defendant/Respondent

S&J SHOES INC. - Plaintiff/Petitioner

SLAUGHTER STEPHEN - Plaintiff/Petitioner

VINCENT GARTH T. ESQ. - Attorney for Defendant/Respondent

**10/29/2007** Motion (FOR PERMISSION TO FILE UNDER SEAL )
Filed by Attorney for Defendant/Respondent

**10/29/2007** Motion to Compel (DEPOSITION OF PLAINTIFF S&J SHOES, INC )
Filed by Attorney for Defendant/Respondent

**10/26/2007** Miscellaneous-Other (SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION )
Filed by Attorney for Plaintiff/Petitioner

**10/26/2007** Motion to Compel (RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION )
Filed by Attorney for Plaintiff/Petitioner

**10/23/2007** Stipulation and Order (TO ALTER SUMMARY JUDGMENT BRIEFING SCHEDULE WITHOUT CHANGING HEARING DATE AND ORDER THEREON )
Filed by Attorney for Plaintiff/Petitioner

**09/12/2007** Stipulation and Order (TO ALTER SUMMARY JUDGMENT BRIEFING SCHEDULE WITHOUT CHANGING HEARING DATE AND ORDER THEREON )
Filed by Attorney for Defendant/Respondent

**06/29/2007** Receipt (DEPOSITOR - MTO PLAINTIFF - SLAUGHTER COMMISSON $20.00 )
Filed by Plaintiff/Petitioner

**03/05/2007** Answer (AND GENERAL DENIAL OF DEFENDANTS )
Filed by Attorney for Defendant/Respondent

**02/16/2007** Statement-Case Management
Filed by Attorney for Plaintiff/Petitioner

**02/01/2007** Reply/Response (IN SUPPOR OF DEMURRER )
Filed by Attorney for Defendant/Respondent

**01/26/2007** Opposition Document (FROM PLAINTIFF TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE )
Filed by Attorney for Plaintiff/Petitioner

**01/26/2007** Opposition Document (FROM PLAINTIFF TO DEFENDANTS' DEMURRER )
Filed by Attorney for Plaintiff/Petitioner

**01/26/2007** Miscellaneous-Other (APPENDIX OF NON-CALIFORNIA AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER )
Filed by Attorney for Plaintiff/Petitioner

**01/23/2007** Notice (of association of counsel )
Filed by Attorney for Plaintiff/Petitioner

**01/16/2007** Request for Judicial Notice (filed )
Filed by Attorney for Defendant/Respondent

**01/16/2007** Demurrer (to pltffs' complaint filed )

# ATTACHMENT 2

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| JOHN HANCOCK LIFE | ) | C.A. No. 05-11150-DPW |
| INSURANCE COMPANY, ET AL, | ) | Courtroom No. 1 |
| PLAINTIFFS | ) | |
| VS. | ) | |
| ABBOTT LABORATORIES, | ) | 1 Courthouse Way |
| DEFENDANTS | ) | Boston, MA 02210 |


SCHEDULING CONFERENCE

SEPTEMBER 19, 2007

10:02 a.m.


BEFORE THE HONORABLE DOUGLAS P. WOODLOCK

UNITED STATES DISTRICT COURT JUDGE


VALERIE A. O'HARA

OFFICIAL COURT REPORTER

70225d76-5fb1-4336-a91c-752f87382f83

Page 10

1  absolutely.
2      THE COURT: So, unlike Massachusetts, which
3  imposes a virtual obligation?
4      MR. DAVIS: I think I was talking, I'm sorry, your
5  Honor, solely restitution. In that case I believe it's
6  discretionary with the Court, and in an actual damage case I
7  believe it's a matter of statute, the calculation.
8      THE COURT: All right.
9      MR. DAVIS: So we can make those calculations, we
10 can put that evidence on for your Honor.
11     THE COURT: So, if this is jury-waived, I think in
12 terms of presenting it, I'm less bothered by the deposition
13 prospect because what I generally do in jury-waived cases as
14 follows: I'll have Mr. Lovett set out after we talk about
15 this a bit a pretrial order, but generally I take direct
16 evidence by affidavit, and people can challenge the
17 admissibility of evidence in these affidavits, but that
18 stands as the direct testimony, then the party opposing who
19 hasn't submitted that affidavit has the opportunity to
20 cross-examine will be given an opportunity to cross-examine,
21 if they chose to, and that's where the live testimony would
22 first begin.
23     Now, if you're talking about a series of
24 depositions and -- well, depositions, either video or
25 otherwise, I suppose that they can be spliced together to

Page 11

1  perform the same function, but the elimination of direct
2  examination in nonjury cases for me anyway is a time saver,
3  substantial time saver as much as it's always interesting to
4  see people's techniques in conducting direct examination,
5  I'd prefer to get right down to it and do that in the quiet
6  of my chambers, and that means I'm hot when I see the
7  cross-examination of any witnesses, and I will be prepared
8  at least with respect to the direct case.
9      So what I do is issue generally, and I think I
10 will in this case, a Pretrial Order that directs the
11 preparation of affidavits and/or depositions with direct
12 testimony and agreement between the parties with respect to
13 the depositions of witnesses who are unavailable, an
14 opportunity for the parties to designate those they'd like
15 to cross-examine and the exchange of what I'll call findings
16 of fact and conclusions of law marked up so that the parties
17 can indicate things that are truly not in dispute but are
18 necessary findings and conclusions, those things that they
19 think are irrelevant and those things they think are
20 disputed, so I'm focused on those as well, and the --
21     MR. DAVIS: I'd assume we'd also have an agreed
22 upon set of exhibits?
23     THE COURT: Yes. The exhibits would be referenced
24 in the affidavits themselves or by annotating the
25 depositions, if that becomes necessary, so I can follow

Page 12

1  through on it. It generally takes probably six or seven
2  weeks for the process to go back and forth because the
3  parties get to see it ahead of time, that's what the marking
4  up does, and I would think that that would substantially
5  reduce the trial time for this case.
6      Now, what I would be looking at, I think, is the
7  end of February, more likely, the beginning of March for
8  trial time, and I would propose to carve out three weeks,
9  but I would desperately hope that it didn't take anything
10 like that.
11     MR. DAVIS: That time frame would be fine, your
12 Honor.
13     THE COURT: From the defendant's point of view?
14     MR. WEINBERGER: Yes, I do have a trial in March,
15 but I can try to move that.
16     THE COURT: Where is it?
17     MR. WEINBERGER: It's in superior court in
18 Los Angeles, but I will try and move it. You can hold these
19 dates, and I can advise the Court if I'm successful.
20     THE COURT: Right. When is that trial, and how
21 long is it supposed to be?
22     MR. WEINBERGER: I think it's two weeks, and if
23 I'm not mistaken, it's around March 15, something in that
24 time frame.
25     THE COURT: Are you plaintiff or defendant?

Page 13

1      MR. WEINBERGER: Defendant.
2      THE COURT: Why don't we say March 3rd. That
3  would require moving to continue that trial in Los Angeles.
4  Do you know if that's an older case or younger than this?
5      MR. WEINBERGER: It's not that old, I think it's
6  about a year old.
7      THE COURT: Okay. Ordinarily what we do when we
8  have conflicts within the Commonwealth, and actually we do
9  it by reference to a local rule is give deference to those
10 cases that are older, even in the state courts, but not to
11 ones that are younger, but if there's a problem, I don't
12 like to interfere with somebody else's trial schedule, so if
13 the judge in California is concerned about that, get back as
14 quickly as possible.
15     MR. WEINBERGER: I'll immediately inquire about
16 the possibility.
17     THE COURT: So what we're talking about is for the
18 parties to have carved out the weeks of March 3, March 10
19 and March 17 for trial here, and I think what I would like
20 to do is circulate the pretrial order, and you can modify it
21 or adjust it, and I think it would be useful to have a
22 further conference here in say the end of October so that
23 you've got some idea and you can identify problems at that
24 point so we can get them relatively promptly. You folks
25 come from Los Angeles, right? What's more convenient for

# ATTACHMENT 3

**Weinberger, Jeffrey**

---

**From:** Don Howarth [mailto:dhowarth@howarth-smith.com]
**Sent:** Sunday, December 02, 2007 12:44 PM
**To:** Weinberger, Jeffrey
**Cc:** Vincent, Garth; jdavis@howarth-smith.com
**Subject:** RE: Brighton v. Slaughter Depositions and Trial Date

Jeff,

With With regard to the trial date, when the date of March 26, 2008 was set (long ago), your office solemnly confirmed to Judge Murphy that this date would work and that it would be preserved for trial. I did the same and have protected it on my calendar, as did our co-trial counsel, Tom Girardi. Both Tom and I have now set a number of trials and arbitrations on either side of this date in reliance on this trial date being firm. Neither of us would be available at the later dates you are talking about. For all these reasons we cannot agree to move the trial date and will oppose any attempt to do so.

Don

Don Howarth, Esq.
Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, CA  90014
Phone (213) 955-9400
Fax (213) 622-0791
http://www.howarth-smith.com

CONFIDENTIALITY NOTICE: This email is for the sole use of intended recipients and may contain confidential, privileged information. If you are not an intended recipient, please contact sender by telephone or reply email and destroy this email and all copies of it. Thank you.

12/5/2007