UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), | ) ) ) ) ) ) ) ) | |
|  | ) | CIVIL ACTION NO. 05-11150-DPW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' ASSENTED TO MOTION FOR
IMPOUNDMENT OF CONFIDENTIAL INFORMATION**

Pursuant to Local Rule 7.2, Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a/ Investors Partner Life Insurance Company) (collectively, "John Hancock" or "Plaintiffs") respectfully move this Court for leave to file the following documents under seal until further Order of the Court:

1. John Hancock's Memorandum in Opposition to Defendant Abbott's Motion to Strike Allegations in the Second Amended Complaint (the "Memorandum"); and

2. Affidavit of Stacy L. Blasberg, dated December 7, 2007, with supporting exhibits (collectively, the "Blasberg Affidavit").

The grounds for this motion are:

-2-

1.  This action arises out of a certain Research Funding Agreement, (the "Agreement") dated March 13, 2001, between John Hancock and Abbott Laboratories ("Abbott"). The Agreement is, by its terms, confidential. These terms may not be disclosed without the prior consent of the non-disclosing party. Throughout this action as well as in the related action captioned *John Hancock Life Ins. v. Abbott Labs.*, Civil Action No. 03-12501-DPW, 2005 WL 2323166 (D. Mass. Sept. 16, 2005) ("*Hancock I*"), the Agreement has not been publicly disclosed.

2.  The Memorandum and Blasberg Affidavit rely upon and discuss the confidential terms of the Agreement, as well as (a) documents that have been designated "Confidential" or "Highly Confidential " pursuant to the Stipulated Protective Order executed by the parties and entered by this Court on July 15, 2005 and (b) deposition testimony regarding the same.

3.  The documents and testimony referenced above may not be disclosed without the prior consent of the non-disclosing party.

4.  Based on the foregoing facts, and in compliance with Local Rule 7.1(A)(2), John Hancock conferred with counsel for Abbott on December 6, 2007, regarding whether the Memorandum and the Blasberg Affidavit should be filed under seal. As a result, Abbott has requested that Hancock file these papers under seal, and Hancock does not oppose this request.

WHEREFORE, John Hancock respectfully requests that the Memorandum and the Blasberg Affidavit be impounded until further Order of the Court. In addition, John Hancock respectfully requests that the Court accept these documents provisionally under Seal pending the Court's ruling on this Motion. Upon termination of the impoundment period, John Hancock will retrieve and take custody of the Memorandum and Blasberg Affidavit.

Respectfully submitted,

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY AND MANULIFE INSURANCE COMPANY

By their attorneys,

*/s/ Stacy L. Blasberg*
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. 651037)
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: 617-248-5000

Date:   December 7, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on December 7, 2007.

*/s/ Stacy L. Blasberg*
Stacy L. Blasberg

4278318v2