## MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

December 7, 2007

WRITER'S DIRECT LINE
(213) 683-9127
(213) 683-5127 FAX
Jeffrey.Weinberger@mto.com

**VIA HAND DELIVERY AND ELECTRONICALLY**

The Honorable Douglas P. Woodlock
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
John Joseph Moakley U.S. COURTHOUSE, Ste. 4110
One Courthouse Way
Boston, Massachusetts 02210

Re: *John Hancock Life Insurance Company, et al. v. Abbott Laboratories,*
*U.S.D.C. (Mass.) CV 05-11150-DPW*

Dear Judge Woodlock:

    I write to respond briefly to Brian Davis' letter of December 7, 2007 opposing Abbott Laboratories' letter request of December 5, 2007 for a new trial date in this case.

    As expected, Mr. Davis first complains that I didn't file a motion for a continuance in the *Slaughter* case. Contrary to Mr. Davis' contention, I never told this Court that I believed a contested motion to continue the *Slaughter* case would be brought or could succeed; rather I stated that I would inquire of opposing counsel (and then the court if they agreed) about the possibility of a continuance. While this case is older than the *Slaughter* case, Mr. Davis overlooks the fact that the trial date in *Slaughter* was set in February 2007. Mr. Davis can question my judgment and timing in proceeding as I did to attempt to move that trial by consent, but not my motives in raising the issue with this Court and trying to resolve it to the best of my

MUNGER, TOLLES & OLSON LLP

The Honorable Douglas P. Woodlock
December 7, 2007
Page 2

ability, instead of simply asking this Court for a later trial date in the first instance. My clients should not be punished for my attempt to accommodate all parties concerned.

Mr. Davis also erroneously suggests that Abbott is responsible for delays which have prevented this trial from occurring earlier. In fact, in December 2007 Hancock chose to amend its complaint, with Abbott's consent, to add significant new claims of misrepresentation regarding ABT 773, which required at least 4 months of additional discovery. But for this last minute amendment by Hancock, the trial in this case would most likely already have been concluded.

Finally, Mr. Davis does not point to any prejudice that will be suffered by his client or his firm if the trial is continued as requested. By contrast, my clients in the *Slaughter* case will be deprived of the counsel of their choice.

Sincerely,

/s/ Jeffrey I. Weinberger

JIW:ncm

cc:  Brian A. Davis, Esq.
     Michael S. D'Orsi, Esq.

4060621.1