UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>  Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>  Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock<br><br><br>Leave to file granted on 12/13/2007. |

**ABBOTT LABORATORIES' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO STRIKE UNTIMELY ALLEGATIONS
IN THE SECOND AMENDED SUPPLEMENTAL COMPLAINT**

In its opposition, Hancock fails to provide any valid reason why it should be allowed to proceed to trial on its untimely asserted misrepresentation claims.

### A. Hancock Cannot Cite To Any Adequate Notice of Its New Misrepresentation Claims Within the Discovery Period

Hancock has failed to satisfy its burden of showing that its new claims were "disclosed in [a] pertinent interrogatory" or that there was some other "legible disclosure of this theory within the discovery period." Exh. 7 at 53-56 (Tr. of Oct. 25, 2007 Status Conf.).

Hancock does not dispute that it did not amend its interrogatory responses to include the new allegations until after the close of discovery, even though it had knowledge of the underlying facts for nearly three years. Hancock instead argues the Rules only require amendment to interrogatory responses "if the additional information has not otherwise been made known to the other parties during the discovery process or in writing." Hancock's Opp. ("Opp.") at 15 (citing Fed. R. Civ. P. 26(e)(2)). But counsel's posing of questions regarding an

issue in a deposition does not constitute disclosure of a new claim regarding those issues, nor does it excuse a party from its obligation to seasonably amend its interrogatory responses. *American Stock Exh., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 94-95 (S.D.N.Y. 2002) (precluding plaintiff from pursuing a claim that was not disclosed in an interrogatory response, and rejecting plaintiff's argument that its lack of disclosure was excused because plaintiff's counsel asked deposition questions, and the defendant sought a legal opinion, regarding the claim). *See also Gonsalves v. City of New Bedford*, 168 F.R.D. 102, 110 (D. Mass. 1996) ("[T]he duty to supplement is excused only if the information at issue has 'already been revealed *by a witness* in a deposition or otherwise through formal discovery, or, alternatively, by providing the additional information in writing.'" (quoting Wright & Miller, Federal Practice & Procedure, § 2049) (emphasis added)).

Similarly, the questioning of witnesses in a deposition regarding an issue does not relieve a party from its obligation to timely seek to amend its complaint if it wishes to assert new misrepresentation allegations regarding that issue. *Samuels v. Wilder*, 871 F.2d 1346, 1349-51 (7th Cir. 1989); *Maduff v. Opton*, 1988 WL 116855, at *3 (N.D. Ill. Oct. 26, 1988); *Exxon Mobil Corp. v. New West Petroleum L.P.*, 2005 WL 1366482, at *5-6 (E.D. Cal. June 6, 2005).[1] Hancock argues that *Maduff* and *Exxon* are distinguishable because the parties in those cases sought to add a "new claim" rather than "additional allegations to an existing claim." Opp. at 16. Abbott's motion, however, does *not* challenge the portions of Hancock's complaint that merely add "additional allegations to an existing claim." *See* Exh. 8, ¶¶ 25(a), 25(c), 25(d), 28(a), 28(b), 28(c), 28(d), 28(e), 28(g), 31(a).[2] Instead, Abbott's motion is limited to the portions of the new complaint that add completely different and new misrepresentation claims. Exh. 8, ¶¶ 25(b), 28,

---

[1] Furthermore, the questioning regarding the dosing and pediatric program for ABT-773 occurred after the April 29, 2007 discovery cut-off, pursuant to a stipulation allowing some exceptions to the cut-off for the convenience of witnesses. Opp. at 10, 12-13, (citing depositions of Dr. Bukofzer, Ms. Fox, and Ms. Meyer, on May 9, 17, and 22, 2007); Lorenzini Aff., ¶ 21. Thus, even if questions directed to a witness could constitute adequate notice, Hancock's deposition questions on these issues would not constitute notice "within the discovery period", as required by the Court. Exh. 7 at 53-56.

[2] Citations to "Exh." refer to exhibits attached to the November 29, 2007 Affidavit of Eric J. Lorenzini.

28(f), 31(b), 31(c).  For example, there is no relationship whatsoever between the new ABT-773 allegations relating to dosing and the pediatric program and the existing allegations concerning health and safety concerns except that they relate to the same compound.  They are *new claims* for fraud and breach of warranty not contained in the prior complaints.  Particularly in light of Rule 9(b), Hancock was required to plead with particularity the material facts alleged to have been misrepresented or omitted, not rely on a complaint asserting *different* alleged misrepresentations and omissions.  See *Samuels*, 871 F.2d at 1349-51.[3]  In *Samuels*, the Seventh Circuit held that the district court "correctly prevented plaintiffs' attempted bypass of Rule 9(b)" by refusing to consider new "factual allegations" of misrepresentation that were distinct from the existing misrepresentation allegations in the complaint.  *Id.* at 1349-50.  The *Samuels* plaintiffs, like Hancock, cited *Sundstrand Corp. v. Standard Kollsman Indus., Inc.*, 488 F.2d 807, 811-12 (7th Cir. 1973) and argued that the defendants had adequate notice of the new allegations from questions posed in depositions.  *Id.* at 1350.  The court correctly held that *Sunstrand* was inapposite because in that case, unlike in *Samuels* -- and unlike in the present case – the plaintiffs had disclosed the new allegations in timely interrogatory responses.  *Id.*[4]

      The other two other purported disclosures cited by Hancock are similarly inadequate.  First, Hancock fails to explain how a passing reference to the ABT-773 dosing issue in a discovery brief could constitute disclosure of an intent to assert a new dosing claim in light of its

---

[3] *See also Colovos v. Owens-Corning Fiberglass Corp.*, No. 93 C 6483, 1995 WL 609115, at *9 (N.D. Ill. Oct. 13, 1995) (precluding plaintiffs from arguing a "new factual theory" in support of their existing fraud claim, and rejecting plaintiffs' argument that defendant had adequate notice from deposition of a witness).

[4] *Memry Corp. v. Kentucky Oil Tech., N.V.*, 2007 WL 3343125, at *1-2 (N.D. Cal. Nov. 7, 2007), another case cited by Hancock, also is inapposite.  In that case, the court allowed addition of seven new patent claims to a complaint where six of the patents were issued after the original complaint, and plaintiff could not have known at that time that they would issue, and the other patent was inadvertently omitted from the complaint but timely disclosed in interrogatory responses.  In *Connelly v. Gen. Medical Corp.*, 880 F. Supp. 1100 (E.D. Va. 1995), there was "no appreciable delay" between the plaintiff's discovery of the relevant facts and the motion for leave.  *Id.* at 1110.  By contrast, Hancock does not dispute that it had knowledge of the facts underlying all its claims for *nearly three years*.  Lorenzini Aff., ¶¶ 2-5, 12-17.  None of the cases cited by Hancock hold that a plaintiff who has knowledge of the facts underlying a misrepresentation allegation may delay for years in amending its complaint and interrogatory responses and may instead fulfill its notice obligations simply by posing questions to a witness in a deposition.

subsequent filing of an amended complaint that *omitted* the dosing allegations. Opp. at 15 n.5; *Jameson v. Arrow Co.*, 75 F.3d 1528, 1535 (11th Cir. 1996); *Kwon v. Kaiser Hosp.*, 1999 WL 16324, *9 (N.D. Cal. Jan. 14, 1999). Second, with respect to the claim that Abbott "dramatically reduced" its 2001 budgeted spending on ABT-594, the allegations in prior complaints dealt with the separate and distinct issue of whether Abbott should have reported "nominal" (i.e., budgeted) or "expected" (i.e., risk-adjusted) spending for Program Compounds. *See, e.g.*, First Am. Supp. Cmplt., ¶ 31-32 (Docket No. 103). Hancock never alleged, in either its complaint or interrogatory responses, that Abbott misrepresented its *nominal* spending, either with respect to Program Compounds generally or ABT-594 in particular. *Id.*; Hancock's Resp. to First Set of Interr. at 15 (Docket No. 165, Exh. 71). This is a completely new claim.

Hancock tries to shift the burden on the notice issue by arguing that, although it failed to seasonably amend its complaint and interrogatory responses, Abbott "understood precisely what John Hancock was up to." Opp. at 14. While Hancock's attempts at mind-reading are impressive, the statement is simply wrong. Given the broad scope of discovery, Abbott cannot reasonably be deemed to have had notice of new misrepresentation claims based simply on the fact that questions related to some of the issues were posed in depositions. Hancock questioned Abbott witnesses regarding many topics, only some of which are included in its latest complaint. Lorenzini Aff., ¶ 11. Particularly in light of Rule 9(b), Abbott had a right to rely on Hancock's complaint and discovery responses, and should not have been forced to speculate about what misrepresentations Hancock might choose to add.[5]

---

[5] Hancock also argues that there is no prejudice because Abbott submitted deposition testimony relating to the new allegations in opposition to Hancock's motion for summary judgment. Opp. at 7-9, 11, 13. Of course, in response to that motion, Abbott marshaled all the evidence available to it, including the few relevant deposition transcript passages. Abbott, however, also argued that the new ABT-773 claims were foreclosed because they were not in the complaint and were not timely disclosed. *See* Abbott's Mem. in Opp. to Mot. for Summ. Judg., filed Aug. 21, 2007, at 21 (Docket No. 164).

### B. Hancock Does Not Dispute that It Delayed Asserting the New Claims for Nearly Three Years After It Had Knowledge of the Underlying Facts

Hancock has failed to satisfy its burden under the Rules of demonstrating that it did not unduly delay in amending its complaint. *Hancock does not dispute* that (a) it gained knowledge of the facts underlying all of its new allegations *nearly three years ago*, from documents produced in the audit; and (b) did not seek to amend its complaint to add the new allegations until twenty months after the deadline for amending pleadings, six months after the close of discovery, a month after the briefing on dispositive motions, and only a few months before trial. After such an extreme and undue delay, Hancock should not be allowed to proceed to trial on these new allegations. *See* Abbott Opening Brief ("Mot.") at 7-9 (citing First Circuit cases).

Hancock makes the extraordinary argument that because the Court allowed the complaint to be filed subject to a motion to strike, rather than require a motion for leave to file an amended complaint, Hancock's undue delay is irrelevant and that "no showing of cause -- good or otherwise -- is needed." Opp. at 3. Abbott does not believe this is what the Court intended, particularly since it expressly required Hancock to show that the new claims were "disclosed in [a] pertinent interrogatory" or that there was some other "legible disclosure of this theory within the discovery period." Exh. 7 at 53-56. It would be manifestly unfair to allow Hancock to avoid its obligation under the Rules to timely amend its complaint and interrogatory responses simply because of the procedural posture in which the Court preferred to address the issue.[6]

### C. Hancock Cannot Show Lack of Prejudice to Abbott

Hancock argues that Abbott was not prejudiced in its ability to move for summary judgment regarding the new allegations because "[p]arties file for summary judgment based on claims, not on allegations." Opp. at 17. But as noted above, the new allegations *are* new claims

---

[6] In an attempt to excuse its delay, Hancock makes the incorrect statement that "[l]ess than twelve months ago, Abbott openly took the position that John Hancock was not entitled to *any* discovery concerning ABT-773" and "[i]n March 2007, Abbott *finally* produced documents relating to ABT-773. Opp. at 18-19 (emphasis added). In fact, it is undisputed that Abbott -- pursuant to the 2004-05 audit and its 2005 discovery agreement with Hancock -- produced several thousand documents regarding ABT-773 in 2004-06, including almost all the documents relied upon by Hancock to support its new allegations, and made only a small supplemental production in January-February 2007. Lorenzini Aff., ¶¶ 2-5, 12-20.

for fraud and breach of warranty. The notion that Abbott could have brought summary judgment motions against claims not in the complaint, but which it suspected Hancock might try to bring at a later date, is fanciful.

Hancock also argues that Abbott had adequate opportunity to take discovery regarding the new allegations, citing a couple questions posed to a Hancock witness regarding competitors' MMPI compounds and a couple comments by Hancock witnesses regarding ABT-773 dosing in depositions taken after the formal close of discovery. But the answers given by the witnesses were in response to general questions about misrepresentations, which did not reflect any knowledge by Abbott that Hancock was adding new claims. As evidenced by the paucity of discovery on these issues, Abbott's discovery efforts were understandably focused on the claims actually included in the complaint. If Hancock had disclosed that it intended to amend its complaint to add the new claims, Abbott would have taken discovery targeted to the new issues.

### D. Hancock Does Not Provide Any Substantive Opposition to Abbott's Argument that Its Claims are Futile

Hancock makes a conclusory argument that its new allegations "undeniably state[] a claim on which relief can be granted." Opp. at 20. But Hancock does not explain how it can "state[] a claim" for misrepresentation when the allegedly omitted facts are indisputably either (a) disclosed in the contract itself or (b) are publicly available and, as such, expressly excluded from the representations and warranties clause of the agreement. *See* Mot. at 16-19.[7]

\* \* \* \* \*

For the reasons stated above and in Abbott's opening brief, Abbott respectfully requests that the Court grant its Motion to Strike.

---

[7] Hancock also makes the inscrutable argument that "Abbott's Motion to Strike applies only to the admissibility of the Disputed Allegations with respect to John Hancock's fraud claim[,]" not its "breach of contract claim." Opp. at 4 n.2. Hancock offers no support for this argument and it is without foundation. Abbott's motion is directed towards the new misrepresentation allegations contained in paragraphs 25(b), 28, 28(f), 31(b), and 31(c), which are incorporated by reference in Count I (fraud), Count II (breach of contract), and Count III (indemnification). Exh. 8, Second Am. Supp. Cmplt., ¶¶ 45, 51, 57. In addition, Abbott also expressly noted in its opening brief that Rule 9(b) applies to claims based on breach of warranty, as well as fraud, where, as here, the claim sounds in fraud. Mot. at 7.

Dated: December 13, 2007                    Respectfully submitted,

                                                      ABBOTT LABORATORIES

                                                      By:    /s/ Eric J. Lorenzini

One of its attorneys

Peter E. Gelhaar (BBO#188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

and

Jeffrey I. Weinberger (*pro hac vice*)
Gregory D. Phillips (*pro hac vice*)
Eric J. Lorenzini *(pro hac vice)*
Ozge Guzelsu *(pro hac vice)*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Tele: (213) 683-9100
*Counsel for Abbott Laboratories*

**CERTIFICATE OF SERVICE**

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 13, 2007.

Date:  December 13, 2007

                                                            /s/ Eric J. Lorenzini