UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## JOHN HANCOCK'S MOTION TO SHORTEN THE DEADLINE FOR ABBOTT'S OPPOSITION TO HANCOCK'S MOTION IN LIMINE TO <u>OVERRULE CERTAIN EVIDENTIARY OBJECTIONS</u>

Pursuant to L.R. 7.1(B)(2), Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (collectively, "John Hancock" or "Hancock") hereby move this Court to require Abbott Laboratories ("Abbott") to submit its opposition, if any, to Hancock's Motion In Limine To Overrule Abbott's Authenticity and Numerous Hearsay Objections To Its Own Documents on or before February 18, 2008. In support of this Motion, John Hancock states as follows:

1. This case is scheduled to commence trial, on a jury-waived basis, on March 3, 2008.

4299546v1

2. On September 27, 2007, this Court issued its Order Regulating Non-Jury Trial (the "Trial Order"). *See* Docket No. 178. Pursuant to that order (and amendments thereto, *see* Docket Nos. 195 and 217), on January 28, 2008, John Hancock filed two lists of proposed trial exhibits: (a) a list of exhibits proposed by Hancock to which Abbott would not object to at trial; and (b) a list of exhibits proposed by Hancock to which Abbott reserved the right to object at trial. *See* Docket No. 224.

3. In connection with its filing on January 28, 2008, John Hancock repeatedly has attempted to confer with Abbott regarding its apparently frivolous objections to the authenticity of its *own* documents and the admissibility of its business records and admissions. In response to these efforts, Abbott informed John Hancock that it does not have the time and/or resources to even *consider* withdrawing its objections until sometime after filing its trial affidavits and deposition exhibits on February 18, 2008.

4. On this date, February 8, 2008, John Hancock moved this Court to overrule many of Abbott's objections described above on the basis that those objections are needless and unjustified.

5. Under L.R. 7.1(B), Abbott's opposition to John Hancock's motion to overrule Abbott's evidentiary objections is not due until February 22, 2008.

6. As a result of Abbott's refusal to withdraw baseless objections to John Hancock's proposed exhibits, many of which appear on Abbott's *own* exhibit list, Hancock has been, and continues to be, prejudiced. Specifically, John Hancock must prepare to respond to each of Abbott's purported objections by, *inter alia*, calling additional Abbott witnesses to authenticate and lay evidentiary foundations for various

4299546v1

trial exhibits whose authenticity and/or admissibility is beyond dispute. Pursuant to the Trial Order (and amendments thereto), John Hancock must file a motion *before* February 18, 2008 in order to compel "the direct examination of any witness" (such as witnesses to authenticate and lay evidentiary foundations). Moreover, unless Abbott's meritless objections are resolved, there is a substantial risk that the Court's time will be wasted at trial.

WHEREFORE, John Hancock respectfully requests the deadline for Abbott's submission of an opposition to Hancock's Motion In Limine To Overrule Abbott's Authenticity and Numerous Hearsay Objections To Its Own Documents be shortened to a date on or before February 18, 2008.

Respectfully submitted,

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY AND MANULIFE INSURANCE COMPANY

By their attorneys,

Brian A. Davis
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. (BBO No. 651037)
CHOATE, HALL & STEWART
Two International Place
Boston, MA 02110
Telephone: 617-248-5000
Fax: 617-248-4000

Date:   February 8, 2008

4299546v1

## LOCAL RULE 7.1 CERTIFICATION

I, Richard C. Abati, hereby certify that attorneys for John Hancock have conferred with opposing counsel before filing this Motion in an effort to resolve or narrow the issues presented.

/s/ Richard C. Abati
Richard C. Abati

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic and overnight mail upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108, and Gregory D. Phillips, Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071, on February 8, 2008.

/s/ Richard C. Abati
Richard C. Abati

4299546v1