UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>        Plaintiffs,<br><br>        v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

**ABBOTT LABORATORIES' OPPOSITION TO JOHN HANCOCK'S
MOTION IN LIMINE TO OVERRULE ABBOTT'S AUTHENTICITY
AND VARIOUS HEARSAY OBJECTIONS TO ITS OWN DOCUMENTS**

**Introduction**

In disregard of Abbott's attempts to negotiate in good faith regarding the parties' respective objections to each other's trial exhibit lists, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (collectively, "Hancock") has filed a Motion in Limine seeking to overrule all Abbott's hearsay and authenticity objections to almost every document produced from Abbott's files. Hancock's motion should be denied for two reasons. First, Hancock's motion is overbroad and unsupported. Hancock contends that almost every document produced from Abbott's files is exempt from the hearsay rule as a party admission or a "business record" because it is an "Abbott" document, but disregards the fact that many such documents contain multiple levels of

hearsay, were drafted by or contain statements by parties other than Abbott, or for other reasons are not exempt from the hearsay rule. Second, Hancock's motion is moot. Even before Hancock filed the present motion, Abbott informed Hancock that it would stipulate to the authenticity of all documents authored by Abbott personnel that appear on both parties' trial exhibit lists. Abbott also informed Hancock that once the affidavits and deposition designations were submitted, it would re-review all of the documents on Hancock's trial exhibit list and evaluate whether to maintain its hearsay objections and its remaining authenticity objections in light of the deposition designations and affidavits submitted by Hancock. Abbott will complete that review and file a substantially narrower list of objections next week, prior to trial. In that filing, Abbott will withdraw its objections to the authenticity of all documents authored by Abbott personnel (including documents that appear solely on Hancock's exhibit list and documents that appear on both lists), with a few very narrow exceptions (e.g., unauthenticated handwritten notes, incomplete documents, and documents that constitute a misleading compilation of various documents). Abbott also will withdraw its hearsay objections where it determines, based on the evidence submitted, that the "party admission" rule, the "business records" exception or another exception to the hearsay rule is applicable to all statements and all levels of hearsay in the document.

## Argument

**A.     During the Meet-and-Confer Process, Abbott Agreed To Withdraw Many Of Its Authenticity Objections And To Reevaluate Its Remaining Objections In Light of the Affidavits and Deposition Designations**

The initial list of potential exhibits that Hancock provided to Abbott pursuant to Section II.4 of the Second Amended Order Regulating Non-Jury Trial ("Pre-Trial Order") contained several hundred documents. Abbott informed Hancock that the massive number of documents on the list hindered Abbott's ability to conduct a thorough review to formulate objections. In

4516347.1

response, Hancock served Abbott on January 18, 2008 with a "pared-down" list that still included 540 documents. Under its agreement with Hancock, Abbott had only a few business days after receipt of that "pared-down" list (until January 23, 2008) to provide Hancock with its objections. Between January 23, 2008 and January 28, 2008, the parties met-and-conferred regarding Abbott's objections. The parties agreed that after the parties filed their exhibits, affidavits, deposition designations, and other evidence, they would resume their meet-and-confer and try to reach a stipulation prior to trial regarding the admissibility of additional exhibits on each other's exhibit lists in light of that evidence.

On January 28, 2008, pursuant to section II.4.c and II.4.d of the Pre-Trial Order, Hancock filed its "list of exhibits to be introduced without objection" and "list of marked items to be offered at trial, as to which [Abbott] has reserved a right to object." *See* Docket No. 224. On the same day, Abbott filed its Objections to Hancock's Proposed Trial Exhibits ("Objections"). *See* Docket No. 220. In its Objections, Abbott noted that, pursuant to the parties' agreement and the pretrial order, the objections were being provided concurrently with Hancock's filing of affidavits, exhibits, and marked depositions transcripts, therefore, Abbott did not know what deposition testimony or affidavits Hancock might submit to authenticate the exhibits or Hancock's purpose in offering the documents into evidence. *Id.* at 1-2. Abbott also noted, as it had previously agreed with Hancock, that after it had an opportunity to review the affidavits and marked deposition transcripts, it planned to consult further with Hancock regarding the parties' respective lists of trial exhibits and enter into a stipulation narrowing the scope of objections.

After January 28, 2008, Abbott informed Hancock that it would re-review Hancock's trial exhibits and meet-and-confer as promised regarding the parties' exhibit lists. Abbott explained that because it was preparing for a massive filing of all its trial affidavits, marked deposition

3

4516347.1

transcripts and exhibits, trial brief, and other documents on February 18, 2008, as a practical matter it would not be feasible to complete the process of re-reviewing Hancock's trial exhibits prior to February 18, 2008, but that it would resume its review promptly after that deadline. In the interim, as a measure of good faith, Abbott agreed that it would withdraw its authenticity objections to all documents authored by Abbott personnel that appear on both parties' exhibit lists. Notwithstanding Abbott's good faith efforts to meet and confer, Hancock filed the present sweeping motion to overrule all authenticity and hearsay objections to almost every document on Hancock's exhibit list that was produced from Abbott's files.

**B.     Hancock's Motion Is Overbroad and Unsupported; In Any Event, Its Motion Is Moot In Light of Abbott's Agreement to Reevalute And Withdraw Many Of Its Objections In Light of the Affidavits and Deposition Designations**

Hancock's motion should be denied for two basic reasons:

First, Hancock's motion is overbroad and unsupported. Hancock seeks to overrule every authenticity and hearsay objection to almost every document produced from Abbott's files, without any showing of how particular documents satisfy the requirements of the Federal Rules of Evidence. For example, Hancock appears to assume that various types of documents produced from Abbott's files should be considered business records exempt from the hearsay rule, without any analysis of whether each of the several required elements of the business records exception have been satisfied. *Compare* Hancock Mot. at 6, Tab B; Fed. R. Evid. 803(6). Hancock also disregards the fact that many of the documents contain multiple levels of hearsay, therefore, even if the document as a whole falls within the business record exception, particular statements may be hearsay (e.g., statements by a third party). Hancock also assumes incorrectly that all statements in almost every document produced from Abbott's files constitute party admissions, without any analysis of whether particular statements in the documents are made by an Abbott "agent or servant concerning a matter within the scope of the agency or

employment." *See* Hancock Mot. at 6-7, Tab C; Fed. R. Evid. 801(d)(2).  In fact, many of the statements in documents from Abbott's files are not party admissions because, for example, they constitute statements by other parties or there has been no showing by Hancock of who created the document or made the statement.

      Second, Hancock's motion is moot.  Abbott already agreed, prior to the filing of the present motion, that it would stipulate to the authenticity of documents authored by Abbott employees that appear on both parties' exhibit lists and that it would re-review all Hancock exhibits to reconsider its authenticity and hearsay objections in light of the deposition testimony, affidavits, and other evidence submitted by Hancock.  Abbott will complete its re-review next week and file a revised, and greatly narrowed, set of objections prior to trial.  Abbott plans, in that filing, to withdraw its objections to the authenticity of all documents authored by Abbott personnel, with very few narrow exceptions (e.g., unauthenticated handwritten notes, incomplete documents, and documents that constitute a misleading compilation of various documents).  Abbott also expects to withdraw its hearsay objections to many documents, where it determines, based on its review of all the evidence submitted, that the rule regarding party admissions, the business records exception, or another hearsay exemption is applicable.

## Conclusion

      For the reasons stated above, Hancock's motion should be denied.  Abbott respectfully requests that the Court defer any ruling on the parties' respective objections to trial exhibits until after Abbott has submitted its revised, narrower set of objections next week.

4516347.1

ABBOTT LABORATORIES

By its attorneys

/s/ Eric J. Lorenzini

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100


Dated: February 22, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 22, 2008.

Date: February 22, 2008

                                                  /s/ Eric J. Lorenzini