UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>      Plaintiffs,<br><br>      v.<br><br>ABBOTT LABORATORIES,<br><br>      Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

**ABBOTT LABORATORIES' OPPOSITION TO JOHN HANCOCK'S
MOTION FOR ORAL EXAMINATION AT TRIAL
OF CERTAIN ABBOTT AND THIRD-PARTY WITNESSES**

**Introduction**

Abbott respectfully requests that the Court deny John Hancock's Motion For Oral Examination At Trial Of Certain Abbott And Third-Party Witnesses because there is no "good cause" for oral examination, as required by the Court's Trial Order.

**Argument**

The Second Amended Order Regulating Non-Jury Trial ("Trial Order") provides that testimony will generally be introduced by affidavit or deposition, and requires a showing of "good cause" for presentation of direct testimony by oral examination.  Hancock cannot show good cause for the presentation of oral testimony by the keeper of records of Abbott or third parties at trial.

First, Hancock had a full opportunity during discovery to seek to authenticate and establish the admissibility of Abbott and third party documents through depositions, interrogatories, and requests for admission. Indeed, Hancock took the deposition of Abbott's custodian of records, as well as two dozen other current or former Abbott employees and third party witnesses, and had an opportunity to question them regarding the documents at issue. If Hancock did not establish the grounds for admissibility of a document during discovery that was Hancock's omission, and there is no good cause for Hancock to be allowed to call a witness for oral examination to make up for that deficiency.

Second, oral examination of Abbott's keeper of records is unnecessary because Abbott already has agreed to address the admissibility issues cited by Hancock. Abbott previously informed Hancock that once the parties submitted affidavits and deposition designations, it would re-review all of the documents on Hancock's trial exhibit list and evaluate whether to maintain its hearsay objections and its remaining authenticity objections in light of those designations and affidavits. Abbott will complete that review and file a substantially narrower list of objections this week, prior to trial. In that filing, Abbott will withdraw its objections to the authenticity of all documents authored by Abbott personnel (including documents that appear solely on Hancock's exhibit list and documents that appear on both lists), with a few very narrow exceptions (e.g., unauthenticated handwritten notes, incomplete documents, and documents that constitute a misleading compilation of various documents). Abbott also expects to withdraw its hearsay objections to most Abbott documents, so long as it determines, based on the evidence submitted, that the "party admission" rule, the "business records" exception or another exception to the hearsay rule is applicable to all statements and all levels of hearsay in the document.[1]

---

[1] Abbott's agreement to re-review its objections to Abbott documents is discussed in more detail in Abbott's Opposition to Hancock's Motion to Overrule Authenticity and Various Hearsay Objections to Its

2

Third, oral examination of keepers of records for the third parties also is unnecessary because Abbott does not object to Hancock's use of certifications obtained from the third-parties pursuant to FRE 902(11). Hancock submitted the certifications after the January 28, 2008 deadline set by the Trial Order for Hancock to file affidavits. Nonetheless, Abbott will not object to Hancock's use at trial of the certifications. Abbott does not concede that the certifications establish the admissibility of the documents referenced therein nor does it waive, at this time, its objections to the admissibility of the underlying documents. For example, some of the documents contain multiple levels of hearsay, therefore, even if the document as a whole falls within the business record exception, particular statements may be hearsay. As noted above, however, Abbott is re-reviewing its objections to Hancock's trial exhibits in light of all the evidence submitted by Hancock (including the FRE 902(11) certifications), and by the end of this week Abbott will file a substantially narrower set of objections. Abbott expects to withdraw its authenticity and hearsay objections to many or most of the third party documents, so long as it determines, based on the evidence submitted, that the "party admission" rule, the "business records" exception or another exception to the hearsay rule is applicable to all statements and all levels of hearsay in the document.

## Conclusion

For the reasons stated above, Hancock's motion should be denied because Hancock has not demonstrated good cause for oral examination at trial of the keeper of records of Abbott or third parties.

Own Documents, filed February 22, 2008.

ABBOTT LABORATORIES

By its attorneys

/s/ Eric J. Lorenzini

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100


Dated: February 26, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 26, 2008.

Date: February 26, 2008

                                                          /s/ Eric J. Lorenzini

4548751.1