UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>        Plaintiffs,<br><br>        v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

**OBJECTIONS TO AFFIDAVIT OF STEPHEN J. BLEWITT**

Defendant Abbott Laboratories ("Abbott") objects to the introduction in evidence of the following paragraphs of the Affidavit of Stephen J. Blewitt; 83(a)-(g), 84, 85, 87 (to the extent it incorporates 83), 88, 96(a)-(t), 97, 98 (to the extent it incorporates 96), 100 (to the extent it incorporates 96), 101, 109 (a)-(f), 110, 111 (to the extent it incorporates 109), 113 (to the extent it incorporates 109), 114, and 123 on the grounds of lack of foundation and hearsay.  Each of these paragraphs purport to present testimony regarding events that occurred at internal Abbott meetings which Mr. Blewitt did not attend, or based upon his interpretation of internal Abbott documents which were not written by or addressed to Mr. Blewitt, and are not based upon his personal knowledge.  The purported "testimony" is nothing more than an improper brief filed by Hancock in an attempt to present additional argument to the court.

Abbott objects to paragraph 123 on the grounds that it is conclusory, lacks foundation

and calls for speculation in that there is no analysis or support for the conclusion that "Hancock quite possibly would not have made its Second Program Payment in January 2003." Abbott also objects to paragraph 123 on the grounds that Hancock did not disclose the basis for this claim in its responses to Abbott interrogatories or in a Rule 30(b)(6) deposition that specifically sought this information. The history of Hancock's failure to disclose the basis for this claim is set forth in more detail in a letter to Hancock counsel dated January 23, 2008, a true and correct copy of which is attached hereto as Exhibit A.

Abbott objects to paragraph 138, 139, 140 and 142 on the grounds that they are conclusory and lack foundation. Mr. Blewitt has not stated that he personally participated in the audit nor provided any support for his conclusions that Abbott "obstructed" the audit or "stymied" Hancock's attempts to conduct it. Abbott further objects paragraph 142 on the ground showing that it violates the best evidence rule in that the actual invoices showing fees and expenses allegedly incurred are not attached.

Abbott objects to paragraph 153 on the ground that it is improper opinion testimony, lacks foundation, and is an unsupported and improper statement purporting to vouch for the opinion of an expert without any independent analysis.

With respect to the exhibits attached to the Affidavit of Stephen J. Blewitt, Abbott incorporates by reference the objections stated in Abbott's Objections to Hancock's Proposed Trial Exhibits, filed January 28, 2008, as revised.[1]

---

[1] As noted in Abbott's opposition to Hancock's Motion to Overrule Authenticity and Various Hearsay Objections, Abbott plans to file a revised and narrower set of objections to Hancock's trial exhibits on February 29, 2008. Until such time, Abbott reserves its right to object to exhibits on the grounds stated in its Objections to Hancock's Proposed Trial Exhibits, filed January 28, 2008.

ABBOTT LABORATORIES

By its attorneys

/s/ Eric J. Lorenzini
Eric J. Lorenzini

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100


Dated: February 28, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 28, 2008.

Date: February 28, 2008.

                                                        /s/ Eric J. Lorenzini

# Exhibit A

## MUNGER, TOLLES & OLSON LLP

ROBERT K. JOHNSON'
ALAN V. FRIEDMAN†
RONALD L. OLSON†
RICHARD S. VOLPERT
DENNIS C. BROWN'
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
ROBERT L. ADLER
CARY B. LERMAN
CHARLES D. SIEGAL
RONALD K. MEYER
GREGORY P. STONE
VILMA S. MARTINEZ
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEVEN L. GUISE†
ROBERT B. KNAUSS
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
BART H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN UNSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
JEFFREY L. BLEICH

GARTH T. VINCENT
TEO DANE
MARK SHINDERMAN
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
RICHARD E. DROOYAN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
BURTON A. GROSS
KEVIN S. MASUDA
HOJOON HWANG
KRISTIN S. ESCALANTE
DAVID C. DINIELLI
ANDREA WEISS JEFFRIES
PETER A. DETRE
PAUL J. WATFORD
DANA S. TREISTER
CARL H. MOOR
DAVID M. ROSENZWEIG
DAVID H. FRY
LISA J. DEMSKY
...... HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
J. MARTIN WILLHITE
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
SEAN ESKOVITZ
SUSAN R. SZABO
LINDA S. GOLDMAN
NATALIE PAGÉS STONE
FRED A. ROWLEY, JR
JOSEPH S. KLAPACH
MONIKA S. WIENER
LYNN HEALEY SCADUTO
RANDALL G. SOMMER

AARON M. MAY
SHONT E. MILLER
MARIA SEFERIAN
MANUEL F. CACHAN
ERIC J. LORENZINI
KATHERINE K. HUANG
KATHERINE M. FORSTER
ROSEMARIE T. RING
JOSEPH J. YBARRA
BLANCA FROMM YOUNG
OZGE GUZELSU
KATE K. ANDERSON
ALISON J. MARKOVITZ
E. DORSEY HEINE
SAMUEL N. WEINSTEIN
PAUL M. ROHRER
KIT JOHNSON
JAY K. GHIYA
SUSAN TRAUB BOYD
JENNIFER L. POLSE
TODD J. ROSEN
DANIEL L. GEYSER
BRIAN R. HOCHLEUTNER
DEAN N. KAWAMOTO
GRANT A. DAVIS-DENNY
E. MARTIN ESTRADA
JASON RANTANEN
AMY C. TOVAR
REBECCAGOSE LYNCH
JONATHAN H. BLAVIN
JOHN R. GRIFFIN
KAREN J. FESSLER
MICHELLE T. FRIEDLAND
J. RAZA LAWRENCE
LIKA C. MIYAKE
MELINDA EADES LEMOINE
ANDREW W. SONG
DANIEL A. BECK
YOHANCE C. EDWARDS
JULIE D. CANTOR
SETH GOLDMAN
FADIA ISSAM RAFEEDIE
DANIEL L. POWELL
DANIEL B. LEVIN
JOSHUA P. GROBAN
VICTORIA L. BOESCH
HAILYN J. CHEN
BRAD SCHNEIDER

DAVID W. SWIFT
JEAN Y. RHEE
ALEXANDRA LANG SUSMAN
GENEVIEVE A. COX
MIRIAM KIM
MISTY M. SANFORD
BRIAN P. DUFF
AIMEE FEINBERG
JEFFREY E. ZINSMEISTER
MONICA DIGGS MANGE
KATHARINE L. HALL
KATHERINE KU
KIMBERLY A. CHI
SHOSHANA E. BANNETT
TINA CHAROENPONG
TERI-ANN E.S. NAGATA
ADAM B. BADAWI
ASHFAQ G. CHOWDHURY
LEE S. TAYLOR
DEREK J. KAUFMAN
KIMBERLY D. ENCINAS
MARCUS J. SPIEGEL
GABRIEL P. SANCHEZ
BETHANY C. WOODARD
PAULA R. LEVY
CONNIE Y. CHIANG
DAVID C. YANG
WILLIAM E. CANO
EMILY PAN
BILL WARD
HENRY E. ORREN
MATTHEW J. SPENCE
BENJAMIN W. HOWELL
WESLEY SHIH
JACOB S. KREILKAMP
PAUL J. KATZ
ARIEL A. NEUMAN

RICHARD D. ESBENSHADE†
ALLISON B. STEIN
PETER R. TAFT†
OF COUNSEL

E. LEROY TOLLES
RETIRED

'A PROFESSIONAL CORPORATION

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

WRITER'S DIRECT LINE
(213) 683-9196
(213) 683-4096 FAX
Ozge.Guzelsu@mto.com

January 23, 2008

**VIA E-MAIL**

Richard C. Abati
Choate, Hall & Stewart
Two International Place
Boston, MA 02110
United States of America

Re:   John Hancock Life Ins. Co. v. Abbott Laboratories

Dear Rich:

      I am writing regarding Plaintiffs Preliminary Proposed Findings of Fact and Conclusions of Law served on Abbott on January 14, 2008. Paragraphs 131-140 and Paragraph 183 related to Hancock's claim regarding Abbott's intended and reasonably expected spending. Despite the fact that trial is set for six weeks from now, Abbott has not received from Hancock the basis for this claim including the underlying calculations of what Abbott's intended and reasonably expected spending allegedly was as of the date of the ARPs. Abbott has requested this information in numerous interrogatories and in a Rule 30(b)(6) deposition without avail.

      On November 5, 2005, Abbott served on Hancock its First Set of Interrogatories. Interrogatory 3 asked Hancock to "describe separately and with particularity each and every breach." Interrogatory 7 asked Hancock to "describe with particularity each and every misrepresentation of material fact or omission of Abbott concerning Abbott's spending under the Agreement including, without limitation, (a) when, where and the manner in which such misrepresentation or omission was made; (b) specifically how such misrepresentation was false

MUNGER, TOLLES & OLSON LLP

Richard C. Abati
January 23, 2008
Page 2

or misleading, including the true state of affairs regarding such misrepresentation; (c) when and how Hancock first became aware such misrepresentation was false or misleading; (d) any individuals who relied upon such misrepresentation or omission and the manner in which they relied . . ." Interrogatories 4 and 8 asked Hancock to "separately and with particularity identify each and every component of damages Hancock is seeking as a result" of each breach and misrepresentation, including without limitation "the dollar amount." In response, Hancock essentially reiterated the vague allegations in its complaint, and did not describe with any degree of particularity the particular statements regarding Abbott's spending that were allegedly false, how such representations were false, the true state of affairs regarding Abbott's spending, when Hancock first became aware of the alleged misrepresentations, or a calculation of alleged damages. On July 16, 2007, when Hancock supplemented its responses to Interrogatories 3 and 7 to provide additional information regarding other claims, it failed to provide any new information regarding the spending claim, other than to identify Keith Hendricks as a person with knowledge.

On March 30, 2007, Abbott served on Hancock its Third Set of Interrogatories. Interrogatory 17 from Abbott's Third Set of Interrogatories states:

"Please state the basis of your allegation that Hancock "has suffered, and likely will continue to suffer, monetary damages and harm" as a result of Abbott "misrepresenting [its] intended and reasonably expected expenditures on Program Related Costs in APRs that Abbott has provided to John Hancock" as alleged at paragraphs 31, 32, 43, 49(d), 46 and 52 of the Complaint."

Hancock's response did not provide Abbott with any information by which Abbott could evaluate the basis for Hancock's claim. Instead, Hancock made only a vague and general allegation that Abbott reported "nominal" rather than "expected" spending in the 2001-06 ARPs and reported actual spending for the 2001 calendar year, rather than Program Year, and that this "may have misled Hancock into making one or more Program Payments that were not required . . .." Hancock did not state what it contended Abbott's true "intended and reasonably expected spending" allegedly was as of the date of the ARPs, or provide any calculations or other information providing the basis for its vague and conclusory allegations.

On May 24, 2007, Abbott deposed Mr. Friedman, Hancock's designated Rule 30(b)(6) witness regarding "[a]ny and all monetary damages and harm that Hancock allegedly suffered as a result of Abbott 'misrepresenting its intended and reasonably expected spending on Program Related Costs.'" When asked about the damages attributable to this claim during his deposition, Mr. Friedman asserted that Hancock needed additional information regarding Abbott's expected spending from Abbott before Mr. Friedman could testify regarding the damages calculation for the claim. *See* Friedman Tr. at 310-316.

After Mr. Friedman's deposition, Abbott provided to Hancock additional documents requested, including excel spreadsheets in native format that had been previously produced by Abbott that Hancock claimed were difficult to read. Abbott also provided Hancock

MUNGER, TOLLES & OLSON LLP

Richard C. Abati
January 23, 2008
Page 3

with Abbott's monthly spending for 2001. Despite receiving these additional documents and information from Abbott, Hancock did not supplement or update its interrogatory responses.

On December 1, 2007, Hancock submitted Mr. Friedman's Supplemental Expert Report which also does not provide the basis for this claim or the underlying calculations supporting Hancock's Proposed Finding of Fact that "Abbott's actual intended and reasonably expected spending on Program Related Costs over the four-year Program Term, as of the end of 2001, was less than $614 million."

In sum, Hancock has failed to provide the basis for this claim in its interrogatory responses, Hancock's Rule 30(b)(6) witness was unable to answer any questions regarding that claim, and Hancock's damages expert has not provided any information about the damages allegedly attributable to the claim. Accordingly, it is Abbott's position that Hancock may not offer any evidence of damages with respect to this claim.

Sincerely,

Ozge Guzelsu

4332052.1