UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY),<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## PLAINTIFFS' RESPONSE TO DEFENDANT ABBOTT LABORATORIES' OBJECTIONS TO AFFIDAVIT OF SCOTT S. HARTZ

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (collectively, "John Hancock" or the "Plaintiffs") respectfully submit this Response to defendant Abbott Laboratories' Objections to the Affidavit of Scott S. Hartz ("Abbott Objections"). Abbott's Objections are not well-founded and should be overruled for the reasons set forth below.

Mr. Hartz was the Head Portfolio Manager of John Hancock's Bond and Corporate Finance Group in 2000-2001 and closely reviewed all information provided to Hancock by Abbott during the negotiations of the March 2001 Research Funding Agreement (the

"Agreement") on Hancock's behalf and applied that information into the sophisticated financial models used by Hancock to decide what terms to demand in the Agreement. Abbott contends that Paragraphs 38-42 of the Affidavit of Scott S. Hartz, dated January 28, 2008, (the "Hartz Affidavit") -- which describe various Abbott misrepresentations and omissions of which Mr. Hartz has become aware since the Agreement was signed -- are inadmissible as "hearsay," or because Mr. Hartz purportedly lacks the "personal knowledge" required for a proper foundation. Abbott Objections at 1. Abbott's hearsay and foundation objections miss the point.

Mr. Hartz's testimony concerning Abbott's various misrepresentations and omissions is not being offered by John Hancock to prove the truth of what is being asserted, but rather to help establish the factual context for John Hancock's assertion that it relied upon Abbott's misrepresentations and omissions in entering into the Agreement. Mr. Hartz, as the Head Portfolio Manager of John Hancock, Bond and Corporate Finance Group during the negotiations for the Agreement, is ideally situated to have direct personal knowledge regarding the material information that Abbott did and did not provide to Hancock, and what information Hancock actually relied upon in executing the Agreement. Accordingly, Mr. Hartz's testimony that is "offered to show plaintiffs' reliance on [the defendant's] misrepresentations, not the truth of the misrepresented facts" is "therefore not hearsay." Akin v. Q-L Investments, Inc., 959 F.2d 521, 530 (5th Cir. 1992) (overruling trial court's exclusion of plaintiffs' affidavit testimony describing alleged misrepresentations by defendants on hearsay grounds); *see also* Fed. R. Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

matter asserted."). John Hancock will present other competent evidence to prove the substance of each alleged misrepresentation, omission and act of obstruction by Abbott.

|  |  |
|---|---|
|  | JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY |
|  | By their attorneys, |
|  | */s/ Brian A. Davis*<br>Brian A. Davis (BBO No. 546462)<br>Joseph H. Zwicker (BBO No. 560219)<br>Richard C. Abati (BBO No. 651037)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, Massachusetts 02110 |
| Date: March 3, 2008 | Tele: 617-248-5000 |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 3, 2008.

*/s/ F. Thompson Reece*
F. Thompson Reece

4306414v1