UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>      Plaintiffs,<br><br>  vs.<br><br>ABBOTT LABORATORIES,<br><br>      Defendant. | Civil Action No. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

**ABBOTT'S OBJECTIONS TO THE AFFIDAVIT OF CHRISTOPHER A. MARTINEZ**

      1.      Abbott objects to paragraph 9 (including subparts (a)-(g)) and 10 of the Affidavit of Christopher A. Martinez filed on January 28, 2008 ("Martinez Affidavit") -- which relate to Mr. Martinez' "belief[s]" regarding "certain well-accepted prerequisites to the successful undertaking and completion of [contractual compliance] audits" -- on the grounds that they are irrelevant and constitute improper expert testimony.

      First, as Mr. Martinez's company, The StoneTurn Group ("StoneTurn"), has admitted, "[f]acts concerning other audits that StoneTurn performed are not relevant" and any potential trial testimony by Mr. Martinez regarding "whether any particular experience he had with the Abbott/Hancock Audit was consistent with his general experience" would be an "irrelevant subject[.]" *See* StoneTurn's Motion to Quash or Modify Subpoena, Docket No. 122 ("StoneTurn Mot. to Quash") at 8.

Second, Mr. Martinez's testimony regarding purported "prerequisites" to a successful audit is improper expert opinion testimony, which does not comply with the Federal Rules of Civil Procedure. Mr. Martinez was not designated by Hancock as an expert witness, nor did Mr. Martinez ever submit an expert report, as required by Fed. R. Civ. P. 26.

2. Abbott objects to paragraph 56 of the Martinez Affidavit on the grounds of lack of foundation. Mr. Martinez purports to testify that documents that were "not produced during StoneTurn's attempted contractual compliance audit in 2004-2005 ultimately were produced *years later* during discovery in this action." (emphasis added). Documents produced in discovery in this action were produced to Hancock's litigation counsel, Choate, Hall and Stewart ("Choate), not to Mr. Martinez. Mr. Martinez has no personal knowledge regarding the timing of Abbott's production of documents to Choate in the litigation.

3. Abbott objects to Exhibits PS and SC of the Martinez Affidavit on the grounds of hearsay. Although Mr. Martinez states that the documents were prepared in the course of StoneTurn's regularly conducted business, *see* paragraph 57, the documents do not fall within the business records exception to the hearsay rule. StoneTurn's audit of Abbott was not a routine contractual compliance audit, but an audit conducted during ongoing litigation between the parties (*Hancock I*) and in anticipation of follow-on litigation. *See* Second Am. Cmplt., ¶ 21. Because Exhibits PS and SC were prepared in anticipation of litigation, rather than in the course of a regularly conducted audit, they do not fall within the business records exception to the hearsay rule. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984) (excluding report of auditors prepared during a special audit that was initiated in anticipation of litigation). "[A] document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness." *Id.* (internal quotations omitted). "This is because where the only function that

the report serves is to assist in litigation or its preparation, many of the normal checks upon the accuracy of business records are not operative." *Id.* (internal quotations omitted). Pl's Exhibit PS also contains double hearsay, including statements by Mr. Martinez and other StoneTurn employees.

ABBOTT LABORATORIES

By its attorneys

/s/ Eric J. Lorenzini
Eric J. Lorenzini

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9100

Dated: March 5, 2008

3

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 5, 2008.

Date: March 5, 2008.

                                                  /s/ Eric J. Lorenzini

4536600.1