UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>        Plaintiffs,<br><br>        v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

**OBJECTIONS TO AFFIDAVIT OF ALAN FRIEDMAN**

Defendant Abbott Laboratories ("Abbott") objects to the introduction in evidence of paras. 14-59 of the affidavit of Alan Friedman on the ground that: (1) an award of lost profits based on royalty payments and milestone payments in this case would be contrary to Illinois law, which governs the agreement in this case. As set forth in greater detail in Abbott's motion in limine filed October 12, 2007, lost profits for a new business or a new product that does not have an established market are not recoverable under Illinois law. *See, e.g., TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.,* 491 F.3rd. 625, 631-37 (7th Cir. 2007).

Abbott further objects to the introduction in evidence of these paragraphs on the grounds that (1) the probability weighted expected value analysis used by Mr. Friedman is not a reliable and accepted method of computing damages and results in a damage calculation which bears no

resemblance to what would actually occur in the real world; (2) Mr. Friedman erroneously relies on Abbott's internal projections to determine Hancock's royalties "but for" the alleged misrepresentations, when in fact, any adverse information known to Abbott would have been included in the projections; (3) Mr. Friedman relies on internal Abbott projections without any independent assessment of whether they accurately reflect what the actual results would have been but for the alleged misrepresentations; (4) Mr. Friedman fails to apportion damages between those caused by the alleged misrepresentations and adverse post-contractual events (*SK Hand Tool Corp. v. Dresser Industries*, 284 Ill. App. 3rd 417, 426 (1996)).  "As lost profits are frequently the result of several intersecting causes, the plaintiff must show with reasonable certainty that the defendant's conduct caused a specific portion of the lost profits."

     Abbott objects to the introduction and evidence of para. 68 through 78 on the ground that the probability weighted expected value analysis used there by Mr. Friedman is not a reliable and accepted method of computing damages, results in a damage calculation which bears no resemblance to what would actually occur in the real world.

ABBOTT LABORATORIES

By its attorneys

/s/ Jeffrey I. Weinberger
Jeffrey I. Weinberger

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100


Dated: March 7, 2008

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 7, 2008.

Date:  March 7, 2008.

                                                                           /s/ Eric J. Lorenzini
                                                                              Eric J. Lorenzini