UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | CIVIL ACTION NO. 05-11150-DPW |

## JOHN HANCOCK'S OBJECTIONS TO THE AFFIDAVIT OF STANLEY BUKOFZER

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (collectively, "John Hancock" or "Hancock") object to the introduction into evidence of paragraphs 19, 30 and 53 of the Affidavit of Stanley Bukofzer (the "Bukofzer Affidavit").

John Hancock objects to paragraph 19 on the grounds that it is inadmissible hearsay. Dr. Bukofzer offers as his testimony out-of-court discussions with un-named Abbott employees, and out-of-court statements found in two untitled "white papers". The statements are offered to prove that "Abbott's clinical team did not believe ABT-773 had any QT

4308952v1

prolongation or hepatoxicity issues...." These purported statements constitute clear hearsay and should not be admitted.

John Hancock also objects on hearsay grounds to Dr. Bukofzer's statements in paragraph 30 that "the commercial team believed once-a-day dosing was preferable...;" and to his understanding of the ABT-773 market that is "based on...the information made available to me by the ABT-773 team...." Again, Dr. Bukofzer may not introduce purported statements by other Abbott employees regarding the market for ABT-773 where those statements are offered for their truth. Consequently, these portions of the Bukofzer Affidavit should not be admitted.

John Hancock objects to the reference in paragraph 53 to two Crain's Chicago Business articles (Defendant's Exhibit BS and BU) as double-hearsay not within any exception found in Fed. R. Evid. 803 and 804. Dr. Bukofzer quotes the following statement contained in both articles: "According to Elmer Piros, a New York-based analyst with Rodman & Renshaw LLC, Cethromycin could eventually reach 25% of the $2-billion global market for drugs that fight community-acquired pneumonia." Dr. Bukofzer should not be permitted to introduce the out-of-court statements of one "Elmer Piros" regarding the potential value of ABT-773. The out-of-court opinions of this purported analyst, offered to prove the potential value of ABT-773, are unreliable. The court should not allow Dr. Bukofzer to foist into the record the opinions of Mr. Piros as to what ABT-773 might be worth.

With regard to the exhibits attached to the Bukofzer Affidavit, Hancock incorporates by reference the objections stated in Hancock's Objections to Abbott's Proposed Trial Exhibits.

## Conclusion

For the foregoing reasons, John Hancock respectfully requests that the Court not admit the above noted portions of the Bukofzer Affidavit.

Respectfully submitted,

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY
By their attorneys,

/s/ *Brian A. Davis*
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. (BBO No. 651037)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date: March 9, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on March 9, 2008.

/s/ Richard C. Abati
Richard C. Abati