UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>    Plaintiffs,<br><br>    v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

**RESPONSE TO JOHN HANCOCK'S OBJECTIONS TO THE AFFIDAVIT OF
<u>JEANNE M. FOX</u>**

  Abbott Laboratories ("Abbott") respectfully submits its response to the objections to the affidavit of Jeanne M. Fox filed on March 9, 2008. Hancock objects to paragraphs 10, 11, 14, and 23 of Ms. Fox's affidavit on the grounds that they constitute hearsay. Hancock objects that these paragraphs contain "out-of-court statements of FDA officials for the truth of the matter asserted." Abbott is not relying on any of the statements cited by Hancock in its objections for the truth of the matter asserted; rather, those statements are being offered to demonstrate what Abbott believed regarding the FDA's position with regard to potential safety issues concerning ABT-773. For example, Ms. Fox states in paragraph 10 that "*It was my understanding*, based on my participation in discussions with the FDA , that the FDA's concern about the potential for QT prolongation was not based on any data regarding . . . ABT-773." Fox Affidavit, ¶ 10 (emphasis

added).  This statement is being offered to demonstrate Abbott's state of mind with regard to these issues and therefore falls within an exception to the hearsay rule.

Hancock also objects to paragraph 19 of Ms. Fox's affidavit regarding the FDA's pediatric rule because it supposedly constitutes impermissible opinion testimony by a lay witness.  Hancock's objection is based on its claim that Ms. Fox "may not offer opinion on what is required for a waiver of the FDA's pediatric rule."  However, this statement is being offered to demonstrate Ms. Fox's understanding of the pediatric rule in the relevant time period as a professional in Abbott's Regulatory Affairs group.  It is not intended to be a legal opinion as to regarding the FDA's pediatric rule.  The testimony therefore does not constitute impermissible opinion testimony pursuant to Fed. R. Evid. 701.

Accordingly, Abbott espectfully requests that the Court deny John Hancock's objections to the Affidavit of Ms. Fox.

ABBOTT LABORATORIES

By its attorneys

    /s/ Eric J. Lorenzini
    Eric J. Lorenzini

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100

Dated: March 10, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 11, 2008.

Date:  March 11, 2008.

                                                        /s/ Eric J. Lorenzini

4623340.1