# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY),<br><br>        Plaintiffs,<br><br>        v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendants. | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |

### RESPONSE TO JOHN HANCOCK'S OBJECTIONS TO THE AFFIDAVIT OF STANLEY BUKOFZER, M.B., B.Ch., M. Med. (Int. Med.)

Abbott Laboratories ("Abbott") respectfully submits its response to the objections to the affidavit of Stanley Bukofzer, M.B., B.Ch., M. Med. (Int. Med.) filed on March 9, 2008. Hancock objects to paragraphs 19, 30, and 53 of Dr. Bukofzer's affidavit on the grounds that they constitute hearsay. Hancock objects to paragraph 19 because it claims that the statements are offered to prove that "Abbott's clinical team did not believe ABT-773 had any QT prolongation or hepatoxicity issues . . .." Hancock has omitted key testimony from paragraph 19 of Dr. Bukofzer's affidavit, which states in full:

> Based on my discussions with Abbott employees and my review of Abbott documents, including two white papers prepared by Abbott's clinical team, including medical directors, for the End of Phase II meeting with the FDA, I understood as of the time I became venture head in or around early April 2001 that Abbott's clinical team did not believe ABT-773 had any QT prolongation or

>hepatotoxicity issues that could reasonably be expected to have a material adverse effect on the ABT-773 program.

Bukofzer Aff., ¶ 19.

Abbott has offered this testimony to demonstrate Dr. Bukofzer's understanding of the clinical team's conclusions regarding the QT prolongation data that had been presented to the FDA at the of 2000. This testimony is not being offered for the truth of the matter stated and therefore is not inadmissible hearsay.

Hancock also objects to paragraph 30 of Dr. Bukofzer's affidavit on similar grounds. Abbott is not offering Dr. Bukofzer's testimony in paragraph 30 for the truth of the matter asserted. Rather, it is being offered to demonstrate Dr. Bukofzer's understanding regarding the potential market for ABT-773.

Finally, Hancock objects Dr. Bukofzer's quotation in paragraph 53 of his affidavit of a statement contained in two Crain's Chicago Business articles that relates to an analyst's projection of potential sales for cethromycin. However, Abbott is not offering this quotation for the truth of the matter stated. Rather, Abbott is offering it to support the proposition enunciated by Dr. Bukofzer in the first sentence of paragraph 53 that "*ALS has publicly announced that*: . . . . (4) analysts have projected that [cethromycin] could achieve peak sales of $500 million a year. . . ." (emphasis added). Therefore, the hearsay rule is inapplicable to Dr. Bukofzer's testimony on this issue.

Accordingly, Abbott respectfully requests that the Court deny John Hancock's objections to Dr. Bukofzer's affidavit.

4623386.1

ABBOTT LABORATORIES

By its attorneys

   /s/ Eric J. Lorenzini
     Eric J. Lorenzini

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

and

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100

Dated: March 10, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 11, 2008.

Date:  March 11, 2008.

                                      /s/ Eric J. Lorenzini