UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO. 05-11150-DPW |

## JOHN HANCOCK'S OBJECTIONS
## TO THE AFFIDAVIT OF KENNETH STILES

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (collectively, "John Hancock" or "Hancock") object to the introduction into evidence of paragraphs 9 through 17 of the Affidavit of Kenneth Stiles (the "Stiles Affidavit"), on the grounds that the substance of the testimony therein first was disclosed to John Hancock after the close of discovery, that Hancock never had an opportunity to conduct discovery regarding the subject of these paragraphs, and that Hancock will be prejudiced if Mr. Stiles is permitted to testify as offered.

As described below, Paragraphs 9 through 17 of the Stiles Affidavit incorporate new purported actual spending figures on the Program Compounds by Abbott from 2001 to 2005

that were not disclosed to John Hancock until after the close of discovery. The purported relevance of Mr. Stiles testimony is to show the amount John Hancock is owed based on Abbott's failure to spend the full "Aggregate Carryover Amount" pursuant to Section 3.3(b) of the Agreement. Abbott refused John Hancock's request to depose Mr. Stiles, or any other Abbott witness, regarding the circumstances surrounding Abbott's newly-disclosed expenditures.

More specifically, on June 30, 2006, Abbott provided its Responses and Objections to Plaintiffs' Second Set of Interrogatories. (*See* Abbott's Responses and Objections to Plaintiffs' Second Set of Interrogatories, attached hereto at Exhibit 1). Fact discovery in this matter closed April 30, 2007. (*See* Stipulation and Proposed Order of December 21, 2006 (adopted 1/5/2007), attached hereto as Exhibit 2)). Three months later, Abbott served an amended response to Interrogatory No. 15. (*See* Abbott's Amended Responses and Objections to Plaintiffs' Second Set of Interrogatories, attached hereto at Exhibit 3).

In Abbott's amended response to Interrogatory No. 15 served after the close of fact discovery, Abbott claimed that "[i]n the course of preparing its amended interrogatory response, Abbott discovered some inadvertent errors in its original response." (*See* Exhibit 3, at 4). These errors resulted in a significant increase in Abbott's previously reported annual spending on Program Related Costs. Specifically, during the discovery period, Abbott provided annual spending figures that totaled "[$]534.6 [million]." (Exhibit 1, at 4). After the close of discovery, however, Abbott purportedly re-calculated that total spending across all compounds for the 2001 to 2005 period and concluded that it was, in fact, "[$]554.3 [million]." (Exhibit 3, at 5). This increase of $19.7 million substantially reduces the amount of the one-third payment that Abbott owes to Hancock.

Abbott should not be permitted to introduce through Mr. Stiles this "inadvertently omitted" $19.7 million in spending on Program Related compounds. The revised spending figures were not disclosed during the fact discovery period. Furthermore, Abbott cannot claim that John Hancock failed to pursue discovery regarding these increased actual spending figures. Abbott was notified that "John Hancock will want to take additional discovery, including depositions, to better understand the 'inadvertent errors' that Abbott cites and Abbott's purported corrections." (E-mail from Brian A. Davis to Eric Lorenzini, dated August 7, 2007, attached hereto as Exhibit 4). Abbott responded that "Hancock has no right to additional discovery in this matter." (Letter from Eric Lorenzini to Brian A. Davis, dated September 18, 2007, at 2, attached hereto as Exhibit 5).

Put simply, Abbott's explanations of the increased annual spending figures through the Stiles Affidavit does not cure Abbott's untimely disclosures. John Hancock has been denied the opportunity to explore the basis for Abbott's increase of its spending numbers. Consequently, those numbers should not be introduced as part of Mr. Stiles' direct testimony.

With regard to the exhibits attached to the Affidavit of Kenneth Stiles, John Hancock incorporates by reference the objections stated in Hancock's Objections to Abbott's Proposed Exhibit List.

## Conclusion

For the foregoing reasons, John Hancock respectfully requests that the Court not admit the above noted portions of the Stiles Affidavit.

Respectfully submitted,

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY and MANULIFE INSURANCE COMPANY
By their attorneys,

/s/ Brian A. Davis
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. (BBO No. 651037)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tele:  617-248-5000
Fax:  617-248-4000

Date:  March 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on March 12, 2008.

/s/ Richard C. Abati
Richard C. Abati

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 05-11150-DPW |
| v. | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendants, | ) | |

## ABBOTT LABORATORIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendant Abbott Laboratories ("Abbott"), by its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rules, hereby responds and objects the Second Set of Interrogatories of Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company's (collectively, "Hancock").

## GENERAL OBJECTIONS AND RESPONSES

The following General Objections and Responses apply to each and every one of the numbered interrogatories below, and the General Objections and Responses shall be deemed continuing as to each interrogatory and are not waived, or in any way limited, by the specific objections and answers to any individual interrogatory.

1.    Abbott objects to the "Definitions and Instructions" set forth in Hancock's interrogatories, as well as the interrogatories themselves, to the extent that

Hancock seeks to require Abbott to provide information beyond that required by the Federal Rules of Civil Procedure or Local Rules of the Court.

2.    Abbott objects to each Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges.

3.    Abbott objects to each and every Interrogatory to the extent that it is overly broad in scope or time and unduly burdensome.

4.    Abbott objects to each and every Interrogatory to the extent that it calls for information that is not relevant to any of the claims or defenses in this litigation.

5.    Abbott objects to each and every Interrogatory to the extent that it calls for information outside of Abbott's possession, custody, or control.

6.    To the extent that Abbott responds to specific Interrogatories to which it has objected, Abbott's objections are not waived by the furnishing of such information and Abbott reserves the right to maintain such objections with respect to any additional information.

7.    To the extent that Abbott responds to a specific Interrogatory, Abbott does not admit Plaintiffs' characterizations of any documents, facts, theories, or conclusions.

8.    To the extent that Abbott responds to a specific Interrogatory, Abbott does not admit the relevance of such information to the subject matter of this litigation. Further, by responding to Hancock's interrogatories, Abbott is not waiving any applicable privileges nor shall the inadvertent disclosure of any privileged information operate as a waiver of any applicable privilege or immunity from discovery.

9.    The responses to these Interrogatories are based on information currently known to Abbott and its current employees, and Abbott expressly reserves the right to supplement its responses to these Interrogatories with further additional information and documents as such information and documents become available to Abbott in the course of this litigation.

10.    Except where specifically indicated below, the individuals identified in response to these interrogatories are all current or former employees of Abbott to be contacted only through counsel of record for Abbott herein.

11.    Abbott objects to these interrogatories on the ground that in total, including all discrete subparts, they exceed the total number of interrogatories permitted by the Federal Rules of Civil Procedure, Local Rules and any Orders entered by the Court in this case.

Subject to these General Objections and Responses, and without waiving the same, Abbott states as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**15.    Please state Abbott's actual spending on Program Related Costs for each Program Compound during each year of the four-year Program Term (i.e., 2001 through and including 2004), and during the subsequent year commencing immediately after the end of the Program Term (i.e., 2005).**

**Response:**    Abbott specifically objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to these specific objections and its General Objections and Responses, and without waiving them, Abbott states that its actual spending on Program Related Costs for each of the Program Compounds for the period 2001-2005 is set forth below:

| Number | Name | 2001 | 2002 | 2003 | 2004 | 2005 | Total |
|--------|------|------|------|------|------|------|-------|
| ABT-100 | FTI | 3.6 | 2.4 | 0.0 | 0.0 | 0.0 | **6.0** |
| ABT-492 | Quinolone | 20.1 | 28.2 | 4.1 | 0.0 | 0.0 | **52.4** |
| ABT-510 | TSP #1 | 8.8 | 12.3 | 18.5 | 23.6 | 16.2 | **79.4** |
| ABT-518 | MMPI | 3.7 | 0.0 | 0.0 | 0.0 | 0.0 | **3.7** |
| ABT-594 | Neuro Pain | 7.8 | 1.4 | 0.0 | 0.0 | 0.0 | **9.2** |
| ABT-627 | Altrasentan Base | 34.1 | 48.1 | 50.7 | 38.4 | 38.7 | **210.0** |
| ABT-627 | Altrsentan Hormone Naïve Prostate Cancer | 0.0 | 1.2 | 2.5 | 2.3 | 3.3 | **9.3** |
| ABT-627 | Japan | 0.0 | 0.1 | 0.2 | 1.5 | 1.5 | **3.3** |
| ABT-627 | Non-Prostate Cancers | 0.0 | 0.0 | 0.2 | 1.0 | 0.9 | **2.1** |
| ABT-724 | Dopamine 4 Agonist | 3.2 | 5.5 | 0.8 | 0.0 | 0.0 | **9.5** |
| ABT-751 | Anti-Mitotic | 6.5 | 9.6 | 11.0 | 13.5 | 12.3 | **52.9** |
| ABT-773 | Base | 80.3 | 13.8 | (0.9) | 0.3 | 0.0 | **93.5** |
| ABT-773 | Japan | 1.4 | 1.9 | 0.0 | 0.0 | 0.0 | **3.3** |
| | **Total** | **169.5** | **124.5** | **87.1** | **80.6** | **72.9** | **534.6** |

      **16.**    **Please state whether any of the representations or warranties made by Abbott in Section 12.2 of the Research Funding Agreement were untrue or inaccurate in any way as of March 13, 2001.**

      **Response:**  Abbott specifically objects to this interrogatory on the grounds that it is grossly compound, overly broad and unduly burdensome. Because Section 12.2 of the Research Funding Agreement incorporates by reference nine other documents, containing hundreds of sentences, the task of determining whether any of the representations or warranties made in Section 12.2 are "untrue" or "inaccurate" "in any way" is unduly burdensome. Moreover, if every sentence in Section 12.2 and the documents incorporated therein are considered representations and warranties, the request exceeds the number of interrogatories permitted (including subparts) in this litigation. Abbott also objects to this interrogatory because it seeks information protected from disclosure under the attorney-client privilege and attorney work product doctrine. This

interrogatory seeks, *inter alia,* Abbott's legal analysis and conclusions as to which statements contained in the numerous documents attached to the Agreement and incorporated into Section 12.2 constitute a representation or warranty and also whether or not any such representations or warranties were untrue or inaccurate in any way. As a result, this interrogatory cannot be answered without disclosing attorney work product and attorney-client privileged communications, and any response by Abbott would be intertwined with the mental impressions, conclusions, opinions, and legal theories of its counsel as a result of its investigation of the claims made by Hancock in this case. Finally, Abbott objects to this interrogatory on the ground that it attempts improperly to shift the burden of proof from Hancock to Abbott on Hancock's claims in this case.

**17.    If your answer to Interrogatory No. 16, supra, is anything other than an unqualified negative, please state in as much detail as reasonably possible which specific representations or warranties made by Abbott in Section 12.2 of the Research Funding Agreement were untrue or inaccurate as of March 13, 2001 and why.**

**Response:**    Abbott    incorporates    by    reference    its    response    to Interrogatory No. 16.

Respectfully Submitted,

ABBOTT LABORATORIES

By: _____

One of its attorneys

Peter E. Gelhaar, Esq.
Michael S. Dorsi, Esq.
DONNELLY, CONROY & GELHAAR, LLP
1 Beacon Street, 33rd Floor
Boston, Massachusetts  02108
(617) 720-2880

and

Lawrence R. Desideri, Esq.
Stephen V. D'Amore, Esq.
Stephanie S. McCallum, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600

*Counsel for Abbott Laboratories*

## **VERIFICATION**

I, Kenneth Stiles, state under penalties of perjury that:  I am Assistant Controller for Global Pharmaceutical Research and Development at Abbott Laboratories ("Abbott").  I have read the foregoing responses to interrogatories and know the contents thereof; that said answers were prepared with the assistance and advice of counsel and employees of Abbott; that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently collected and thus far discovered in the course of the preparation of these answers; that Abbott reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that, subject to the limitations set forth herein, the responses are true to the best of my knowledge, information and belief.

Interrogatory answers signed under the pains and penalties of perjury this 27th day of June, 2006.

Kenneth Stiles

-7-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that s/he caused a copy of the foregoing **Abbott Laboratories' Response to Plaintiffs' Second Set Of Interrogatories** to be served by Facsimile and U.S. Mail upon the following:

Joseph Zwicker
Choate, Hall & Stewart
Two International Place
Boston, MA 02110

on this 30th day of June, 2006.

_____

-8-

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 05-11150-DPW |

## STIPULATION AND PROPOSED ORDER REGARDING CERTAIN PENDING MOTIONS AND SCHEDULING

WHEREAS on December 6, 2006, the Parties appeared before the Court regarding various pending motions, including: (1) Plaintiffs' Motion to Compel Defendant to Produce Documents and Provide Substantive Answers to Interrogatories ("John Hancock's Motion to Compel") (Docket No. 48); (2) Defendant's Motions for Protective Orders Regarding Depositions of: (a) Dr. Stanley Bukofzer, (b) Dr. Jeffrey Leiden, and (c) William Dempsey ("Abbott's Motions for Protective Orders") (Docket Nos. 53, 94 and 92); (3) Plaintiffs' Motion to Amend Supplemental Complaint ("John Hancock's Motion to Amend") (Docket No. 62); (4) Defendant's Motion to Prohibit Disclosure of Abbott's Highly Confidential Documents to Dr. William Fairweather Pursuant to Stipulated Protective Order ("Abbott's Motion to Prohibit

Disclosure") (Docket No. 72); (5) Plaintiffs' Motion for Issuance of Subpoena to Be Issued Abroad ("John Hancock's Motion for Issuance of Subpoena") (Docket No. 75); and (6) Joint Motion to Modify Scheduling Order and Set Briefing Schedule (the "Joint Scheduling Order Motion") (Docket No. 51) (collectively, the "Discovery-Related Motions");

WHEREAS the Court directed the parties to meet and confer regarding whether they could resolve the Discovery-Related Motions without the Court's intervention; and

WHEREAS after meeting and conferring with respect to the Discovery-Related Motions, as well as other matters, the Parties have reached the following agreement:

A.     RESOLUTION OF THE DISCOVERY-RELATED MOTIONS

      1.     John Hancock's Motion to Compel

      (a)     John Hancock agrees to narrow Requests Nos. 1-4 and 55-58 of its First Request for Production of Documents to: (i) all documents concerning Abbott's termination of ABT-773 or consideration of whether to terminate ABT-773, whether created or dated before or after the Research Funding Agreement; and (ii) documents sufficient to show the complete developmental status, and nature and extent of any material change in the safety, efficacy, scientific viability, or commercial viability, of ABT-773 for the period August 1, 2000 to March 13, 2001.  Abbott agrees to produce all non-privileged documents responsive to the requests as so modified;

      (b)     Abbott agrees to produce all of the documents described in subparagraph (a) above to John Hancock on a rolling basis beginning on January 31, 2006 and concluding no later than March 8, 2007;

      (c)     Abbott agrees to complete its "supplemental production" of documents to John Hancock as described in Abbott's letter of December 5, 2006, no later than December 15, 2006; provided however, that Abbott is searching for additional responsive May 2001 ASCO

conference materials regarding MMPI compounds and drafting a supplemental privilege log, and will produce any such documents and the supplemental privilege log as soon as possible but in any event no later than ten (10) days prior to the deposition of Azmi Nabulsi on January 24, 2007;

        (d)     John Hancock agrees to withdraw its request, pursuant to the Motion to Compel, for further documents relating to ABT-100, ABT-724, and ABT-492 pursuant to RFP Nos. 1-4 and 55-58;

        (e)     John Hancock agrees to withdraw its request, pursuant to the Motion to Compel, for documents related to other compliance audits pursuant to RFP No. 14; and

        (f)     John Hancock agrees to withdraw its request, pursuant to the Motion to Compel, for further answers to Interrogatory Nos. 16 and 17 of John Hancock's Second Set of Interrogatories.

        2.    <u>Abbott's Motions for Protective Orders</u>

        (a)     Abbott agrees to withdraw its Motion for a Protective Order regarding the deposition of Dr. Stanley Bukofzer.  Abbott agrees to make Dr. Bukofzer available for deposition on a mutually convenient date within fifty-three (53) days of completing its production of documents concerning ABT-773 and before the close of fact discovery;

        (b)     Abbott agrees to withdraw its Motion for a Protective Order regarding the deposition of Dr. Jeffrey Leiden.  Abbott agrees to provide alternative dates for Dr. Leiden's deposition all within fifty-three (53) days of completing its production of documents concerning ABT-773 and before the close of fact discovery; and

        (c)     Abbott agrees to withdraw its Motion for a Protective Order regarding the deposition of Mr. William Dempsey.  Following the production of Abbott's documents concerning ABT-773, the parties agree to meet and confer in good faith regarding whether Mr.

Dempsey should be deposed in this action. Abbott reserves its right to object to file a protective order to preclude the deposition of Mr. Dempsey. If Abbott voluntarily agrees to allow the deposition of Mr. Dempsey, then Abbott agrees to make him available on a mutually convenient date within fifty-three (53) days of completing its production of documents concerning ABT-773 and before the close of fact discovery. If, on the other hand, Abbott seeks a protective order and is ordered by the Court to make Mr. Dempsey available, Abbott agrees to do so, if necessary, following the close of fact discovery.

      3.     John Hancock's Motion to Amend

      (a)     Abbott agrees to withdraw its opposition to John Hancock's Motion to Amend. John Hancock's First Amended Supplemental Complaint shall be filed on or before December 29, 2006, and Abbott's response shall be filed on or before January 12, 2006. Abbott otherwise reserves the right to contest any and all claims asserted in John Hancock's Amended Supplemental Complaint.

      4.     Abbott's Motion to Prohibit Disclosure

      (a)     Abbott agrees to withdraw its Motion to Prohibit Disclosure. Abbott otherwise reserves the right to object to the testimony of Dr. Fairweather on any ground other than John Hancock's allegedly late proffer.

      5.     John Hancock's Motion for Issuance of Subpoena

      (a)     Abbott agrees not to oppose John Hancock's Motion for Issuance of Subpoena. Abbott further agrees to execute the agreement setting forth the conditions proposed for Dr. Azmi Nabulsi's deposition described in the letter of Stephen C. Carlson, Esq., counsel for Dr. Nabulsi, to Joseph H. Zwicker, dated December 1, 2006.

      6.     Joint Scheduling Order Motion

      (a)     The Parties agree to modify the existing scheduling order as follows:

| | |
|---|---|
| Completion of Abbott's Supplemental Document Production: | December 15, 2006 |
| Service of Rebuttal Expert Reports (except rebuttal to statistical issues): | January 19, 2007 |
| Service of Expert Report of Dr. William Fairweather: | January 19, 2007 |
| Service of Rebuttal Expert Report Regarding (i) Dr. William Fairweather and (ii) other reports regarding statistical issues: | February 19, 2007 |
| Abbott's Completion of Document Production Regarding ABT-773: | March 8, 2007 |
| Completion of Fact Discovery: | April 30, 2007 |
| Completion of Expert Discovery: | May 29, 2007 |
| Filing of Motions for Summary Judgment: | June 29, 2007 |
| Filing of Oppositions to Motions for Summary Judgment: | July 31, 2007 |
| Filing of Replies to Oppositions: | August 21, 2007 |
| Status Conference: | To Be Determined By The Court |

B.    RESOLUTION OF OTHER ISSUES

1.    Depositions

(a)    The parties agree that each side may take a total of twenty-three depositions, provided however that a party may take up to twenty-five depositions if it believes in good faith it is necessary to discover non-cumulative relevant evidence;

(b)    The parties agree that, with the exception of the deposition of Dr. Azmi Nabulsi, all presently scheduled depositions shall be taken off calendar and re-noticed.  The parties agree to work cooperatively to select mutually convenient dates for each such deposition;

(c)    John Hancock will provide Abbott with a list of deponents anticipated to provide testimony regarding ABT-773 (and other issues) within 14 days of Abbott's completion

of its document production concerning ABT-773. Except with respect to Mr. William Dempsey as provided herein, and subject to a reservation of rights to object to the deposition of any witnesses, Abbott agrees to complete the depositions of deponents who are current Abbott employees or represented by Abbott counsel on or before the close of fact discovery;

(d)     John Hancock agrees to provide Abbott with a list of deponents anticipated to provide testimony on subjects other than ABT-773 within a reasonable time after completion of Abbott's Supplemental Production on December 15, 2006. The parties agree to work cooperatively to begin scheduling depositions of these witnesses in January 2007;

(e)     John Hancock agrees not to seek attorney's fees and costs related to the continued deposition of Diane D'Amico on November 28, 2006;

(f)     Abbott agrees to permit John Hancock to reopen the depositions of Marilyn Collicott and Bruce McCarthy for the limited purpose of examining them with respect to documents produced after the date of their original depositions and any topics reasonable related thereto;

(g)     Abbott agrees to permit John Hancock to reopen the deposition of John Leonard for the limited purpose of examining him with respect to ABT-773 and/or documents produced after the date of his original deposition and any topics reasonably related thereto;

(h)     John Hancock agrees to permit Abbott to reopen the deposition of Stephen Blewitt and Lynn Klotz for the limited purpose of examining them concerning ABT-773 and/or documents responsive to Abbott's First Request for Production that are produced after the date of their original depositions and any topics reasonably related thereto;

(i)     John Hancock agrees to permit Abbott to reopen the deposition of Mark Hair and Chris Martinez for the limited purpose of examining them with respect to any

documents responsive to Abbott's First Request for Production that are produced after the date of their original depositions and any topics reasonably related thereto;

(j)     The parties agree to use their good faith best efforts to complete any reopened deposition in four (4) hours or less of questioning; and

(k)     The parties agree to bear their respective attorney's fees and costs incurred in connection with any reopened deposition, and that no reopened depositions shall count towards any party's total number of permitted depositions as set forth in paragraph B.1(a) above.

2.     <u>Abbott's Third Set of Requests For Production of Documents</u>.    John Hancock agrees to respond and object to Abbott's Third Set of Requests on or before December 15, 2006. Pursuant to its response, John Hancock shall produce documents responsive to Abbott's Third Set of Requests (to the extent they have not already been produced in this litigation) on or before December 29, 2006.

3.     <u>StoneTurn Documents</u>.    John Hancock agrees to produce certain documents regarding StoneTurn work with respect to the compliance audit which are responsive to Abbott's First Request for Production of Documents and have not already been produced in this litigation on or before December 29, 2006, namely, the documents identified in the December 5, 2006 letter from Eric Lorenzini to Richard Abati, on or before December 29, 2006. Abbott agrees that production of the documents identified in the December 5, 2006 letter shall not constitute a waiver of any claim of attorney-client privilege, work product, or any other privilege by John Hancock or StoneTurn with respect to such documents, or any other materials or information.

ABBOTT LABORATORIES

By its attorney,


/s/ Michael S. D'Orsi
Peter E. Gelhaar (BBO No. 188310)
Michael S. D'Orsi (BBO No. 566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon Street, 33rd Floor
Boston, MA 02108
Tele: (617) 720-2880



/s/ Jeffrey I. Weinberger
Jeffrey I. Weinberger
Gregory D. Philips
Munger, Tolles & Olson
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90012
Tele: (213) 683-9276

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY and
MANULIFE INSURANCE COMPANY

By their attorneys,


/s/ Brian A. Davis
Brian A. Davis (BBO No. 546462)
Joseph H. Zwicker (BBO No. 560219)
Richard C. Abati (BBO No. 6510370
Stacy L. Blasberg (BBO No. 657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: (617) 248-5000


IT IS SO ORDERED.


Date: _____


_____
United States District Court Judge


-8-

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on December 21, 2006.

/s/ Richard C. Abati
Richard C. Abati

4152328v5

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), | ) ) ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 05-11150-DPW |
| | ) ) | |
| v. | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendants, | ) | |

## ABBOTT LABORATORIES' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendant Abbott Laboratories ("Abbott"), by its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rules, hereby responds and objects the Second Set of Interrogatories of Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company's (collectively, "Hancock").

## GENERAL OBJECTIONS AND RESPONSES

The following General Objections and Responses apply to each and every one of the numbered interrogatories below, and the General Objections and Responses shall be deemed continuing as to each interrogatory and are not waived, or in any way limited, by the specific objections and answers to any individual interrogatory.

1.     Abbott objects to the "Definitions and Instructions" set forth in Hancock's interrogatories, as well as the interrogatories themselves, to the extent that

3399690.1

Hancock seeks to require Abbott to provide information beyond that required by the Federal Rules of Civil Procedure or Local Rules of the Court.

2.     Abbott objects to each Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges.

3.     Abbott objects to each and every Interrogatory to the extent that it is overly broad in scope or time and unduly burdensome.

4.     Abbott objects to each and every Interrogatory to the extent that it calls for information that is not relevant to any of the claims or defenses in this litigation.

5.     Abbott objects to each and every Interrogatory to the extent that it calls for information outside of Abbott's possession, custody, or control.

6.     To the extent that Abbott responds to specific Interrogatories to which it has objected, Abbott's objections are not waived by the furnishing of such information and Abbott reserves the right to maintain such objections with respect to any additional information.

7.     To the extent that Abbott responds to a specific Interrogatory, Abbott does not admit Plaintiffs' characterizations of any documents, facts, theories, or conclusions.

8.     To the extent that Abbott responds to a specific Interrogatory, Abbott does not admit the relevance of such information to the subject matter of this litigation.  Further, by responding to Hancock's interrogatories, Abbott is not waiving any applicable privileges nor shall the inadvertent disclosure of any privileged information operate as a waiver of any applicable privilege or immunity from discovery.

-2-

9.    The responses to these Interrogatories are based on information currently known to Abbott and its current employees, and Abbott expressly reserves the right to supplement its responses to these Interrogatories with further additional information and documents as such information and documents become available to Abbott in the course of this litigation.

10.    Except where specifically indicated below, the individuals identified in response to these interrogatories are all current or former employees of Abbott to be contacted only through counsel of record for Abbott herein.

11.    Abbott objects to these interrogatories on the ground that in total, including all discrete subparts, they exceed the total number of interrogatories permitted by the Federal Rules of Civil Procedure, Local Rules and any Orders entered by the Court in this case.

Subject to these General Objections and Responses, and without waiving the same, Abbott states as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**15.    Please state Abbott's actual spending on Program Related Costs for each Program Compound during each year of the four-year Program Term (i.e., 2001 through and including 2004), and during the subsequent year commencing immediately after the end of the Program Term (i.e., 2005).**

**Response:**    Abbott specifically objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to these specific objections and its General Objections and Responses, and without waiving them, Abbott states that its actual spending on Program Related Costs for each of the Program Compounds for the period 2001-2005 is set forth below:

-3-

| Number | Name | 2001 | 2002 | 2003 | 2004 | 2005 | Total |
|--------|------|------|------|------|------|------|-------|
| ABT-100 | FTI | 3.6 | 2.4 | 0.0 | 0.0 | 0.0 | **6.0** |
| ABT-492 | Quinolone | 20.1 | 28.2 | 4.1 | 0.0 | 0.0 | **52.4** |
| ABT-510 | TSP #1 | 8.8 | 12.3 | 18.5 | 23.6 | 16.2 | **79.4** |
| ABT-518 | MMPI | 3.7 | 0.0 | 0.0 | 0.0 | 0.0 | **3.7** |
| ABT-594 | Neuro Pain | 7.8 | 1.4 | 0.0 | 0.0 | 0.0 | **9.2** |
| ABT-627 | Altrasentan Base | 34.1 | 48.1 | 50.7 | 38.4 | 38.7 | **210.0** |
| ABT-627 | Altrsentan Hormone Naïve Prostate Cancer | 0.0 | 1.2 | 2.5 | 2.3 | 3.3 | **9.3** |
| ABT-627 | Japan | 0.0 | 0.1 | 0.2 | 1.5 | 1.5 | **3.3** |
| ABT-627 | Non-Prostate Cancers | 0.0 | 0.0 | 0.2 | 1.0 | 0.9 | **2.1** |
| ABT-724 | Dopamine 4 Agonist | 3.2 | 5.5 | 0.8 | 0.0 | 0.0 | **9.5** |
| ABT-751 | Anti-Mitotic | 6.5 | 9.6 | 11.0 | 13.5 | 12.3 | **52.9** |
| ABT-773 | Base | 80.3 | 13.8 | (0.9) | 0.3 | 0.0 | **93.5** |
| ABT-773 | Japan | 1.4 | 1.9 | 0.0 | 0.0 | 0.0 | **3.3** |
| | Total | **169.5** | **124.5** | **87.1** | **80.6** | **72.9** | **534.6** |

**Amended Response:** Abbott specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Subject to these specific objections and its General Objections and Responses, and without waiving them, Abbott responds as follows:

After meeting and conferring with Hancock, Abbott agreed to amend its response to this interrogatory to state its actual monthly spending on each of the Program Compounds in January, February, and March 2001. In the course of preparing its amended interrogatory response, Abbott discovered some inadvertent errors in its original response. Abbott's corrected actual calendar year spending on Program Related Costs for each of the Program Compounds for the period 2001-2005 is set forth below:

| Number | Name | 2001 | 2002 | 2003 | 2004 | 2005 | Total |
|--------|------|------|------|------|------|------|-------|
| ABT-100 | FTI | 9.2 | 2.4 | 0.0 | 0.0 | 0.0 | **11.6** |
| ABT-492 | Quinolone | 23.1 | 32.8 | 4.1 | 0.0 | 0.0 | **60.0** |
| ABT-510 | TSP #1 | 8.8 | 12.8 | 18.5 | 23.6 | 16.1 | **79.8** |

-4-

| ABT-518 | MMPI | 3.7 | 0.0 | 0.0 | 0.0 | 0.0 | **3.7** |
| ABT-594 | Neuro Pain | 7.8 | 1.4 | 0.0 | 0.0 | 0.0 | **9.2** |
| ABT-627 | Altrasentan Base | 34.1 | 51.8 | 53.6 | 43.4 | 44.6 | **227.5** |
| ABT-627 | Altrsentan Hormone Naïve Prostate Cancer | - | - | - | - | - | - |
| ABT-627 | Japan | - | - | - | - | - | - |
| ABT-627 | Non-Prostate Cancers | - | - | - | - | - | - |
| ABT-724 | Dopamine 4 Agonist | 8.1 | 6.5 | 0.8 | 0.0 | 0.0 | **15.4** |
| ABT-751 | Anti-Mitotic | 6.5 | 9.7 | 11.0 | 13.5 | 12.3 | **53.0** |
| ABT-773 | Base | 80.8 | 13.9 | (0.9) | 0.3 | 0.0 | **94.1** |
| ABT-773 | Japan | - | - | - | - | - | - |
| | **Total** | **182.1** | **131.3** | **87.1** | **80.8** | **73.0** | **554.3** |

Abbott's actual monthly expenditures on each Program Compound in 2001 are reflected in the Abbott expense reports attached hereto as Exhibit A. Please note that expenditures on the ED Program (ABT-724) are the sum of the expenditures reported on pages A-38 and B-4. Abbott also is producing concurrently with this amended interrogatory response expense reports reflecting the actual expenditures on each Program Compound from 2002 through 2005.

In addition to the expenditures that are listed above and in the attached expense reports, Abbott made management fee and/or milestone payments to Hancock in the amount of $10 million in 2002, $2 million in 2003, and $2 million in 2004, which constitute Program Related Costs under Section 1.43 of the Research Funding Agreement.

**16.     Please state whether any of the representations or warranties made by Abbott in Section 12.2 of the Research Funding Agreement were untrue or inaccurate in any way as of March 13, 2001.**

**Response:**   Abbott specifically objects to this interrogatory on the grounds that it is grossly compound, overly broad and unduly burdensome. Because Section 12.2 of the Research Funding Agreement incorporates by reference nine other documents, containing hundreds of sentences, the task of determining whether any of the

-5-

representations or warranties made in Section 12.2 are "untrue" or "inaccurate" "in any way" is unduly burdensome.   Moreover, if every sentence in Section 12.2 and the documents incorporated therein are considered representations and warranties, the request exceeds the number of interrogatories permitted (including subparts) in this litigation. Abbott also objects to this interrogatory because it seeks information protected from disclosure under the attorney-client privilege and attorney work product doctrine.   This interrogatory seeks, *inter alia,* Abbott's legal analysis and conclusions as to which statements contained in the numerous documents attached to the Agreement and incorporated into Section 12.2 constitute a representation or warranty and also whether or not any such representations or warranties were untrue or inaccurate in any way.   As a result, this interrogatory cannot be answered without disclosing attorney work product and attorney-client privileged communications, and any response by Abbott would be intertwined with the mental impressions, conclusions, opinions, and legal theories of its counsel as a result of its investigation of the claims made by Hancock in this case.  Finally, Abbott objects to this interrogatory on the ground that it attempts improperly to shift the burden of proof from Hancock to Abbott on Hancock's claims in this case.

**17.    If your answer to Interrogatory No. 16, supra, is anything other than an unqualified negative, please state in as much detail as reasonably possible which specific representations or warranties made by Abbott in Section 12.2 of the Research Funding Agreement were untrue or inaccurate as of March 13, 2001 and why.**

**Response:**    Abbott    incorporates    by    reference    its    response    to Interrogatory No. 16.

ABBOTT LABORATORIES

By its attorneys

Eric J. Lorenzini

Jeffrey I. Weinberger (Admitted Pro Hac Vice)
Gregory D. Phillips (Admitted Pro Hac Vice)
Eric J. Lorenzini (Admitted Pro Hac Vice)
Ozge Guzelsu (Admitted Pro Hac Vice)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9100

and

Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR LLP
1 Beacon St., 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: Aug. 3, 2007

3399690.1

## VERIFICATION

I, Kenneth Stiles, state under penalties of perjury that:  I am Assistant Controller for Global Pharmaceutical Research and Development at Abbott Laboratories ("Abbott").  I have read the foregoing responses to interrogatories and know the contents thereof; that said answers were prepared with the assistance and advice of counsel and employees of Abbott; that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently collected and thus far discovered in the course of the preparation of these answers; that Abbott reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that, subject to the limitations set forth herein, the responses are true to the best of my knowledge, information and belief.

Interrogatory answers signed under the pains and penalties of perjury this 3rd day of August, 2007.

_Kenneth D. Stiles_
Kenneth Stiles

3399690.1

# EXHIBIT 4

## Davis, Brian

| | |
|---|---|
| **From:** | Davis, Brian |
| **Sent:** | Tuesday, August 07, 2007 11:10 AM |
| **To:** | 'Lorenzini, Eric' |
| **Cc:** | 'Weinberger, Jeffrey'; 'Phillips, Gregory'; 'Guzelsu, Ozge'; Zwicker, Joseph H.; Abati, Richard |
| **Subject:** | RE: Letter to Joe Zwicker |

Eric,

I note, with interest, the extensive changes that Abbott has made in its actual spending numbers, after the close of fact discovery, allegedly based upon "some inadvertent errors in its original response." Please be advised that John Hancock will want to take additional discovery, including depositions, to better understand the "inadvertent errors" that Abbott cites and Abbott's purported corrections. We can bring the issue to the Court's attention now or after Judge Woodlock rules on John Hancock's pending Motion for Partial Summary Judgment on the question of payment of one-third of the Aggregate Carryover Amount. What is Abbott's preference?

In addition, Abbott agreed to supplement its interrogatory responses to provide John Hancock with its actual monthly spending numbers for January, February and March 2001 **in addition to** providing the summary-level backup documentation upon which it relies. Abbott did the latter, but not the former. In order to avoid any confusion on this issue and to hold Abbott to its word, please provide us with supplemental interrogatory responses that specifically state Abbott's actual monthly spending numbers for each of the Program Compounds for the months of January, February and March 2001.

Brian Davis


⌐

C─────, ─── & S────── ───
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5056
Fax: 617-248-4000
E-mail: bad@choate.com


-----Original Message-----
**From:** Lorenzini, Eric [mailto:Eric.Lorenzini@mto.com]
**Sent:** Friday, August 03, 2007 7:06 PM
**To:** Zwicker, Joseph H.; Davis, Brian; Abati, Richard
**Cc:** Weinberger, Jeffrey; Phillips, Gregory; Guzelsu, Ozge
**Subject:** Letter to Joe Zwicker
**Importance:** High

Joe,

Please see attached letter and accompanying documents.

Eric

*<<Ltr to J. Zwicker for E. Lorenzini.pdf>>     <<Attachment 1 to Ltr to J. Zwicker from E. Lorenzini.pdf>>
<<Attachment 2 to Ltr to J. Zwicker from E. Lorenzini.pdf>>     <<Attachment 3 to Ltr to J. Zwicker from E.
Lorenzini.pdf>>     <<Attachment 4 to Ltr to J. Zwicker from E. Lorenzini.pdf>>     <<Attachment 5 to Ltr to J.
Zwicker from E. Lorenzini.pdf>>     <<Attachment 6 to Ltr to J. Zwicker from E. Lorenzini.pdf>>     <<Abbott's
Amended Rsp & Objs to Pltfs' 2nd Set of Rogs.pdf>>*

# EXHIBIT 5

MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE

THIRTY-FOURTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

September 18, 2007

WRITER'S DIRECT LINE
(213) 683-9207
(213) 593-3907 FAX
Eric.Lorenzini@mto.com

**SENT BY E-MAIL**

Brian Davis
Choate, Hall & Stewart
Two International Place
Boston, MA 02110

Re: *John Hancock v. Abbott Laboratories*

Dear Brian:

I am responding to your email, dated August 7, 2007, regarding Abbott's amended response to Interrogatory No. 15.

As you know, Abbott's original response to Interrogatory No. 15 set forth actual spending on the Program Compounds during the four year period from 2001 to 2005, as requested by Hancock. After the close of discovery, Hancock sought to revise its interrogatory to request information regarding spending during the period from March 13, 2001 to December 31, 2001. Abbott did not believe Hancock had any right to revise its interrogatory in this manner after the close of discovery. Nonetheless, as a compromise Abbott and Hancock agreed that Abbott would amend its interrogatory response on August 3, 2007 to set forth its actual monthly expenditures on the Program Compounds in 2001. To obtain the information requested by Hancock, Abbott conducted extensive additional investigation, including review of financial records and interviews with Abbott financial personnel. In the course of this investigation, Abbott discovered additional expenditures on the Program Compounds that were not reflected in the original interrogatory response drafted by Abbott's former counsel in this case, Winston and Strawn. Accordingly, Abbott updated its interrogatory response to include the monthly

351994&4

MUNGER, TOLLES & OLSON LLP

September 18, 2007
Page 2

expenditure figures requested by Hancock, as well as the newly discovered expenditure
information.

Abbott disagrees with your contention that "additional discovery, including depositions,"
is necessary to understand the updated information in the amended interrogatory response. As
stated in the verified interrogatory response, Abbott produced, concurrently with the response,
the financial documents (prepared in the ordinary course of business) from which the actual
spending figures were derived. Hancock has no right to additional discovery regarding this
matter. Nonetheless, as a courtesy, we voluntarily set forth below the newly discovered
information regarding actual expenditures that is reflected in the amended response to
Interrogatory No. 15. In exchange for your agreement to withdraw your request for additional
discovery, we would be willing to submit a verification attesting to these facts.

### Basis for Updated Information in Response to Interrogatory No. 15

Abbott discovered expenditures between January 2001 to July 2001 on development of
ABT-100 (FTI) ($5.6 million) and ABT-724 (EX Dopamine) ($4.9 million) that were not
reflected in the original interrogatory response. The actual expenditures on ABT-100 and ABT-
724 in 2001 are reflected on the financial reports produced to Hancock. See ABBT0578006,
ABBT0578012-13.

Abbott discovered milestone payments to Wakunaga Pharmaceutical for the development
of ABT-492 (quinolone) in 2001 ($3 million) and 2002 ($3.5 million). See ABBT0578007
(2001 report reflecting "License Pymt/Royalty" of $3 million); ABBT0578017 (2002 report
listing $3.5 million on the "License Pymt/Royalty" line). According to the terms of the Research
Funding Agreement, these are Program Related costs. RFA, § 1.43(ii)(b);

Abbott discovered expenditures in 2002 by Abbott's Ludwigshafen facility in Germany
on development of several Program Compounds. These expenditures are listed on the "LU" line
of the financial reports produced to Hancock. See ABBT0578017 (ABT-492, $1.5 million);
ABBT0578018 (ABT-510, $0.4 million); ABBT0578019 (ABT-627, $2.1 million);
ABBT0578020 (ABT-724, $1 million); ABBT0578021 (ABT-751, $0.1 million).

As of August 3, 2007, we had been unable to locate records confirming all of the
originally reported spending on ABT-773 in 2001 and 2002 so we amended the interrogatory
response to correspond with the lower figures listed in the Global Delivery Expense Report
("GDER"). In response to your August 7 email, we have conducted further inquiry and located
records reflecting additional spending on ABT-773 in 2001 ($0.3 million) and 2002 ($1.8
million, largely due to expenditures on the Japan Program) that were not reflected in the GDER,
but which we have confirmed were actual expenditures on the development of ABT-773. I am
enclosing a copy of Abbott's COMPASS (COMprehensive Project Accounting SyStem) report
reflecting those expenditures, as well as a spreadsheet breaking down the 2001 expenditures by
month. See ABBT0578039-70.

3519948.4

MUNGER, TOLLES & OLSON LLP

September 18, 2007
Page 3

        The amended interrogatory response also includes a few other minor miscellaneous
adjustments to accurately reflect the expenditures reflected in the financial records. *See e.g.*,
ABBT0578017 (ABT-492, 2001 report); ABBT0578018 (ABT-510, 2001 report);
ABBT0578033 (ABT-627, 2004 report); ABBT0578036 (ABT-510, 2005 report);
ABBT0578037 (ABT-627, 2005 report).

<u>January, February and March 2001 Expenditures</u>

        Your email wrongly contends that "Abbott agreed to supplement its interrogatory
responses to provide John Hancock with its actual monthly spending numbers for January,
February and March 2001 in addition to providing the summary-level backup documentation
upon which it relies. Abbott did the latter, but not the former." Abbott's amended interrogatory
response attached as Exhibit A the expense report setting forth Abbott's monthly expenditures
on the Program Compounds in January, February, and March 2001. Exhibit A was as much a
part of Abbott's verified interrogatory response as the text in the body of the response. It is
unclear what purpose Hancock believes would have been served by copying the monthly
expenditures listed in Exhibit A into the body of the response. Nonetheless, for your
convenience, the table below again provides Hancock with the monthly expenditures on the
Program Compounds in January, February, and March 2001 (in thousands), including the
adjustments based on the newly discovered information regarding actual expenditures on ABT-
773 in 2001 that is described above:

|  | January 2001 | February 2001 | March 2001 |
|---|---|---|---|
| ABT-100 (FTI) | 649 | 716 | 953 |
| ABT-492 (Quinolone) | 1119 | 1192 | 1563 |
| ABT-510 (TSP) | 548 | 751 | 805 |
| ABT-518 (MMPI) | 481 | 503 | 621 |
| ABT-594 (Neuro Pain) | 1123 | 817 | 988 |
| ABT-627 (Endothelin) | 2177 | 2293 | 2396 |
| ABT-724 (ED) | 471 | 596 | 725 |
| ABT-751 (Anti-mitotic) | 450 | 507 | 579 |

3519948.4

MUNGER, TOLLES & OLSON LLP

September 18, 2007
Page 4

| ABT-773 (ketolide) | 8,817 | 9,969 | 9,758 |
|---|---|---|---|
| Total | 15,835 | 16,544 | 18,388 |

Please let me know if you have any questions.

Sincerely,

Eric J. Lorenzini

EJL:mac1

3519948.4