**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER INSURANCE COMPANY), | CIVIL ACTION NO. 05-11150-DPW<br>Hon. Judge Douglas P. Woodlock |
|                Plaintiffs, | |
|      v. | |
| ABBOTT LABORATORIES, | |
|                Defendants. | |

**ABBOTT LABORATORIES' MOTION TO OVERRULE**
**HANCOCK'S OBJECTIONS TO ABBOTT TRIAL EXHIBITS**

Defendant Abbott Laboratories ("Abbott") hereby moves this Court to overrule the various objections asserted by John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Manulife Insurance Company (f/k/a Investors Partner Insurance Company) ("Hancock") to certain Abbott trial exhibits moved into evidence on March 26, 2008. On March 26, 2008, in accordance with the Court's March 14, 2008 order, Abbott moved into evidence designated deposition exhibits and various other exhibits that were not admitted through witnesses at the trial. *See* Abbott's Post-Trial List of Witnesses, Affidavits, and Exhibits, filed on March 26, 2008. Hancock has objected to 44 of the exhibits, mostly on the grounds of hearsay and/or relevance. For the reasons stated below and summarized on the table attached hereto as Ex. A, however, the exhibits are relevant and are either not hearsay because they are not offered for the truth of the matter asserted or fall within an exception to the hearsay

rule.  Therefore, Abbott respectfully requests that the Court overrule Hancock's objections.[1]

## I.    HANCOCK'S HEARSAY OBJECTIONS SHOULD BE OVERRULED

### A.    Most Exhibits Are Offered for Purposes Other Than The Truth of the Matter Stated

As discussed below, the vast majority of the exhibits to which Hancock has objected on hearsay grounds are not offered for the truth of the matter stated, but for various other purposes, therefore, the rule against hearsay is inapplicable.  "So long as out-of-court statements are not offered for their truth, they are not hearsay."  *United States v. Murphy*, 193 F. 3d 1, *5 (1st Cir. 1999); *see also* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement "offered in evidence to prove the truth of the matter asserted").

### 1.    Emails Offered To Provide Context for an Attached Document and For Fact That the Email Was Sent

In certain instances where an exhibit includes an email and attached document (Exs. C [946], Ex. FM [973], and GJ [980]), Hancock has not objected to the attached document (in recognition of the fact that it is a business record or otherwise admissible), but has objected on hearsay grounds to the email portion of the exhibit.[2]  In each of these instances, however, Abbott is not offering the email for the truth of the matter stated (indeed, the emails contain little substantive information), but as evidence that the email was sent and to provide context for the attached document.  The emails are admissible for this non-hearsay purpose.  *Murphy*, 193 F. 3d at *5; *Farm Bureau Life Ins. Co. v. American Nat'l Ins. Co.*, 505 F. Supp. 2d 1178, 1187 n.2 (D. Utah 2007) (email regarding attached document was not hearsay where it was offered simply for

---

[1] Abbott has determined that one exhibit to which Hancock has objected, Ex. AX [961], is largely duplicative of another exhibit in evidence, therefore, it withdraws its request to move Ex. AX [961] into evidence.

[2] Hancock's objections to Exs. C and GJ are expressly limited to the email portion of the exhibit.  *See* Ex. A (listing Bates range of the email portion of the exhibits).  During the meet-and-confer process regarding this motion, Hancock confirmed that its hearsay objection to Ex. FM is also limited to the email portion of the exhibit.  *See* Ex. B (email string between Hancock and Abbott counsel).

the fact that the email was sent).[3]  With respect to Ex. FM [973], Hancock also objects on the grounds that the exhibit contains multiple documents.  That objection is not valid because the exhibit is not comprised of separate, unrelated documents whose combination into a single exhibit would be misleading; rather, the exhibit consists of a single email and an attachment to the email.

> **2.    Emails and Letters Offered To Show That Communication Occurred**

Hancock objects on hearsay grounds to several emails that contain instructions and inquiries by Michelle Campbell to Abbott's copying service regarding copying of documents for production in the audit.  *See* Exs. MB [988], MC [989], MD [990], and ME [991].  These emails, however, are offered not for the truth of the matter asserted (indeed, there are very few assertions in the emails).  It is the fact of the communications, rather than the truth of any assertions that is relevant.  The emails themselves constitute work by Ms. Campbell on the audit and, therefore, are relevant to rebutting Hancock's claim that Abbott was not diligent in responding to the audit.  The emails also are relevant evidence of Ms. Campbell's state of mind in responding to the audit (*i.e.*, they reflect an absence of any intent to delay production of documents).  These are all non-hearsay purposes.  *See United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001) ("directions from one individual to another, or statements offered only for context, do not constitute hearsay"); *Murphy*, 193 F. 3d at *5 ("instructions" are not hearsay where they are either "simply directions . . . and not statements of fact at all" or are "not offered for the truth of the matter asserted"); *United States v. Safavian*, 435 F. Supp. 2d 36, 44 (D.D.C. 2006) (emails from lobbyist to defendant were not hearsay because they were offered not to prove the truth, but as evidence of

---

[3] As noted above, Hancock has only objected to the email portion of Exs. C [946], Ex. FM [973], and GJ [980].  Therefore, if the Court sustains Hancock's objection, Abbott respectfully requests admission of the non-email portion of these exhibits.

the work performed by the lobbyist, to provide context for the admissible statements in the email, and as evidence of state of mind).  Similarly, Ex. MF [992], a letter from Abbott counsel to Hancock counsel regarding the scope and timing of the audit, is offered simply to show that there was communication between counsel regarding these subjects and as evidence of Abbott's state of mind regarding its audit response, which is relevant because Hancock has alleged that Abbott did not timely respond to StoneTurn's inquiries and acted in bad faith.

### 3.    Exhibits Offered As Evidence Of Negotiation and Formation Of Agreement

Hancock has objected on hearsay grounds to Ex. BE [962], the letter agreement by which Hancock consented to Abbott's out-licensing of ABT-773 to Advanced Life Sciences.  Exhibit BE [962] is not hearsay, however, because it is not offered for the truth of the matter but as evidence of a verbal act -- *i.e.*, the formation of an agreement.[4]  *New England Surfaces v. E.I. DuPont De Nemours & Co.*, 517 F. Supp. 2d 466, 473 (D. Me. 2007) ("The First Circuit has indicated that '[s]igned instruments such as . . . contracts . . . are writings that have independent legal significance, and are nonhearsay.'") (quoting *Florence Nightengale Nursing Servs., Inc. v. Paul Revere Life Ins. Co.*, 94-1754, 1995 U.S. App. LEXIS 17506, at *11 (1st Cir. July 19, 1995)); Weinstein's Federal Evidence, 2d Ed., § 801.11[3] (2008).[5]

Hancock objected on hearsay grounds to Abbott's response to a set of document requests served by Hancock, and subsequent meet-and-confer correspondence from Abbott counsel to Hancock counsel.  *See* Exs. CL [963], CM [964], and CN [965].  Abbott's discovery responses

---

[4] "Verbal acts are simply one example among many of out-of-court statements offered for something other than their truth.  So long as out-of-court statements are not offered for their truth, they are not hearsay; it is unnecessary to fit such statements into one particular category, like verbal act, although this is often done, primarily as a short-hand way of explaining the non-hearsay purpose for which the statement is offered."  *Murphy*, 193 F. 3d at *5.

[5] The letter agreement also is produced from Hancock's files and is signed by Stephen Blewitt, therefore, it falls under the party admission exception to the hearsay rule.  *See* Ex. BE [962].

and meet-and-confer letters are not offered for the truth of any matters asserted therein, but as evidence of the parties' negotiation and ultimate agreement regarding Abbott's production of ABT-773 documents, as well as Abbott's state of mind regarding the discovery requests. The exhibits reflect Hancock's request for documents sufficient to show the "prospects and conditions" of all nine Program Compounds (including ABT-773), Abbott's initial objection to those requests on grounds of overbreadth and undue burden, *see* Exs. CL [963] (RFP Nos. 55-58), and Abbott's agreement, less than a month later, to produce "summary level documents" in response to the requests. *See* Ex. CM [964] at 5 & Ex. CN [965] at 3-4. Since these communications are offered as evidence of the negotiation and formation of that discovery agreement, not for the truth of any assertions, they are not hearsay. *See* Weinstein's Federal Evidence, 2d Ed., § 801.11[3] (2008) ("the hearsay rule does not exclude relevant evidence as to what the contracting parties said or wrote with respect to the making or terms of an agreement."); *Murphy*, 193 F. 3d at *5 ("So long as out-of-court statement are not offered for their truth, they are not hearsay"). The fact of this agreement is relevant because it rebuts Hancock's allegation that, until Hancock amended its complaint in December 2006 to add allegations regarding ABT-773, "Abbott had asserted that Hancock was not permitted to undertake any discovery concerning ABT-773 . . . ." Pltfs.' Prop. Add'l Findings of Fact & Concl. of Law, ¶ 19.

### 4. Exhibits Offered As Evidence Of Hancock's State of Mind Or As Evidence That Information Was Generally Available

Hancock has objected on hearsay grounds to Exs. H [947], L [949], and M [950], which are published articles and reports regarding QT issues with respect to macrolides. These exhibits are not offered for the truth of the matters asserted, but to show that certain information was publicly available and that Hancock had constructive knowledge of certain facts.[6]

---

[6] Hancock's relevance objections to Exs. L [949] and M [950] also fail because these exhibits show that

Hancock objects to Ex. MG [993], which is a February 19, 2008 press release from Advanced Life Sciences ("ALS") regarding clinical trials of Cethromycin (ABT-773). Abbott is offering the article not for the truth of the matters stated herein, but as evidence that reports regarding the current prospects of ABT-773 were publicly available and could have been considered by Hancock and its damages expert, Alan Friedman, in assessing Hancock's alleged damages with respect to that compound.[7] Irrespective of the truth of the statements in the ALS press release, Hancock's failure to consider the statements in the press release is relevant in assessing the credibility and reliability of Hancock's damage analysis.

### 5.    Exhibits Offered As Evidence of Abbott's State of Mind

Hancock objects on hearsay grounds to the admissibility of press releases and public reports, produced from Abbott's files, regarding the status of competitor MMPI compounds. *See* Exs. AD [952], AJ [953], and FN [974]. These reports, however, are not offered for the truth of the matters asserted. Instead, the exhibits are offered to show Abbott's state of mind and knowledge -- and the limits of Abbott's knowledge -- regarding the competitor compounds. These exhibits provide evidence regarding the type of information that was available to Abbott, as well as the general public, regarding the competitor compounds prior to, and soon after, execution of the RFA. The exhibits provide evidence that the information available to Abbott, and the general public, regarding the other MMPI compounds was limited and, in some respects, inconsistent and contradictory. For example, although a February 2001 Abbott document states "Marimastat development was discontinued on 2/15/01", a March 5, 2001 document from

---

certain information was generally available to the public, including Hancock, at the time of the Agreement.

[7] At trial, Abbott offered this exhibit for the truth of the matter asserted. The Court sustained Hancock's hearsay objection without prejudice to Abbott subsequently offering the exhibit "in some other fashion." Trial Tr. at 112.

Abbott's files states that, although British Biotech "has decided not to file for approval" of Marimastat, "Two ongoing phase III trials are continuing, one in nonsmall cell lung cancer and the other in pancreatic cancer, with results anticipated second quarter 2001." Ex. FN [974]. A subsequent May 3, 2001 press release, states that British Biotech is continuing its Phase III trial of Marimastat in pancreatic cancer patients, that "it is not possible, at this stage to reach any conclusions about the eventual outcome of the trial," and that "the future direction of the MMPI cancer program is the subject of ongoing discussion with our licensing partner Schering-Plough and with external experts." Ex. AD [952]. Finally, an August 6, 2001 press release reports that the results of that Phase III trial "indicate that further studies to define the role of marimastat in the treatment of cancer are warranted." Ex. AJ [953].

Hancock objects to Ex. AP [956], an email regarding Abbott's plans for out-licensing ABT-773. This exhibit, however, is not hearsay because it is not offered for the truth but as evidence of Abbott's plans and intent regarding the outlicensing of ABT-773.

Hancock objects to Ex. ML [997], a March 27, 2000 article from the *Archives of Internal Medicine* regarding clinical trials of controlled release oxycodone, an analgesic. The article reports that 52.6% of the patients enrolled in a double-blinded, placebo-controlled trial discontinued their participation in the study and that 28 of the 70 early terminations (40%) were due to adverse events. The article concludes that the drug "seemed to be effective and safe for patients with chronic, moderate to severe osteoarthritis-related pain." Ex. ML [997] at 853, 855, 859. Abbott offers this article not for the truth of the matters stated, but simply as evidence that this information was published in a medical journal in 2000, which is relevant to Abbott's state of mind regarding whether the drop-out rates in the double-blinded ABT-594 clinical trial would hinder development of the compound. The fact that the journal reported this information shows

that there was reason for Abbott to believe that a pain medication, such as ABT-594, could be "safe and effective" notwithstanding high dropout rates in a double-blinded clinical trial.

> ### 6.    Deposition Exhibits Offered to Provide Context for Designated Deposition Testimony

The following deposition exhibits to which Hancock has objected on hearsay grounds are not hearsay because Abbott is offering them for the limited purpose of providing context for the designated deposition testimony regarding the exhibit, not for the truth of any assertions in the exhibits:  Ex. FR [976] (email regarding plans for out-licensing of ABT-594), Ex. HG [983] (Hancock email regarding analysis of deal with Abbott), Ex. FQ [975] (email regarding plans for ABT-594 Go/NoGo decision) & Ex. GM [981] (email from Marilynn Collicott regarding ABT-594).  *See United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001) ("Out of court statements offered not for their truth but offered only for context, do not constitute hearsay.").

> ### B.    Party Admissions By Hancock Are Not Hearsay

Hancock objects on hearsay grounds to transcripts of proceedings in this action that contain statements of Hancock's counsel.  *See* Exs. CR [966] & DW [971].  The exhibits are admissible because the transcripts themselves fall within the public records exception to the hearsay rule and the statements of Hancock's counsel are party admissions.  *See* Fed. R. Evid., 801(d)(2), 803(8).  Even if the statements in the transcript were not party admissions, they would be admissible to show Hancock's state of mind.  For example, CR [966] shows Hancock's state of mind regarding expected royalties at the time it belatedly sought rescission.  Exhibit DW [971], a transcript of an oral argument regarding the Court's denial of Hancock's request for broad discovery in *Hancock I* and Hancock's planned contractual compliance audit, is relevant evidence regarding the timing and purpose of Hancock's audit.

Hancock also has objected on hearsay and relevance grounds to Ex. IE [985], which is an

email from Hancock counsel to Abbott counsel attaching "clean and blacklined" drafts of the

Research Funding Agreement ("RFA").  Hancock's objections are without merit.  The email

from Hancock's counsel, along with the proposed terms and comments in the attached draft of

the RFA are party admissions.  *See* Fed. R. Evid. 801(d)(2).  Even if the statements in the email

and attached drafts of the RFA were not party admissions, they would be admissible for purposes

other than the truth, such as to show that the terms were offered by Hancock.  *See* Weinstein's

Federal Evidence, 2d Ed., § 801.11[3] (2008) ("the hearsay rule does not exclude relevant

evidence as to what the contracting parties said or wrote with respect to the making or the terms

of an agreement.").  The exhibit is relevant because the negotiating history of the RFA is relevant

to interpretation of the terms of the RFA to the extent the Court determines any contract terms

are ambiguous.

### C.    Exhibit 948 Is Not Hearsay Because It Was Adopted By A Witness Under Oath in Deposition

Exhibit I [948] is an email from Marilyn Collicott attaching a copy of her resume.  The

resume portion of the exhibit is not hearsay because Ms. Collicott, in deposition testimony that

has been designated and moved into evidence, adopted the statements in the resume under oath.

*See* Collicott Depo. at 6:14-7:8 (confirming that resume was accurate).  "When a witness, on the

stand and under oath, acknowledges that a prior statement is his own statement and is truthful,

then the witness adopts the prior statement as his present testimony and there is no hearsay

problem."  *Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147, 153 (1st Cir. 1991)

(citing Fed. R. Evid. 801 adv. comm. note (d)(1)).  The email portion of the exhibit is not hearsay

because it is not offered for the truth of the matter stated but simply to show that it was sent and

to provide context for the attached resume.[8]

---

[8] Hancock's objection on grounds of "authenticity" also is without merit since Ms. Collicott testified that

**D.    Several Exhibits Are Admissible Under the Business Records Exception**

Fed. R. of Evid. 803(6) provides that "business records are not excluded by the rule against hearsay 'if kept in the normal course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . record . . . unless the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.'" *United States v. Munoz-Franco*, 487 F.3d 25, 38 (1st Cir. 2007) (quoting Rule 803(6)). Hancock objects to several memoranda and other documents that are the type of business records clearly contemplated by Rule 803(6). *See* Ex. AV [959] (monthly "Highlights" memorandum regarding out-license of ABT-773); Ex. DD [967] (memorandum regarding August 21, 2001 Pharmaceutical Executive Management Committee); Ex. DK [968] (February 14, 2003 "Board Document" regarding out-license of ABT-773); Ex. DL (briefing document regarding May 2-4, 2001 "R&D Strategy Retreat", along with attached cover email) and Ex. DP [970] ("Monthly Highlights" interoffice memoranda from Dr. John Leonard to Dr. Jeffrey Leiden regarding ABT-773).[9] Hancock's objections to these business records on hearsay grounds should be overruled.

Similarly, Hancock objects to a document that, although in email format, also constitutes a business record. Exhibit EW [972] is an April 9, 2001 email reflecting the Decision Support Group's evaluation of the probability of success of ABT-518 on or around April 6, 2001, an evaluation that Keith Hendricks, the head of DSG, testified was part of Abbott's regular business practice. *See* Hendricks Aff., ¶¶ 9, 14-15. Even if not admissible for the truth of the matter stated, Ex. EW [972] is admissible for other purposes, such as demonstrating that this email

the resume was accurate. *See* Collicott Depo. at 6:14-7:8.

---

[9] Even if Ex. DL were not admissible under the business record exception, it would be admissible for the non-hearsay purposes of showing Abbott's state of mind, intent, and plans regarding the May 2-4, 2001 Strategy Retreat and the ABT-594 Go/No Go decision.

communication regarding the probability of success of ABT-518 occurred and to show Abbott's

belief regarding the probability of success of ABT-518 around the date of the RFA.

## II.    LETTER SENT DURING 2003 SETTLEMENT NEGOTIATIONS IS OFFERED TO SHOW WHEN HANCOCK BECAME AWARE OF THE ALLEGED MISREPRESENTATIONS, NOT FOR ANY OF THE PURPOSES PROHIBITED BY RULE 408

Hancock objects based on Fed. R. Evid. 408 to Ex. AW [960], a letter written by Abbott

to Hancock in November 12, 2003, during settlement negotiations.  Rule 408, however, only

prohibits use of statements made in compromise negotiations "when offered to prove liability

for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach

through a prior inconsistent statement or contradiction."  Fed. R. Evid. 408(a).  Subdivision (b)

of Rule 408 expressly provides that "[t]his rule does not require exclusion if the evidence is

offered for purposes not prohibited by subdivision (a)."  Fed. R. Evid. 408(b).  Abbott does not

offer the letter for any of the purposes prohibited by Rule 408(a), but solely as evidence that

Hancock had notice of the alleged misrepresentation as early as November 12, 2003.  *See* Ex.

AW [960] at 1 ("John Hancock's counsel raised for the first time an allegation of fraudulent

conduct on the part of Abbott . . . [and] claimed to have documentation proving fraud.").  The

timing of Hancock's knowledge of the alleged fraud is relevant because, under Illinois law, a

party waives its right to seek rescission if it unduly delays seek rescission after knowledge of the

alleged misrepresentation.  Hancock also objects to Ex. AW [960] on hearsay grounds.  The

statement of Hancock's counsel reflected in the letter is not hearsay, however, because the letter

is an Abbott business record and the statement itself is a party admission.

## III.   THE REMAINING EXHIBITS, TO WHICH HANCOCK HAS OBJECTED ON RELEVANCE GROUNDS, ARE RELEVANT TO CLAIMS AND DEFENSES IN THIS CASE

Hancock's objections to the remaining exhibits, on the grounds of relevance, are without

merit.  Hancock objects on relevance grounds to certain drafts of the RFA.  But to the extent the

Court holds that any terms of the RFA are ambiguous, these drafts are relevant parol evidence

regarding the meaning of the contract terms.  For example, the drafts (and the accompanying

deposition testimony) are evidence that the Aggregate Spending Target was comprised of

Abbott's contribution of $400 million and Hancock's Program Payments.  *See* Exs. GE [977],

GF [978], IF [986], and LW [987].  This is relevant to Hancock's Section 3.3(b) (Aggregate

Carryover Amount) claim, because it is evidence that the parties intended for Abbott to spend

$400 million, plus Hancock's Program Payments, and did not intend to require Abbott to spend

in excess of $400 million of its own funds to make up for a shortfall caused by Hancock's

termination of Program Payments.

　　　　Exhibit Q [951], the email from Hancock's counsel attaching a marked-up draft of the

RFA also is relevant to Hancock's Section 3.3(b) claim.  Hancock alleges that after it was

excused from $110 million in Program Payments pursuant to Section 3.4 because Abbott failed

to demonstrate its intent to spend in excess of $614 million during the Program Term, Abbott

was still required to spend $614 million during the Program Term and subsequent year.  Exhibit

Q [951] shows that Hancock proposed adding language to Section 3.4 stating that "The

provisions of this Section shall not relieve Abbott of any of its responsibilities under this

Agreement."  Ex. Q [951] at JH003754.  Hancock's proposed language was omitted from the

final agreement.  *See* Ex. 32, § 3.4.  This negotiation history suggests that the parties understood

that the termination of Hancock's Program Payments pursuant to Section 3.4 *could* relieve

Abbott of certain responsibilities under other provisions of the Agreement, including Section

3.3(b).

　　　　Hancock objects on relevance grounds to Ex. HK [984], a letter from Abbott's counsel to

Hancock's counsel, regarding Hancock's designation of StoneTurn to conduct a contractual compliance audit. The letter is relevant, however, to rebut Hancock's claim that Abbott obstructed the audit. Specifically, it provides evidence that Abbott initially objected to StoneTurn because of questions regarding the auditor's qualifications and independence, not for the purpose of delaying or obstructing the audit.

Finally, Hancock objects on relevance grounds to Abbott's Rule 30(b)(6) deposition notice, Ex. HA [982]. In deposition testimony designated by Abbott, Wilma Davis testified that she was designated by Hancock to testify regarding the topics listed in the Rule 30(b)(6) notice, which was marked as a deposition exhibit. *See* Davis Depo. at 8-9. Ms. Davis' testimony regarding the subject matters on which she was designated is meaningless without reference to the Rule 30(b)(6) notice. This exhibit is relevant because it lays the foundation for Ms. Davis' testimony and establishes that Hancock is bound by her testimony with respect to the subjects on which she was designated.

## IV.    CONCLUSION

For the reasons stated above, Abbott respectfully requests that the Court overrule Hancock's objections to the exhibits moved into evidence on March 26, 2008.

Dated: April 4, 2007                              ABBOTT LABORATORIES


                                                  By its attorneys

                                                  _____/s/ Eric J. Lorenzini_____

                                                  Michael S. D'Orsi
                                                  Peter E. Gelhaar (BBO #188310)
                                                  Michael S. D'Orsi (BBO #566960)
                                                  DONNELLY, CONROY & GELHAAR LLP
                                                  1 Beacon St., 33rd Floor
                                                  Boston, Massachusetts 02108
                                                  (617) 720-2880

                                                  and

                                                  Jeffrey I. Weinberger (Admitted Pro Hac Vice)
                                                  Gregory D. Phillips (Admitted Pro Hac Vice)
                                                  Eric J. Lorenzini (Admitted Pro Hac Vice)
                                                  Ozge Guzelsu (Admitted Pro Hac Vice)
                                                  MUNGER, TOLLES & OLSON LLP
                                                  355 South Grand Avenue, 35th Floor
                                                  Los Angeles, CA  90071
                                                  (213) 683-9100

                                                  *Counsel for Abbott Laboratories*

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that Abbott's counsel and Hancock's counsel conferred regarding Abbott's Motion to Overrule Hancock's Objections to Abbott Trial Exhibits but the parties were unable to reach agreement.

Date:  April 4, 2008

_____/s/ Eric J. Lorenzini_____

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 4, 2008.

Date:  April 4, 2008.

_____/s/ Eric J. Lorenzini_____

4721588.2

# Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-1150-DPW
Abbott Laboratories' Summary of Responses To Hancock's Objections To Trial Exhibits

| Admitted Ex. No. | Previous Ex. No. | Date | Description | Production Range | Deposition Exhibit No. | Hancock Objections | Response to Hancock's Objection |
|---|---|---|---|---|---|---|---|
| [946] | D_C | 07/11/2002 | Bukofzer Email re: ABT 773 Communication | ABBT203446 - ABBT203450 | | Hearsay (ABBT203446-48 ONLY) | Hancock does not object to attachment (ABBT203449-50); Email is non-hearsay - FRE 801(a),(c) - it is offered as context for attachment. |
| [947] | D_H | 00/00/2000 | DePonti, Poluzzi & Montanero Article titled "QT Interval Prolongation by Non Cardiac Drugs Lessons to be Learned from Recent Experience" | | Klotz_0030 | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show information was publicly available. |
| [948] | D_I | 05/09/2000 | Collicott Email re: Resume | ABBT242357 - ABBT242361 | Collicot_0001 | Hearsay / Irrelevant / Authenticity | Authentic and non-hearsay - FRE 801(c). Witness authenticated & adopted statements in exhibit under oath in designated deposition testimony; email is offered to provide context for deposition testimony; Relevant as foundation re: witness' position and experience. |
| [949] | D_L | 07/00/2000 | Research Analysis Report by Wiqar Shaik Titled, "The Changing Face of Antihistamines and Cardiac Adverse Drug Reactions: A Clinical Perspective | | Klotz_0028 | Hearsay / Irrelevant | Relevant & non-hearsay - FRE 801(a),(c). Offered to show information was publicly available. |
| [950] | D_M | 08/11/2000 | MedWatch Summary of Safety Related Drug Labeling Changes Approved by FDA June 2000 | | Klotz_0029 | Hearsay / Irrelevant | Relevant & non-hearsay -- FRE 801(a),(c). Offered to show information was publicly available. |
| [951] | D_Q | 11/01/2000 | Torney Email re: Funding Agreement | JH003740 - JH003814 | | Irrelevant | Relevant to Sec. 3.3(b) claim. |
| [952] | D_AD | 05/04/2001 | Hansen Email re: Marimastat | ABBT0054230 - ABBT0054231 | | Hearsay | Non-Hearsay -- FRE 801(a),(c). Offered to show Abbott's knowledge & beliefs. |
| [953] | D_AJ | 08/06/2001 | Davidsen Email to Nisen re: ABT-518 [Marimastat Shows Promise as Treatment for Unresectable Pancreatic Cancer] | ABBT0049990 - ABBT0049990 | | Hearsay | Non-Hearsay -- FRE 801(a),(c). Offered to show Abbott's knowledge and beliefs. |
| [956] | D_AP | 08/06/2002 | Lyons Email re: ABT-773 | ABBT333998 - ABBT333998 | | Hearsay | Non-Hearsay -- FRE 801(a),(c). Offered to show Abbott's intent & plans. |
| [959] | D_AV | 02/28/2003 | Mathers Memo re: February Highlights | ABBT335048 - ABBT335050 | | Hearsay | Business records exception - FRE 803(6). |

1

Exhibit A

**John Hancock Life Insurance Company, et al. v Abbott Laboratories**
**Civil Action No. 05-1150-DPW**
**Abbott Laboratories' Summary of Responses To Hancock's Objections To Trial Exhibits**

| Admitted Ex. No. | Previous Ex. No. | Date | Description | Production Range | Deposition Exhibit No. | Hancock Objections | Response to Hancock's Objection |
|---|---|---|---|---|---|---|---|
| [960] | D_AW | 11/12/2003 | Tyree Letter re: Research Funding Agreement Dated 03/13/01 | ABBT0004519 - ABBT0004520 | | Used in Settlement Discussions and inadmissible under Fed. R. Evid. 408/Hearsay | Not offered for purposes prohibited by Rule 408(a). Offered to show timing of Hancock's knowledge of alleged misrepresentations -FRE 408(b); Business record exception & party admission - FRE 801(d)(2), 803(6). |
| [961] | D_AX | 0/00/2004 | Hancock Program Funding Scenarios (Work Paper) | CRA00127 - CRA00139 | | Hearsay | Abbott withdraws exhibit AX [961]. |
| [962] | D_BE | 10/27/2004 | Johannson Letter re: Research Funding Agreement Dated as of 03/31/01 | JHII011289 - JHII011291 | | Hearsay | Party admission - FRE 801(d); also, non-hearsay - FRE 801(a),(c). Offered to show negotiation/formation of agreement. |
| [963] | D_CL | 11/07/2005 | Abbott's Response to Hancock's First Request for Production of Documents | | | Hearsay/Irrelevant | Non-hearsay - FRE 801(a),(c). Offered to show negotiation & agreement re production of ABT 773 documents. |
| [964] | D_CM | 11/28/2005 | D'Amore Letter re: Hancock v. Abbott, Case No. 05-11150-DPW | | | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show negotiation & agreement re production of ABT 773 documents. |
| [965] | D_CN | 12/09/2005 | D'Amore Letter re: Hancock v. Abbott, Case No. 05-11150-DPW | | | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show negotiation & agreement re production of ABT 773 documents. |
| [966] | D_CR | 12/06/2006 | Transcript of Hearing before Honorable Douglas P. Woodlock | | | Hearsay | Party admission & public records exception - FRE 801(d)(2), 803(8); alternatively, non-hearsay - FRE 801(a),(c). Offered to show Hancock's state of mind. |
| [967] | D_DD | 08/16/2001 | Interoffice memorandum re: ABT-594 Review, August 21, 2001, Pharmaceutical | ABBT0048631 | | Hearsay | Business records exception - FRE 803(6). |
| [968] | D_DK | 02/14/2003 | Out-license Anti-infective Compounds Board Document February 14, 2003 Draft 8 | ABBT0009617 - ABBT0009618 | | Authenticity / Hearsay | Business records exception - FRE 803(6); authentic document produced from Abbotts files. |
| [969] | D_DL | 03/27/2001 | Kowaluk Email re: therapeutic strategy evaluations attaching briefing document portfolio review | ABBT327314 - ABBT327327 | | Hearsay (ABBT327316-27) | Business records exception - FRE 803(6); alternatively, non-hearsay, offered to show Abbott's intent and plans . FRE 801(a),(c). |

2

Exhibit A

**John Hancock Life Insurance Company, et al. v Abbott Laboratories**
**Civil Action No. 05-1150-DPW**
**Abbott Laboratories' Summary of Responses To Hancock's Objections To Trial Exhibits**

| Admitted Ex. No. | Previous Ex. No. | Date | Description | Production Range | Deposition Exhibit No. | Hancock Objections | Response to Hancock's Objection |
|---|---|---|---|---|---|---|---|
| [970] | D_DP | 10/08/2001 | Interoffice Memorandum re: Monthly Highlights September 2001 | ABBT0003482 - ABBT0003484 | | Hearsay | FRE 803(6) - business records exception. |
| [971] | D_DW | 03/30/2004 | Transcript of March 30, 2004 Hearing in Hancock I | | | Hearsay | Party admission & public records exception - FRE 801(d)(2); alternatively, non-hearsay - FRE 801(a),(c) - offered to show Hancock's state of mind. |
| [972] | D_EW | 04/09/2001 | Kowaluk Email re: Portfolio Probabilities | ABBT285535 - ABBT285536 | | Hearsay | FRE 803(6) - business records exception; alternatively, non-hearsay (FRE 801(a),(c)) offered to show Abbott's belief & fact of communication. |
| [973] | D_FM | 11/03/2000 | Davidsen Email re: JCO paper on Bayer compound | ABBT0057776 - ABBT0057777; ABBT0057787 - ABBT0057843 | | Multiple Documents / Hearsay | Hancock does not object to attachment (ABBT0057787-843) (see Ex. B to Motion); Email is non-hearsay - it is offered as context for attachment. FRE 801 (a),(c); Exhibit is not "multiple documents", but a single email & attachment thereto. |
| [974] | D_FN | 03/05/2001 | Drug document compound details for Marimastat | ABBT0026863 - ABBT0026866 | | Hearsay | Non-Hearsay - FRE 801(a),(c). Offered to show Abbott's knowledge & beliefs. |
| [975] | D_FQ | 02/05/2001 | McCarthy Email re: DSG with reply by Kowaluk (McCarthy 38) | ABBT328810 - ABBT328812 | McCarthy_0038 | Hearsay | Non-Hearsay - FRE 801(a), (c). Offered as context for designated deposition testimony. |
| [976] | D_FR | 10/23/2001 | McCarthy Email re: Non Confidential Briefing on ABT-594 (McCarthy 61) | ABBT246791 - ABBT246792 | McCarthy_0061 | Hearsay | Non-Hearsay - FRE 801(a),(c), offered as context for designated deposition testimony. |
| [977] | D_GE | 10/17/2000 | Draft Research Funding Agreement by and between Abbott Laboratories and John Hancock Life Insurance Co Dated as of 10/00/2000 (Blewit 22) | AL000481 - AL000521 | Blewitt_0022 | Irrelevant | Relevant to Sec. 3.3(b) claim. |
| [978] | D_GF | 03/00/2001 | Research Funding Agreement by and between Abbott Laboratories and John Hancock Life Insurance Co Dated as of 03/00/2001 (Blewitt 23) | AL001323 - AL001377 | Blewitt_0023 | Irrelevant | Relevant to Sec. 3.3(b) claim. |

3

**Exhibit A**

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-1150-DPW
Abbott Laboratories' Summary of Responses To Hancock's Objections To Trial Exhibits

| Admitted Ex. No. | Previous Ex. No. | Date | Description | Production Range | Deposition Exhibit No. | Hancock Objections | Response to Hancock's Objection |
|---|---|---|---|---|---|---|---|
| [980] | D_GJ | 04/10/2001 | Redenbauch - Mueller Email re: Fw Pharma Strategy Retreat Virus Checked (Hopfield 23) | ABBT294218 - ABBT294247 | Hopfield_0023 | Hearsay (ABBT294218-20) | Hancock does not object to attachment (ABBT29421-47). Email is non-hearsay -- it is offered as context for attachment. FRE 801(a),(c). |
| [981] | D_GM | 01/18/2001 | Collicott Email re: ABT-594 Completion of Study for Neuropathic Pain (Collicott 30) | ABBT240417 - ABBT240417 | Collicott_0030 | Hearsay | Non-hearsay - FRE 801(a),(c). Offered as context for designated deposition testimony. |
| [982] | D_HA | 03/23/2007 | Rule 30b6 Notice of Deposition of the Person or Persons Most Knowledgeable to Testify on Behalf of John Hancock Life Insurance Co John Hancock Variable Life Insurance Co and Manulife Insurance Co fka Investors Partners Insurance Co in Re John Hancock Life Insurance Co et al vs Abbott Laboratories (Davis 1) | | Davis_0001 | Irrelevant | Relevant to provide context for designated deposition testimony by Rule 30(b)(6) witness. |
| [983] | D_HG | 9/21/2000 | Hartz Email re: Abbott (Davis 7) | JH002414 - JH002414 | Davis_0007 | Hearsay | Non-hearsay - FRE 801(a),(c). Offered as context for designated deposition testimony. |
| [984] | D_HK | 06/15/2004 | Desideri Letter re: Research Funding Agreement (Martinez_0001) | ABBT0000077 - ABBT0000078 | Martinez_0001 | Irrelevant | Relevant to audit claim. |
| [985] | D_IE | 10/04/2000 | Email re: Abbott John Hancock Research Funding Agreement (Lee 6) | JH003270 - JH003341 | Lee_0006 | Irrelevant/Hearsay | Party admission - FRE 801(d)(2); alternatively, non-hearsay - FRE 801(a),(c). Offered as evidence of negotiation history of RFA. Relevant parol evidence re contract terms. |
| [986] | D_IF | | Lee Facsimile re: Draft Research Funding Agreement | JH008376 - JH008384 | Lee_0017 | Irrelevant | Relevant to Sec. 3.3(b) claim. |
| [987] | D_LW | 03/00/2001 | Research Funding Agreement by and between Abbott Laboratories and John Hancock Life Insurance Co. et al. dated as of 03/00/2001 9 (Blewitt 24) | JH006002 - JH006009 | Blewitt_0024 | Irrelevant | Relevant to Sec. 3.3(b) claim. |

4

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-1150-DPW
Abbott Laboratories' Summary of Responses To Hancock's Objections To Trial Exhibits

| Admitted Ex. No. | Previous Ex. No. | Date | Description | Production Range | Deposition Exhibit No. | Hancock Objections | Response to Hancock's Objection |
|---|---|---|---|---|---|---|---|
| [988] | D_MB | 06/03/2004 | Campbell Email re: Hancock Audit (Campbell 10) | ABBT0126520 - ABBT0126520 | Campbell_0010 | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show work on audit and state of mind. |
| [989] | D_MC | 06/04/2004 | Wendrick Email re: Hancock Audit (Campbell 11) | ABBT0126590 - ABBT0126592 | Campbell_0011 | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show work on audit and state of mind. |
| [990] | D_MD | 06/10/2004 | Pavelske Email re Hancock Audit (Campbell 12) | ABBT0190551 - ABBT0190552 | Campbell_0012 | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show work on audit and state of mind. |
| [991] | D_ME | 06/10/2004 | Wendrick Email re: Hancock Audit Monday (Campbell 14) | ABBT0190544 - ABBT0190549 | Campbell_0014 | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show work on audit and state of mind. |
| [992] | D_MF | 08/05/2004 | Letter re: Research Funding Agreement between Abbott Laboratories Abbott and John Hancock Life Insurance Co. et al. dated 03/13/2001 (Campbell 21) | ABBT0000125 - ABBT0000127 | Campbell_0021 | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show work on audit and state of mind. |
| [993] | D_MG | 02/19/2008 | ALS Press Release entitled "Advanced Life Sciences Announces Successful Thorough QT Study of Cethromycin" | | | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show Hancock's constructive or actual knowledge & credibility of Hancock's damages analysis. |
| [997] | D_ML | 03/27/2000 | Roth, Fleischmann Article titled "Around-the-Clock, Controlled-Release Oxycodone Therapy for Osteoarthritis-Related Pain Pacebo-Controlled Trial and Long-Term Evaluation" | | | Hearsay | Non-hearsay - FRE 801(a),(c). Offered to show Abbott's knowledge & beliefs. |

5

Exhibit A

# Exhibit B

**Lorenzini, Eric**

| | |
|---|---|
| **From:** | Zwicker, Joseph H. [jzwicker@choate.com] |
| **Sent:** | Thursday, April 03, 2008 6:51 AM |
| **To:** | Lorenzini, Eric |
| **Cc:** | Abati, Richard |
| **Subject:** | RE: Hancock's Objections |

We object to the email.  No objection to the DDC document.

**From:** Lorenzini, Eric [mailto:Eric.Lorenzini@mto.com]
**Sent:** Wednesday, April 02, 2008 7:03 PM
**To:** Zwicker, Joseph H.
**Cc:** Abati, Richard
**Subject:** RE: Hancock's Objections

Joe,

Please let us know by tomorrow morning your response to the question below.  Thanks.

Eric

**From:** Zwicker, Joseph H. [mailto:jzwicker@choate.com]
**Sent:** Tuesday, April 01, 2008 2:57 PM
**To:** Lorenzini, Eric
**Subject:** RE: Hancock's Objections

We'll look

**From:** Lorenzini, Eric [mailto:Eric.Lorenzini@mto.com]
**Sent:** Tuesday, April 01, 2008 5:52 PM
**To:** Zwicker, Joseph H.; Abati, Richard
**Cc:** Davis, Brian
**Subject:** RE: Hancock's Objections

Joe,

I actually did intend to refer to Ex. FM.  The source of your confusion is that the email references attachment of two documents: (1) a third party article from a medical journal regarding the Bayer MMPI; and (2) the internal Abbott DDC (drug development candidate) report.  We did not include the article re Bayer in the exhibit because it is not particularly relevant and are not seeking admission of that article into evidence.  We are only seeking admission of the cover email and the DDC report.  Please let me know your position after taking a look at the exhibit.  Thanks.

Eric

**From:** Zwicker, Joseph H. [mailto:jzwicker@choate.com]
**Sent:** Tuesday, April 01, 2008 2:41 PM
**To:** Lorenzini, Eric; Abati, Richard
**Cc:** Davis, Brian
**Subject:** RE: Hancock's Objections

Eric -- I think you're confusing FM with a different exhibit.  The attachment to FM seems like a third party document.  The exhibit where we had no objection to the enclosure was an Abbott document.  In any event, I'll read FM again and let you know our position.

Thanks.

---

**From:** Lorenzini, Eric [mailto:Eric.Lorenzini@mto.com]
**Sent:** Tuesday, April 01, 2008 4:56 PM
**To:** Abati, Richard; Zwicker, Joseph H.
**Subject:** Hancock's Objections

Joe and Rich,

We are planning to file a motion to overrule Hancock's objections to Abbott's exhibits. Hancock's objection to Exhibit FM [973] (on hearsay and "multiple documents" grounds) does not specify the Bates range of the objected to portion of the exhibit.  When we met and conferred, you confirmed that Hancock's hearsay objections to exhibits comprised of an email and an attached business record were limited to the email portion of the exhibit.  Can you please confirm that Hancock's objects on hearsay grounds only to the email portion of Exhibit FM [973], and not to the attached report (the DDC document for ABT-518)?

Eric

Eric Lorenzini
Munger Tolles & Olson LLP
355 S. Grand Ave, 35th Fl.
Los Angeles, CA  90071-1560
(213) 683-9207
(213) 593-2907 (fax)
Eric.Lorenzini@mto.com

Please note that my email address has changed.

***NOTICE***

*This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited.  If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer.  Thank you.*

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com