UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and MANULIFE INSURANCE COMPANY (f/k/a INVESTORS PARTNER LIFE INSURANCE COMPANY), | ) ) ) ) ) ) ) ) | |
|  | ) | CIVIL ACTION NO. 05-11150-DPW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF JOHN HANCOCK'S OPPOSITION TO DEFENDANT
ABBOTT LABORATORIES' MOTION TO OVERRULE OBJECTIONS
AND CROSS-MOTION TO ADMIT OTHER DISPUTED EXHIBITS**

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company and Manulife Insurance Company (collectively, "John Hancock" or "Hancock"), respectfully submit this (1) Opposition to defendant Abbott Laboratories' ("Abbott") Motion to Overrule Hancock's Objections to Abbott Trial Exhibits, and (2) Cross-Motion by John Hancock to admit other disputed exhibits.

**I.     John Hancock's Opposition to Abbott's Motion to Overrule Objections**

On March 26, 2008, Abbott offered 184 documents -- consisting primarily of internal e-mail communications of various Abbott employees, scientific articles, press releases, and

drafts of the Research Funding Agreement -- that it wishes to have admitted as trial exhibits in this action (the "Abbott Proposed Exhibits"). John Hancock has objected to only 35 of the Abbott Proposed Exhibits, primarily on grounds that the documents are hearsay and/or irrelevant. The specific grounds for John Hancock's objections to each of the Abbott Proposed Exhibits are described in the table attached hereto as Exhibit A. They fall into six categories as follows:

First, Abbott seeks the admission of various internal e-mails and other documents as non-hearsay. *See* Abbott Proposed Exhibits [946], [973], [975], [976], [980], [981], [983], [988], [989], [990], and [991]. Abbott claims that these exhibits are only offered for "context," or to show a party's "state of mind," or as evidence that the "e-mail was sent." Contrary to Abbott's assertions, however, all of these exhibits contain substantive statements that appear to be offered for the truth of the matter asserted.[1] *See* Fed. R. Evid. 801. Moreover, the fact that an Abbott employee sent or received these communications is irrelevant to any of the issues in dispute. Accordingly, John Hancock's objections to these Proposed Exhibits should be sustained.

Second, Abbott seeks the admission of e-mails and memoranda under the business records exception to the hearsay rule. *See* Abbott Proposed Exhibits [959], [967], [968], [969], [970], and [972]. In order for an e-mail (or other document) to be "admitted as a business record, there must be some evidence of a business duty to make and regularly maintain records of this type." United States v. Ferber, 966 F.Supp. 90, 98 (D. Mass 1997)

---

[1] John Hancock further objects to Abbott Proposed Exhibit [973] because it is comprised of multiple, non-sequential documents submitted as a single exhibit. The exhibit consists of a two-page e-mail followed by a fifty-page scientific article. Abbott offers no basis for its contentions that the article was, in fact, an "attachment to the exhibit," or that the e-mail "provides context" for the article. Without evidence the documents actually are related, one cannot possibly provide "context" for the other.

(holding that e-mail messages were not admissible as business records). Abbott has not laid a sufficient foundation (or any foundation, for that matter) to prove that any of these Proposed Exhibits were "kept in the course of a regularly conducted business activity," or that it was a "regular practice of that business activity to make the ... record" as is required by Federal Rule 803(6). Without such foundational evidence, these Abbott Proposed Exhibits are inadmissible and should be excluded.

Third, Abbott seeks the admission of certain scientific articles, press releases and clinical reports relating to the development of ABT-518, ABT-594 and ABT-773. *See* Abbott Proposed Exhibits [947], [949], [950], [952], [953], [956], [974], [993], and [997]. Abbott claims these exhibits are not offered for their truth, but instead to show Hancock's "constructive knowledge" of the exhibit because it was "publicly available," or of Abbott's "intent and plans" or "knowledge and beliefs." Abbott's contentions are without merit. Abbott fails to establish any foundation that any of the Proposed Exhibits actually were provided to, or reviewed by, anyone at John Hancock. There is no basis for imputing constructive knowledge of these exhibits to Hancock, an insurance company that is not generally in the business of monitoring scientific developments in the pharmaceutical industry. Indeed, when Abbott previously offered the same press release that is Proposed Exhibit [993] at trial, the Court sustained Hancock's objection to that document on the ground that it constitutes inadmissible hearsay when offered by Abbott to purportedly show "there was no basis for concern by [Mr. Blewitt] in terms of safety issues [for ABT-773]." Trial Tr., p. 110 (March 3, 2008 Testimony of S. Blewitt) attached hereto as Exhibit B. All of these Proposed Exhibits are subject to the same objection and should be excluded for the same reason.

Fourth, Abbott seeks to admit various drafts of the March 13, 2001 Research Funding Agreement (the "Agreement") on the grounds they are relevant to Hancock's claims under § 3.3(b) of the Agreement. *See* Proposed Abbott Exhibits [951], [977], [978], [985], [986], and [987]. The Agreement is an integrated, unambiguous contract. *See* Agreement § 16.3. Furthermore, Abbott consistently has maintained that the "plain language" of § 3.3(b) is unambiguous by its terms. *See, e.g.,* Abbott's Memorandum in Support of its Motion to Dismiss, pp. 10-12 (Docket No. 32). Thus, pre-execution drafts and cover e-mails are irrelevant to any of the claims in dispute, including John Hancock's claim for payment of one-third of the unspent Aggregate Carryover Amount pursuant to § 3.3(b). The only relevant version of the Agreement in this action is the one that the parties signed. Accordingly, John Hancock's objections to these Proposed Exhibits should be sustained.

Fifth, Abbott seeks the admission of attorney correspondence regarding discovery. *See* Proposed Abbott Exhibits [964] and [965]. Lawyer commentary on discovery issues is irrelevant to any of the claims in dispute. The documents should be excluded.

Sixth, Abbott seeks the admission of Proposed Abbott Exhibit [960], a letter from Mr. James Tyree, Abbott's Vice-President of Global Outlicensing and New Business Development, to Mr. Stephen Blewitt, dated November 12, 2003, regarding the parties' settlement discussions. Abbott purports to offer the letter to prove John Hancock's "knowledge" of Abbott's fraud. The letter, however, proves no such thing, and was sent in the context of settlement negotiations between the parties. It is, therefore, inadmissible for any purpose under Fed. R. Evid. 408. *See* Blu-J, Inc. v. Kemper CPA Group, 916 F.2d 637, 642 (11th Cir., 1990) (holding that "statements or conduct intended to be part of the negotiations toward compromise" are properly excluded under Fed. R. Evid. 408); Brandt v. Wand

Partners, 242 F.3d 6, 20 (1st Cir. 2001) (stating that the First Circuit broadly construes Fed. R. Evid. 408, and excludes settlement documents when they are offered to show the purported invalidity of a claim). The document should be excluded.

**II.    John Hancock's Cross-Motion to Admit Other Disputed Exhibits**

Pursuant to the Order Regarding Post-Trial Submissions and Other Issues, dated March 14, 2008, John Hancock respectfully cross-moves for the admission of a total of nine (9) exhibits that are objected-to by Abbott (the "Hancock Proposed Exhibits"). The grounds for admission of each Hancock Proposed Exhibit, as well as the purported basis for Abbott's objections, are outlined on page two of John Hancock's letter to this Court, dated March 26, 2008 (Docket No. 378), and will not be repeated here. For the Court's convenience, a copy of John Hancock's March 26, 2008 letter is attached hereto as Exhibit C.

WHEREFORE, for the foregoing reasons, John Hancock respectfully requests that the Court deny Abbott's Motion and grant John Hancock's Cross-Motion.

> JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY AND MANULIFE INSURANCE COMPANY
>
> By their attorneys,
>
> /s/ Brian A. Davis
> Brian A. Davis
>     (bad@choate.com/BBO No. 546462)
> Joseph H. Zwicker
>     (jzwicker@choate.com/BBO No. 560219)
> Richard C. Abati
>     (rabati@choate.com/BBO No. 651037)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> Tele: 617-248-5000

Date: April 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on April 18, 2008.

> /s/ F. Thompson Reece
> F. Thompson Reece

-6-

4318616v7

# Exhibit A

John Hancock Life Insurance Company, et al. v. Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [946] | 07/11/2002 | Bukofzer e-mail re: ABT 773 Communication | ABBT203446 - ABBT203450 | Hearsay (ABBT203446-48) | Hancock does not object to attachment (ABBT203449-50); e-mail is non-hearsay - Fed.R.Evid. 801(a),(c) - it is offered as context for attachment. | E-mails are inadmissible hearsay in the District of Massachusetts unless they satisfy an exception. See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)). Abbott's argument stating that this e-mail provides "context" is a pretext for offering this exhibit to establish the truth of various underlying facts including the substantive statements contained therein. |
| [947] | 01/13/2000 | DePonti, Poluzzi & Montanaro Article titled "QT Interval Prolongation by Non-Cardiac Drugs: Lessons to be Learned from Recent Experience" | | Hearsay | Non-Hearsay - Fed.R.Evid. 801(a),(c). Offered to show information was publicly available. | Abbott's argument that the attachment to the e-mail is "publicly available" is neither grounds, nor a sufficient foundation, for the admission of an exhibit. Abbott fails to show that the exhibit was reviewed by, or provided to John Hancock. A court "will not automatically impute public information to an injured party without a determination of some awareness (by the injured party) of 'storm clouds' on the horizon." Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, 120 F.3d 893, 897 (8th Cir. 1997) (refusing to "automatically impute to [plaintiff] constructive knowledge of any information available to the public...regardless of [plaintiff's] actual awareness" unless there were "storm warnings" of fraud). Absent any foundation that Hancock was aware of possible fraud on the part of Abbott, these articles and reports are irrelevant to Hancock's state of mind. The exhibit is irrelevant and hearsay. |
| [948] | 05/09/2000 | Collicott e-mail re: Resume | ABBT242357 - ABBT242361 | Hearsay / Irrelevant / Authenticity | Authentic and non-hearsay - Fed.R.Evid. 801(c). Witness authenticated & adopted statements in exhibit under oath in designated deposition testimony; e-mail is offered to provide context for deposition testimony; Relevant as foundation re: witness' position and experience. | John Hancock does not oppose the admission of Exhibit 948. |
| [949] | 07/01/2000 | Research Analysis Report by Wiqar Shaikh Titled, "The Changing Face of Antihistamines and Cardiac Adverse Drug Reactions: A Clinical Perspective" | | Hearsay / Irrelevant | Relevant & non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show information was publicly available. | Abbott's argument that the exhibit is "publicly available" is neither grounds, nor a sufficient foundation, for its admission. Abbott fails to show that the exhibit was reviewed by, or provided to, John Hancock. A court "will not automatically impute public information to an injured party without a determination of some awareness (by the injured party) of 'storm clouds' on the horizon." Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, 120 F.3d 893, 897 (8th Cir. 1997) (refusing to "automatically impute to [plaintiff] constructive knowledge of any information available to the public...regardless of [plaintiff's] actual awareness" unless there were "storm warnings" of fraud). Absent any foundation that Hancock was aware of possible fraud on the part of Abbott, these articles and reports are irrelevant to Hancock's state of mind. The exhibit is irrelevant and hearsay. |

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [950] | 08/11/2000 | MedWatch Summary of Safety Related Drug Labeling Changes Approved by FDA June 2000 | | Hearsay / Irrelevant | Relevant & non-hearsay – Fed.R.Evid. 801(a),(c). Offered to show information was publicly available. | Abbott's argument that the exhibit is "publicly available" is neither grounds, nor a sufficient foundation, for its admission. Abbott fails to show that the exhibit was reviewed by, or provided, to John Hancock. A court "will not automatically impute public information to an injured party without a determination of some awareness (by the injured party) of 'storm clouds' on the horizon." Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, 120 F.3d 893, 897 (8th Cir. 1997) (refusing to "automatically impute to [plaintiff] constructive knowledge of any information available to the public...regardless of [plaintiff's] actual awareness" unless there were "storm warnings" of fraud.) Absent any foundation that Hancock was aware of, or had any reason to believe Abbott, these articles and reports are irrelevant to Hancock's state of mind. The exhibit is irrelevant and hearsay. |
| [951] | 11/01/2000 | Tormey e-mail re: Funding Agreement | JH003740 – JH003814 | Irrelevant | Relevant to Sec. 3.3(b) claim. | The e-mail and enclosed pre-execution draft of the Research Funding Agreement ("Agreement") are irrelevant to any of the claims in dispute, including Hancock's claim for payment of one-third of the unspent Aggregate Carryover Amount under Section 3.3(b). The Agreement is an integrated, unambiguous contract and the final version of Section 3.3(b) is the only relevant version of that provision for purposes of Hancock's claim. See Agreement § 16.3. The proffered exhibit thus does not have "any tendency to make the existence of any [consequential] fact" regarding its applicability any more or less probable. Fed. R. Evid. 401. |
| [952] | 05/04/2001 | Hansen e-mail re: Marimastat | ABBT0054230 – ABBT0054231 | Hearsay | Non-hearsay – Fed.R.Evid. 801(a),(c). Offered to show Abbott's knowledge & beliefs. | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. Abbott's claim that the exhibit establishes Abbott's state of mind and knowledge is incorrect. Abbott offers no evidence regarding whether and when the exhibit was reviewed by decision makers within Abbott, or whether they considered it in making the representations and warranties to Hancock in the Agreement. It does not, therefore, establish Abbott's state of mind. |
| [953] | 08/06/2001 | Davidsen e-mail to Nisen re: ABT-518 [Marimastat Shows Promise as Treatment for Unresectable Pancreatic Cancer] | ABBT0049990 – ABBT0049990 | Hearsay | Non-hearsay – Fed.R.Evid. 801(a),(c). Offered to show Abbott's knowledge and beliefs. | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. Abbott's claim that the exhibit establishes Abbott's state of mind and knowledge is incorrect. Abbott offers no evidence regarding whether and when the exhibit was reviewed by decision makers within Abbott, or whether they considered it in making the representations and warranties to Hancock in the Agreement. It does not, therefore, establish Abbott's state of mind. |
| [956] | 08/06/2002 | Lyons e-mail re: ABT-773 | ABBT333998 – ABBT333998 | Hearsay | Non-hearsay – Fed.R.Evid. 801(a),(c). Offered to show Abbott's intent & plans. | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. Abbott's claim stating that the exhibit is evidence of Abbott's intents and plans is incorrect. If not offered for its truth, the exhibit contains no evidence regarding Abbott's intents and plans and is irrelevant. |

2

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [959] | 02/28/2003 | Mathers Memo re: February Highlights | ABBT335048 - ABBT335050 | Hearsay | Business records exception - Fed.R.Evid. 803(6). | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. The exhibit is not admissible as a "business record." Under Federal Rule 803(6), "business records are not excluded by the rule against hearsay 'if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the...record...unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness." United States v. Munoz-Franco, 487 F.3d 25, 36 (1st Cir. 2007) (quoting Rule 803(6)). Abbott offers no foundation that the exhibit was created and kept pursuant to a "regularly conducted business activity" or that "it was regular practice of that business activity to make the...record." |
| [960] | 11/12/2003 | Tyree Letter re: Research Funding Agreement Dated 03/13/01 | ABBT0004519 - ABBT0004520 | Used in Settlement Discussions and inadmissible under Fed. R. Evid. 408/Hearsay | Not offered for purposes prohibited by Rule 408(a). Offered to show timing of Hancock's knowledge of alleged misrepresentations - Fed.R.Evid. 408(b); Business record exception & party admission - Fed.R.Evid. 801(d)(2), 803(6). | The letter was prepared for settlement purposes and pursuant to Fed.R.Evid. 408 is inadmissible for any purpose, including Hancock's knowledge of Abbott's fraud. Fed.R.Evid. 408 precludes the use of out-of-court statements made in settlement negotiations and "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Furthermore, the statement offered is double hearsay. |
| [961] | 06/26/1905 | Hancock Program Funding Scenarios (Work Paper) | CRA00127 - CRA00139 | Hearsay | Abbott withdraws exhibit AX [961]. | Abbott withdraws exhibit AX [961]. |
| [962] | 10/27/2004 | Johansson Letter re: Research Funding Agreement Dated as of 03/13/01 | JHII011289 - JHII011291 | Hearsay | Party admission - Fed.R.Evid. 801(d), also, non-hearsay - Fed.R.Evid. 801(a), (c). Offered to show negotiation/formation of agreement. | Hancock does not oppose the admission of Exhibit 962. |
| [963] | 11/07/2005 | Abbott's Response to Hancock's First Request for Production of Documents | | Hearsay/Irrelevant | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show negotiation & agreement re production of ABT-773 documents. | Hancock does not oppose the admission of Exhibit 963. |
| [964] | 11/28/2005 | D'Amore Letter re: Hancock v. Abbott, Case No. 05-11150-DPW | | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show negotiation & agreement re production of ABT-773 documents. | Attorney correspondence regarding discovery is irrelevant, under Fed.R.Evid. 401, to any of the claims at issue here. Moreover, any agreements reached by counsel regarding the production of documents are also immaterial. |
| [965] | 12/09/2005 | D'Amore Letter re: Hancock v. Abbott, Case No. 05-11150-DPW | | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show negotiation & agreement re production of ABT-773 documents. | Attorney correspondence regarding discovery is irrelevant, under Fed.R.Evid. 401, to any of the claims at issue here. Moreover, any agreements reached by counsel regarding the production of documents are also immaterial. |

3

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [966] | 12/06/2006 | Transcript of Hearing before Honorable Douglas P. Woodlock | | Hearsay | Party admission & public records exception - Fed.R.Evid. 801(d)(2), 803(8); alternatively, non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show Hancock's state of mind. | The transcript need not be admitted in evidence. The Court can take judicial notice of it. |
| [967] | 08/16/2001 | Interoffice memorandum re: ABT-594 Review, August 21, 2001, Pharmaceutical Executive Management Committee | ABBT0048631 | Hearsay | Business records exception - Fed.R.Evid. 803(6). | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. The exhibit is not admissible as a "business record." Under Federal Rule 803(6), "business records are not excluded by the rule against hearsay 'if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the...record...unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.'" United States v. Munoz-Franco, 487 F.3d 25, 38 (1st Cir. 2007) (quoting Rule 803(6)). Abbott offers no foundation that the exhibit was created and kept pursuant to a "regularly conducted business activity" or that "it was regular practice of that business activity to make the...record." |
| [968] | 02/14/2003 | Out-license Anti-infective Compounds Board Document February 14, 2003 Draft 8 | ABBT0009617 - ABBT0009618 | Authenticity / Hearsay | Business records exception - Fed.R.Evid. 803(6); authentic document produced from Abbott's files. | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. The exhibit is not admissible as a "business record." Under Federal Rule 803(6), "business records are not excluded by the rule against hearsay 'if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the...record...unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.'" United States v. Munoz-Franco, 487 F.3d 25, 38 (1st Cir. 2007) (quoting Rule 803(6)). Abbott offers no foundation that the exhibit was created and kept pursuant to a "regularly conducted business activity" or that "it was regular practice of that business activity to make the...record." |

4

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [969] | 03/27/2001 | Kowaluk e-mail re: therapeutic strategy evaluations attaching briefing document portfolio review | ABBT327314 - ABBT327327 | Hearsay (ABBT327316-27) | Business records exception - Fed.R.Evid. 803(6); alternatively, non-hearsay, offered to show Abbott's intent and plans. Fed.R.Evid. 801(a),(c). | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. The exhibit is not admissible as a "business record." Under Federal Rule 803(6), "business records are not excluded by the rule against hearsay 'if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the…record…unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.'" United States v. Munoz-Franco, 487 F.3d 25, 38 (1st Cir. 2007) (quoting Rule 803(6)). Abbott offers no foundation that the exhibit was created and kept pursuant to a "regularly conducted business activity" or that "it was regular practice of that business activity to make the…record." Abbott's claim that the exhibit is evidence of Abbott's intents and plans is incorrect. If not offered for its truth, the exhibit contains no evidence regarding Abbott's intents and plans and is irrelevant |
| [970] | 10/08/2001 | Interoffice Memorandum re: Monthly Highlights September 2001 | ABBT0003482 - ABBT0003484 | Hearsay | Fed.R.Evid. 803(6) - business records exception. | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. The exhibit is not admissible as a "business record." Under Federal Rule 803(6), "business records are not excluded by the rule against hearsay 'if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the…record…unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.'" United States v. Munoz-Franco, 487 F.3d 25, 38 (1st Cir. 2007) (quoting Rule 803(6)). Abbott offers no foundation that the exhibit was created and kept pursuant to a "regularly conducted business activity" or that "it was regular practice of that business activity to make the…record." |
| [971] | 03/30/2004 | Transcript of March 30, 2004 Hearing in Hancock I | | Hearsay | Party admission & public records exception - Fed.R.Evid. 801(d)(2); alternatively, non-hearsay - Fed.R.Evid. 801(a),(c) - offered to show Hancock's state of mind. | The transcript need not be admitted in evidence. The Court can take judicial notice of it. |

5

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [972] | 04/09/2001 | Kowaluk e-mail re: Portfolio Probabilities | ABBT285535 - ABBT285536 | Hearsay | Fed.R.Evid. 803(6) - business records exception; alternatively, non-hearsay (Fed.R.Evid. 801(a),(c)) offered to show Abbott's belief & fact of communication. | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. The exhibit is not admissible as a "business record." Under Federal Rule 803(6), "business records are not excluded by the rule against hearsay 'if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the...record...unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.'" United States v. Munoz-Franco, 487 F.3d 25, 38 (1st Cir. 2007) (quoting Rule 803(6)). Abbott offers no foundation that the exhibit was created and kept pursuant to a "regularly conducted business activity" or that "it was regular practice of that business activity to make the...record." Abbott's alternative claim that the exhibit establishes Abbott's state of mind is incorrect. Without being offered for its truth, the exhibit is not relevant to any issue in the case, nor is it relevant to establish Abbott's belief. |
| [973] | 11/03/2000 | Davidsen e-mail re: JCO paper on Bayer compound | ABBT0057776 - ABBT0057777; ABBT0057787 - ABBT0057843 | Multiple Documents / Hearsay | Hancock does not object to attachment (ABBT0057787 - 843) (see Ex. B to Motion); e-mail is non-hearsay - it is offered as context for attachment. Fed.R.Evid. 801(a),(c). Exhibit is not "multiple documents" but a single e-mail & attachment thereto. | E-mails are inadmissible hearsay in the District of Massachusetts unless they satisfy an exception. See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)). Abbott's argument that this e-mail provides "context" is a pretext for offering this exhibit to establish the truth of various underlying facts including the substantive statements contained therein. |
| [974] | 03/05/2001 | Drug document compound details for Marimastat | ABBT0026863 - ABBT0026866 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show Abbott's knowledge & beliefs. | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay. Abbott's claim that the exhibit establishes Abbott's state of mind and knowledge is incorrect. Abbott offers no evidence regarding whether and when the exhibit was reviewed by decision makers within Abbott, or whether they considered it in making the representations and warranties to Hancock in the Agreement. It does not, therefore, establish Abbott's state of mind. |
| [975] | 02/05/2001 | McCarthy e-mail re: DSG with reply by Kowaluk (McCarthy 38) | ABBT328810 - ABBT328812 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a), (c). Offered as context for designated deposition testimony. | E-mails are inadmissible hearsay in the District of Massachusetts unless they satisfy an exception.  See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were inadmissible hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)). Abbott's argument that this e-mail provides "context" is a pretext for offering this exhibit to establish the truth of various underlying facts including the substantive statements contained therein. |

6

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [976] | 10/23/2001 | McCarthy e-mail re: Non Confidential Briefing on ABT-594 (McCarthy 61) | ABBT246791 - ABBT246792 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a)(c), offered as context for designated deposition testimony. | E-mails are inadmissible hearsay in the District of Massachusetts unless they satisfy an exception.  See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)).  Abbott's argument that this e-mail provides "context" is a pretext for offering this exhibit to establish the truth of various underlying facts including the substantive statements contained therein. |
| [977] | 10/17/2000 | Draft Research Funding Agreement by and between Abbott Laboratories and John Hancock Life Insurance Co Dated as of 10/00/2000 (Blewitt 22) | AL000481 - AL000521 | Irrelevant | Relevant to Sec. 3.3(b) claim. | This pre-execution draft of the Agreement is irrelevant to any of the claims in dispute, including Hancock's claim for payment of one-third of the unspent Aggregate Carryover Amount under Section 3.3(b). The Agreement is an integrated, unambiguous contract and the final version of Section 3.3(b) is the only relevant version of that provision for purposes of Hancock's claim.  See Agreement § 16.3.  The proffered exhibit thus does not have "any tendency to make the existence of any [consequential] fact" regarding its applicability any more or less probable. Fed. R. Evid. 401. |
| [978] | 03/00/2001 | Research Funding Agreement by and between Abbott Laboratories and John Hancock Life Insurance Co Dated as of 03/00/2001 (Blewitt 23) | AL001323 - AL001377 | Irrelevant | Relevant to Sec. 3.3(b) claim. | This pre-execution draft of the Agreement is irrelevant to any of the claims in dispute, including Hancock's claim for payment of one-third of the unspent Aggregate Carryover Amount under Section 3.3(b). The Agreement is an integrated, unambiguous contract and the final version of Section 3.3(b) is the only relevant version of that provision for purposes of Hancock's claim.  See Agreement § 16.3.  The proffered exhibit thus does not have "any tendency to make the existence of any [consequential] fact" regarding its applicability any more or less probable. Fed. R. Evid. 401. |
| [980] | 04/10/2001 | Rendenbach - Mueller e-mail re: Fw Pharma Strategy Retreat Virus Checked (Hopfield 23) | ABBT294218 - ABBT294247 | Hearsay (ABBT294218-20) | Hancock does not object to attachment (ABBT29421-47). E-mail is non-hearsay -- it is offered as context for attachment.  Fed.R.Evid. 801(a),(c). | E-mails are inadmissible hearsay in the District of Massachusetts unless they satisfy an exception.  See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)).  Abbott's argument that this e-mail provides "context" is a pretext for offering this exhibit to establish the truth of various underlying facts including the substantive statements contained therein. |
| [981] | 01/18/2001 | Collicott e-mail re: ABT-594 Completion of Study for Neuropathic Pain (Collicott 30) | ABBT240417 - ABBT240417 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered as context for designated deposition testimony. | E-mails are inadmissible hearsay in the District of Massachusetts unless they satisfy an exception.  See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)).  Abbott's argument that this e-mail provides "context" is a pretext for offering this exhibit to establish the truth of various underlying facts including the substantive statements contained therein. |

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [982] | 03/23/2007 | Rule 30(b)(6) Notice of Deposition of the Person or Persons Most Knowledgeable to Testify on Behalf of John Hancock Life Insurance Co; John Hancock Variable Life Insurance Co; and Manulife Insurance Co. (f/k/a Investors Partners Insurance Co in Re John Hancock Life Insurance Co.) et al. vs. Abbott Laboratories (Davis 1) | | Irrelevant | Relevant to provide context for designated deposition testimony by Rule 30(b)(6) witness. | Hancock does not oppose the admission of Exhibit 982. |
| [983] | 9/21/2000 | Hartz e-mail re: Abbott (Davis 7) | JH002414 - JH002414 | Hearsay | Non-hearsay - Fed.R.Evid. 801(d),(c). Offered as context for designated deposition testimony. | E-mails are inadmissible hearsay in the District of Massachusetts unless they satisfy an exception. See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)). Abbott's argument that these e-mails provide "context" is a pretext for offering these exhibits to establish the truth of various underlying facts including the substantive statements contained therein. |
| [984] | 06/15/2004 | Desideri Letter re: Research Funding Agreement (Martinez_0001) | ABBT0000077 - ABBT0000078 | Irrelevant | Relevant to audit claim. | Hancock does not oppose the admission of Exhibit 984. |
| [985] | 10/04/2000 | e-mail re: Abbott John Hancock Research Funding Agreement (Lee 6) | JH003270 - JH003341 | Irrelevant/Hearsay | Party admission - Fed.R.Evid. 801(d)(2); alternatively, non-hearsay - Fed.R.Evid. 801(d),(c). Offered as evidence of the negotiation history of Agreement. Relevant parol evidence re contract terms. | This pre-execution draft of the Agreement is irrelevant to any of the claims in dispute, including Hancock's claim for payment of one-third of the unspent Aggregate Carryover Amount under Section 3.3(b). The Agreement is an integrated, unambiguous contract and the final version of Section 3.3(b) is the only relevant version of that provision for purposes of Hancock's claim. See Agreement § 16.3. The proffered exhibit thus does not have "any tendency to make the existence of any [consequential fact" regarding its applicability any more or less probable. Fed. R. Evid. 401. |
| [986] | 03/09/2001 | Lee Facsimile re: Draft Research Funding Agreement | JH008376 - JH008384 | Irrelevant | Relevant to Sec. 3.3(b) claim. | This fax and pre-execution draft of the Agreement is irrelevant to any of the claims in dispute, including Hancock's claim for payment of one-third of the unspent Aggregate Carryover Amount under Section 3.3(b). The Agreement is an integrated, unambiguous contract and the final version of Section 3.3(b) is the only relevant version of that provision for purposes of Hancock's claim. See Agreement § 16.3. The proffered exhibit thus does not have "any tendency to make the existence of any [consequential fact" regarding its applicability any more or less probable. Fed. R. Evid. 401. |

8

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [987] | 03/00/2001 | Research Funding Agreement by and between Abbott Laboratories and John Hancock Life Insurance Co. et al. dated as of 03/00/2001 9 (Blewitt 24) | JH006002 - JH006009 | Irrelevant | Relevant to Sec. 3.3(b) claim. | This pre-execution draft of the Agreement is irrelevant to any of the claims in dispute, including Hancock's claim for payment of one-third of the unspent Aggregate Carryover Amount under Section 3.3(b). The Agreement is an integrated, unambiguous contract and the final version of Section 3.3(b) is the only relevant version of that provision for purposes of Hancock's claim. See Agreement § 16.3. The proffered exhibit thus does not have "any tendency to make the existence of any [consequential] fact" regarding its applicability any more or less probable. Fed. R. Evid. 401. |
| [988] | 06/03/2004 | Campbell e-mail re: Hancock Audit (Campbell 10) | ABBT0126520 - ABBT0126520 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show work on audit and state of mind. | E-mails are inadmissible hearsay in the District of Massachusetts unless they qualify as a hearsay exception. See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)). Here, Abbott is offering the substance of the e-mail for its truth, namely, that Abbott responded promptly and reasonably to John Hancock's requests for copies during the audit. If, as Abbott apparently contends, the e-mail is offered to show only that Abbott's paralegal communicated to a third-party vendor, or is somehow evidence of her state of mind, it is irrelevant. |
| [989] | 06/04/2004 | Wendrick e-mail re: Hancock Audit (Campbell 11) | ABBT0126590 - ABBT0126592 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show work on audit and state of mind. | E-mails are inadmissible hearsay in the District of Massachusetts unless they qualify as a hearsay exception. See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)). Here, Abbott is offering the substance of the e-mail for its truth, namely, that Abbott responded promptly and reasonably to John Hancock's requests for copies during the audit. If, as Abbott apparently contends, the e-mail is offered to show only that Abbott's paralegal communicated to a third-party vendor, it is irrelevant. |
| [990] | 06/10/2004 | Pavelsie e-mail re Hancock Audit (Campbell 12) | ABBT0190551 - ABBT0190552 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show work on audit and state of mind. | E-mails are inadmissible hearsay in the District of Massachusetts unless they qualify as a hearsay exception. See US v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were inadmissible hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)). Here, Abbott is offering the substance of the e-mail for its truth, namely, that Abbott responded promptly and reasonably to John Hancock's requests for copies during the audit. If, as Abbott apparently contends, the e-mail is offered to show only that Abbott's paralegal communicated to a third-party vendor, it is irrelevant. |

9

Exhibit A

John Hancock Life Insurance Company, et al. v Abbott Laboratories
Civil Action No. 05-11150-DPW
John Hancock's Objections To Abbott's Additional Proposed Trial Exhibits

| Proposed Ex. No. | Date | Description | Production Range | Hancock Objections | Abbott's Response | Grounds for Objections |
|---|---|---|---|---|---|---|
| [991] | 06/10/2004 | Wendrick e-mail re: Hancock Audit Monday (Campbell 14) | ABBT0190544 - ABBT0190549 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c). Offered to show work on audit and state of mind. | E-mails are inadmissible hearsay in the District of Massachusetts unless they qualify as a hearsay exception.  See US v. Fetzer, 963 F. Supp. 90, 98 (D.Mass. 1997) (holding that internal corporate e-mails were inadmissible hearsay and did not qualify as "business records" under the exception to the hearsay rule stated in Federal Rule 803(6)).  Here, Abbott is offering the substance of the e-mail for its truth, namely, that Abbott responded promptly and reasonably to John Hancock's requests for copies during the audit.  If, as Abbott apparently contends, the e-mail are offered to show only that Abbott's paralegal communicated to a third-party vendor, it is irrelevant. |
| [992] | 08/05/2004 | Letter re: Research Funding Agreement between Abbott Laboratories Abbott and John Hancock Life Insurance Co. et al. dated 03/13/2001 (Campbell 21) | ABBT0000125 - ABBT0000127 | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c).  Offered to show work on audit and state of mind. | Hancock does not oppose the admission of Exhibit 992. |
| [993] | 02/19/2008 | ALS Press Release entitled "Advanced Life Sciences Announces Successful Thorough QT Study of Cethromycin" | | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c).  Offered to show Hancock's constructive or actual knowledge & credibility of Hancock's damages analysis. | Abbott's argument that the exhibit is "publicly available" is neither grounds, nor a sufficient foundation, for its admission.  Abbott fails to show that the exhibit was reviewed by or provided, to John Hancock.  A court "will not automatically impute public information to an injured party without a determination of some awareness (by the injured party) of 'storm clouds' on the horizon."  Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, 120 F.3d 893, 897 (8th Cir. 1997) (refusing to "automatically impute to [plaintiff] constructive knowledge of any information available to the public...regardless of [plaintiff's] actual awareness" unless there were "storm warnings" of fraud).  Absent any foundation that Hancock was aware of possible fraud on the part of Abbott, these articles and reports are irrelevant to Hancock's state of mind.  The exhibit is irrelevant and hearsay. |
| [997] | 03/27/2000 | Roth, Fleischmann Article titled "Around-the-Clock, Controlled-Release Oxycodone Therapy for Osteoarthritis-Related Pain Placebo-Controlled Trial and Long-Term Evaluation" | | Hearsay | Non-hearsay - Fed.R.Evid. 801(a),(c).  Offered to show Abbott's knowledge & beliefs. | The exhibit is offered for the truth of the matters asserted and is inadmissible hearsay.  Abbott's claim that the exhibit establishes Abbott's state of mind and knowledge is incorrect.  Abbott offers no evidence regarding whether and when the exhibit was reviewed by decision makers within Abbott, or whether they considered it in making the representations and warranties to Hancock in the Agreement.  It does not, therefore, establish Abbott's state of mind. |

10

Exhibit A

# Exhibit B

1                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

2

3

4    JOHN HANCOCK LIFE INSURANCE      )
     COMPANY, JOHN HANCOCK VARIABLE   )

5    LIFE INSURANCE COMPANY, and     )
     MANULIFE INSURANCE COMPANY      )

6    (f/k/a Investors Partner Life   )
     Insurance Company),          )

7                   Plaintiffs,   )
                          )

8                          )
     vs.                    )  CA No. 05-11150-DPW

9                         )
                          )

10   ABBOTT LABORATORIES,       )
                  Defendant.    )

11

12

     BEFORE:  THE HONORABLE DOUGLAS P. WOODLOCK
13

14

                 DAY ONE OF NON-JURY TRIAL
15                   Volume II of II

16

17

        John Joseph Moakley United States Courthouse
18                Courtroom No. 1
                One Courthouse Way

19                 Boston, MA 02210
               Monday, March 3, 2008

20                11:05 A.M.

21

22

             Cheryl Dahlstrom, RMR
23           Official Court Reporter
     John Joseph Moakley United States Courthouse

24        One Courthouse Way, Room 3209
              Boston, MA 02210

25     Mechanical Steno - Transcript by Computer

COPY

```
1    APPEARANCES:

2         CHOATE, HALL & STEWART
          By:   Brian A. Davis, Esq.
3               Joseph H. Zwicker, Esq.
                Richard C. Abati, Esq.
4         Two International Place
          100-150 Oliver Street
5         Boston, Massachusetts 02110
          On behalf of the Plaintiffs.
6
          MUNGER, TOLLES & OLSON LLP
7         By:   Eric J. Lorenzini, Esq.
                Gregory D. Phillips, Esq.
8               Jeffrey I. Weinberger, Esq.
          355 South Grand Avenue
9         Suite 3500
          Los Angeles, California 90071-1560
10        On behalf of the Defendant.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                   I N D E X

2   Testimony of:         Direct  Cross  Redirect  Recross

3   STEPHEN BLEWITT (Cont'd)          136
     by Mr. Davis
4     by Mr. Weinberger          94

5

6                 E X H I B I T S

7   No.    Description                   In Evd.

8   MZ    Program status report, 12/18/01, Abbott . 117
       to John Hancock
9
   BD    Blewitt affidavit filed in Hancock I .... 130
10      litigation

11  KP    Email dated 3/7/00, Blewitt to Cohen and .137
       Deemer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  Q.    Now, you know that Abbott has out-licensed ABT-773 to a

2  company called Advanced Life Sciences?

3  A.    Yes, I do know that.

4  Q.    Do you know that Advanced Life Sciences, even as we sit

5  here today, is preparing to file for FDA approval for that

6  compound?

7  A.    Yes and no.  They are preparing but there is an advisory

8  committee meeting scheduled in April that is going to have a

9  lot to say in terms of whether they do file or not.

11:28 10  Q.    Are you aware that ALS has announced that they've done a

11  study -- extensive studies of QT prolongation and that there is

12  no evidence that that drug has any QT prolongation issues at

13  all?

14  A.    I know that within the last few weeks that they released

15  results of a study, but I don't know -- I didn't read the full

16  press release regarding it, so I don't know if there were no

17  issues.  I know that they viewed it as a successful trial or

18  successful study.

19  Q.    Can you turn to the document that's in your binder under

11:28 20  "ALS press release," not marked.  This is a press release dated

21  February 19, 2001, correct?

22  A.    Yes.  No, I'm sorry.  2008.

23  Q.    Pardon me.  February 19, 2008.  This is a couple of weeks

24  ago?

25  A.    Yes.

```
  1    Q.   And it reports that positive results from a thorough QT

  2    study of the company -- and that's ALS, Advanced Life

  3    Sciences -- novel once-a-day oral antibiotic azithromycin,

  4    correct?

  5    A.   Yes.

  6    Q.   That's ABT-773, isn't it?

  7    A.   It is.

  8    Q.   You see that it --

  9              MR. DAVIS:  Objection.

11:29 10    Q.   -- was conducted to evaluate the cardiac safety of

 11    azithromycin and enhance --

 12              THE COURT:  Are you introducing the document?

 13              MR. WEINBERGER:  It's for impeachment, your Honor.

 14              MR. DAVIS:  Objection, your Honor.

 15              THE COURT:  It's being read into the record now.  Are

 16    you offering it for the truth of the matter?

 17              MR. WEINBERGER:  I would offer it for the truth of the

 18    matter, yes.

 19              MR. DAVIS:  Objection.

11:30 20              THE COURT:  Grounds?

 21              MR. DAVIS:  Hearsay, your Honor.  It's a press release

 22    issued by ALS.

 23              THE COURT:  Okay.  Is there any dispute that ALS has

 24    issued this?

 25              MR. DAVIS:  No, there's no dispute that the press
```

1     release --

2               THE COURT:  Why is it being offered?

3               MR. WEINBERGER:  Offering it to show, first of all,

4     that there would be no basis for concern by the witness in

5     terms of safety issues.

6               THE COURT:  So for the truth of the matter

7     contained --

8               MR. WEINBERGER:  In part.

9               THE COURT:  I'll sustain the objection.  If you want

11:30 10   to introduce it in some other fashion, that's another matter.

11              MR. WEINBERGER:  That's fine.  I assume I can still,

12    without reading into the record, question the witness about it.

13              THE COURT:  Within reason.  But you've got to be able

14    to support this in some fashion that ties it up.

15    Q.    You keep track of what's happening with ALS because John

16    Hancock could still get the royalty from a successful marketing

17    by ALS of this drug, correct?

18    A.    Yes.

19    Q.    You kept track -- you were aware that ALS conducted a QT

11:31 20   study to determine cardiac safety profile of the drug, correct?

21    A.    I was not aware of that until the press release.

22    Q.    I understand.  But you were aware when the press release

23    came out, because you were following it, that ALS announced a

24    favorable cardiac study in the last few weeks, right?

25    A.    Yes.

1    Q.    In all the work -- in all the tracking that you've done of

2    ALS over the years to see how they're doing, you haven't seen

3    any study that shows that there are QT prolongation or liver

4    toxicities in their development of this drug, correct?

5    A.    I haven't gone looking for it, and to the best of my

6    knowledge, I'm not aware of any.

7    Q.    That would be important to you because you could get a

8    royalty from this drug, right?

9    A.    I'm sorry.  What would be important?

11:32 10    Q.    You do track what ALS is doing because you include in your

11    financial projections the potential return from this drug if

12    ALS brings it to market?

13    A.    I do follow it, absolutely.

14    Q.    And you haven't seen any information that indicates that

15    in actuality they had any QT prolongation or liver toxicity

16    issues, right?

17    A.    Again, not that I can recall any.

18    Q.    Now, you complain in your affidavit that Abbott didn't

19    tell you in December of 2001 that senior management was

11:32 20    considering putting ABT-773 on hold, is that right?

21    A.    I don't remember specifically how I put it.

22    Q.    Well, you don't remember saying that in your affidavit?

23    A.    I don't remember the specific wording of how that was

24    presented.

25    Q.    Do you remember talking about not being properly informed

# Exhibit C



CHOATE HALL & STEWART LLP

March 26, 2008

Brian A. Davis
(617) 248-5056
bad@choate.com

BY HAND AND ELECTRONIC FILING

The Honorable Douglas P. Woodlock
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 4110
Boston, Massachusetts 02210

Re:   John Hancock Life Insurance Company, *et al.*
      v. Abbott Laboratories
      U.S.D.C. (Mass.) Civil Action No. 05-11150-DPW

Dear Judge Woodlock:

Pursuant to the Order Regarding Post-Trial Submissions And Other Issues, dated March 14, 2008, John Hancock is delivering today two courtesy copies of the following:

(a)   Binder(s) containing the interlineated trial affidavits (as admitted) and the interlineated trial testimony for each of John Hancock's live witnesses called as part of its case-in-chief (*i.e.*, Mr. Stephen Blewitt, Dr. William Fairweather, Mr. Alan Friedman, Dr. Barry Gold, Mr. Mark Hair, Mr. Scott Hartz, Dr. Lynn Klotz, and Mr. Christopher Martinez);

(b)   Binder(s) containing the interlineated deposition designations for the additional witnesses whose testimony is being submitted as part of John Hancock's case-in-chief;

(c)   A list of all of John Hancock's admitted trial exhibits with final exhibit numbers noted;

(d)   Binder(s) containing copies of all of John Hancock's admitted trial exhibits in seven volumes; and

(e)   A binder containing copies of nine (9) additional proposed trial exhibits that John Hancock wishes to offer and to which Abbott still objects to with provisional trial exhibit numbers as set forth in the chart included below (*see* Volume 8).

Letter to Hon. Douglas P. Woodlock
UNITED STATES DISTRICT COURT
March 26, 2008
Page 2

With respect to John Hancock's admitted exhibits (items (c) and (d) above), the Court already admitted at trial Exhibit Nos. 1-2, 13, 16, 18, 20, 28, 32, 34, 43, and 61-331A. The remaining exhibits (*i.e.*, Nos. 3-12, 14-15, 17, 19, 21-27, 29-31, 33, 35-42, 44-60, 332-388, and 399-411) were not introduced formally during the trial of this matter. However, Abbott has no objection to the admission of these exhibits, and John Hancock therefore respectfully requests that they be admitted at this time.

To facilitate the Court's consideration of John Hancock's objected-to exhibits (item (e) above), Hancock respectfully refers Your Honor to the following chart, which sets forth the grounds for admission of each exhibit, as well as Abbott's objections:

| Provisional Exhibit No. | Description | Abbott's Objection | Grounds for Admission |
|---|---|---|---|
| [389] | Email from Kathy Starkey to Chris Speh re Project Update dated June 19, 2000 | Hearsay | Party Admission – FRE 801(d)(2) |
| [390] | ABT-594 Titration Optimization Initial Brainstorm Discussion, Agenda, January 23, 2001 | Authentication/Hearsay (handwritten notes) | Party Admission – FRE 801(d)(2) |
| [391] | Email from Thomas E Woidat to Michael K Biarnesen re: ABT-594 2001 Transition Budget; ABT-594 Transition Proposal dated May 23, 2001 | Multiple Documents | Party Admission – FRE 801(d)(2) |
| [392] | EXHIBIT WITHDRAWN | N/A | N/A |
| [393] | Global Pharmaceutical Research & Development, Hancock Collaboration, Spending by Program Chart dated January 10, 2005 | Incomplete Hearsay Lack of Authentication Multiple Documents | Party Admission – FRE 801(d)(2); Business Record FRE 803(6) |
| [394] | Email from Chris Martinez to Michelle L. Campbell re Copies of Documents dated January 20, 2005 | Hearsay | Non-Hearsay – FRE 801(a). Offered for notice to Abbott not for truth of the matter asserted. |
| [395] | Cholinergic Channel Modulator (ABT-594) 2000AGU Development cost Summary | Multiple Documents Incomplete | Party Admission – FRE 801(d)(2) |
| [396] | Building a World of Opportunities Together - Development portfolio review kick-off dated March 7, 2001 | Hearsay | Party Admission – FRE 801(d)(2)(D); Business Record – FRE 902(11) |
| [397] | Confidential Overview of Abbott R&D Fact Pack - April 2001 | Hearsay | Party Admission – FRE 801(d)(2)(D); Business Record – FRE 902(11) |
| [398] | Resource Allocation Across GPRD, Discussion Document dated May 5, 2001 | Hearsay | Party Admission – FRE 801(d)(2)(D); Business Record – FRE 902(11) |

Letter to Hon. Douglas P. Woodlock
UNITED STATES DISTRICT COURT
March 26, 2008
Page 3

The parties await Your Honor's instructions regarding the Court's preferred procedure for addressing these proposed additional exhibits.

Thank you for your consideration.

Very truly yours,

Brian A. Davis

cc:     Jeffrey I Weinberger, Esq. (by electronic mail)
        Gregory D. Phillips, Esq. (by electronic mail)
        Eric J. Lorenzini, Esq. (by electronic mail)
        Özge Güzelsu, Esq. (by electronic mail)

4314925.2